IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CASSIUS CLAY, SR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. 05-125E |
| v. | ) Judge Sean J. McLaughlin |
| | ) Mag. Judge Susan Paradise Baxter |
| **TRACEY REEVES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### BRIEF IN SUPPORT OF MOTION TO DISMISS

AND NOW, come the defendants, Tracey Reeves, Angie Marhefka, Jack Loughry, Burks and D.J. Wakefield, by their attorneys, Thomas W. Corbett Jr., Attorney General, Craig E. Maravich, Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief, Litigation Section, and respectfully submit the following:

### STATEMENT OF THE CASE

Cassius Clay is a pro-se prisoner bringing this complaint pursuant to 42 U.S.C. § 1983. (Complaint, p.1) Plaintiff pleads that he is currently confined at SCI-Forest. (Complaint, p.1). The crux of his complaint is that plaintiff does not agree with state court orders to pay child support in arrears. (Complaint). The complaint fails to state a claim and is barred by the Prison Litigation Reform Act.

    A.    **THE PLRA BANS THIS COMPLAINT SINCE THE PRISONER HAD NO PHYSICAL INJURY**

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury necessary for a prisoner to bring a federal civil action must be more than de minimus. Oliver v. Keller, 289 F.3d 623,

627-29 (9th Cir. 2002).  When a prisoner does not make any "reference, describe or suggest any physical injury on him by any Defendant" than the complaint should be dismissed.  <u>Minifield v. Butilcofer</u>, 298 F.Supp.2d 900, 905 (N.D. Cal. 2004); <u>Mitchell v. Horn</u>, 318 F.3d 523, 535 (3d Cir. 2003)(more than de minimus physical injury).

In the instant case, plaintiff fails to make any reference, describe or suggest any physical injury in this complaint. Thus, the complaint should be dismissed.

### B. PETITIONER FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

To state a claim under 42 U.S.C. § 1983, a plaintiff must prove that (1).  The complained of conduct was committed by a person acting under color of state law and (2).  Such conduct deprived plaintiff of a right; privilege or immunity secured by the Constitution or federal law. <u>Connecticut v. Gabbert</u>, 526 U.S. 286, 119 S.Ct. 1292 (1999).  <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  Section 1983 does not create substantive rights.  <u>City of Monterey v. Del Monte Dunes</u>, 526 U.S. 687,  119 S.Ct. 1624 (1999).  <u>Leddy v. Township of Lower Merion</u>, 114 F.Supp.2d 372, 374 n.5 (E.D.Pa. 2000).

Plaintiff fails to state an access to court claim under the First Amendment <u>Lewis v. Casey</u>, 518 U.S. 343; 116 S.Ct. 2174 (1996).  Plaintiff fails to state a claim under the Fifth Amendment against these non-federal defendants. "The Fifth Amendment is applicable to cases in which the plaintiffs claim the federal government violates a liberty or property interest." <u>Madison v. Horn</u>, 1988 WL 531830, *18 (E.D. Pa. 1998), citing <u>Bennett v. White</u>, 865 F.2d 1395, 1406 (3d Cir. 1989).[1]  Through the selective incorporation doctrine, the Fifth Amendment has become applicable to the states in certain circumstances.  See <u>Malloy v. Hogan</u>, 378 U.S. 1,

---

[1] See <u>Ruffin v. Taylor</u>, 166 F.Supp. 2d 999, 1005 (D. Del. 2001)(dismissed, inter alia, Fifth Amendment claim pursuant to 42 U.S. C.  § 1997e(a)).

2

84 S.Ct. 1489 (1964); <u>Bartkus v. People</u>, 359 U.S. 121, 79 S.Ct. 676 (1959), rehearing denied, 360 U.S. 907, 97 S.Ct. 1283 (1959); <u>Chavez v. Martinez</u>, 538 U.S. 760, 123 S.Ct. 1994 (2003)(discussing self-incrimination in criminal case); <u>Benton v. Maryland</u>, 395 U.S. 784, 89 S.Ct. 2056 (1969)(discussing incorporation of double jeopardy protection).

Reliance on the Fifth Amendment Due Process clause fails to state a claim since the due process clause of the Fifth Amendment applies only to the federal government. <u>Griffin v. Troy State University</u>, 2004 WL 1924464, n.2 (M.D. Ala 2004), citing <u>Sweatt v. Bailey</u>, 876 F.Supp. 1571, 1582 (M.D. Ala. 1995) and <u>Bartkus v. State of Illinois</u>, 359 U.S. 121, 124, 79 S.Ct. 676 (1959). Plaintiff cannot rely on the Fifth Amendment due process clause to state a claim against this defendant.

Plaintiff fails to state a claim under the Fourteenth Amendment. <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984); <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). <u>Hughes v. Smith</u>, 2005 WL435226 (E.D.Pa. 2005)(motion to dismiss Fourteenth Amendment claim for filing grievances).

Hence, the complaint must be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, it is respectfully requested this motion be granted.

Respectfully submitted,

**THOMAS W. CORBETT JR.,**
**Attorney General**

By:   /s/ Craig E. Maravich
CRAIG E. MARAVICH
Deputy Attorney General
PA I.D. #86219

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date:  December 20, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2005, I electronically filed the foregoing *Brief in Support of Motion to Dismiss* with the Clerk of Court using the CM/ECF system. And I hereby certify that I have mailed the foregoing document by United States Postal Service to the following non CM/ECF participants:

Cassis M. Clay, Sr., DQ-5954
SCI-Forest
P.O. Box 945
Marienville, PA 16239-0945

By:   /s/ Craig E. Maravich
      CRAIG E. MARAVICH
      Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15129

Date:  December 20, 2005