IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS CLAY, SR., | : |
|     Plaintiff, | : CIVIL ACTION No.05-125E |
| | : JUDGE SEAN J. McLAUGHLIN |
| v. | : Magistrate Judge; |
| | : SUSAN PARADISE BAXTER |
| TRACEY REEVES, et al., | : |
|     Defendants, | : |

## MEMORANDUM IN OPPOSITION TO
## DEFENDANTS MOTION TO DISMISS

NOW COMES The Plaintiff CASSIUS M. CLAY SR., Pro-Se in the above Caption case, and Duly swears to the Following in support of his Answer to the Defendant's Motion to DIsmiss:

### STATEMENT OF THE CASE

The Plaintiff states that while being confined at S.C.I. GEENS-BURG, the Defendants took Money off his Account (that comes in as Gifts from family and friends) to give to a sister Government Collection Agency, Without his Concent, without a Pre-Deprivation or Post-Deprivation hearing, in violation of there own policy, Directives, and the Law, which Prevented him access to the courts. The Core Argument is that, the Palintiff's Rights have been Violated by the Illegal Taking of these Funds from his account, and Arbitrarily given to the Collection Agency, and as a result of this Deprivation/Theft, the Plaintiff did not have enough Money to Service Process of Legal Mail

on all of the defendants in a Court Proceeding, (and the defendants did not let him Anticipate the Funds to Come into his account, and refused the Plaintiff's Request to Personally Serve them) as such, the petition/proceeding was Dismissed, for Lack of Service, and is therefore seeking Relief from the Defendant's Constitutional Violations, Pursuant to 42 U.S.C.A. §1983.

**A. Provisions of §1983 For Relief.**

42 U.S.C. §1983 Provides; Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any state Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the **deprivation** of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit, in equity, or other proper proceeding for redress ... 42 U.S.C.A. §1983.

The Plaintiff states that his Constitiutional Rights guaranteed by the First, Fifth, and Fourteenth Amendments were Violated by the Defendants, and he seeks relief under §1983. A Claim under §1983 requires that: (1) the conduct complained of was committed by a person acting under the color of state law; and (2) the conduct deprived a person of rights, priviledge or immunities secured by the Constitution or Laws of the United States. **KNEIPP v. TEDDER 95 F.3d 1199,1204(3d Cir. 1996)(citing MARK v. BOROUGH OF HATBORO 51 F.3d 1137,1141(3d Cir.1995).**

The Plaintiff contends that the Defendants fit into section (1), as the Court in **WEST v. ATKINS 108 S.Ct. 2250,2257(1988)** wrote concerning the "color of state law actors"; (to constitute state action, "the deprivation must be caused by the exercise of some right

(1)

or privilege created by the State ... or by a person for whom the State is responsible," and "the Party charged with the deprivation must be a person who may fairly be said to be a state actor." Ibid. "[S]tate employment is generally sufficient to render the defendant a state actor." Id. at 936,n. 18, 102 S.Ct., at 2753, n. 18; see id., at 937, 102 S.Ct. at 2754. It is firmly established that a defendant in a §1983 suit acts under color of state law when he abuses the position given to him by the state. See **MONROE v. PAPE 81 S.Ct. 473,476 (1961)**, Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law. See e.g., **PARRATT v. TAYLOR 101 S.Ct. 1908,1913(1981); ADICKES v. S.H. KRESS & CO. 90 S.Ct. 1598,1605-06(1970)**. See also **PHELPS v. SUNN 965 F.2d 93,101 (6th Cir.1992)**(stating the same.

The Defendants are Employees of the Pennsylvania State Department of Corrections (D.O.C.), and as such it has been held; "suits against state officials in their individual capacities are claims against the officials themselves; relief is sought from the person, not the governmental entity he or she represents. See **HAFER v. MELO 112 S.Ct. 358,362(1991); COLVIN v. McDUGALL 62 F.3d 1316(11th Cir. 1995)**. Also "State officials, sued in there individual capacities, are 'persons' within the meaning of §1983." **HAFER 112 S.Ct. at 362.**

The Plaintiff next states that the conduct of the defendants have Deprived him of his Constitutional Rights to Due Process before the "Taking of his Property", and as a result, he did not have the Precise amount of Money to Mail Postage of a Legal Petition on the defendants, or anticipate the funds to come in, or (indigency), or to personally serve them, and therefore the Case was Dismissed, a First Amendment Right to Access the Courts.

(2)

B. CONSTITUTIONAL VIOLATIONS

The Fifth Amendment to the United States Constitution states in pertainent part; No person shall be held to ... nor shall be deprived of life, liberty, or **property**, without due process of law; nor shall private property be taken for public use, without just compensation.

In **VIRGIN ISLANDS MARITIME v. PUERTO RICO SHIPPING 978 F. Supp. 637(D.Virgin Islands 1997)**, the court wrote "The Fifth Amendment's Taking Clause prevents the Legislature (and other government actors) from depriving private persons of vested property rights ... I.d. at 643. "To evaluate a takings challenge to a statute, the Supreme Court has laid out a three-pronged analysis that must be conducted as an " ad hoc" factual inquiry into the circumstances of each case. **CONNOLLY v. PENSION BENEFIT GUARANTY 106 S.Ct. 1018 (1986)**, and Courts must give "particular significance" to three Factors: (1) the economic impact of the regulation on the plaintiff; (2) the extent to which the statute has interfered with distinct investmentbacked expectations; and (3) the nature or character of the government action. CONNOLY 106 S.Ct. at 1025,26.

The Plaintiff states that as applied to this present situation, the three factors would be; (1) the economic impact of the D.O.C.'S ADM 005, 42 Pa.C.S.A. §9728 Regulation, as applied to him would infact create an undue hardship, as he is not Similarly Situated as others in the "Real World", that make at least Minimum wages, or more, and can afford an attorney to go and petition any Civil Court to have an ability to pay hearing, concerning any Debts, and can make arrangements to pay when they can, instead of, as here, being deprived of your funds, then trying to fight your way out of a situation that should Not have existed, but for these Prison Official's

(3)

Erroneous, Arbitrary and Capricious Assumptions, where this indigent Plaintiff (who makes .42¢ per hour), is forced to go without the basic necessities, clothing, Toletries, Food, Copies for court exhibits and brief's, and as here Postage to Mail the Petitions to Court. (2) The Plaintiff has an Expectation to recieve his funds into his Account from Family and Friends to Obtain these basic needs without hinderance from the defendants. (3) where the nature and the character of the government action in there erroneous interpretation of the Rules of Civil Law in Pa. is Soundly Contrary to the Prison's Policies, Regulations, found at D.O.C. ADM-803, 005, collectively work to deprive him of the Gifts, and Money in his account, in an Unconstitutional, Unlawful manner, in order to Receive a 2% comission for there forced deductions, from another government Debt Collection Agency.

In the case of **AMERICAN INST. OF DESIGN v. RILEY 969 F.Supp. 936, 951(E.D.Pa. 1997)**, the court found, (A procedural due process claim requires a two part showing. First, the plaintiff must prove that he has a property or liberty interest protected by the Due Process Clause of the Fifth Amendment. See **BOARD OF REGENTS v. ROTH 92 S.Ct. 2701, 2708-09(1972)**. If the Plaintiff can show such a protected interest, he must further show that "the procedure for challenging the deprivation does not satisfy the requirements of procedural due process. **DEBLASIO v. ZONING Bd. OF ADJUSTMENT 53 F.3d 592,597(3d Cir.)**.

The 14th Amendment to the U.S. Constitution Provides in part; No State Shall make or enforce any law which shall Abridge the privleges or immunities of citizens of the United States; Nor Shall any State Deprive any person of Life, Liberty, or **Property**, without Due Process of Law; Nor Deny to any person within its jurisdiction the the Equal Protection of the Laws.

(4)

1. PROCEDURAL DUE PROCESS

To establish a procedural Due Process Claim, a plaintiff must prove that the state or local Government "infringed a property interest encompassed by the Fourteenth Amendment." **MIDNIGHT SESSIONS 945 F.2d at 678, citing BOARD OF REGENTS v. ROTH 92 S.Ct. 2701,2709(1972).** See also: **ROBERTSON v. FIORE 62 F.3d 596,601(1995) and UNCER v. NATIONAL RESIDENTS MATCHING PROGRAM 928 F.2d 1392,1398-99(3d Cir. 1991)**(limiting protected property interest to claims of legal entitlement, dependence, or permanence).

It is well settled law that Inmates have a property interest in funds held in prison accounts. See **MAHERS v. HALFORD 76 F.3d 951,954 (8th Cir. 1996); CAMPBELL v. MILLER 787 F.2d 217,222(7th Cir.1986); QUICK v. JONES 754 F.2d 1521,1523(9th Cir.1985)**, Thus, inmates are entitled to due process with any respect to any deprivation of his money. MAHERS 76 F.3d at 954.

The Fourteenth Amendment Protects only against Deprivations "Without Due Process of Law." **BAKER v. McOLLAN 99 S.Ct. 2689,2695(1979).** Also the Fourteenth Amendment Due Process Clause protects against "abuse by a state official of his or her official position." **DAVIDSON v. O'LONE 752 F.2d 817,826(3d Cir. 1984).** Government conduct violates due process when it "shocks the consicience" of the court or is **"arbitrary or irrational."** see **UNITED STATES v. SALERNO 107 S.Ct. 2095(1987): HURTADO v. CALIFORNIA 4 S.Ct. 111(1884); GIUFFRE v. BISSELL 31 F.3d 1241,1258(3d Cir. 1994).**

"A Procedural Due Process Claim has two distinct elements: (1) A Deprivation of a Constitutionally Protected Liberty or Property interest, and (2) A Denial of Adequate Procedural Protections." **BREWSTER v. BOARD OF EDUC. OF LYNWOOD UNIFIED SCHOOL DIST. 149 F.3d 971,982(9th Cir.1998).** The Plaintiff has stated that he has been Deprived of his Property (money from off his account) which is Consti-

(5)

tutionally Protected, and that there was No Pre-Deprivation hearing.

## 2. SUBSTANTIVE DUE PROCESS

"When Complaining of a Violation of Substantive Due Process Rights, a Plaintiff must prove that the Governmental Authority 'Acted to ingringe [] A Property Interest encompassed by the Fourteenth Amendment.'" **DEBLASIO v. ZONING bd. OF ADJUSTMENT, 53 F.3d 592,600(3d Cir.1995)(quoting ACIERNO v. CLOUTIER 40 F.3d 597,616(3d Cir.1994)).**

The Due Process Clause was "Intended to secure the individual from the arbitrary exercise of the powers of the Government." **HURTADO v. CALIFORNIA 4 S.Ct. 111(1884)(quoting BANK OF COLUMBIA v. OKELY 4 Wheat. (17 U.S.) 235,244, 4 L.ED. 599(1819)).** Substantive Due Process is implicated by **Deliberate**, not Negligent, Governmental Action. See **DAVIDSON v. CANNON 106 S.Ct. 668(1986); DANIELS v. WILLIAMS 106 S.Ct. 677(1986).** but only in cases in which the plaintiff can establish a property interest in the right or interest allegedly Denied him on Arbitrary and Irrational grounds. Adapted from **MIDNIGHT SESSIONS Ltd. v. CITY OF PHILADELPHIA 945 F.2d 667,682 (3d Cir.1991).**

A Deprivation must have been committed by a person acting under Color of State Law. See **ADICKES v. S.H. KRESS & CO. 90 S.Ct. 1598 (1966).** To Prevail under §1983, the plaintiff seeking to recover against a Governmental agency must prove an actual Deprivation of a Constitutional Right.

Therefore, a Substantive Due Process Analysis under §1983 involves a Three-Step Process: 1) State Action: 2) The Existence of a Protected Property interest: and 3) Arbitrary or Irrational Deprivation of that interest. **HOLT CARGO SYSTEMS, INC. v. DELAWARE RIVER PORT AUTHORITY 20 F.Supp.2d 803,929(E.D.Pa.1998).** The Plaintiff has again Stated all three, and will go further.

(6)

### C. UNDER COLOR OF STATE LAW

There is no doubt that the defendants were at all times acting under the color of state law, as the defendant's are all employeed as State workers in there various positions, in the D.O.C. Facility at S.C.I. Greensburg, and at Camp Hill. See **UNTERBERG v. CORRECTIONAL MEDICAL SYSTEMS, INC. 799 F.Supp. 490,494(E.D.Pa. 1992); JONES v. CLARK 607 F.Supp. 251 (E.D.Pa. 1984); FEATHERMAN v. DIGIACINTO 617 F.Supp. 431 (E.D.Pa. 1985);SIERRA v. LEHIGH COUNTY PA 617 F.Supp. 427(E.D.Pa.1985).**

### D. PROPERTY INTEREST

Where a section 1983 plaintiff claims a procedural due process violation, his claim is dependent upon the denial of a constitutionally protected property or liberty interest. **MATHEWS v. ELDRIDGE 96 S.Ct. 893,901(1976).** In order to implicate a property interest protected by procedural due process, one must have more than a need, desire or expectation of it. "He must, instead, have a legitimate claim of entitlement to it." **BOARD OF REGENTS OF STATE COLLEGES v. ROTH 92 S.Ct. 2701,2709(1972).** "A Person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit[.]" **PERRY v. SINDERMANN 92 S.Ct. 2694,2699(1972).**

The plaintiff must establish a deprivation of a "Certain Quality of Property interest" that is Constitutionally protected. **DEBLASIO v. ZONING Bd. OF ADJUSTMENTS 53 F.3d 592,600(3d Cir.1995).** The Supreme Court has not defined the full spectrum of property interests protected under the Substantive Componet of the Due Process Clause. See **REICH v. BEHARRY 883 F.2d 239,243(3d Cir.1989).**

The Plaintiff States that it is Well Settled Law that MONEY is Property. See **HOLLOWAY v. LEHMAN 671 A.2d 1179,1181(Pa.Cmwlth.1996).** ("Petitioners allege that money has been taken from their personal inmate accounts. It is beyond dispute that Money is Property.) See

(7)

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

CASSIUS CLAY, SR.,                    :

        Plaintiff,             : CIVIL ACTION No.05-125E

                               : JUDGE SEAN J. McLAUGHLIN

V.                                    : Magistrate Judge;

                               : SUSAN PARADISE BAXTER

TRACEY REEVES, et al.,                :

        Defendants,            :

---

## CERTIFICATE OF SERVICE

I, CASSIUS M. CLAY SR., Pro-Se, Certify that the Forgoing Document(s) were given to Prison Officials, by way of Depositing it in the Prison Mail Box at S.C.I. Forest, January 19, 2006, for Fowarding to: CRAIG E. MARAVICH; Deputy Attorney General; OFFICE OF THE ATTORNEY GENERAL; 6th Floor, Manor Complex; 564 Forbes Avenue; Pittsburgh, PA 15219.

I Certify Under the Penalty of Perjury that the Foregoing is True and Correct. Pursuant to 28 U.S.C. §1746.

DATED: JANUARY 19, 2006.

*Cassius M. Clay Jr.*

CASSIUS M. CLAY SR., DQ5954

P.O. BOX 945

Marienville, PA 16239