JONES v. CLARK 607 F.Supp. 251(E.D.Pa. 1984). In REYNOLDS v. WAGNER 936 F.Supp. 1216,1227(E.D.Pa. 1996)("Under the Fourteenth Amendment the State shall not "Deprive any person Life, Liberty or Property, without Due Process of Law.")U.S. Const. Amend. XIV. Money in an Inmate's Account is a Protected Property interest. CAMPBELL v. MILLER 787 F.2d 217,222(7th Cir. 1986); Quick v. JONES 754 F.2d 1521,1523 (9th Cir.1984); SCOTT v. ANGELONE 771 F.Supp. 1064,1067(D.Nev.1991) (There is No question that an Inmate's Interest in the funds in his Prison Account is a Protected Property Interest ...) ORLOFF v. CLELAND 708 F.2d 372,378(9th Cir.1983); HANSEN v. MAY 502 F.2d 728, 730(9th Cir.1974); MAHERS v. HALFORD 76 F.3d 951,954(8th Cir.1996) (we agree with the district court that inmates have a property interest in money received from outside sources. SeeJENSEN v. KLECKER 648 F.2d 1179,1183(8th Cir.1981)(holding that inmates have a property interest in their money); SELL v. PARATT 548 F.2d 753,757(8th Cir)(same)... Thus, inmates are entitled to Due Process before they can be deprived of these monies.

 In SAMPLE v. DIECKS 885 F.2d 1099(3rd Cir. 1989)(Under the fourteenth amendment, a state may not authorize the deprivation of a protected liberty or property interest without providing a procedure in connection with that deprivation that meets the requirements of due process. LOGAN v. ZIMMERMAN BRUSH CO. 102 S.Ct. 1148(1982), and other Collecting Cases) at 1114. Also See BROWN v. TRENCH 787 F.2d 167,171(3d Cir. 1986)(If the property right is infringed on because of intentional action pursuant to a state procedure, a Pre-Deprivation hearing is required ... See LOUDERMILL; STANA. In STANA we stated "Patently, when the acts at issue were those of an official in a supervisory position, the governmental entity was in a position to provide some pre-deprivation process." STANA 775 F.2d at 130.).

(8)

In order to see what process is due an analysis of administrative law must be considered. Section 101 of the law, 2 Pa.C.S.A., Defines an adjudication as any ... Decision ... by an agency affecting personal property rights. That being the case, the law requires at a minimum, to one who has lost a personal or property right via the action of a Pennsylvania State Agency or a Commonwealth Official is addressed in the administrative agency law. The inmate must be given an opportunity to be heard, all testimony must be recorded, and a full complete record of the proceedings must be kept. Reasonable examination and cross examination must be allowed. 2 Pa.C.S.A. §505. The adjudication must be in writing and contain findings of fact and reason for the decision. 2 Pa.C.S.A. §507. Thus, the failure to provide a proper hearing would render the adjudication invalid and must result in a remand. See **CALLAHAN v. PENNSYLVANIA STATE POLICE 431 A.2d 946(1981); HOLLOWAY v. LEHMAN 671 A.2d 1179(Pa.Cmwlth.1996).**

The Plaintiff also had No Hearings prior to the Illegal Takings, as in; **SHROYER v. PA DEPT. OF CORRECTIONS 743 A.2d 534(Pa.Cmwlth. 1999);** Lastly, the Act 84, 42 Pa.C.S.A. §9728(b)(5), and §9730, and the D.O.C. ADM 005(F) have been held Non Applicable to Civil Proceedings such as in the Plaintiff's Case. See **VEGA v. BEARD 847 A.2d 153 (Pa.Cmwlth.2004),** and the Defendants Knew of this, as they were told!

Therefore; the Plaintiff has shown a Due Process Violation of the 5th, and 14th, amendments, with the Illegal Takings, and No Pre, or Post Deprivation Hearings, and as a result of the Illegal Takings, the Plaintiff had his petition Dismissed do to Failure of Service, (to be addressed further), which constitutes an First Amendment Right to Access the Courts, and an Injury for §1983 Purposes.

(9)

### E. RIGHT TO ACCESS THE COURT

The First Amendment to the Constitution States in Pertain Parts; Congress shall make no law respecting an establishment ... or abridging the freedom of speech, ... or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

In **TURIANO v. SCHNARRS 904 F.Supp. 400(M.D.Pa. 1995);** The Court wrote. (Courts have found different birthplaces of the right of access to the courts, E.g. **SIMMONS v. DICKHAUT 804 F.2d 182,183(1st Cir.1986)**(sources of right of access include the First Amendment, the Due Process Clauses, and the Privileges and Immunities Clause of Article IV, Section 2). It is clear that this most important protection originates at least from the First Amendment and from the due process clauses of the Fifth and Fourteenth Amendments. **PROCUNIER v. MARTINEZ 94 S.Ct. 1800,1814(1974)**("The Constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful Convictions and to seek redress for violations of their constitutional rights");
**HUDSON v. PALMER 104 S.Ct. 3194,3198(1984)**(("prisoners have the constitutional right to petition the Government for redress of their grievances, which includes a reasonable right of access to the courts"). Also in **HODGE v. PRINCE 730 F.Supp. 747(N.D.Tex.1990);** The court wrote, "It is beyond dispute that a prisoner has a Constitutional right of access to the Courts E.g. **BOUNDS v. SMITH 97 S.Ct. 1491,1494 (1977) Ex PARTE HULL 61 S.Ct. 640,641(1941)**... The right is Fundamental. BOUNDS at 1498. In its most apparent form, the right of access protects one's physical access to the courts. CROWDER 884 F.2d at 811. Thus, prisonofficials cannot refuse to convey or other-

(10)

wise block transmission of legal documents that prisoners wish to send to the courts. Id. (citing **Ex PARTE HULL 61 S.Ct. at 641**). Prison officials may not deliberately delay mailing legal papers when they know such delay will effectively deny a prisoner access to the courts. **JACKSON v. PROCUNIER 789 F.2d 307,310-312(5th Cir.1986).**

The Plaintiff has stated the rejection of pieces of legal mail on various occassions which have Violated his First Amendment Right to Access the Courts. Under **BOUNDS v. SMITH 97 S.Ct. 1491,1494-96 (1977)**(prisoners are entitled to a reasonable amount of free postage for legal mail as a means of insuring their access to the Courts. **WASHINGTON v. JAMES 782 F.2d 1134(2nd Cir1986); GITTENS v. SULLIVAN 848 F.2d 389(2nd Cir. 1988); GAINS v. LANE 790 F.2d 1299(7th Cir.1986).**

**F. ADVANCE FOR LEGAL MAIL AND INDIGENCY**

The Plaintiff states that the Defendant's Refusal to Advance him postage Violates the Principle in **BOUNDS**. See, **BELL-BEY v. WILLIAMS 87 F.2d 832(6th Cir.1996)**(Citing **BOUT v. ABRAMAJTYS 28 F.3d 1213(6th Cir.1994)); KING v. ATIYEH 814 F.2d 565(9th Cir. 1987); BRYAN v. WERNER 516 F.2d 233,239**(Furthermore, in no event can the prison officials refuse to mail letters intended for the courts, as that is the most blatant example of impeded access to the courts.). Further, on concerning this issue; In **GLUTH v. KANGAS 951 F.2d 1504(9th Cir. 1991)**, the courts found that ("Under the department's indigency Policy, an inmate may apply for indigency classification if his prison account balance is less than $12.00 and his income from all sources durning the previous thirty day period has not exceed $12. We agree with the district court's conclusion that this policy, which according to uncontroverted facts forces inmates to choose between purchasing hygienic supplies and essential legal supplies, is UNACCEPTABLE." at **1508.** see also **REYNOLDS v. WAGNER 936 F.Supp. 1216(E.D.Pa.1996)**

(11)

("Plaintiff assert that inmates receive an "indigent bag" ... Only after a fourteen day period in which the inmate's account has a balance of less than five dollars ... First of all, the inmate handbook states "If you wish to send legal mail and have no funds, the correspondence will be mailed, however, a negative balance will be applied to your account.") Id. at 1230. The Plaintiff states that he was Just Not given that Option, intentionally!

The Court in **CHRICEOL v. PHILLIPS 169 F.3d 313(5th Cir.1999)** wrote, (Interference with a prisoner'S Right to Access to the Court, such as a Delay, may result in a Constitutional deprivation.... Arguably, witholding access to a prison account to pay for legal fees could, at a minimum, cause a delay in access to the courts. Witholding money from a prison account could also effectively deny access to obtaining an attorney, filing a complaint, or **mailing other legal documentation.**) In **JOHN v. NEW YORK DEPT. OF CORRECTIONS 130 Fed.Appx. 506(2nd Cir. 2005)** wrote, ("Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by theFirst and Fourteenth Amendments to the U.S. Constitution.")(quoting **DAVIS v. GOORD 320 F.3d 346,351 (2d Cir.2003)** Id. at 507.

In **SIMKINS v. BRUCE 406 F.3d 1239(10th Cir. 2005)**, the court wrote, (states may not erect barriers that impede the right of access of incarcerated persons. **SNYDER v. NOLEN 380 F.3d 279,290-291(7th Cir.2004)... GREEN v. JOHNSTON 977 F.2d 1383,1389(10th Cir.1992)**(any deliberate impediment to access [to the courts], even a delay of access, may conistitute a constitutional deprivation). Id. at 1242. **WRENN v. FREEMAN 894 F.Supp. 244(E.D.N.C. 1995)**(the Constitution simply "does not require the elimination of all economic, intellectual and technological barriers to litigation." **SANDS v. LEWIS 886 F.2d 1166,1169(9th Cir.1989)**). The Plaintiff therefore states that,

(12)

"once a prisoner has alleged-and has offered a basis therefor-that the prison policy regarding mail handling or the provision of legal postage has deprived him of his ability to access the courts or that he has suffered adverse consequences as a result therefrom, he has stated a colorable claim. WHITE 886 F.2d at 723." **WRENN 894 F.Supp. at 251.** Thus this Plaintiff has made a showing of the Denial of his First Amendment right to Access the Courts, with the Denial of the Defendants to Mail his Petitions, as he did not have the funds on his account, that they took.

### G. §1997e(e)'s APPLICATION

The Plaintiff contends that he does make a colorable showing of an Actual Injury, in his Complaint at #16, (Many Months of Mental Anguish) at #24, (Lot of Stressful Times) at #43, (Very Depressed) at #46, (Mental Harm) at #52 (which left the Plaintiff Very Depressed and Fighting Various Boughts of Mental Anguish). As a result of the many Days, and Months of the Mental and Emotional Abuse, the Plaintiff has Suffered many Physical Injuries, as a Direct Consequence of the Mental Distress, and Depression he indured, which included; HIGH BLOOD PRESSURE, SEVERE HEADACHES, VOMITTING, LOSS OF APPETITE, DIZZYNESS, SEVERE STOMACHACHES, IRRITABLE BOWEL SYNDROME, VARIATIONS IN BILE MOVEMENT, LOSS OF SLEEP, AND MOOD SWINGS. These Physical Symptoms are a direct manifestation from the Mental Stress, and Anguished Induced by the Defendants Actions. These Physical Injuries/Illnesses have been deemed as such for purposes of §1983. See **WOLFE v. HORN 130 F.Supp.2d 648 (E.D.Pa. 2001)**(she suffered headaches, nausea, vomiting, cramps, hot flashes, and hair loss....Thus the alleged constitutional violations caused direct physical injuries, with attendant emotional consequencas.) Id. at 658. Also **CALDWELL v.DISTRICT OF COLUMBIA 201 F.Supp.2d 27** (quoting **GIBBS v. CROSS 160 F.3d 962(3d cir.1998)**(severe headaches,

(13)

mucus, watery eyes from dust, lint, and shower ordor constitute "serious physical injury" under 28 U.S.C. §1915(g)) **CALDWELL Id. at 33.** In **KEMNER v. HEMPHILL 199 F.Supp.2d 1264,1270-71(M.D.Fla. 2001)**(The court found that the record supported the plaintiffs "claim of [physical] injury as the rectal examination resulted in increased blood pressure, chest pain, ... The Court held that this was an adequate allegation of physical injury to survive "a motion to dismiss under §1997e(e)"). The Plaintiff therefore has stated a claim under §1983, and can Substantiate it with the Defendants Compliance of the Discovery, and should receive Compensatory Damages.

Lastly, Congress did not intend section 1997e(e) to bar the recovery for all forms of Relief, or to bar §1983 completely. See **U.S. v. HABER 251 F.3d 881 (10th Cir.2001)**(we will also address ¿ whether section 1997e(e) would bar consideration of punitive damages on remand. We note that, as a general rule, punitive damages may be recovered for constitutional violations without a showing of compensable injury. See **BASISTA v. WEIR 340 F.2d 74,87-88(3d Cir.1965)**... **ALEXANDER v. RIGA 208 F.3d 419,430(3d Cir.2000)**("[B]eyond a doubt, punitive damages can be awarded in a civil rights case where a jury finds a constitutional violation, even when the jury has not awarded compensatory or nominal damages." ...)); ALso **SMITH v. WADE 103 S.CT. 1625(1983)**(holding punitive damages are authorized for violations of constitutional rights); **HUGHES v. LOTT 350 F.3d 1157,1162(11th Cir. 2003)**(holding section 1997e(e) does not preclude nominal damages); **DAVIS v. DIST. OF COLUMBIA 158 F.3d 1342,1346(D.C.Cir. 1998)**(stating that section 1997e(e) does not preclude injunctive relief); **ZEHNER V. TRIGG 133 F.3d 459,462(7th Cir. 1997)**(same). In **HOCK v. THIPEDEAU 238 F.Supp.2d 466,488(D.Conn. 2002)** the Court Found;(In light of the Second Circuit's recent decision in **THOMPSON v. CARTER 284 F.3d 411**

(14)

(2002),(the defendant's argument based on Section 1997e(e) fails because it misinterprets the law....it does not restrict a plaintiff's ability to recover conpensatory damages for actual injury, nomial or punitive damages, or injunctive and declaratory relief.") Also, in **MITCHELL v. HORN 318 F.3d 523(3rd Cir. 2003)**(We also agree with several other courts of appeals that §1997e(e) does not apply to claims seeking injunctive or declaratory relief. see **THOMPSON v. CARTER 284 F.3d 411,418(2d Cir.2002)**("Section 1997e(e) does not prevent a prisoner from obtaining injunctive or declaratory relief."(see corresponding cases).

   Therefore, the Plaintiff has shown in his original complaint, the reference to the Physical injury, that Derrived directly from the defendants unconstitutional actions, which inturn has taken a very severe toll on the Plaintiff's Mental Health, and Physical well-being, and as such this case should proceed to a Jury Trial, or in the alternative, with the showing herein, that discovery be initiated, and the issues be heard concerning the Constitutional Violations, and that the other Defendants be Served, and added to these proceedings.

## CONCLUSION

The Plaintiff has therefore stated a Fifth Amendment Claim of "Taking of Property (Money)", or in the alternative, A 14th Amendment Claim, Violation of Due Process before Deprivation of his Property (Money) and as a Result of the Defendants Arbitrary, and Capricious Determination, the Plaintiff was Denied his 1st Amendment Right to Access the Court, by the Unconstitutional D.O.C., DC-ADM 005(F)(1&2); 803 VI(C)(2)(a&b), and 42 Pa.C.S.A. §9728(Act 84) Policies, where there unreasonable application of these Policies is in Total Disregard of the Law.

Therefore the Plaintiff's Motion in Opposition to the Defendants Motion to Dismiss, and his accompaning Memorandum of Law in Support of, should be GRANTED, and the Defendant's Motion be DENIED.

RESPECTFULLY SUBMITTED;

*Cassius M. Clay Jr.*

CASSIUS M. CLAY SR. / Plaintiff

P.O. BOX 945

**DATED: JANUARY 19, 2006.**     Marienville, PA 16239