SCANNED



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS M. CLAY SR.,<br>       Plaintiff<br><br>VS.<br><br>TRACY REEVES, et al.,<br>       Defendants | Civil Action No.: 05-125 Erie<br><br>District Judge McLaughlin<br><br>Magistrate Judge Baxter |

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, Cassius M. Clay, Pro se, moves this Honorable Court for a Preliminary Injunction pursuant to Fed.R.Civ.P. 65(a) and in support thereof states the following:

1. On April 28, 2005 Plaintiff filed a Complaint under 42 U.S.C. §1983.

2. As stated in his Complaint, Plaintiff claims that the defendants have acted together to deprive him of his property in the form of money that was and continues to be unlawfully paid out of his institutional account towards a suspended child support order, and that Defendants denied him access

(1)

to the courts by failing to advance him funds after the unlawful payouts left him without funds to prosecute a timely petition for post-conviction collateral relief challenging his criminal conviction and unable to effectuate service of a petition for review filed in the Commonwealth Court of Pennsylvania. Plaintiff further claims that Department of Corrections policy DC-ADM 005 is unconstitutional.

3. Since the commencement of the instant action Plaintiff continues to be deprived of his property in the form of money that is being unlawfully paid out of his institutional account towards a suspended child support order, and has been retaliated at the hands of prison officials at his current place of confinement[1] who are acting in concert with the defendants, and ordered the confiscation of Plaintiff's legal material.

4. In addition to this action, Plaintiff is in the process of litigating a habeas corpus action challenging his conviction which is before this Court[2].

---

(1) Plaintiff is currently confined at the State Correctional Institution at Forest, 1 Woodland Dr., P.O. Box 945, Marienville, PA 16239. (2) Plaintiff's habeas corpus action has been filed with this Court but as of the date of this motion, no case number has been assigned.

5. Plaintiff believes that the defendants themselves, or by and through their successors, agents, employees or other persons acting in concert with the defendants, will arrange for and effectuate Plaintiff's transfer to another correctional facility so as to impede Plaintiff's ability to effectively litigate the actions he has pending before this Court.

6. Unless the requested Preliminary Injunction is granted, Plaintiff will suffer the ongoing and continuing deprivation of his constitutional rights. Additionally, it is likely that absent the requested Preliminary Injunction, Plaintiff will suffer additional and more egregious deprivations of his constitutional rights. As a matter of law, both instances constitute irreparable harm, not just a threat of harm, and so warrant the grant of the requested Preliminary Injunction.

7. The defendants will not suffer any harm if the Preliminary Injunction is granted because the Court's order will permit the status quo ante to be restored, and defendants will merely be restrained from taking advantage of their wrongful acts.

8. The defendants' wrongful conduct is actionable and the Plaintiff's rights are clear.

9. Plaintiff is likely to succeed on the merits of his claims.

10. Plaintiff has no adequate remedy at law.

11. The public interest will not be disserved by granting the requested Preliminary Injunction. To the contrary, the public interest is well served by protecting the constitutional rights of all its members, even when those members are in a displaced position such as Plaintiff.

   **WHEREFORE,** Plaintiff requests that upon consideration of this motion, Plaintiff's affidavit in support,[3] and the supporting brief filed concurrently with this motion, this Honorable Court issue a Preliminary Injunction in the form of the foregoing Order.

Respectfully submitted,

*Cassius M. Clay Sr.*
Cassius M. Clay Sr.
Inmate No.: DQ-5954
SCI-Forest
1 Woodland Dr.
P.O. Box 945
Marienville, PA 16239
(Pro se Plaintiff)

---

**(3)** Plaintiff has attached his affidavit in support of this motion as **Exhibit-"A"**.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS M. CLAY SR.,<br>Plaintiff<br><br>vs.<br><br>TRACY REEVES, et al.,<br>Defendants | Civil Action No.: 05-125 Erie<br><br>District Judge McLaughlin<br><br>Magistrate Judge Baxter |

### ORDER OF COURT

AND NOW, this _____ day of _____ 2006, upon consideration of Plaintiff, Cassius M. Clay's Motion for Preliminary Injunction and the defendants' response thereto, if any, it is the Order of this Court that Plaintiff's Motion is **GRANTED** and that:

1. The Defendants, their agents, successors, employees and all other individuals acting in concert with the defendants shall immediately cease deductions from Plaintiff's institutional account for the purpose of applying the deducted funds to payment of child support arrears;

2. The Defendants, their agents, successors, employees and all other individuals acting in concert with the defendants shall not harass, threaten, punish or retaliate against the Plaintiff because of this action or any other constitutionally protected conduct exhibited by the Plaintiff.

3. The Defendants, their agents, successors, employees and all other individuals acting in concert with the defendants shall not transfer Plaintiff to any other correctional facility absent express leave of court; and

4. All legal documents confiscated from Plaintiff shall be immediately returned to Plaintiff's possession.

                                            **BY THE COURT:**

                                            _____

                                                                                 **J.**