IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS M. CLAY SR., <br> Plaintiff <br><br> VS. <br><br> TRACY REEVES, et al., <br> Defendants | Civil Action No.: 05-125 Erie <br><br> District Judge McLaughlin <br><br> Magistrate Judge Baxter |

PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, Cassius M. Clay Sr., Pro se, submits this brief in support of his Motion for Preliminary Injunction.

I. Standard of Review

In determining whether a preliminary injunction should be issued, this Court must consider whether the party seeking the injunction has demonstrated that: (1) it has a reasonable likelihood of success on the merits of the underlying claim; (2) no adequate remedy at law exists; (3) it will suffer irreparable harm if the preliminary injunction is denied; (4) the irreparable harm the party will suffer is greater than the harm the opposing party will suffer if the preliminary injunction is granted; and (5) the preliminary injunction will not harm the public interest. Swartzwelder V. McNeilly, 297 F.3d 228 (3d Cir.

2001); Highmark, Inc. v. UPMC Health Plan Inc., 276 F.3d 160 (3d Cir. 2001). In the prison context, requests for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration'". Bacon v. Taylor, 419 F.Supp.2d 635 (D.Del. 2006) citing Robinson v. Horn, 2000 WL 1101351, 2000 U.S. Dist. LEXIS 11088 (E.D.Pa. 2000); Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995); Forrest v. Nedab, 199 WL 552546, 1999 U.S. Dist. LEXIS 10464 (E.D.Pa. 1999) and Riley v. Snyder, 72 F.Supp.2d 456, 460 (D.Del.1999).

II. **There Is A Reasonable Likelihood That Plaintiff Will Succeed On The Merits In This Case.**

In the Third Circuit the threshold for showing a reasonable likelihood of success on the merits is low. Plaintiff need only prove a prima facie case, not a certainty that he will win. Highmark, at 276.

Here, Plaintiff is very likely to prevail on the merits. It is well settled that prisoners have a property interest in funds held in their prison accounts. See Mahers v. Halford, 76 F.3d 951, 954 (8th Cir. 1996); Campbell v. Miller, 787 F.2d 217, 222 (7th Cir. 1986); and Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1985). Thus, prisoners are entitled to due process with respect to any deprivation of their money. Mahers, at 954.

As explained by the United States Supreme Court in **Armstrong v. Manzo**, 380 U.S. 545, 550 (1965), at a minimum, due process requires "that deprivation of life, liberty, or **property** by adjudication be precluded by notice and apportunity for a hearing appropriate to the nature of the case". **(emphasis added)** As Plaintiff's complaint shows, he was not provided a hearing prior to the unlawful deductions from his account commenced.

Defendants know that they are not permitted to deduct funds from prisoners' accounts for child support obligations pursuant to DC-ADM 005, which policy is based upon 42 Pa. C.S.A. §9728, commonly referred to as Act 84, because this statute only authorizes the Department of Corrections to collect restitution, reparation, fees, costs, fines and penalties derivative of a criminal action. See **Vega V. Beard**, 847 A.2d 153 (Pa. Cmwlth. 2004) As to this claim (i.e. that the defendants have and continue to act together to deprive him of property in the form of money that continues to be unlawful paid out of his institutional account towards a suspended child support order) Plaintiff is very likely to succeed on the merits.

As to his access to the courts claim (i.e. that the defendants denied him access to the courts by failing to advance him funds after the unlawful payouts left him without funds to prosecute a timely petition for post-conviction collateral relief challenging his conviction and unable to effectuate service of a petition for review filed in the Commonwealth Court of Pennsylvania), our

United States Supreme Court has made clear that prisoners are entitled to a reasonable amount of free postage for legal mail as a means of insuring their access to the courts. See **Bounds v. Smith**, 97 S.Ct. 1491, 1494-96 (1977). It is clear that the defendants' refusal to advance Plaintiff funds for postage violates the principles in **Bounds**.

It is acknowledged that pursuant to **Lewis v. Casey**, 518 U.S. 343 (1996), only those prisoners who sustain actual injury have standing to bring suit challenging the adequacy of their State's access program. As Plaintiff's complaint shows, as a result of the defendants' refusal to advance Plaintiff funds for the cost of postage to send legal mail, Plaintiff's Petition for Post-Conviction Collateral Relief was delayed in being sent for filing, and as a result was denied as untimely, and Petitioner was unable to effectuate service of a Petition for Review he had filed in the Commonwealth Court of Pennsylvania, by means of certified mail, and as a result, his petition was dismissed. It is undisputable that the Plaintiff has suffered "injury-in-fact", is entitled to relief and is likely succeed on the merits.

### III. Plaintiff Faces A Substantial Threat Of Irreparable Harm.

Since the commencement of this action the Plaintiff has continued to endure the hardships inflicted upon him by virtue of the continuous ongoing unlawful deductions of funds from his institutional account. As a result, the Plaintiff is consistently

faced with financial hardship. Plaintiff must choose between purchasing life's necessities, seeking medical and mental health treatment for the injuries the defendants have and continue to inflict upon him, and exercising his right to access to the courts, which requires Plaintiff to expend funds for photocopying and postal services. The Plaintiff is faced with having to make such unreasonable choices because 1) the defendants are unlawfully deducting funds from Plaintiff's account, and 2) the Department of Corrections' standard of indigency is so low[1] that Plaintiff does not qualify for indigent postage, photocopying, hygiene supplies and medical and mental health treatment. While there is no national standard of indigency and **Bounds** left the matter to the states for regulatory action; see **Kershner V. Mazurkiewicz, 670 F.2d 440, 444 (3d Cir. 1982);** the Third Circuit has generally concluded that indigency should not be established so low that it forces prisoners to choose between legal supplies, hygienic needs, and medical care. See **Souder V. McGuire, 516 F.2d 820, 824 (3d Cir. 1975).** Nevertheless, if the defendants were to cease unlawfully deducting funds from Plaintiff's account, Plaintiff would not have to make such unreasonable choices.

---

**(1)** The Pennsylvania Department of Corrections Policy DC-ADM 803 IV.H defines an indigent inmate as an individual who has a combined balance of his/her facility account and any other accounts of $10.00 or less at all times during the 30 days preceding the the date on which the inmate submits a request to a person designated by the Facility Manager. See section H of Exhibit-"A", page 1 and 2.

Unfortunately, simply granting the requested Preliminary Injunction enjoining unlawful deductions of funds from Plaintiff's account will not insure protection of Plaintiff's constitutional rights and the irreparable harm that will result in their violation. Prior to the initiation of this action, Plaintiff filed a multitude of administrative grievances and appeals putting the defendants on notice of the harm caused by their actions and seeking appropriate redress. Nevertheless, the defendants refused to cease their actions and began retaliating against Plaintiff. This retaliation consisted of the Plaintiff's mail being held, photocopied and circulated throughout the prison; Plaintiff being transferred from SCI-Greensburg to SCI-Forest; and intentional delay in providing Plaintiff with an order disposing of his Federal Habeas Corpus, which effectively deprived Plaintiff of his right to appeal because he was not given the order until after the time for filing an appeal had expired. Most recently, Plaintiff's legal documents were confiscated absent any rational, legitimate penological purpose. The chronology of events and suggestive timing clearly establish retaliation and amount to First Amendment violations as the First Amendment prohibits prison officials from retaliating against inmates who report complaints, file grievances or file lawsuits. See **Allah v. Seiverling, 229 F.3d 220, 224 (3d Cir. 2000).**

Any remedy at law for Plaintiff's injuries would be inadequate. The Third Circuit has explained "[i]n order to demonstrate irreparable harm, the plaintiff must demonstrate potential harm

(6)

which cannot be addressed by a legal or an equitable remedy following trial. The preliminary injunction must be the only way of protecting the plaintiff from harm". **Campbell Soup Co. V. Conagra, Inc.**, 977 F.2d 86 (3d Cir. 1992). "[a] preliminary injunction is to provide relief when it is the only way to protect the plaintiff from harm, that is, when money damages are inadequate to protect the plaintiff". **Barmasters Bartending School V. Authentic Bartending School, Inc.**, 931 F.Supp. 377, 387 (E.D. Pa. 1996). Here, any after the fact remedy for the irreparable harm the Plaintiff is suffering and is at risk of suffering would be seriously deficient. See **Elrod V. Burns**, 427 U.S. 347, 373 (1976) where the Supreme Court of the United States held that "the loss of First Amendment freedoms for even minimal periods of time unquestionably constitutes irreparable injury".

Federal statutes and case law restrict the availability of of damages to inmates in civil rights suits. Damages for the adverse effect of denial of access to the courts and denial of due process are difficult to quantify and win at trial, particularly where the plaintiff is not represented by counsel. Preliminary injunctive relief is appropriate to correct these ongoing constitutional violations.

IV. **The Threatened Harm To The Plaintiff Outweighs Any Harm That The Injunction May Cause The Defendants.**

The threat of harm to the Plaintiff outweighs any harm that might come to the defendants by a preliminary injunction. As this brief has explained, the Plaintiff is exposed to an ongoing course of conduct at the hands of the defendants and individuals acting in concert with the defendants that is continuously depriving Plaintiff of the rights guaranteed to him under the United States Constitution. Further, the Plaintiff is exposed to an ongoing substantial risk of irreparable harm, and actual harm. The relief the Plaintiff seeks is narrowly tailored to remedy the ongoing violations of Plaintiff's constitutional rights, the potential thereof, and to prevent the occurrence of further irreparable harm in the future. It is submitted that the relief Plaintiff seeks is in conformity with 18 U.S.C. §3626(a) which states:

> "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of the plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to to correct the violation of the Federal right".

(8)

**V. The Public Interest Will Not Be Disserved By Granting The Preliminary Injunction.**

Finally, Plaintiff seeks a preliminary injunction to protect his First and Fourteenth Amendment rights under the United States Constitution. As a general matter, the "public interest.... is always well served by protecting the constitutional rights of all of its memmbers". Reinhart V. Haas, 585 F.Supp 477, 481 (S.D. Iowa 1984). See also Spartacus Youth League V. Board of Trustees, 502 F.Supp 789, 804 (N.D. Ill. 1980)(finding that "the ultimate public interest lies in the protection of the constitutional rights which plaintiffs assert"); ILQ Investments, Inc. V. City of Rochester, 816 F.Supp. 516, 527 (D.Minn. 1993)(finding that "upholding constitutionally guaranteed rights is in the public interest"), rev'd on other grounds, 25 F.3d 1413 (8th Cir. 1994); Duran V. Anaya, 642 F.Supp 510, 527 (D.N.M. 1986)(holding that "respect for law, particularly by officials responsible for the administration of [city's] correnctional system, is in itself a matter of the highest public interest"); and Llewelyn V. Oakland County Prosecutor's Office, 402 D.Supp. 1379, 1393 (E.D. Mich. (1975)( finding that "the Constitution is the ultimate expression of the public interest"). The public interest is not served by defendants' current unconstitutional conduct which is resulting in Plaintiff's constitutional rights being violated.

## VI. Conclusion

   **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court issue a Preliminary Injunction in the form of the Order foregoing Plaintiff's Motion for Preliminary Injunction.

                                Respectfully submitted,

                                *Cassius M. Clay Sr.*
                                Cassius M. Clay Sr.
                                Inmate No.: DQ-5954
                                SCI-Forest
                                1 Woodland Dr.
                                P.O. Box 945
                                Marienville, PA 16239
                                (Pro se Plaintiff)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS M. CLAY SR.,<br>          Plaintiff | Civil Action No.: 05-125 Erie<br><br>District Judge McLaughlin |
| VS. | Magistrate Judge Baxter |
| TRACY REEVES, et al.,<br>          Defendants | |

### CERTIFICATE OF SERVICE

I certify that on this __20th__ day of __July__ 2006, I submitted the original of this document to prison officials at the State Correctional Institution at Forest, by placing the same in the prison mail box addressed as follows:

Office of the Clerk
U.S. District Court
Western District of PA
P.O. Box 1820
Erie, PA 16507

I further certify that on this __20__ day of __July__ 2006, I served a true and correct copy of the foregoing on the parties of record, by submitting this document to prison officials at the State Correctional Institution at Forest, by placing the same in the prison mail box addressed as follows:

Graig E. Maravich, Esq.
Deputy Attorney General
Office of the Attorney General
6th Flr., Manor Complex
564 Forbes Ave.
Pittsburgh, PA 15219

    Both documents were sent U.S. First Class Mail, postage pre-paid.


Date: 7-20-06                              By: *Cassius M. Clay Sr.*
                                              Cassius M. Clay Sr.
                                              Inmate No.: DQ-5954
                                              SCI-Forest
                                              1 Woodland Dr.
                                              P.O. Box 945
                                              Marienville, PA 16239
                                              (Pro se Plaintiff)