**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CASSIUS CLAY,** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **C.A.No. 05-125 Erie** |
| | ) | **District Judge McLaughlin** |
| **DOMESTIC RELATIONS SECTION, et al.** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


**I      RECOMMENDATION_____**

It is respectfully recommended that Plaintiff's motion for preliminary injunction [Document # 41] be denied.


**II      REPORT**

**_____A.      Procedural History**

On April 28, 2005, Plaintiff, an inmate acting *pro se*, filed the instant action.  Named as Defendants are: Tracey Reeves, Joanne Miller and Richard Gaydos of the Accounting Department of SCI-Greensburg; Candis Brimmer, Mail Room Supervisor; Jack Loughry, Business Manager; Angie Marheafka, Grievance Coordinator and Warden's Secretary; L.P. Bennings, Warden; D.J. Wakefield, Warden; Sharon Burks, Chief Grievance Officer of the Department of Corrections; and Jeffrey Beard, Secretary of Corrections.  As relief, Plaintiff seeks monetary damages, as well as declaratory and injunctive relief.

In his complaint, Plaintiff claims that Defendants have acted together to deprive him of his property in the form of money that was erroneously paid out in contradiction of a valid child support order, and that Defendants denied him access to courts by failing to advance him funds after the erroneous payout left him without funds to prosecute an appeal of his criminal case.

Plaintiff further alleges that Department of Corrections policy DC-ADM 005 is unconstitutional.

On July 24, 2006, Plaintiff filed a motion for preliminary injunction requesting that 1) Defendants be ordered to cease payment of child support; 2) Defendants be ordered to not retaliate against him; and 3) Defendants be ordered not to transfer Plaintiff to another institution without express leave of court .  Document # 41.

This Court has held two telephonic hearings on this matter and examined exhibits regarding the child support orders.  At the second hearing, it became apparent to this Court that Plaintiff is not claiming that the Department of Corrections is misinterpreting a state court order to pay child support, but instead is challenging the validity and legality of the state court order itself.

### B.    Standards of Review

#### 1.    *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land

2

Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court has considered facts and made inferences where it is appropriate.

### 2.    Preliminary injunctions

In order to obtain a preliminary injunction, the district court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987). Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989). In fact, Plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury...." Acierno, 40 F.3d at 655 (citation omitted).

C.    **The *Rooker-Feldman* Doctrine**

The *Rooker-Feldman* doctrine limits this Court's jurisdiction over Plaintiff's claim regarding the legality of the child support order..  The United States Supreme Court has summarized the doctrine:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. et al. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).  See also Lance v. Dennis, ___ U.S. ___, 126 S.Ct. 1198 (February 21, 2006); Rooker v. Fidelity Trust, 263 U.S. 413, 416 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

This holding is consistent with decisions of the Third Circuit Court of Appeals as set forth in Parkview Associates Partnership v. City of Lebanon, 225 F.3d 321 (3d Cir. 2000), cert. denied, 535 U.S. 1055 (2002):

> This court has described the *Rooker-Feldman* doctrine as precluding lower federal court jurisdiction over claims that were actually litigated or "inextricably intertwined" with adjudication by a state's courts . . .. Further, we have explained that a federal action is inextricably intertwined with a state adjudication, and thus barred in federal court under *Feldman*, "[w]here federal relief can only be predicated upon a conviction that the state court was wrong."

225 F.3d at 325 (citations omitted); see also ITT Corp. et al v. Intelnet Int'l Corp. et al, 366 F.3d 205 (3d Cir.2004).

In this case, the state court ordered Plaintiff to pay child support.  Thus, application of *Rooker-Feldman* in this instance is straightforward, as that doctrine does not "permit a disappointed state court plaintiff to seek review of a state court decision in the federal court by masquerading his complaint in the form of a federal civil rights action." Logan v. Lillie, 965 F.Supp. 695, 698 (E.D.Pa.1997).  "If it were otherwise, any person dissatisfied with a state ... award could seek review in the district court under the guise of a federal civil rights violation." Id.  Here, if Plaintiff were to prevail on his claim, this Court would necessarily be finding that the state court was wrong in its imposition of child support "render[ing] [the state court]

4

judgment ineffectual." <u>FOCUS v. Allegheny County Court of Common Pleas</u>, 75 F.3d 834 (3d Cir.1996).

In <u>McKnight v. Baker</u>, 343 F.Supp. 2d 422 (E.D.Pa. 2004), the federal district court was faced with a civil rights claim concerning a state court custody case and determined that such claims were barred to the extent that they would represent "an indirect attack on the custody determination" made in the state court. <u>Id</u>. at 426. The court found that the plaintiff was "essentially seeking federal court review of the decision of the Family Court denying him visitation rights" and determined that this was barred by *Rooker-Feldman*. "McKnight's proper avenue of appeal lies in the Pennsylvania state courts. . . 'And ultimately to the Supreme Court under [28 U.S.C.] §1257.'" <u>Id</u>. at 426, <u>quoting</u> <u>Parkview Associates</u>, 225 F.3d at 324. A similar result applies here. Plaintiff's claims implicate the validity of, and are inextricably intertwined with, the state court rulings made in the course of the child support determinations.

Thus, this Court lacks jurisdiction[1] to adjudicate this claim regarding the legality of the child support order and therefore, Plaintiff has no likelihood of success on the merits of the claim, thereby precluding the issuance of injunctive relief by this Court.

### D.    Retaliation

Plaintiff requests that this Court order Defendants not to harass him in retaliation for the filing of this lawsuit. As Plaintiff has not shown immediate irreparable injury, a preliminary injunction should be denied.

## III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for

---

[1] A decision on the merits of Plaintiff's claims here would also run afoul of the "domestic relations exception" to federal jurisdiction since it could be seen as a ruling by this court on a matter exclusively within the state court's jurisdiction. <u>See</u> <u>Ankenbrandt v. Richards</u>, 504 U.S. 689 (1992)(federal courts divested of power "to issue divorce, alimony, and child custody decrees").

preliminary injunction [Document # 41] be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated:  September 28, 2006

6