IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS M. CLAY SR., | Civil Action No. 05-125E |
| Plaintiff, | |
| Vs. | District Judge McLaughlin |
| TRACEY REEVES, et al., | Magistrate Judge Baxter |
| Defendants, | |

**OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS**

On September 28, 2006, the Honorable SUSAN PARADISE BAXTER, entered her proposed Findings of facts in her Report and Recommendations.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Plaintiff, CASSIUS M. CLAY SR., Objects to the Magistrate Judge's Findings in the Report and Recommendation in this matter, and states the Following:

1. The Plaintiff first and foremost, Objects to the Magistrate Judge's Joinder of the additional Governmental Agency in the caption, inorder to Dismiss this action under the Guise of the lack of subject matter Jurisdiction to address the Constitutional Violations, by invoking the ROOKER-FELDMAN Doctrine's Holdings, instead of addressing **all** of the Plaintiff's claims for relief, and therefore showing Partiality, Abuse of Discretion, and further compounding the various Violations of this Plaintiff's Constitutional Rights to Obtain Justice, which he is seeking Redress for.

(1)

see **JOHNSON v. AVERY 393 U.S. 483, 89 S.Ct. 747 (1969)**(Like others, Prisoners have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts.)

   The Plaintiff really want's to believe that this was a mistake, based on the Erroneous information received from the Attorney for the Defendants, and not a ploy to divert this Plaintiff's Access to seek True Justice by Divesting this court of it's Jurisdiction to fully adjudicate **All** of the very specific issues/claims contained in my Motion for Preliminary injunction, and Accompanying Memorandum of Law; and

   If not, the Plaintiff states that he did not request any joinder Pursuant to the Fed.R.C.P. Rules 13, 18, or 20, and objects to the Defendant's and Magistrate Judge's denial of his Constitutional Due Process Rights to be notified.

   Specifically, the Plaintiff avers that the Magistrate Judge pursuant to F.R.C.P. Rules 19, and 21, can sua sponte join a party for injunctive relief, see **JANOUSEK v. WELLS 303 F.2d 118(C.A.8 1962)**(motion to add party defendant is addressed to sound discretion of Trial Court); **MATHIS v. BESS 761 F.Supp. 1023,1026(S.D.N.Y. 1991)**(same), but contends that "This rule and Rule 19 of these rules give district court wide discretion to order Joinder of Parties, **but that joinder must be accomplished with requirements of due process in mind.**" **MOORE v. KNOWLES 482 F.2d 1069,1075(C.A.5 1973)**.

   2. The Plaintiff Objects to the Recommendation I, that his Motion for Preliminary Injunction be Denied, and states;

   The Magistrate Judge did not Address the Plaintiff's Claim/

issue, of the Continued Constitutional Violation by the defendants Collectively, as stated in my Motion for Preliminary Injunction at Para. #3. and accompanying Memorandum of Law, (first Amend. Access to the court by the confiscation of legal materials, which are now needed for three other cases besides this one) as shown by the fact that the day after my second hearing with the Magistrate judge, the D.O.C. employees/defendants, again took my legal Materials, (see EXHIBIT A) although my request to them was for **two(2)** record boxes to contain my legal Materials to access the courts for the, Two(2) Habeas Corpus Actions in the Western District Court, one at No. 06-1255, and one at No.06-861, and a Child Custody case with my Daughter, in the Family Division Courts of PA, in Pittsburgh, at No. 588-06; History No. 77053-A; OCYF No. 69799-03, which are all **New** actions, and were not even looked into by the Arbitrary and Capricious D.O.C. Review Persons, (here, or at Camp Hill).

   The right of access to the court is substantive rather than procedural. "It is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or Obstructed." <u>**DANIELS v. WILLIAMS 473 U.S. 372, 106 S.Ct. 662,677(1986**</u>)(Moreover, "[m]any courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials.") <u>**ZILICH v. LUCHT 981 F.2d 694,695 (C.A.3 1992)**</u>(and collecting cases).

   These Constitutional Violations are also very clearly spelled out in the Plaintiff's "SWORN AFFIDAVIT" in his Petition for Preliminary Injunction.

   There is Irreparable injury here, as a delay in answering the courts will have insurrmountable effect to my cases, which answers

(3)

are due now, and Memorandums of Laws, need to be prepared with the correct dates, and prior information in other state court briefs which I prepared (and they too), along with Material for this §1983 case for Discovery purposes, which may be late? This was an Abuse of Discretion in not addressing this claim/issue, and should therefore be addressed by this court, and Preliminary Injunction Granted.

3. The Plaintiff Objects to Para. A., in that; the findings are Clearly Erroneous, and Contrary to law as to the Magistrate Judge stating that "The Plaintiff has a Valid Child Support Order" on Page 1, and Further on page 2, that "the Plaintiff Requested that the Defendants be ordered to cease payment of child support."

Where it is plainly stated on the record, and in the EXHIBIT 1, shich the Plaintiff sent the Magistrate Judge for her determination on August 3rd, and 11th, 2006, that the Plaintiff's Child Support Orders have been Suspended Effective in 1998.

The PA Rules of Civil Procedure RULE 1910.1, Defines "SUSPENDED" as; Eliminate the effect of a support order for a period of time. The Plaintiff's case is on the same line as, **LEASURE v. LEASURE 549 A.2d 225 (Pa.Super.1988)** see also **DUGERY v. DUGERY 276 Pa.Super. 51, 419 A.2d 90,91(Pa.Super.1980)**("The Court below suspended the support order following the filing of the petition into the future during incarceration...").

4. The Plaintiff also Objects in Para. A., to the Magistrate's findings that "the Plaintiff is not claiming that the Department of Corrections is **misinterpreting** a state court order to pay child support, but instead is challenging the **validity and legality** of the state court order itself."

The Plaintiff states that this is Untrue and belied by the record also, as previously stated at the second hearing with the

(4)

Magistrate Judge (were, I have not received the transcripts as of yet, but have to object, as I have petitioned the court twice for an extension of time to receive and review the transcripts, which are needed, but the information should be clearly stated therein)

The findings are clearly erroneous, as noted in the record, where the Plaintiff specifically states that the Prison here has Misconstrued the courts **Amendment** of his Original **Suspended** Child Support Orders, that he has to pay now, where there is no current Support Order for them to take my money and give to a collection agency, as the Arrearages are to Accrue until I get out and make arrangements to pay.

5. There is no basis in the evidence inwhich the Magistrate Judge asserts that the "Plaintiff was Ordered to pay Child Support by the State" in her findings at C., Pg. 4., and that the Rooker-Feldman Doctrine limits this Court's Jurisdiction, when this is NOT the Plaintiff's contensions at all, and is infact a false showing by the Magistrate inorder to make her findings, based on her Erroneous conclusions, and the Report and recommendation is also contrary to well established law, and the Plaintiff objects also to the findings at C., that "That Plaintiff's claims implicate the Validity of, and are inextricably intertwined with, the state court rulings made in the course of the child support determinations".

Concerning these issues, the court in <u>**BLAIR v. SUPPORTKIDS, Inc.,**</u> <u>**222F.Supp.2d 1038,1046 (N.D.Ill. 2002)**</u> wrote; (Although there is no bright line that separates a federal claim that is inextricably intertwined with a state court judgment from a claim that is not, "the **underlying inquiry remains whether 'the district court is in essence being called upon to review the state court decision.'**" (emphasis added)

(5)

Also; "In order to decide whether the Rooker-Feldman doctrine applies here, the Court must determine whether the federal Plaintiff "Seeks to set aside a state court judgment or whether he is, **in fact, presenting an independent claim.**" Id. at 1046.

The Plaintiff states that he is NOT arguing the fact that he is challenging a State family court decision at all, and Never has!

"Plaintiffs' complaint, on its face, does not call on this Court to review the validity of state court judgments. Instead, Plaintiffs merely seek a declaratory judgment that CSE, a private collection agency, is not entitled to collect back child support from the Plaintiffs,..." Id. at 1046.

The Plaintiff here is clearly stating that the D.O.C. at Forest is infact Taking Money off my account Illegally, Pursuant to a Modification of my Support Arrearages. (where they again have copied **my** legal mail and Misconstrued it).

The taking of money from a Prisoner's account is a Constitutional violation in and of itself, coupled with this Plaintiff's hardship in choosing between basic necessidies, and copies for court with postage as extra. see **MAHERS v. HALFORD 76 F.3d 951,954(8th Cir. 1996); SOUDER v. McGUIRE 516 F.2d 820(1975)** (we do not think that prisoners must totally deprive themselves of those small amenities of life which they are permitted to acquire in a prison ... these need not be surrendered in order for a prisoner ...to litigate in forma pauperis in the district court.) Id. at 824.

**WHEREFORE,** the Plaintiff Prays that this Honorable Court takes this Petition into consideration, and Enjoin the D.O.C. and defendants in the Constitutional Violations.

| DC-154A | | | COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS | | | |
|---|---|---|---|---|---|---|
| No. A802514 | | | **Confiscated Items Receipt (Inmate)** | | | |
| DC-Number | Name | | Cell | Facility | Date | Time |
| DQ5954 | CLAY Cassius | | EB2143 | SCI Forest | 1/22/06 | 1315 |
| ☐ Random Search ☐ General Search ☐ Investigative Search | | Misconduct Report Prepared ☐ Yes ☐ No | Comment: To Much As per Captain Riskus Collection of Personal Property | | | |
| Item(s) Confiscated | | **Disposition** | Item(s) Confiscated | | | **Disposition** |
| 1. 1 Box legal work | | Hold | 2. | | | |
| 3. | | | 4. | | Cassius Clay | |
| 5. | | | 6. | | | |
| 7. | | | 8. | | | |
| 9. | | | 10. | | | |

Signature and Title of Officer Confiscating the Item(s)
M Wolbert

Signature and Title of Officer Disposing of the Item(s)

1. DC-15    2. Deputy Superintendent for Facilities Management    3. Inmate

EXHIBIT A

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**2520 LISBURN ROAD, P.O. BOX 598**
**CAMP HILL, PA 17001-0598**

THE SECRETARY'S OFFICE OF
INMATE GRIEVANCES AND APPEALS

September 8, 2006

Cassius Clay, DQ-5954
SCI Forest

Re:   DC-ADM 804 – Final Review
      Grievance No. 152446

Dear Mr. Clay:

This is to acknowledge receipt of your appeal to final review of the above numbered grievance.

In accordance with the provisions of DC-ADM 804, effective January 3, 2005, I have reviewed the entire record of this grievance; including your initial grievance, the grievance officer's response, your appeal from initial review and the superintendent's response. I have also carefully reviewed the issues you raise to final review.

Upon completion of this review, it is the decision of this office to uphold the responses provided by staff at the institutional level. There is no evidence to support your claim that you have four open cases and need extra boxes of legal material in your cell. As of this date, the Chief Counsel's Office has verified that you do not have any open cases and thus have no right to extra boxes of legal material. SCI-Forest has gone to great lengths to accommodate you and should now adhere to DC-ADM 815, Personal Property, which allows you to have one footlocker and two record center boxes. Your request to have additional boxes for legal work is unwarranted and is, therefore, denied.

The responses provided at the institutional level are appropriate and in accordance with Department of Corrections' policies and procedures. Accordingly, your appeal to final review must be denied.

Sincerely,

Sharon M. Burks
Chief Grievance Officer

SMB/bw

cc:   Supt. Sobina        Grievance Office
      DC-15               Central File

*"Our mission is to protect the public by confining persons committed to our custody in safe secure facilities, and to provide opportunities to inmates to acquire the skills and values necessary to become productive law-abiding citizens; while respecting the rights of crime victims."*

| Form DC-135A  **INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania Department of Corrections  **INSTRUCTIONS** Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer) MRS. COULL (counselor0 | 2. Date: 10-19-06 |
| 3. By: (Print Inmate Name and Number) CASSIUS M. CLAY SR. DQ5954  *Cassius M. Clay Sr.* Inmate Signature | 4. Counselor's Name Mrs. Coull |
| | 5. Unit Manager's Name Mrs. McCreary |
| 6. Work Assignment Legal Aide | 7. Housing Assignment EB-2063 |

8. Subject: State your request completely but briefly. Give details.

Mrs, Coull; I previously wrote to you last month, requesting that you or Mrs. McCreary look into my **NEW** cases that I submitted for Authorization to have Two Boxes of legal work in my cell.

I have yet to receive anything, and this is just a follow up to see what is taking so long, as I have to answer the Courts on my Habeas Corpus Motion(s), and the Material which was taken either needs replaced, or I would like to know if they would store it and I could get it when I need it, or if the Authorization went through, and I could get these (mostly legal Books) Materials inorder to access the courts, and do research, so I won't be time Barred?

THANK YOU

cc/file

9. Response. (This Section for Staff Response Only)

Mr. Clay, I have no knowledge of your Habeas Corpus desire. I processed your concerns about your property and have not gotten an answer from my supervisor.

c: Hall
Heeter
[illegible]
Risk[illegible]
Coull

☐ To DC-14 CAR only    ☐ To DC-14 CAR and DC-15 IRS

Staff Member Name _____ _____ Date 10·20·06
                      Print              Sign

Revised July 2000

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS M. CLAY SR., | Civil Action No. 05-125E |
| Plaintiff, | |
| Vs. | District Judge McLaughlin |
| TRACEY REEVES, ET AL, | Magistrate Judge Baxter |
| Defendants, | |

### AFFIDAVIT

I, CASSIUS M. CALY SR., Declare;

That, I am the Plaintiff in the above Captioned Matter, and state that everything printed in the Petition/Motion is TRUE, and CORRECT to the best of my Knowledge, and Ability.

I Further Declare, that Under the Penalty of Perjury, (28 U.S.A. §1746) that the Foregoing is True and Correct.


EXECUTED THIS: <u>NOVEMBER 10th</u>, 2006.

*[signature: Cassius M. Clay Jr.]*

CASSIUS M. CLAY SR.

Institution #DQ5954

P.O. BOX 945

Marienville, PA 16239

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS M. CLAY SR., | Civil Action No. 05-125E |
| Plaintiff, | |
| Vs. | District Judge McLaughlin |
| TRACEY REEVES, ET AL, | Magistrate Judge Baxter |
| Defendants, | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, Under the Penalty of Perjury (28 U.S.C.A §1746), that a True and Correct Copy of the Foregoing Instrument(s) have been Mailed Postage Prepaid, on this __10th__ day of **NOVEMBER**, 2006, to; U.S. DISTRICT COURT, for the Western District of PA P.O. Box 1820, Erie PA 16107, by Depositing the same in the Prison Mail Box at S.C.I. Forest.


DATED: __NOVEMBER 10th__, 2006

*Cassius M. Clay Sr*
CASSIUS M. CLAY SR., DQ5954

P.O. BOX 945

Marienville, PA 16239

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS M. CLAY SR., | Civil Action No. 05-125E |
| Plaintiff, | |
| Vs. | District Judge McLaughlin |
| TRACEY REEVES, ET AL, | Magistrate Judge Baxter |
| Defendants, | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, Under the Penalty of Perjury (28 U.S.C.A. §1746), that a True and Correct Copy of the Foregoing Instrument(s) have been Mailed Postage Prepaid, on this __10th__ Day of __NOVEMBER__, 2006, to CRAIG E. MARAVICH, Assistant Attorney General, Manor Complex 564 Forbs Ave., Pittsburgh, PA 15219-2908, by Depositing the same in the Institutional Mail Box at S.C.I. Forest.

DATED: __NOVEMBER 10th__, 2006.

CASSIUS M. CLAY SR. DQ5954

P.O. BOX 945

Marienville, PA 16239

NOVEMBER 10, 2006

Office of the Clerk
U.S. District Court
Western District of PA
P.O. BOX 1820
Erie, PA 16507

IN RE: Clay v. Reeves
    Civil Action No. 05-125E
    (Judge McLaughlin

Dear Clerk,

    Please find for filing the Original and Two(2) Copies of My Objections to the Magistrate Judge's Report and Recommendation, and also a Certificate of Service for the Defendant's Attorney, which was sent the same day.

    Very Truly;

    *Cassius M. Clay Sr.*
    Cassius M. Clay Sr.
    Pro se Plaintiff

Enc/

cc: Craig E. Maravich, A.A.G.
    file