**EXHIBIT-"A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS M. CLAY SR.<br>        Plaintiff | Civil Action No.: 05-125E |
| VS. | District Judge McLaughlin |
| | Magistrate Judge Baxter |
| TRACY REEVES, ET AL.,<br>        Defendants | |

DEFENDANTS' RESPONSE TO
PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34, Fed.R.Civ.P., plaintiff requests that the defendants produce the documents listed herein within thirty (30) days, either by providing the plaintiff with copies or by making them available to the plaintiff for inspection and copying:

I. Definitions and Instructions

**PLEASE NOTE THAT THE FOLLOWING DEFINITIONS AND INSTRUCTIONS ARE AN INTEGRAL PART OF THIS REQUEST FOR PRODUCTION OF DOCUMENTS.**

1. Definitions

a. "Date" means the day of the month, the month, and the year. If the exact date is not known and is not available, give the approximate date and indicate that it is only approximate.

b. "Address" means the post office box number, street number, street, city, state or province, country (if other than the United States of America), and zip code.

c. "Person" means individual, partnership, joint venture, firm, association, corporation, business, governmental entity, or any other legal entity.

d. "All" also means "any", and vice versa.

e. "Relating to" (or any of its forms) means relating to, reflecting, constituting, representing, supporting, contradicting, referring to, relevant to, containing information about, stating, describing, analyzing, noting, embodying, containing, mentioning, studying, recording, discussing, or evaluating (whether in opposition to or in support of plaintiff's claims and positions in this action).

f. "Communication" means any transmission of information (whether written or oral), the information transmitted, and the process by which the information was transmitted.

g. "Document" is used in its customary broad sense and includes the following items (whether produced by any mechanical or manual process and whether an original,

master, or copy): financial statements; letters of credit; promissory notes; tax returns; budgets; journals; registers; cancelled checks; accounts; worksheets; books; records; reports; notes; summaries; forecasts; appraisals; surveys; estimates; agreements; diaries; calendars; daytimers; communications (including inter and intra-departmental communications); correspondence; letters; cablegrams; radiograms; telegrams; telexes; memoranda (inter and intra-departmental communications); summaries, notes, and records of meetings, conferences, telephone conversations, and personal interviews or conversations; ledgers; invoices; contracts; notices; drafts of documents; comments or notes appearing on any documents; business records; maps; drawings; blueprints; charts; plans; specifications; schedules; computer printouts; computer tapes; computer disks; microfilm; microfiches; photographs; slides; negatives; motion pictures; video recordings; audio recordings (including transcriptions); data compilations from which information can be obtained in, or translated into, a reasonably usable form; and any other information-containing paper, writing, or physical thing in the defendants' actual or constructive possession, custody, or control. If any document was, but is no longer, in *defendants'* actual or constructive possession, custody, or control, identify the document and state the date and manner of its disposition.

h. "Identify," when referring to a document, means to:

    i. Describe it (e.g., letter, memorandum, notes, etc.) and state its date, title, identifying or categorizing numbers or designations, and subject matter;

    ii. Identify each person that wrote, dictated, signed, initialed, or otherwise participated in creating or preparing it (other than stenographic or clerical assistants);

    iii. Identify each person to whom it was addressed or who received a copy of it;

    iv. State its present location and identify the person(s) having possession, custody, or control of it (if the document is not an original, also state the present location of the original and identify the person(s) having possession, custody, or control of the original); and

v. State any other information necessary to sufficiently identify the document so that it may be obtained from its custodian.

2. General Provisions and Instructions

a. Requests that are framed in the conjunctive shall also be taken in the disjunctive, and vice versa.

b. Requests that are framed in the singular shall also be taken in the plural, and vice versa.

c. The use of a verb tense includes within its meaning all other tenses of that verb.

d. All produced documents shall be segregated and identified by the paragraphs to which they are primarily responsive. Documents shall be further segregated and identified as required by particular paragraphs. Documents that are stored or maintained in files in the normal course of business shall be produced in those files or in such a manner as to identify the file from which each was taken.

e. If any requested document is sought to be withheld under a claim of privilege,

    i. State the reason for withholding the document, identify the paragraph to which it relates, and explain the basis for the claimed privilege;

    ii. Identify the document and summarize its contents;

    iii. Identify each person to whom the document's contents have been communicated by copy, sketch, exhibition, reading, or substantial summarization and state the date(s) of such communications; and

    iv. Identify each person supplying defendants' attorneys with the information requested in subsections one through three.

f. All requested documents shall be produced in their entirety (even if they also contain unrequested information) and shall include all interim and final editions and all editions or copies that are not identical

(whether due to revisions, handwritten notations, or otherwise).

g. Identify any requested document that has been lost or destroyed.

h. Identify and produce all requested documents that are known to the defendants', or that can be located or discovered by reasonably diligent effort, regardless of location, that are in the defendants' possession, custody, or control.

i. This request shall be deemed to be continuing so as to require further and supplemental production if the defendants obtain additional documents falling within its scope between the time of production and the time of trial.

## DOCUMENTS AND THINGS REQUESTED

1. Any and all statutory or legislative enactments authorizing the Pennsylvania Department of Corrections (hereinafter "DOC") to act as a collection agency.

   SEE ATTACHED SHEET FOR RESPONSES.

2. Any and all policies, directives, memorandums, instructions or communication to DOC employees, agents, staff, successors or

any other individuals, governing collection of inmate debts and financial obligations.

3.    Any logs, lists, or documentation or communication reflecting funds deducted from Plaintiff's account, including the date of such deductions, to whom the funds were deducted were paid to, and the name of such person or persons making such deductions.

4.    The names, addresses, and telephone numbers of the financial institutions with which the DOC does banking and/or financial business.

5.    Any documentation or communication reflecting and/or relating to bank and/or financial institution accounts in which the plaintiff's money is deposited into or kept.

6.    A copy of any and all degrees, legal degrees, diplomas, bar examination results, documentation reflecting the admittance to practice law in Pennsylvania and certifications of all individuals working within the SCI-Forest and SCI-Greensburg business, accounting and record offices from November 2002, to the date of your response.

7.    The Plaintiff's complete medical records from the date of his commitment to the DOC to the date of your response.

8.  Any and all policies, directives, memorandums or other
    documentation setting forth the official duties and
    responsibilities of the following DOC departments and
    positions:

    a. Business Office;

    b. Accounting Department;

    c. Mail Department;

    d. DOC Secretary of Corrections;

    e. Secretary's Office of Inmate Grievances and Appeals;

    f. Chief Grievance Officer;

    g. SCI-Greensburg Superintendent;

    h. SCI-Forest Superintendent;

    i. Facility Unit Managers; and

    j. Facility Unit Corrections Counselors.

9.  Any and all DC-135A forms (Inmate's Request to Staff Member)
    from Plaintiff, addressed to Ms. Marafka and Ms. Tucci
    concerning a court hearing in which Plaintiff was to
    participate via video conference communication technology.

10. Any and all policies, directives, memorandums, instructions, or
    communication to DOC employees, agents, staff, successors or
    any other individuals, governing collection, distribution,
    receipt and disbursement of inmate mail.

11. Any and all contracts, agreements, or commitments between SCI-Greensburg and the Greensburg or other Post Office with which SCI-Greensburg regularly does business.

12. Any and all contracts, agreements, or commitments between SCI-Forest and the Marienville or other Post Office with which SCI-Forest regularly does business.

13. Any renewals of any of the contracts, agreements, or commitments between SCI-Greensburg and the Greensburg or other Post Office with which SCI-Greensburg regularly does business.

14. Any renewals of any of the contracts, agreements, or commitments between SCI-Forest and the Marienville or other Post Office with which SCI-Forest regularly does business.

15. Any logs, list, documentation, or communication reflecting all DOC employees, agents, staff, successors or any other individuals at SCI-Forest and SCI-Greensburg whom are contracted or sub-contracted to collect, distribute, receive and disburse inmate mail.

16. Any and all grievances, complaints, documents, or communication received by any DOC employees, agents, staff, successors or any other individuals, concerning Defendant Candis Brimmer / Gettings, concerning delayed, lost, stolen, and damaged mail.

17. Any logs, lists, documentation, or communication reflecting the results of controlled substance testing submitted to by Defendant Candis Brimmer/Gettings.

18. Any and all policies, directives, memorandums, instructions or communication to DOC employees, agents, staff, successors or any other individuals, governing "contraband mail", legal mail, privileged mail, and unsigned money orders.

19. Any and all policies, directives, memorandums, instructions, or communication to DOC employees, agents, staff, successors or any other individuals, concerning court orders sent directly to DOC facility records departments.

20. Any and all orders for support obliging Plaintiff as payer, sent directly to SCI-Greensburg;

21. Any and all orders of court authorizing SCI-Greensburg or SCI-Forest to act as a collection agency.

22. DOC Administrative Manual 6.3.1. (Facility Security Policy),

    a. Section 1 - Responsibilities;

    b. Section 14 - Contraband;

    c. Section 20 - Inmate Property; and

   d. Section 23 - Protection of Inmate Confidential Sources of
      Information.

23. DOC Administrative Manual 1.1.1 (Policy Management System).

24. DOC Administrative Manual 4.1.1 (Human Resources and Labor
    Relations).

25. ACA Standards:

   a. Administration of Correctional Agencies: 2-CO-5D-01, 2-CO-
      3C-01, 2-CO-1B-12 and 2-CO-1B-13

   b. Adult Correctional Institutions: 4-4016, 4-4164, 4-4301,
      4-4266, 4-4274, 4-4275, 4-4276, 4-4281, 4-4284, 4-4394,
      4-4487, 4-4487, 4-4488, 4-4489, 4-4490, 4-4491, 4-4492,
      4-4493, 4-4494, 4-4495, 4-4496, 4-4042, 4-4043, 4-4164,
      4-4293, 4-4335, 4-4336, 4-4337, 4-4338, 4-4339, 4-4340,
      4-4342, 4-4449, 4-4451, 4-4454, 4-4461, 4-4192, 4-4-4194,
      4-4281, 4-4282 and 4-4379

Dated: _October 23, 2006_              By: _Cassius M. Clay Sr._
                                       Cassius M. Clay Sr.
                                       DQ-5954
                                       Pro se Plaintiff
                                       P.O. Box 945
                                       Marienville, PA 16239

**EXHIBIT-"B"**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY, SR.,        )
                                   )
        Plaintiff,          )
                                   )
          v.             )    C.A. No. 05-125 E
                                   )
TRACY REEVES, ET AL.,       )
                                   )
        Defendants.      )

## DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST
## FOR PRODUCTION OF DOCUMENTS

1. Please refer to policy provided in number 2 below.

2. See attached DC-ADM 005 relating to Collection of Inmate Debts. The procedures manual is Objected to as seeking information that is privileged and confidential. Providing the procedures could pose as a security risk to inmates, staff and/or the institution.

3. See attached inmate account from the time he entered SCI Greensburg until the present.

4. This request is Objected to as seeking information that is irrelevant and not likely to lead to the discovery of admissible information.

5. This request is Objected to as seeking information that is irrelevant and not likely to lead to the discovery of admissible information.

6. This request is Objected to as seeking information that is irrelevant and not likely to lead to the discovery of admissible information.

7. This request for plaintiff's entire medical records are Objected to a seeking information that is over broad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible information.

8. See attached job specifications for the defendants. The rest of the requested job specifications are Objected to as seeking information that is over broad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible information.

9. There are no documents that could be located. Further, the responding defendants recall that this inmate wanted to have a videoconference or he was expecting to have one, but they never received any documentation from the courts requesting to schedule a videoconference with him. The plaintiff cannot just ask to have one; a videoconference is only scheduled when they are contacted by the courts.

10. See attached DC-ADM 803 relating to Inmate Mail and Incoming Publications. The request for the procedures are Objected to as seeking information that is privileged and confidential. Providing the procedures could pose as a security risk to inmates, staff and/or the institution.

11. This request is Objected to as seeking information that is irrelevant and not likely to lead to the discovery of admissible information.

12. This request is Objected to as seeking information that is irrelevant and not likely to lead to the discovery of admissible information.

13. This request is Objected to as seeking information that is irrelevant and not likely to lead to the discovery of admissible information.

14. This request is Objected to as seeking information that is irrelevant and not likely to lead to the discovery of admissible information.

15. Please refer to policy relating to mail that has already been provided. Also, the mail room staff at SCI Forest are: Deb Woodard, Supervisor, Heidi Hedglin, Rick Ladowski, Gary O'Neal and Jacob Beach; and the mailroom staff at SCI Greensburg at that time were: Kandace Gettins, Corrections Mail Inspector Supervisor and Juan Bickus, Corrections Mail Inspector.

16. This request is Objected to as seeking information that is over broad, unduly burdensome, irrelevant and not likely to lead to the discovery of admissible information. Further, these documents would relate to other inmates and are Objected to as being privileged and confidential as well.

17. This request is Objected to as seeking information that is irrelevant and not likely to lead to the discovery of admissible information.

18. See policy provided in response to number 10 above and objections thereto.

19. See policy DC-ADM 005 already provided.

20. See attached documents.

21. See response to number 20 and policy already provided.

22. See attached 6.3.1 policy. The procedures manual is Objected to as seeking information that is privileged and confidential. Providing the procedures may pose as a security risk to inmates, staff and/or the institution.

23. See attached policy. The procedures manual is Objected to as seeking information that is privileged and confidential. Providing the procedures may pose as a security risk to inmates, staff and/or the institution.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

***Defendants' Response to Plaintiff's Request for Production of Documents*** was served upon the

following, by first-class mail this November 27, 2006.

Cassius M. Clay, Sr., DQ-5954
State Correctional Institution
At Forest
1 Woodland Drive
P.O. Box 945
Marienville, PA  16239

Craig E. Maravich
Deputy Attorney General

**EXHIBIT-"C"**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CASSIUS M. CLAY**<br>**Plaintiff** | **Civil Action No.: 05-125 Erie**<br><br>**District Judge McLaughlin**<br><br>**Magistrate Judge Baxter** |
| **VS.** | |
| **TRACY REEVES, et al.**<br>**Defendant** | |

### AFFIDAIVIT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Cassius M. Clay, being duly sworn, deposes and says:

1. I am the Plaintiff in this case. I make this affidavit in support of my Motion to Compel Production of Documents.

2. On October 23, 2006, I served on the defendants' counsel a request for production for production of documents, which is attached as *Exhibit-"A"* to my Motion to Compel Production of Documents.

3. Defendants did not respond to this request until after 30 days, nor did they request an adjournment from the court or seek my agreement to an adjournment.

4.  On November 27, 2006, Defendants responded to my document request; which is attached as ***Exhibit-"B"*** to my Motion to Compel Production of Documents; raising various unreasonable objections to production of various documents I requested.

5.  Defendants' objections are waived as a result of their failure to make them in a timely manner, as set forth in the brief accompanying my Motion to Compel Production of Documents.

6.  Defendants' objections on the grounds that the discovery sought is irrelevant; not likely to lead to the discovery of admissible information; over broad; unduly burdensome; poses a security risk to inmates, staff and/or the institution; is privileged; and is confidential; have no merit, as set forth in the brief accompanying my Motion to Compel Production of Documents.

Date: December 12, 2006

By: Cassius M. Clay Sr.

**Cassius M. Clay Sr.**
**Pro se Plaintiff**
**Inmate No.: DQ-5954**
**SCI-Forest**
**P.O. Box 945**
**Marienville, PA 16239**
**(814) 621-2110**

**SWORN TO AND SUBSCRIBED**
**BEFORE ME THIS __12__ DAY**
**OF __Dec__ 2006**

**NOTARY PUBLIC**

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Julie Schill, Notary Public
Jenks Twp., Forest County
My Commission Expires Sept. 30, 2009

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CASSIUS M. CLAY SR.,
                 **Plaintiff**

           **VS.**

TRACY REEVES, et al.,
                 **Defendants**

Civil Action No.: 05-125 Erie

District Judge McLaughlin

Magistrate Judge Baxter

## STATEMENT OF VERIFICATION

    I verify that the foregoing is true and correct. I understand that false statements made herein are subject to the penalties of 28 U.S.C. §1746, relating to perjury.

Date: __DECEMBER 12,__ 2006.

By: _Cassius M. Clay Sr._
**Cassius M. Clay Sr.**
**Pro se Plaintiff**
**Inmate No.: DQ-5954**
**SCI-Forest**
**P.O. Box 945**
**Marienville, Pa 16239**
**(814)621-2110**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY SR.,
          **Plaintiff**

       VS.

TRACY REEVES, et al.,
          **Defendants**

Civil Action No.: 05-125 Erie

District Judge McLaughlin

Magistrate Judge Baxter

---

## CERTFICATE OF SERVICE

---

I certify that on this __12th__ day of __DECEMBER__ 2006, I submitted the original of this document to prison officials at the State Correctional Institution at Forest, by placing the same in the prison mailbox addressed as follows:

Office of the Clerk
U.S. District Court
Western District of PA
P.O. Box 1820
Erie, PA 16507

I further certify that on this __12th__ day of __DECEMBER__ 2006, I served a true and correct copy of the foregoing on the parties of record, by submitting this document to prison officials at the State Correctional Institution at Forest, by placing the same in the prison mailbox addressed as follows:

Mary L. Freidline
Deputy Attorney General
Office of the Attorney General
6th Flr., Manor Complex
564 Forbes Ave.
Pittsburgh, PA 15219

Both documents were sent U.S. First Class Mail, postage pre-paid.


Date: <u>DECEMBER 12</u>, 2006.           By: _____

**Cassius M. Clay Sr.**
**Pro se Plaintiff**
**Inmate No.: DQ-5954**
**SCI-Forest**
**P.O. Box 945**
**Marienville, Pa 16239**
**(814)621-2110**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CASSIUS M. CLAY**<br>　　　**Plaintiff** | **Civil Action No.: 05-125 Erie** |
| | **District Judge McLaughlin** |
| **VS.** | **Magistrate Judge Baxter** |
| **TRACY REEVES, et al.**<br>　　　**Defendant** | |

---

## ORDER OF COURT

---

    **AND NOW**, this _____ day of _____ 2006, upon consideration of Plaintiff's Motion to Compel Production of Documents, and the Defendants' response thereto (if any) **IT IS HEREBY ORDERED** that Plaintiff's Motion is **GRANTED**.


    **IT IS FURTHER ORDERED** that Defendants provide Plaintiff with the material requested in paragraph(s) [] 2, [] 4, [] 5, [] 6, [] 7, [] 8, [] 10, [] 11, [] 12, [] 13, [] 14, [] 16, [] 17, [] 22, [] 23, [] 24, and [] 25 of Plaintiff's October 23, 2006 Request for Production of Documents, within _____ days of the date of this Order.


                                                   **BY THE COURT:**


_____

                                                                  **J.**