IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

'06  DEC 19  AM 11:39

CASSIUS M. CLAY
        Plaintiff

Civil Action No.: 05-125 Erie

District Judge McLaughlin

VS.

Magistrate Judge Baxter

TRACY REEVES, et al.
        Defendant

---

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO
COMPEL PRODUCTION OF DOCUMENTS**

---

## STATEMENT OF THE CASE

This is a 1983 action filed by Cassius M. Clay, a prisoner currently confined at the State Correctional Institution at Forest, seeking *inter alia*, damages and injunctive relief, based on *inter alia*, illegal deductions of money from his institutional account and denial of his access to the courts.

## STATEMENT OF THE FACTS

On October 23, 2006, Plaintiff served the defendants' counsel of record with a request for production of documents pursuant to Fed.R.C.P. 34. As set forth in Plaintiff's affidavit, attached to his Motion to Compel Production of Documents as ***Exhibit-"C"*** the defendants

failed to respond to Plaintiff's document request within thirty (30) days, and did not make any effort to obtain an extension from the court or by contacting the plaintiff. After the thirty (30) day time period expired, the defendants served a response in which they unreasonably objected to seventeen (17) of Plaintiff's twenty-five (25) requests.

## ARGUMENT

### I.   DEFENDANTS HAVE WAIVED THEIR OBJECTIONS BY THEIR FAILURE TO RESPOND TIMELY TO THE PLAINTIFF'S REQUEST

Fed.R.C.P. 34 provides that responses and objections to requests for production of documents are to be served within thirty (30) days of the request unless the court grants a shorter or longer time. The defendants, however, waited thirty-five (35) days before responding, completely cognizant of the December 20, 2006, discovery cut-off date ordered by this Court, and without obtaining or even seeking permission from the court, or agreement from the plaintiff, for this delay.

It is well settled in federal practice that "discovery objections are waived if a party fails to timely object to interrogatories, production requests, or other discovery efforts." **Godsey V. United States**, 133 F.R.D. 111, 113 (S.D. Miss. 1990); *accord* **Demary V. Yamaha Motor Corp.**, 125 F.R.D. 20, 22 (D. Mass 1989) *and cases cited*; **Krewson V. City of Quincy**, 120 F.R.D. 6, 7 (D. Mass 1988); **Cephas V. Busch**, 47 F.R.D. 371, 373 (E.D. Pa. 1969); **Sturdevant V. Sears, Roebuck & Co.**, 32 F.R.D. 425 (W.D. Mo. 1963), This waiver is enforced even if the objections are based in a claim of privilege. **Marx V. Kelly, Hart &**

**Hallman, P.C.**, 929 F.2d 8, 12 (1st Cir. 1991); **Fretz V. Keltner**, 109 F.R.D. 303, 309 (D. Kan. 1986) *and cases cited*; **Cardox Corp. V. Olin Matthiesen Chemical Corp.**, 23 F.R.D. 27, 31 (S.D. Ill. 1958). The non-complying party is excused from the waiver only if the discovery is "patently improper", **Godsey V. United States**, 133 F.R.D. at 113, or if it "far exceeds the bounds of fair discovery," **Krewson V. City of Quincy**, 120 F.R.D. at 7.


As shown in the next several points, the discovery sought is not only proper but is highly appropriate and relevant.


## II.    THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS AND DEFENSES IN THIS CASE


Defendants' belated objections state that the material requested by Plaintiff in paragraphs 4, 5, 6, 7, 8, 11, 12, 13, 14, 16, 17, and 25 of his Request for Production of Documents are "irrelevant and not likely to lead to the discovery of admissible information". *See* Defendants' Response to Plaintiff's Request for Production of Documents at paragraphs 4, 5, 6, 7, 8, 11, 12, 13, 14, 16, 17, and 25. Their argument is frivolous.


Fed.R.C.P. 26 permits discovery of matters "relevant to the subject matter involved in the pending action... It is not ground or objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery admissible evidence." In the discovery stage, relevance is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." **Oppenheimer Fund, Inc. V. Sanders**, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)

(footnote omitted); *accord* **Weiss V. Amoco Oil Co.**, 142 F.R.D. 311, 315 (S.D. Iowa 1992). Discovery requests should be allowed, "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action". **Ka Chemise Lacoste V. Alligator Co., Inc.**, 60 F.R.D. 164, 171 (D.Del. 1973).

Each item sought by the plaintiff is relevant to the claims and defenses in the case.

### III.    DEFENDANTS HAVE WAIVED THEIR OBJECTIONS BASED ON PRIVILEGE AND CONFIDENTIALITY BY THEIR FAILURE TO IDENTIFY A SPECIFIC PRIVILEGE

Defendants' belated objections state that the material requested by Plaintiff in paragraphs 2, 10, 16, 22, 23, and 24 of his Request for Production of Documents are "seeking information that is privileged and confidential". See Defendants' Response to Plaintiff's Request for Production of Documents at paragraphs 2, 10, 16, 22, 23, and 24. Their argument must fail.

The Defendants have clearly failed to identify a particular privilege recognized by this Court. The mere assertion that information is "privileged" and "confidential" establishes no privilege enforceable by this Court. *See* **Nguyen Da Yen V. Kissinger**, 528 F.2d 1194, 1205 (9th Cir. 1975); **Mackey V. United States**, 351 F.2d 794, 795 (D.C. Cir. 1965) *and* **Martin V. Lamb**, 122 F.R.D. 143, 146 (W.D.N.Y. 1988) *and cases cited.* Nor may privileges be asserted in a generalized fashion. Documents or information claimed to be privileged must be specifically designated and described. *See* **Kerr V. United States District Court**, 511 F.2d 192 at 198-99 (9th Cir. 1975); **Eureka Financial Corp. V. Hartford Accident and Indemnity Co.**, 136 F.R.D. 179, 182-83 (E.D. Cal 1991) *and cases cited.* As stated by the

court in **Black V. Sheraton Corp. of America**, 371 F.Supp. 97, 101 (D.D.C. 1974) "[a]n improperly asserted claim of privilege is no claim of privilege."

For these reasons, this Court should not consider Defendants' claim of privilege.

## IV.    THE DISCOVERY SOUGHT IS NOT OVER BROAD
## OR UNDULY BURDENSOME

Defendants' belated objections state that the material requested by Plaintiff in paragraphs 7, 8, 16 and 25 of Plaintiff's Request for Production of Documents are "seeking information that is over broad [and] unduly burdensome". *See* Defendants' Response to Plaintiff's Request for Production of Documents at paragraphs 7, 8, 16 and 25. Their argument is baseless.

With respect to the defendants' claim that the discovery sought in this respect is over broad, it should be noted, as previously stated, that the Supreme Court has construed Fed.R.C.P. 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *See* **Oppenheimer Fund, Inc. V. Sanders**, 437 U.S. at **351.** Also, discovery requests should be allowed, "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action". **Ka Chemise Lacoste V. Alligator Co., Inc., 60 F.R.D. at 171.** Each item sought by the plaintiff is relevant to the claims and defenses in the case.

With regard to the defendants' claim that Plaintiff's discovery request in this respect is burdensome, the defendants have failed to demonstrate why they believe this to be the case. In

practice, if a party claims that certain discovery will be excessively burdensome, it must demonstrate why that is the case. *See* **Sherman Park Community Assn. V. Wauwatosa Realty, 486 F.Supp. 838 (E.D. Wis. 1980).** The Plaintiff should not suffer because the defendants have an inefficient filing or storage system, *See* **Fagan V. District of Columbia, 136 F.R.D. 5, 7, (D.D.C. 1991)**, or for reasons that the defendants have failed to even pin-point.

Further, the defendants have not even offered to allow Plaintiff to look through the relevant files and identify the particular documents which pertain to this case. It is submitted that the defendants' objection to this affect is futile and designed to unfairly deprive Plaintiff of relevant discovery material.

For these reasons, Defendants objections should be overruled.

**CONCLUSION**

For each of the foregoing reasons, this Honorable Court should grant Plaintiff's Motion to Compel Production of Documents.

**Respectfully submitted,**

*Cassius M. Clay Sr.*

**Cassius M. Clay Sr.**
**Pro se Plaintiff**
**Inmate No.: DQ-5954**
**SCI-Forest**
**P.O. Box 945**
**Marienville, PA 16239**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY SR.,
                    Plaintiff

Civil Action No.: 05-125 Erie

District Judge McLaughlin

Magistrate Judge Baxter

        VS.


TRACY REEVES, et al.,
                    Defendants

---

### STATEMENT OF VERIFICATION

---

I verify that the foregoing is true and correct. I understand that false statements

made herein are subject to the penalties of 28 U.S.C. §1746, relating to perjury.

Date: DECEMBER 12, 2006.            By: _Cassius M. Clay Sr._

                                        Cassius M. Clay Sr.
                                        Pro se Plaintiff
                                        Inmate No.: DQ-5954
                                        SCI-Forest
                                        P.O. Box 945
                                        Marienville, Pa 16239
                                        (814)621-2110

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY SR.,
           **Plaintiff**

Civil Action No.: 05-125 Erie

District Judge McLaughlin

Magistrate Judge Baxter

     **VS.**

TRACY REEVES, et al.,
           **Defendants**

### CERTFICATE OF SERVICE

I certify that on this __12th__ day of __DECEMBER__ 2006, I submitted the original of this document to prison officials at the State Correctional Institution at Forest, by placing the same in the prison mailbox addressed as follows:

Office of the Clerk
U.S. District Court
Western District of PA
P.O. Box 1820
Erie, PA 16507

I further certify that on this __12th__ day of __DECEMBER__ 2006, I served a true and correct copy of the foregoing on the parties of record, by submitting this document to prison officials at the State Correctional Institution at Forest, by placing the same in the prison mailbox addressed as follows:

Mary L. Freidline
Deputy Attorney General
Office of the Attorney General
6th Flr., Manor Complex
564 Forbes Ave.
Pittsburgh, PA 15219

Both documents were sent U.S. First Class Mail, postage pre-paid.


Date: DECEMBER 12, 2006.          By: _Cassius M. Clay Sr._____
                                      **Cassius M. Clay Sr.**
                                      **Pro se Plaintiff**
                                      **Inmate No.: DQ-5954**
                                      **SCI-Forest**
                                      **P.O. Box 945**
                                      **Marienville, Pa 16239**
                                      **(814)621-2110**