EXHIBIT   1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY, SR.,
        Plaintiff

v.              CIVIL ACTION NO. 05-125 ERIE

TRACEY REEVES, et al.,
        Defendants


MOTION HEARING


Proceedings held before the HONORABLE

SUSAN PARADISE BAXTER, Chief U.S. Magistrate

Judge, in Judge's Chambers, U.S. Courthouse,

Erie, PA, on Thursday, September 21, 2006.


APPEARANCES:
        CASSIUS M. CLAY, SR., Plaintiff herein,
        (via Phone), appearing Pro Se.

        CRAIG E. MARAVICH, Esquire, Deputy Attorney

General, (via Phone), appearing on behalf of

the Defendants.

Ronald J. Bench, RMR - Official Court Reporter

2

| 1 | P R O C E E D I N G S |

2

3     (Whereupon, the proceedings began at 11:15 a.m., on

4 Thursday, September 21, 2006, in Judge's Chambers.)

5

6     THE COURT:  This is the case of Cassius M. Clay,

7 Sr., versus Reeves, et al., at Civil Action No. 05-125 Erie.

8 And I wanted us to talk again, because the last time we talked,

9 Mr. Clay, you promised to send me some exhibits.  You sent me

10 some exhibits.  I looked at them and I was scratching my head

11 because what I wanted to know was what was ordered -- I never

12 saw the order.  Did you follow what I mean?

13     MR. CLAY:  Yes.

14      THE COURT: And did you all get that, Mr. Maravich?

15      MR. MARAVICH: Your Honor, I have the documents that

16 he filed with the court. So I should have everything that he

17 filed with you.

18      THE COURT: But did you look at that, did you see

19 the things that I'm looking for and couldn't find?

20      MR. MARAVICH: Yes, your Honor. I don't see the

21 order that the Department of Corrections is following, that's

22 the answer if that's your question.

23      THE COURT: Right. Yes.

24      MR. MARAVICH: I don't see it in his paperwork.

25      THE COURT: Mr. Clay, why don't you help me out

3

1 there?

2      MR. CLAY: What I had sent was actually a reply.

3 The actual docket number I thought you could verify, verify the

4 documents knowing that the cases were open by the docket

5 numbers that were sent.

6      MR. MARAVICH: Excuse me, your Honor. Are we on the

7 record?

file:///A|/CLAY9-21.TXT
Case 1:05-cv-00125-SJM-SPB   Document 73-2   Filed 01/03/2007   Page 5 of 149
Case 1:05-cv-00125-SJM-SPB   Document 57   Filed 10/26/2006   Page 4 of 24

8      THE COURT: Yes.

9      MR. MARAVICH: I think so you know, because we're by

10 telephone, we should identify who's in the room?

11     THE COURT: Please do.

12     MR. MARAVICH: Your Honor, this is Craig Maravich

13 from the Attorney General's Office, here for the case of

14 Cassius M. Clay, Sr., versus Reeves, et al. At Civil Action

15 05-125 Erie, Western District of Pennsylvania.

16     THE COURT: I did that part.

17     MR. MARAVICH: I'm here on behalf of the defendants.

18 Also in the room is Christina Kennedy. Christina Kennedy is

19 the superintendent's assistant here at FCI Forest. Also in the

20 room is the plaintiff, Mr. Cassius Clay, DQ-5954.

21     THE COURT: In this room is the court reporter and

22 my staff attorney, Cynthia Sander, Esquire, and myself.

23 All right, go ahead, Mr. Clay, you were saying?

24     MR. CLAY: Okay. The previous papers that I did

25 send had the docketing numbers from the cases that were open

4

1  and that were used in this case to state that they were closed

2  or opened.

3       THE COURT: Let me explain, Mr. Clay. You're

4  telling me that they are taking out money they shouldn't be

5  taking out pursuant to a court order. If I don't see that,

6  then I just have your word for it, I need to see that court

7  order.

8       MR. CLAY: From the money that they're taking out

9  from the child support you're talking about?

10      THE COURT: Isn't that what you're complaining

11  about?

12      MR. CLAY: Yes.

13      THE COURT: That's what I'm talking about.

14      MR. MARAVICH: Mr. Clay, she's asking you right now

15  about your claim that the money being taken out for child

16  support that you -- it's my understanding that you don't

17  believe should be taken out, is that correct?

18      MR. CLAY: Yes, that's correct.

19      MR. MARAVICH: Okay. She's asking, what her Honor

20  is asking right now --

21      THE COURT: Because that was the subject of your

22  preliminary injunction motion?

23      MR. CLAY: Yes. On Exhibit 1, I believe, according

24  to the papers I had sent you, that's from the child support,

25  where it states on that paper that the order for support, one

5

1  child, is suspended effective 6/25/98. This is one of the

2  cases they were taking money from.

3       THE COURT: Hold on one second, let me take a look.

4  I have two filings with two exhibit ones -- so we're taking a

5  look here, hold on.

6       MR. MARAVICH: Excuse me, your Honor.

7       THE COURT: Yes.

8       MR. MARAVICH: Craig Maravich. If this helps you, I

9  believe that Mr. Clay is referencing you to document number 45

10  that's found on Pacer.

11       THE COURT: I've got it.

12       MR. MARAVICH: Going from that document, the first

13  document is one of the attachments. And he is on the third

14  page of that attachment, attachment five.

15       THE COURT: We're he has it underlined?

16       MR. MARAVICH: Yes.

17       THE COURT: The order for support dated 9/10/92, for

18 one child, Cassius Clay, Jr., is hereby suspended effective

19 6/25/98 per administrative review as defendant is incarcerated.

20 What about the next sentence, Mr. Clay. There were arrears, is

21 that what you're paying, arrears?

22     MR. CLAY: Yes, but the arrears are suspended until

23 I get out and pay. They were supposed to be what they call

24 aggregated --

25     THE COURT: But this is so badly worded that I don't

6

1 understand it. It sounds like the order for support was

2 suspended, but arrears were continued to be paid at $8 per

3 month.

4     MR. CLAY: One thing you're not -- what I want to

5 say is you don't have to pay for arrears unless you have a

6 current support order. That's the case Phelps v. Sunn.

7     MR. MARAVICH: Your Honor, this is Craig Maravich.

8 I think I can answer the questions here and address this issue

9 rather quickly.

10     THE COURT: Well, then, I'm going to give you the

11 floor, Mr. Maravich, you go right ahead.

12      MR. MARAVICH: Thank you. Now, I'm up here at SCI

13  Forest. The documents that you have in front of you that Mr.

14  Clay has provided are untimely. The Department of Corrections

15  is following, if you would like, if you would provide me your

16  fax number, I can fax you the order that they are following at

17  this time.

18      THE COURT: That is what I was actually asking from

19  him. I didn't have the correct order, seemed as though I

20  didn't.

21      MR. MARAVICH: You don't.

22      THE COURT: My fax number is 814-464-9637. What is

23  the date on that order that you are going to send me?

24      MR. MARAVICH: Your Honor, I only have one copy at

25  this time, I'm going to read you what is the pertinent portion

7

1  of the order.

2      THE COURT: All right.

3      MR. MARAVICH: It reads from the top "order/notice

4  to withhold income for support. State, Commonwealth of

5  Pennsylvania. County, City, District of Allegheny. Date of

6   order, 02/28/05. In the case of Cassius M. Clay, Sr., Social

7   Security No. 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." It was sent to the Department of

8   Corrections at the address of SCI Greensburg, RR 10 Box 10,

9   Greensburg, PA 15601. It directs that a total of $5 per month

10  is to be forwarded. And that payment for child support goes

11  to, which I was not familiar with, it's called Pennsylvania

12  State Collections and Disbursement Unit, PA SCDU. This is

13  submitted by, you'll see on the second page, the Court of

14  Common Pleas, Family Division, Adult Section, 440 Ross Street,

15  Pittsburgh, PA, 15219.

16        THE COURT: Does it say if that's for arrears or for

17  a support payment?

18        MR. MARAVICH: It says "$5 per month in past-due

19  support," and arrears are checked. It also, through an

20  addendum, describes who is owed, which is Lisa M.

21  Allen-Williams for Cassius Clay, Jr. And also Tawnya L. Thomas

22  for, and Mr. Clay can correct me if I get these wrong, it looks

23  like Shaqua L. Clay and Ryeisha K. Clay. We will fax these to

24  you right now. Your Honor, if Mr. Clay has an issue with that

25  order, then his remedy is to go back to that court.

file:///A|/CLAY9-21.TXT
Case 1:05-cv-00125-SJM-SPB   Document 73-2   Filed 01/03/2007   Page 11 of 149
Case 1:05-cv-00125-SJM-SPB   Document 57   Filed 10/26/2006   Page 10 of 24

8

1     THE COURT: That is correct, Mr. Clay. Do you have

2  any proof that that order was suspended?

3     MR. CLAY: Yes. That order was actually like -- to

4  clear a few things up, first of all. That order was a

5  modification from their existing order that I submitted to the

6  court as Exhibit 1. The only extra copy I have is Tawnya

7  Thomas's original copy. That order is still -- you'll see when

8  it comes through, that order was for a modification of

9  arrearages again to be paid when I get out. That was the whole

10  case in February was about modification of support arrearages

11  that were due. Not the actual support payment. Because,

12  again, from that hearing, I believe we could probably get the

13  transcripts from that hearing, but it states that was for

14  arrearage purpose only, not for support.

15     MR. MARAVICH: Your Honor, if I may.

16     THE COURT: Yes.

17     MR. MARAVICH: First of all, Mr. Clay does not

18  exactly take the latest order. I guess this court need not

19  deal with the fact that the order that's been issued, that is

20  the order the Department of Corrections followed. If he has an

21  issue or he has an argument, which is he does not owe that

22  money, money should not be taken out due to that order, he

23  should petition the Family Court of Allegheny County and take

24  that issue up with them.  Not by going to different courts

25  trying to get another court to direct state court orders.


9


1       THE COURT:  That's correct.  If you have a case that

2  says that you don't have to pay arrearages, if you have a

3  suspension, that's for you to take up with the court issuing

4  the order.  All right, I will at least now have the information

5  that I need to rule on the motion for preliminary injunction.

6       MR. CLAY:  Yes, your Honor, I would like to state

7  for the record that the DOC here has the power over inmate's

8  accounts and, again -- they cannot deduct for any order that is

9  not associated with a criminal proceeding.

10      THE COURT:  They cannot ignore or disobey a court

11  order period.  And if there's a court order telling them to

12  take out $5 dollars a month, they have to do it.

13      MR. CLAY:  The only reason --

14      THE COURT:  Mr. Clay, I'm talking, I'm not done.

15        MR. CLAY:  Okay.

16        THE COURT:  And if you, and the reason I was looking

17   at this issue is because you told me the order had been

18   suspended, I thought maybe it was a clerical error with the

19   folks there at FCI Forest, that perhaps they didn't get that

20   the order was suspended, I wanted to see a suspended order from

21   the state courts.  When I didn't get that, I decided to ask you

22   is there such a suspension as you claim.

23        MR. CLAY:  Yes.

24        THE COURT:  Now, we have an order dated 2005 that

25   says this money is to be taken out.  It's not suspended, it's

10

1   an order, and they have to follow it.  They cannot just not

2   follow a court order, anymore than you can't follow a court

3   order, do you understand?

4        MR. CLAY:  Yes.  The only thing I would like to say,

5   that still is not an order for child support.  It's an order,

6   if you have the order -- do you have the order yet?

7        THE COURT:  We're going to look at it, it hasn't

8   come yet.  But the point is I don't care what it's for, they

file:///A|/CLAY9-21.TXT

Case 1:05-cv-00125-SJM-SPB    Document 73-2    Filed 01/03/2007    Page 14 of 149
Case 1:05-cv-00125-SJM-SPB    Document 57    Filed 10/26/2006    Page 13 of 24

9   have an order from the Court of Common Pleas to take this money

10  out of your account. If you think that order was entered

11  incorrectly, then you have to go back there and fight your

12  battle. But if you had an order that suspended the requirement

13  to take money out, then I could have looked at it. Do you see

14  the difference. But you don't have an order suspending the

15  2005 order, then your fight, as Mr. Maravich has been arguing,

16  is with the court that issued this order, not with me.

17         MR. CLAY: But the order from 2005 again is not for

18  support. It's for arrearages.

19         THE COURT: I don't care what it's for. It tells

20  them that they have to take money out of your account.

21         MR. MARAVICH: If you don't agree, you have to go to

22  family court.

23         THE COURT: My point is this. If they were

24  mistakenly taking the money out and there had been a rescinded

25  order -- then you can come to federal court and say there's a


                                    11


1   mistake, they shouldn't be taking the money out, that order is

2   no longer viable and I'm coming to you for help. But there is

3  an order out that there that was not rescinded and it says to

4  take the money out. And I can't overrule the state court on

5  that order. Now, your point is they're taking money the wrong

6  way. But you don't fight with me, there's an order out there

7  that I can't overrule. You have to take a motion back to that

8  court and say rethink this order, it's wrong. But not with me.

9  Do you see the distinction?

10      MR. CLAY: Yes. But may I just say one more thing.

11  I'm actually finished with -- because the original order,

12  Exhibit 1, has never been rescinded, either. It's still

13  suspended.

14      THE COURT: That's correct. I understand that. But

15  then another order was issued that said $5 a month for

16  arrearages. That's the one I'm looking at right now. It's

17  dated 2005.

18      MR. CLAY: Which is to be paid upon release. I

19  don't have a copy of that. I've seen that probably a total of

20  one or two times before. I don't have a copy of that order.

21  But I know which order you're talking about.

22      THE COURT: I'm looking, I don't see where it says

23  anywhere pay upon release. Do you see anything, Mr. Maravich,

24  that says that?

25    MR. MARAVICH:  Your Honor, I don't.

12

1    THE COURT:  All right.  Then had you made all the

2  arguments you wish to make, Mr. Clay?

3    MR. CLAY:  On that point?

4    THE COURT:  Yes.

5    MR. CLAY:  About that case, yes.

6    THE COURT:  Then I have all the information I need

7  to rule on the motion for preliminary injunction, that's what I

8  was needing this information for.  All right.  Anything else,

9  Mr. Maravich?

10    MR. MARAVICH:  I don't have anything, your Honor.

11    THE COURT:  Okay.  Mr. Clay, any other issues?

12    MR. CLAY:  I kind of did have issues with the case

13  still not being again suspended, not having the case listed

14  here, not only this case, my criminal cases.  The defendants

15  are still stating to this day that I have no -- which we talked

16  about, if I had no open cases, they arbitrarily take all of my

17  legal work and again deny me access to the courts.

18    THE COURT:  Ms. Kennedy, did you hear what he said?

file:///A|/CLAY9-21.TXT

Case 1:05-cv-00125-SJM-SPB    Document 73-2    Filed 01/03/2007    Page 17 of 149
Case 1:05-cv-00125-SJM-SPB    Document 57    Filed 10/26/2006    Page 16 of 24

19      MS. KENNEDY: Yes, I did.

20      THE COURT: Is there some sort of status listed with

21  him that he has no open cases?

22      MS. KENNEDY: Yes, your Honor. Mr. Clay filed a

23  grievance relative to this matter. Through the administrative

24  remedies, there's two subsequent levels of appeal that we did

25  follow. We considered the matter resolved. Mr. Clay disagreed

13

1  and it went through the appeals system. And a final decision

2  on that by our Central Office was September 8th of '06.

3  Upholding our decision and further stating that they went

4  through our chief counsel's office, our chief counsel's office

5  has verified Mr. Clay has no open cases, thus has no right to

6  any extra boxes for legal matters.

7      THE COURT: How can you say he has no open cases

8  when we're sitting here talking about one?

9      MR. MARAVICH: Excuse me, your Honor. I think,

10  first of all, what Ms. Kennedy actually went through were the

11  administrative remedies.

12      THE COURT: Are you talking about open

file:///A|/CLAY9-21.TXT

Case 1:05-cv-00125-SJM-SPB    Document 73-2    Filed 01/03/2007    Page 18 of 149
Case 1:05-cv-00125-SJM-SPB    Document 57    Filed 10/26/2006    Page 17 of 24

13   administrative remedies?

14        MR. MARAVICH:  She's referring to what actually went

15   through on grievance.  If I may, we're all familiar that there

16   is standard property that is allowed in prison.  They're

17   allowed a food locker and two reference volumes.  Then if he

18   needs it, he can request and receive an exception to that,

19   which they put the boxes in a storage area, and he does an

20   exchange, say once a month.  They have already gone through and

21   asked Mr. Clay to tell them what the extra cases are and to say

22   what he has.  What cases are active.  Mr. Clay, as we've seen

23   on the last issue, doesn't always provide the latest on

24   updates.  If he would like to refer to documents, I think

25   that's what he was initially discussing, I would entertain to


                                14


1    discuss what he presented to the court on this issue.

2         THE COURT:  Let's do this first.  Mr. Clay, besides

3    this case that we're talking about here, what other open cases

4    do you have in either federal or state court?

5         MR. CLAY:  Okay, besides this case, there's two

6    other open cases in the federal court system now, that deals

7  with federal habeas corpus.

8       MR. MARAVICH:  Read her the caption you have,

9  plaintiff versus defendant and the number of the case.

10      MR. CLAY:  Okay.  I was going to state how they came

11  about, which is very important to me and how to make the

12  decisions, because you can't always appeal in one court system

13  to the other.  Your case will be open upon the docketing and

14  filing documents of the cases.  But, again, we have MD --

15      THE COURT:  Middle District of Pennsylvania?

16      MR. CLAY:  Excuse me, Western District.  Habeas

17  corpus, Civil Action No. 06-861.  And that's in front of Judge

18  Donetta Ambrose, Magistrate Judge Amy Reynolds Hay.  That would

19  be for Cassius M. Clay versus Raymond Sobina.

20      THE COURT:  The next one?

21      MR. CLAY:  The next one, which came from the case of

22  Commonwealth of Pennsylvania versus Cassius Clay, this was in

23  the Supreme Court of the Western District, at No. 140-WAL-2006.

24  Now, this petition, as he was saying before, is current.

25  That's just got decided on August 29th.  Which is in between

15

1   the time it was pending. Also, with that case closing, I have

2   opened a federal habeas corpus, which I had mailed on September

3   13th, and I have a verified statement, but not the court number

4   as of yet.

5        THE COURT: Let's go back -- I'm talking to Ms.

6   Kennedy. What that says to Ms. Kennedy is some of these things

7   probably were opened after the administrative process was going

8   through. So what has been upheld by the Central Office could

9   be out of date. That would not include the case that we're

10  working on here today that was filed in '05. Nonetheless, you

11  know he has a constitutional right to have his box of materials

12  to work on his open cases. Whether or not they're criminal or

13  civil. Let's just be sure that he's getting that opportunity.

14       MR. MARAVICH: Yes, your Honor. Your Honor, by the

15  administrative remedies they tried to get it right before. He

16  does not provide them with up-to-date information. If he were

17  to file a grievance saying these are my open cases, I need to

18  keep that property, then he keeps that property. When the

19  cases are closed, he tries to act by having extra property.

20       THE COURT: He's telling you the cases are open at

21  the same time they took the property. You have to continually

22 grieve then if they're taking your property.

23     MR. CLAY: Yes, ma'am, that's what I've been doing.

24     MS. KENNEDY: Your Honor, if I may.

25     THE COURT: Yes, Ms. Kennedy.

16

1     MS. KENNEDY: We attempted to resolve this through

2 Mr. Clay, by meeting with him personally myself and asking him

3 to prove what was open and what was not. Which he provided

4 numerous documentation that made it nearly impossible, and I'm

5 not a lawyer, to determine what was active and what was not.

6 What cases are relative to each other. I have personally asked

7 Mr. Clay to make a good-faith effort to go through his property

8 and clean out things he knew were not relative to his cases.

9 We agreed that he would do that. And there was some property

10 sent home. To my knowledge, at that point the matter had been

11 resolved.

12     THE COURT: That's not working for you, Mr. Clay?

13     MR. CLAY: No. The problem is when they came and

14 took my materials, all the materials they took were for already

15 opened cases.

16        THE COURT: But you were supposed to clean that out

17    yourself?

18        MR. CLAY: Yes, I cleaned out that same day, we had

19    possibly 15 minutes to go through three boxes. I had

20    authorization, this all came from my authorization of me not

21    being seen in person. But perhaps since I had authorization to

22    have three boxes in my possession, which should be on file,

23    which for some odd reason it was never on file.

24        THE COURT: One box, it works. You can do it. All

25    right, anything else from anyone?


17


1        MR. MARAVICH: No, your Honor.

2        MR. CLAY: No.

3        THE COURT: Then we're adjourned.

4

5        (Whereupon, at 11:45 a.m., the proceedings were

6    concluded.)

7

8            - - -

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

18

1            C E R T I F I C A T E

2

3

4

5      I, Ronald J. Bench, certify that the foregoing is a

6    correct transcript from the record of proceedings in the

7    above-entitled matter.

8

9

10

11

12    _____

13    Ronald J. Bench

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 2

J474686*J  [1H[6]                        52
IN THE COURT OF   MMON PLEAS OF ALLEGHENY C   TY, PENNSYLVANIA
FAMILY DIVISION

TAWNYA THOMAS                          )
                Plaintiff              )    CASE NO.   86-04633
        VS                             )    FILE NO.
CASSIUS CLAY                           )    NEW
                Defendant              )

## COMPLAINT FOR SUPPORT

1.  Plaintiff resides at 413 WICKLOW STREET, PITTSBURGH, PA 15224 ALLEGHENY County.

2.  Defendant resides at 727 JOHNSTON AVENUE, PITTSBURGH, PA 15207 ALLEGHENY County.

3.  Plaintiff and Defendant were married on         , in         County,    . Plaintiff and Defendant were separated on         . Plaintiff and Defendant were divorced on         , in         County,    . Relationship to plaintiff [FRIEND]

4.  Plaintiff and Defendant are the parents of the following children. Plaintiff is seeking support for the following children:

| NAME | BIRTH DATE | RESIDENCE |
|------|------------|-----------|
| SHAQUA L. THOMAS | 12-20-85 | 413 WICKLOW STREET |
|  |  | N/A |
|  |  | N/A |
|  |  | N/A |
|  |  | N/A |
|  |  | N/A |
|  |  | N/A |

5.  Defendant has neglected the duty to support or sufficiently support the aforementioned person(s).

6.  (a) Plaintiff IS receiving public assistance in the amount of $207.00 per month for the support of PLAINTIFF AND ONE CHILD.

    (b) Plaintiff is receiving additional income in the amount of N/A from N/A.

7.  Plaintiff last received support from the Defendant in the amount of N/A on N/A.

WHEREFORE, Plaintiff requests that an order be entered against Defendant and in favor of ONE CHILD for reasonable support.

I verify that the statements made in this Complaint attached Income and Expense Statement are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. Sec. 4904, relating to unsworn falsification to authorities.

June 4, 1996                           Tawnya Thomas
                                              Plaintiff

# EXHIBIT 3

```
147468*1  P00002  MA              O/C ACKNOWLEDGE  ATERNITY
        IN THE COURT OF  .MON PLEAS OF ALLEGHENY CO  .Y, PENNSYLVANIA
                              FAMILY DIVISION
```

TAWNYA THOMAS                    }
535 HILLCREST ST                 }          CASE NO. 86-04623
                                 }
PITTSBURGH, PA 15224             }          FILE NO.
SSN:  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                }                          C  -2
                                 }
        VS.                      }
                                 }          IV-D NO. 02-0707766C
CASSIUS CLAY SR                  }
727 JOHNSTON AVENUE              }
                                 }
PITTSBURGH, PA 15207             }
SSN:  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                }

                        ACKNOWLEDGMENT OF PATERNITY
                              WAIVER OF TRIAL

        I, CASSIUS CLAY SR, Defendant, who reside at 727 JOHNSTON AVENUE,
_____, PITTSBURGH, PA 15207, do hereby acknowledge that I am
the father of the child, SHAQUA LYNETTE THOMAS, born on 12-20-85 in
Alleghany COUNTY, PA. This child was born to TAWNYA THOMAS, of
535 HILLCREST ST, _____, PITTSBURGH, PA 15224.

        I have been advised of and do hereby waive my rights to: (1) trial on
the issue of paternity which must be proven by a preponderance of the
evidence, and (2) an attorney to represent me on the issue of paternity at
the trial thereon. I have been further advised that an indigent defendant
is entitled to be represented by Court appointed counsel, free of charge,
on the issue of paternity.

                                        _____
                                                   DEFENDANT

_____
      DOMESTIC RELATIONS OFFICER

                                        _____
                                            ATTORNEY FOR DEFENDANT

        I verify that the statements made in the acknowledgment and waiver are
true and correct. I understand that false statements herein are made
subject to the penalties of 18 Pa. C.S. Section 904, relating to unsworn
falsification to authorities.

                                   X    _____
                                                   DEFENDANT

        AND NOW, this January 17, 1991, on recommendation of the Domestic
Relations Officer named above, the acknowledgment of paternity and waiver
of trial are accepted.

                                   BY THE COURT:

                                        _____, J.

EXHIBIT  4

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PA, FAMILY DIVISION
TAWNYA THOMAS                              PLTF. A    RNEY:
535 HILLCREST ST

                                        DEFT. ATTORNEY:

PITTSBURGH, PA 15224
        VS.
CASSIUS CLAY SR                     CASE NO. 86-04623
727 JOHNSTON AVENUE                 FILE NO.   154003
                                    DPW  NO. 02-0707766C
PITTSBURGH, PA 15207                PAYOR'S SSN. 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
                        **INTERIM**

                       ORDER OF COURT

AND NOW, this JANUARY 02, 1992, it is hereby ordered that the Payor pay to
the Family Division, Court of Common Pleas FIFTY Dollars ($50.00)  a  month
payable as  follows:   One half thereof on the 27TH day of DECEMBER and the
other half thereof on the 12TH day of JANUARY and like and equal amounts on
the 27TH and 12TH days of each and every month thereafter.  Arrears are set
at $2910.00, as of DEC.    12,  1991 due  in  full  IMMEDIATELY.   Contempt
proceedings will not be initiated as long as payor pays $PAYMENT ON ARREARS
HELD. per month on arrears, one half on each of the above dates.
For the support of:
ONE CHILD,  SHAQUA,  ON  AN  INTERIM  BASIS,  RETROACTIVE TO JUNE 04, 1986.
ARREARS DUE TO DPW.  WAGE ATTACHMENT ON U.C.   90  DAYS  EMPLOYMENT  REVIEW
(SEPARATE ORDER).  ON COURT LIST OF DEC.  12, 1991.  BOTH PARTIES APPEARED.
DEFENDANT PAYS COST.
Said money to be turned over by said Family Division to:
TAWNYA THOMAS, PLAINTIF

Payments must be made in cash, Bank Money Order, Certified Check, Cashier's
Check, or  Treasurer's Check.  No personal checks are accepted!  ALL CHECKS
AND MONEY ORDERS MUST BE MADE PAYABLE TO THE FAMILY DIVISION AND MAILED  TO
THE C  &  D OFFICE,  Allegheny Building 429 Forbes Avenue Suite  201,
Pittsburgh, PA 15219-1612.  EACH PAYMENT MUST  BEAR  YOUR  FILE  NUMBER  IN
ORDER TO  BE  PROCESSED.   DO NOT SEND CASH BY MAIL!  PAYOR MUST INFORM THE
FAMILY DIVISION IN WRITING OF ANY CHANGE OF ADDRESS OR CHANGE IN EMPLOYMENT
STATUS OR CHANGE IN MEDICAL COVERAGE.

IT IS FURTHER ORDERED that, upon payor's failure to comply with this order;
payor may be arrested and brought before the Court for a Contempt  hearing;
payor's wages, salary, commissions, and/or income may be attached in
accordance with law;  this Order will be increased without further  hearing
to $75.00  a month until all arrearages are paid in full.  A judgment shall
be automatically entered by operation of law against you for any arrearages
that accumulate under this order.  Payments shall terminate upon  death  of
payee.  Payor responsible for court costs and fees.

CONSENT:                              COPIES DELIVERED TO PARTIES

_____       _____
                  Plaintiff                      Plaintiff's Attorney

_____       _____
                                                 Defendant's Attorney
DISTRIBUTION
Prothonotar                           BY THE COURT:
Defendant
Plaintiff                                                          J.

# EXHIBIT  5

```
147468*1  FINT01              DN
        IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
                            FAMILY DIVISION
```

TAWNYA THOMAS
       Plaintiff       )   CASE NO.  86-04623

      VS                       )  FILE NO.  00154003-9

CASSIUS CLAY SR           )  PV/D NO.  02-0707766C
      Defendant       )  AMENDED

## COMPLAINT FOR SUPPORT

1. Plaintiff  resides  at  535  HILLCREST    ST,
   PITTSBURGH, PA 15224 ALLEGHENY County.

2. Defendant resides  at  727  JOHNSTON    AVENUE,
   PITTSBURGH, PA 15207 ALLEGHENY County.

3. Plaintiff  and  Defendant  were    married    on              ,          in
                               County,   .   Plaintiff  and  Defendant  were
   separated on          .   Plaintiff  and  Defendant  were  divorced  on
           ,  in                      County,       .    Relationship  to
   plaintiff NON-MARITAL

4. Plaintiff and  Defendant  are  the  parents of the following children.
   Plaintiff is seeking support for the following children:

   | NAME | BIRTH DATE | RESIDENCE |
   |------|-----------|-----------|
   | SHAQUA LYNETTE THOMAS | 12-20-85 | 5355 HILLCREST STREET |
   | RYEISHA KAMEY CLAY | 05-28-91 | 5355 HILLCREST STREET |

5. Defendant has neglected the duty to support  or  sufficiently  support
   the aforementioned person(s).

6. (a) Plaintiff IS  receiving public assistance in the amount of $403.00
       per month for the support of PLAINTIFF AND TWO CHILDREN.

   (b) Plaintiff is receiving additional income in the amount of    from
       .

7. Plaintiff last  received  support  from the Defendant in the amount of
   NONE on  .

   WHEREFORE, Plaintiff requests that an order be entered against
Defendant and  in favor of TWO CHILDREN for reasonable support, retroactive
to the filing date of this complaint.

   I verify that the statements made in this Complaint attached Income and
Expense Statement are true and correct. I understand that false statements
herein are made subject to  the  penalties  of  18  Pa.C.S.  Sec.  4904,
relating to unsworn falsification to authorities.

June 08, 1992                          *Tawnya Thomas*
                                       Plaintiff

# EXHIBIT  6

D 8Q
ff 3-80

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
FAMILY DIVISION

Date of Conference _____ **th July 9, 1992** ___ 9:00   Case No. ___ 86-04623

Date of Hearing _____ 7-9-92 ___   File No. ___ 00154003-9

Counselor _____   Court Action Requested:/ _____

Hearing Officer ___ Nash (direct )   Cont/exp ray /supl

Agreement ____ Cont. ____ Rec. Dism. ____ Refer to H.O. ____

PLAINTIFF                                   DEFENDANT

___ Tawaya Thomas _____   ___ Cassius Clay, Sr ___
(Name)                          (Name)

_____     _____
(Attorney)                      (Attorney)

_____     _____
(Employer)                      (Employer)

HEARING SUMMARY

Served: _____         Served: _____

Appeared for: (X) Counseling    Appeared for: ( ) Counseling
              (X) Before Hearing Officer                ( ) Before Hearing Officer

NET INCOME: $ DPW               NET INCOME: $ 258/___ UC + EC + $100

OTHER HOUSEHOLD INCOME $ _____   OTHER HOUSEHOLD INCOME $ _____

OTHER HOUSEHOLD MEMBERS: _____   OTHER HOUSEHOLD MEMBERS: _____

WELFARE GRANT: $403/___ + FS + med .   WELFARE GRANT: $ _____

ORDER SOUGHT FOR : Wife ___ Child(ren) No. 4   Age & Sex: F 1 F 6 1/2

GUIDELINE (Deviation): $ 220⁰⁰ ($ ± 10%/₀ )   First Payment Due: ___ / ___ /

RECOMMENDATIONS: _____

EXPLANATION (if needed): ____ Def. is on probation ____

( ) Copies hereof delivered to parties

ps 1/1/92
_____
Hearing Officer

NOTE:  If no Exceptions are filed within ten (10) days, a final order of court will be
       entered which will contain full instructions as to payment.

WHITE              GREEN               YELLOW           PINK            GOLDENROD
Prothonotary's Copy  Defendant's Copy   Plaintiff's Copy  File Copy     Hearing Officer's Copy

FD 80A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
FAMILY DIVISION

Date of Hearing _7 - 9 - 90_          Case No. _96 - 4663_

Page _2_ of _2_                       File No. _____

PLAINTIFF                             DEFENDANT

_____          _____
(name)                                (name)

_____          _____
(Attorney)                            (Attorney)


HEARING SUMMARY CONTINUED

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

( ) Copies hereof delivered to parties          _____
                                                Hearing Officer

NOTE:  If no Exceptions are filed within ten (10) days, a final order of court
       will be entered which will contain full instructions as to payment.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
FAMILY DIVISION

TAWNYA THOMAS
535 HILLCREST ST

PITTSBURGH, PA 15224                                    CASE NO. 86-04623

                                                       FILE NO. 00154093-9

        VS.

                                                       IV-D NO. 02-07077660

CASSIUS CLAY SR
727 JOHNSTON AVENUE

PITTSBURGH, PA 15207

ORDER OF COURT

AND NOW, this July 14, 1992,
ON TRIAL  LIST  7/9/92.    PLAINTIFF  PRESENT  ONLY,    RECOMMENDATION MAILED
7/13/92.   AFTER READING, BASED UPON HE TESTIMONY OF THE PLAINTIFF, HEARING
OFFICER FINDS THAT THE DEFENDANT IS THE FATHER OF RYEISHA KANEY CLAY,  BORN
5/28/91, IN ALLEGHENY COUNTY, PA TO THE PLAINTIFF.

                                        BY THE COURT:

                                        Max Baer
                                                              J.

                        D.R.O.

                        PLAINTIFF                              DEFENDANT

        PLAINTIFF'S ATTORNEY                          DEFENDANT'S ATTORNEY

IN COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PA, FAMILY DIVISION

A THOMAS                                          PLTF. ATTORNEY:
535 HILLCREST ST

                                                  DEFT. ATTORNEY:
PITTSBURGH, PA 15224
        VS.
CASSIUS CLAY SR                                   CASE NO. 86-04623
727 JOHNSTON AVENUE                               FILE NO. 00154003-9
                                                  DPW  NO. 02-07077660
PITTSBURGH, PA 15207                              PAYOR'S SSN. 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

                        MODIFIED ORDER OF COURT

AND NOW, this JULY 27, 1992, it is hereby ordered that the Payor pay to the
Family Division, Court of Common Pleas TWO HUNDRED TWENTY (\$220.00) Dollars
a month  payable  as follows:  One half thereof on the 12TH day of JULY and
the other half thereof on the 27TH day of JULY and like and  equal  amounts
on the  12TH and 27TH days of each and every month thereafter.  Arrears are
set at \$3,235, as of JULY  7,  1992  due  in  full  IMMEDIATELY.   Contempt
proceedings will not be initiated as long as payor pays \$50.00 per month on
arrears, one half on each of the above dates.
For the support of:
HIS TWO  CHILDREN, SHAQUA AND RYKISHA.  ARREARAGE ALLOCATION IS AS FOLLOWS:
\$1,200 OWED TO SAN DIEGO COUNTY AND \$2,035 OWED TO  ALLEGHENY  COUNTY  DPW.
BOTH LINES  TO  BE  PAID AT THE RATE OF \$25/MONTH.  NO PAYMENT EVER MADE ON
ORDER.  NO RETROACTIVITY ON CURRENT ORDER.   DPW  PAYEE.  DEFENDANT  IS  TO
PROVIDE MEDICAL COVERAGE FOR THE CHILD IF AVAILABLE THROUGH EMPLOYMENT AT A
REASONABLE COST, (i.e.  LESS THAN \$55/MONTH). DEFENDANT'S PROBATION OFFICER
TO BE CONTACTED ABOUT DEFENDANT'S FAILURE  ~~ ~~~~~. 10-DAY LETTER TO ISSUE
Said money to be turned over by said Family Division to: FOLLOWED BY HIGH
TAWNYA THOMAS, PLAINTIFF.   PRIORITY BODY ATTACHMENT, ARREST DEFENDANT.. COURT CAN
                 CONSIDER INCARCERATION ON CHARGE OF DIRECT CRIMINAL CONTEMPT WHEN THE DEFENDANT\*\*\*
Payments must be made in cash, Bank Money Order, Certified Check, Cashier's
Check, or  Treasurer's Check.  No personal checks are accepted!  ALL CHECKS
AND MONEY ORDERS MUST BE MADE PAYABLE TO THE FAMILY DIVISION AND MAILED  TO
THE C  &  D  OFFICE,  Allegheny  Building  429  Forbes  Avenue  Suite  201,
Pittsburgh, PA 15219-1612.  EACH PAYMENT MUST  BEAR  YOUR  FILE  NUMBER  IN
ORDER TO  BE  PROCESSED.   DO NOT SEND CASH BY MAIL!  PAYOR MUST INFORM THE
FAMILY DIVISION IN WRITING OF ANY CHANGE OF ADDRESS OR CHANGE IN EMPLOYMENT
STATUS OR CHANGE IN MEDICAL COVERAGE.

IT IS FURTHER ORDERED that, upon payor's failure to comply with this order,
payor may be arrested and brought before the Court for a Contempt  hearing,
payor's wages,  salary,  commissions,  and/or  income  may  be  attached in
accordance with law;  this Order will be increased without further  hearing
to \$380.00 a month until all arrearages are paid in full.  A judgment shall
be automatically entered by operation of law against you for any arrearages
that accumulate  under  this order.  Payments shall terminate upon death of
payee.  Payor responsible for court costs and fees.

CONSENT \*\*\* APPEARS. INCOME WITHHOLDING ORDER TO COPIES DELIVERED TO PARTIES
          IN ISSUE ON UNEMP. COMP. CASE HEARD
          7/9/92. PLAINTIFF PRESENT ONLY.
          RECOMMENDATION MADE 7/15/92.                    Plaintiff's Attorney
          \*\*\*\* DEFENDANT PAYS COSTS.

                    Defendant                             Defendant's Attorney
DISTRIBUTION:                                     BY THE COURT:
Prothonotary ____ C & D        ____
Defendant    ____ Case File    ____
Plaintiff    ____ Enforcement  ____                                       J.

# EXHIBIT  7

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

FAMILY COURT DIVISION
CIVIL ACTION — SUPPORT

Lisa Allen/
DPA                    PLAINTIFF

vs.

Cassius Clay           DEFENDANT          NO.  86-11225-P

FILED
DEC 2 1986
DOMESTIC RELATIONS BRANCH
INTAKE UNIT
1600 WALNUT STREET

**COMPLAINT**
(Uniform Reciprocal Enforcement of Support Act)
(Civil Procedural Support Law)

1. The Plaintiff resides at    6444 Clearview St., Phila., PA  19119

2. The Defendant resides at    727 Johnston Ave., Ptts., BA  15207

3. (a)  Plaintiff and Defendant were married on         n/a        at
   (b)  Plaintiff and Defendant separated on
   (c)  Plaintiff and Defendant were divorced on
        at
   (d)  Last marital domicile was

4. Plaintiff and the Defendant are the parents of the following children:

(a) Born of Marriage:

| NAME | BIRTH DATE | AGE | RESIDENCE |
|------|-----------|-----|-----------|
|      |           |     |           |

(b) Born out of wedlock:

| NAME | BIRTH DATE | AGE | RESIDENCE |
|------|-----------|-----|-----------|
| Cassius Clay, Jr. | 9-2-86 | 3 mons. | with pltf. |

5. Defendant has neglected the duty to support or sufficiently support the aforementioned person(s).

One child.

**COMPLAINT** (Continued)

6.  The Plaintiff, whose Social Security No. is    **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**
    is employed at    **unemployed.**
    (Address)
    with approximate income of  $             (gross) (net) per

7.  The Defendant, whose Social Security No. is    **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**
    is believed to be employed at    **unknown**
    (Address)
    with approximate income of  $             (gross) (net) per

8.  The Plaintiff is (is not) receiving public assistance in the amount of  $  **287.0** per  **mon.**  for
    **one child and plt.f**

9.  A previous support order in the amount of   $    **n/a**             per
    for the support of
    was entered against the defendant on
    in an action in
    (Court, term and docket no:                                        ).
    There are (no) arrearages in the amount of   $
    as of
    The order has (not) been terminated.

10. Plaintiff last received support from Defendant in the amount of  $ **none**        on

        WHEREFORE, Plaintiff requests that an order be entered against Defendant and in favor of the Plaintiff
    and the aforementioned child(ren) for reasonable support.
        **Plus medical coverage for one child.**

        I verify that the statements made in this Complaint are true and correct. I understand that false statements
    herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.


                                                    _____
                                                            Plaintiff

                                                        **12-2-86/ds**

30-470 (Rev. 7/81)                                                  Page 2 of 2 Pages

# EXHIBIT  8

152672*1   P00002   MA          O/C ACKNOWLEDGE PATERNITY
            IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
                                    FAMILY DIVISION

LISA ALLEN                              )
6444 CLEARVIEW STREET                   )        CASE NO. 87-00155
                                        )
PHILADELPHIA, PA 19119                  )        FILE NO.
SSN:  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                       )
                                        )
      VS.                               )
                                        )        IV-D NO.
CASSIUS CLAY SR                         )
727 JOHNSTON AVENUE                     )
                                        )
PITTSBURGH, PA 15207                    )
SSN:  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                       )

                        ACKNOWLEDGMENT OF PATERNITY
                              WAIVER OF TRIAL

        I, CASSIUS CLAY SR, Defendant, who reside at 727 JOHNSTON AVENUE
_____, PITTSBURGH, PA 15207, do hereby acknowledge that I a
the   father   of   the   child,   CASSIUS CLAY JR, born on   09-02-86     i
_____ COUNTY, PA. This child was born to LISA ALLEN, o
6444 CLEARVIEW STREET, _____, PHILADELPHIA, PA 19119.

        I have been advised of and do hereby waive my rights to: (1) trial o
the issue of paternity which must be proven by a preponderance of th
evidence, and (2) an attorney to represent me on the issue of paternity a
the trial thereon.  I have been further advised that an indigent defendan
is entitled  to be represented by Court appointed counsel, free of charge
on the issue of paternity.

                                        _Cassius Clay Sr._
                                              DEFENDANT

_Michael O. Anthony, ECO_
   DOMESTIC RELATIONS OFFICER


                            _____
                              ATTORNEY FOR DEFENDANT

        I verify that the statements made in the acknowledgment and waiver are
true and correct.  I understand that false statements herein are made
subject to the penalties of 18 Pa. C.S. Section 904, relating to unsworn
falsification to authorities.

                                        _Cassius Clay Sr._
                                              DEFENDANT

        AND NOW, this January 17, 1991, on recommendation of the Domestic
Relations Officer named above, the acknowledgment of paternity and waiver
of trial are accepted.

                            BY THE COURT:

                            _____, J.

# EXHIBIT  9

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PA, FAMILY DIVISION

LISA ALLEN                                    PLFF. ATTORNEY:
C/O COURT OF COMMON PLEAS
FAMILY COURT DIV                              DEFT. ATTORNEY:
ROOM 676
1500 WALNUT STREET
PHILADELPHIA, PA  19103                       URESA CASE NO. 86-11225-P
    VS.
CASSIUS CLAY SR                               CASE NO. 87-00155
727 JOHNSTON AVENUE                           FILE NO.
                                              DPW  NO.
PITTSBURGH, PA 15207                          PAYOR'S SSN. 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

                            ORDER OF COURT

AND NOW,  this JANUARY 02, 1991, it is hereby ordered that the Payor pay to
the Family Division, Court of Common Pleas FIFTY Dollars ($50.00)  a  month
payable as  follows:   One half thereof on the 27TH day of DECEMBER and the
other half thereof on the 12TH day of JANUARY and like and equal amounts on
the 27TH and 12TH days of each and every month thereafter.  Arrears are set
at $2910.00, as of DEC.  12,  1991  due  in  full  IMMEDIATELY.   Contempt
proceedings will not be initiated as long as payor pays $PAYMENT ON ARREARS
HELD, per month on arrears, one half on each of the above dates.
For the support of:
ONE  CHILD,  CASSIUS.  ON  AN  INTERIM BASIS. RETROACTIVE TO DEC.  02, 1986.
EMPLOYMENT REVIEW IN 90 DAYS (SEPARATE ORDER).  ON COURT LIST OF DEC.  12,
1991.  PLAINTIFF REPRESENTED BY A.C.S.  LIZANN KELLY,  DEFENDANT  APPEARED.
DEFENDANT PAYS COLL. BACK ATTACHING ON EMPLOYMENT COMPENSATION.
Said money to be turned over by said Family Division to:
BUREAU OF  ACCOUNTS  P.O.   BOX  18 PHILADELPHIA, PA 19103, ACCOUNT OF LISA
ALLEN.

Payments must be made in cash, Bank Money Order, Certified Check, Cashier's
Check, or Treasurer's Check.  No personal checks are accepted!  ALL  CHECKS
AND MONEY  ORDERS MUST BE MADE PAYABLE TO THE FAMILY DIVISION AND MAILED TO
THE COLLECTION & DISBURSEMENT OFFICE, ALLEGHENY BUILDING 429 FORBES  AVENUE
SUITE 291,  PITTSBURGH,  PA  15219-1612.   EACH PAYMENT MUST BEAR YOUR FILE
NUMBER IN ORDER TO BE PROCESSED.  DO NOT SEND CASH BY MAIL!  PAYOR  MUST
INFORM THE FAMILY DIVISION IN WRITING OF ANY CHANGE OF ADDRESS OR CHANGE IN
EMPLOYMENT STATUS OR CHANGE IN MEDICAL COVERAGE.

IT IS FURTHER ORDERED that, upon payor's failure to comply with this order;
payor may  be arrested and brought before the Court for a Contempt hearing;
payor's wages, salary, commissions,  and/or  income  may  be  attached  in
accordance with  law;  this Order will be increased without further hearing
to $75.00 a month until all arrearages are paid in full.  A judgment  shall
be automatically entered by operation of law against you for any arrearages
that accumulate  under  this order.  Payments shall terminate upon death of
payee.
CONSENT:                                      COPIES DELIVERED TO PARTIES

_____                       _____
           Plaintiff                               Plaintiff's Attorney

_____                       _____
           Defendant                               Defendant's Attorney

DISTRIBUTION:                                 BY THE COURT
Prothonotary ____  C & D    ____
Defendant    ____  Case File ____                    Caplan, J.
Plaintiff    ____  Enforcement ____

# EXHIBIT  10

THOMAS                 V. CLAY                    PACSES Case Number:  794003187

Other Conditions:

THE ORDER OF SUPPORT DATED 8/8/95 OF 2 CHILDREN, SHAQUA AND RYEISHA, IS
HEREBY SUSPENDED EFFECTIVE 6/25/98 PER ADMINISTRATIVE REVIEW AS THE
DEFENDANT IS INCARCERATED.  THE ARREARS OF $12, 520 ARE TO BE PAID AT $8 PER
MONTH.  THE DEFENDANT MUST INFORM THE COURT WITHIN 48 HOURS OF HIS RELEASE.
UPON HIS RELEASE AND AT THE REQUEST OF THE PLAINTIFF, THE CASE MAY BE LISTED
TO DETERMINE IF THE DEFENDANT HAD A SUPPORT OBLIGATION WHILE INCARCERATED AND
TO ADDRESS ARREARS.  THE DEFENDANT MUST APPEAR TO FILE FOR A HEARING IF HE
REQUESTS FURTHER ARREARS ADJUSTMENT DUE TO ADDITIONAL INCARCERATION PERIODS
PRIOR TO 6/25/98.  THE PARTIES HAVE THIRTY DAYS TO CONTEST THIS ORDER BEFORE
IT BECOMES FINAL.

Defendant shall pay the following fees:

| Fee Total | | Fee Description | Payment Frequency | |
|---|---|---|---|---|
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |

## IMPORTANT LEGAL NOTICE

PARTIES MUST WITHIN SEVEN DAYS INFORM THE DOMESTIC RELATIONS SECTION AND
THE OTHER PARTIES, IN WRITING, OF ANY MATERIAL CHANGE IN CIRCUMSTANCES RELEVANT
TO THE LEVEL OF SUPPORT OR THE ADMINISTRATION OF THE SUPPORT ORDER, INCLUDING,
BUT NOT LIMITED TO, LOSS OR CHANGE OF INCOME OR EMPLOYMENT AND CHANGE OF
PERSONAL ADDRESS OR CHANGE OF ADDRESS OF ANY CHILD RECEIVING SUPPORT. *A PARTY
WHO WILLFULLY FAILS TO REPORT A MATERIAL CHANGE IN CIRCUMSTANCES MAY BE ADJUDGED IN
CONTEMPT OF COURT, AND MAY BE FINED OR IMPRISONED.*

PENNSYLVANIA LAW PROVIDES THAT ALL SUPPORT ORDERS SHALL BE REVIEWED AT LEAST
ONCE EVERY THREE (3) YEARS IF SUCH REVIEW IS REQUESTED BY ONE OF THE PARTIES. IF
YOU WISH TO REQUEST A REVIEW AND ADJUSTMENT OF YOUR ORDER, YOU MUST DO THE
FOLLOWING: CALL YOUR ATTORNEY. AN UNREPRESENTED PERSON WHO WANTS TO MODIFY
(ADJUST) A SUPPORT ORDER SHOULD CONTACT THE DOMESTIC RELATIONS SECTION.

ALL CHARGING ORDERS FOR SPOUSAL SUPPORT AND ALIMONY PENDENTE LITE, INCLUDING
UNALLOCATED ORDERS FOR CHILD AND SPOUSAL SUPPORT OR CHILD SUPPORT AND ALIMONY
PENDENTE LITE, SHALL TERMINATE UPON DEATH OF THE PAYEE.

Service Type M

Form OE-519
Worker ID 02254

THOMAS            v. CLAY                    PACSES Case Number: 794003187

A MANDATORY INCOME ATTACHMENT WILL ISSUE UNLESS THE DEFENDANT IS NOT IN ARREARS IN PAYMENT IN AN AMOUNT EQUAL TO OR GREATER THAN **ONE MONTH'S SUPPORT OBLIGATION** AND (1) THE COURT FINDS THAT THERE IS GOOD CAUSE NOT TO REQUIRE IMMEDIATE INCOME WITHHOLDING; OR (2) A WRITTEN AGREEMENT IS REACHED BETWEEN THE PARTIES WHICH PROVIDES FOR AN ALTERNATE ARRANGEMENT.

UNPAID ARREARAGE BALANCES MAY BE REPORTED TO CREDIT AGENCIES. ON AND AFTER THE DATE IT IS DUE, EACH UNPAID SUPPORT PAYMENT SHALL CONSTITUTE, BY OPERATION OF LAW, A JUDGMENT AGAINST YOU, AS WELL AS A LIEN AGAINST REAL PROPERTY .

IT IS FURTHER ORDERED that, upon payor's failure to comply with this order, payor may be arrested and brought before the Court for a Contempt hearing; payor's wages, salary, commissions, and/or income may be attached in accordance with law; this Order will be increased without further hearing by 60 % a month until all arrearages are paid in full. Payor is responsible for court costs and fees.

Copies delivered to parties 12/13/02/MAIL _____ .
                            Date

Consented:

_____        _____
Plaintiff                               Plaintiff's Attorney

_____        _____
Defendant                               Defendant's Attorney

**BY THE COURT:**


PER CURIAM _____
                                        **Judge**

Service Type M                          Form OE-519
                                        Worker ID 02254

EXHIBIT  11

Office of The Prothonotary

Michale E. Lamb esq.

First Floor City-County Building

414 Grant Street

Pittsburgh, PA 15219-2469



March 18, 2003

APR 2 3 2003

RECEIVED
Corrections Office

Dear Michale Lamb:

Today I am writting in hope of obtaining some information, and also inquiring into the Status of my **APPEAL,** which I will address momentarily. First a brief overview of my case as follows: I was arrested on 10-17-96, and placed in the ACJ, where I was held untill ultimately convicted to a term of 12-52 years . I was then sent to S.C.I. CAMP HILL, and then to S.C.I.MAHANOY where, I believe in 1998, I petitioned the Family Devision Court to **TERMINATE**

my child Support Orders, and Forgive the **ARREARAGES,** beacuse at the time I was Making \$20.00 a month, and could not pay the current order. The Court in reply **SUSPENDED** the Support Orders, Beacuse they said that they could not Terminate the orders, but Directed me to report upon release to schedule a **HEARING** for payment of the Support Orders, and **ADDRESS ACCUMLATED ARREARAGES.** I have since been sent to S.C.I. HOUTZDALE, and now reside at S.C.I. GREENSBURG, where last month I recived a AUTOMATIC 3 year Modification Review, in which they are now taking 50% of my \$30.00 Monthly pay to send to the collection department. For that action I Prepaired an **APPEAL** on 3-5-03 for the OVER DUE SUPPORT MODIFICATION which was entered on 3 cases. (see at end) The only address we have here is440 Ross Street Pittsburgh, PA 15219-2117. This is where I sent the **APPEAL,** addressed to THE FAMILY DIVISION PROTHONOTARY. I have since obtained this address, and would like to know: (1) If you recieved the appeal? (2) If not, should I send another Appeal, or (3) File a petition for Modification or Reduction of Arrearages pursuant to 23 Pa. C.S.§4352(e). I would like to know if I should petition the court here in Greensburg or there in Pittsburgh, for a **TEMPOARY RESTRAINING ORDER** and **PRELIMINARY INJUNCTION,** beacuse of my current earnings capacity, and non-ability to pay. In closing I would like to thank you for your time in this very important matter, and I would akso like to request; **A COMPLEAT DOCKETING HISTORY** of the following cases: **LISA WILLIAMS No. 87-00155, PATRICE BURNEY No.93-01087,Tawnya thomas no case number.**

Cassius Clay

**Cassius Clay DQ5954**

**R.D.# 10, Box 10**

.

# EXHIBIT  12



| TO: | Policy Subject: |
|-----|-----------------|
| Executive Staff<br>Facility Managers<br>CCC Regional Directors | **Collection of Inmate Debts** |

| | Policy Number: | **DC-ADM 005-1** |
| | Policy Issue Date: | |
| | **April 7, 2004** | |

| Date of Issue:<br><br>**November 23, 2004** | Authority:<br><br>*[signature]*<br>Jeffrey A. Beard, Ph.D. | Effective Date:<br><br>**November 30, 2004** |

The purpose of this bulletin is to clarify the method used to determine the amount owed to the Crime Victims Compensation Fund and the Victim/Witness Services Fund. **Section VI. E. 5. b.,** shall now read:

5.  For newly committed inmates:

    b.  If the county does not indicate the amount owed on the **DC-300B** *and it is not included in the Sentencing Order,* staff at the receiving facility *shall contact the county of commitment to obtain the amount the inmate is required to pay.*

**Section VI. E. 6. b. and VI. E. b. (1)** shall now read:

6.  For an inmate incarcerated prior to the implementation date of this policy:

    b.  If the amount due for the CVCF and the Victim/Witness Services Fund is not indicated on the **DC-300B** *and it is not included in the Sentencing Order or accompanying documents, staff shall contact the county of commitment to obtain the amount the inmate is required to pay. If the county is unable to provide this information:*

        (1) It will be determined in accordance with **Sections VI.E.4.** and **VI.E.7.** of this policy, at the inmate's initial reception, annual classification review or parole review, whichever comes first. *If staff cannot verify the date the crime was committed by reviewing the inmate's record, by requesting this information from the county of conviction, or by consultation with facility parole staff (who often have access to the Facts of the Crime, Affidavit of Probable Cause, and/or Arrest Warrant), the sentencing date shall be used to determine the amount to be entered into the "VCF" system.*

**Section VI.E.10.** shall now read:

10.   Status of the inmate's CVCF and Victim/Witness Services Fund payments must be communicated to the PBPP on the **DC-13A, Reclassification Summary**. *If the PBPP determines that a different amount is owed, then that is the amount that will be collected.*



| | |
|---|---|
| **POLICY STATEMENT** | |
| **Commonwealth of Pennsylvania • Department of Corrections** | |

| **Policy Subject:** | | **Policy Number:** |
|---|---|---|
| **Collection of Inmate Debts** | | **DC-ADM 005** |

| **Date of Issue:** | **Authority:** | **Effective Date:** |
|---|---|---|
| **March 8, 2004** | *Jerbeard* | **April 7, 2004** |
| | **Jeffrey A. Beard, Ph.D.** | |

## I. AUTHORITY

The Authority of the Secretary of Corrections to direct the operation of the Department of Corrections is established by Sections 201, 206, 506, and 901-B of the Administrative Code of 1929, 71 P.S. §§61, 66, 186, and 310-1, Act of April 9, 1929, P.L. 177, No. 175, as amended.

## II. PURPOSE

To establish policy and procedure for the collection of inmate debts and the disposition of inmate funds collected consistent with current law.

## III. APPLICABILITY

The policy and procedures set forth in this document are applicable to all facilities under the jurisdiction of the Department of Corrections.

## IV. DEFINITIONS

### A. Debt

An obligation or liability to pay or render money to another.

### B. Crime Victim's Compensation Fund

A special nonlapsing fund that is used by the Office of Victims' Services for payment to claimants and technical assistance.

### C. Income

All funds credited to an inmate's account regardless of source. The only exceptions are: refunds of commissary purchases, refunds of purchases initiated through the facility, money sent to the inmate for payment of a private viewing/deathbed visit, Social Security Disability payments, and Veterans Administration benefits.

### D. Sentencing Event

The conviction of an individual for a crimes(s) before any judge in any court of the Commonwealth of Pennsylvania, or the subsequent conviction of an individual of a separate and distinct crimes(s) before any judge in the Commonwealth of Pennsylvania. See **Section VI.E.7.** of this policy.

### E. Victim Witness Services Fund

A special nonlapsing fund used by the Pennsylvania Commission on Crime and Delinquency for victim-witness services and technical assistance in non-victim compensation-related areas.

## V.   POLICY

It is the policy of the Department of Corrections to collect, consistent with current law, all inmate debts which it is authorized to collect and to transmit the proceeds to the appropriate party (ies).

## VI.  PROCEDURES

### A. Responsibilities

1. Facility Business Office

   Maintains financial accounts for all inmates. Collects monies owed in accordance with this policy by assessing the inmates' accounts and transmitting the funds to all parties owed.

2. Bureau of Management Information Services (MIS)

   Develops and maintains an automated system for the administration of inmate accounts. The inmate accounts system shall include features that enable the facilities to electronically calculate and deduct inmate debt payments; produce checks and supporting vouchers; and reports.

3. Inmate Records Office

   Receives orders involving inmate debts, files original copies of the orders, sends photocopies to the facility business office, and serves as the point of coordination for all inmate information received and/or distributed.

4.  Bureau of Administration

    Develop and publish inmate account policy and procedure.

**B. Federal Court Orders & Filing Fees**

Facilities will collect Federal Court costs and filing fees in accordance with the language contained in the order.

**C. State Court Orders & Filing Fees**

1.  Pursuant to 42 Pa. C.S. §6602, when an inmate intends to submit prison conditions litigation and claim indigence, the inmate must provide the court with an application and a certified copy of his/her account statement for the six month period immediately preceding the filing of a complaint or notice of appeal. The facility business office shall ensure that the necessary account statement is provided to the court.

2.  If a court enters an order requiring the assessment of filing fees, the business office shall comply with the order.

3.  Initial partial payment deductions shall be sent to the court immediately. Subsequent monthly deductions shall be paid in accordance with the court order accompanied by appropriate paperwork reflecting the correct case name and number, the inmate name and number, and the amount of payment.

4.  Partial payments: Following the initial court ordered payment the business office will:

    a.  deduct from the inmate's account monthly payments for 20% of the preceding month's income provided the account balance exceeds $10.00; and

    b.  send the payment to the prothonotary as directed by the court. The court may direct that payments be made monthly or that they be held until sufficient funds have been collected to satisfy the debt.

**D. Collection of Restitution, Reparation, Fees, Costs, Fines and Penalties 42 Pa. C.S. §9728, Act 84 of 1998 (Act 84)**

1.  When the County Clerk of Court provides a copy(s) of an order(s) for restitution, reparation, fees, costs, fines, and/or penalties associated with the criminal proceedings, the records office shall file the original and shall forward a copy of the order to the business office of the facility having custody of the inmate. The court order, the **DC-300B, Court Commitment Form**, or supporting information, must indicate the status of the debt including the current balance due and any special conditions, which would effect payments.

2. The business office, through inmate account deductions, makes:

   a. payments of 20% of the inmate's account balance and monthly income for restitution, reparation, fees, costs, fines and/or penalties associated with the criminal proceedings pursuant to 42 Pa. C.S. §9728, Act 84 of 1998, provided that the inmate has a balance that exceeds $10.00; and

   b. payments of 10% of all the inmate's account balance and monthly income, for the Crime Victim's Compensation and Victim/Witness Services Funds, provided that the inmate has a balance that exceeds $10.00.

3. The business office shall send the funds deducted to the county probation department or other designated agency.

4. District Justice orders for civil matters are not covered by Act 84, and may not be collected as set forth in this section. Fees imposed by a District Justice for facility related criminal proceedings shall be collected in accordance with **Section VI.I.** of this policy.

5. Court orders that require payment upon, or within a certain amount of time after parole or release, may not be collected as set forth in this section unless the sentencing court stipulates, via court order, that the Department is to begin collection prior to the inmate being paroled or released. In the event that a court order states payment is required on or after parole or release, the Facility Records Office Supervisor/designee shall contact the court and request clarification of the court order **(See Attachment A)**.

E. **Act 96 of 1984, Act 27 of 1995, Act 35 of 1991, Act 86 of 2000, and Act 85 of 2002**

1. Certain inmates are required to a pay fee to the Crime Victim's Compensation Fund (CVCF) and the Victim/Witness Services Fund. The fees are imposed as part of the court costs for each Sentencing Event (as defined in Section **VI.E.7.** of this policy) based upon criminal acts occurring after June 30, 1984. The amount of the fees varies depending upon the date the inmate committed his/her criminal act. No fees are imposed upon Sentencing Events based on criminal acts prior to June 30, 1984. These fees are mandatory, even if the inmate will not be paroled.

2. An inmate is required to pay the specified fees before he/she can be paroled.

3. While the total amount to be collected is reflected on the chart in **Section VI.E.4** below, it may be subdivided into these categories:

   a. penalty assessment for the Crime Victims Compensation Fund;

   b. penalty assessment for the Victim/Witness Services Fund; and

   c. the judge may impose restitution owed to the Crime Victim's Compensation Fund.

4. The chart below provides the dates pursuant to the legislation that imposes the fees:

| Legislation | Beginning Date | Ending Date | Amount Due for each Sentencing Event |
|---|---|---|---|
| 71 P.S. §180-7.15 - Act 96 of 1984 | June 30, 1984 | Oct. 12, 1991 | $15.00 |
| | | | |
| 71 P.S. §180-7.15 - Act 35 of 1991<br>18 P.S. §11.1101- Act 27 of 1995 | Oct. 13, 1991 | Dec. 28, 2000 | $30.00 |
| | | | |
| 18 P.S. §11.1101 - Act 86 of 2000 | Dec. 29, 2000 | Aug. 26, 2002 | $40.00 |
| | | | |
| 18 P.S. §11.1101 - Act 85 of 2002 | Aug. 27, 2002 | Present | $60.00 |

5. For newly committed inmates:

   a. If the amount due for the CVCF and the Victim/Witness Services Fund is noted on the **Court Commitment Form, DC-300B**, the DCC business office staff will input that amount into the "VCF" automation system.

   b. If the county does not indicate the amount owed on the **DC-300B**, staff at the receiving institution are responsible for determining the amount due, in accordance with sections **VI.E.4. and VI.E.7.** of this policy.

6. For an inmate incarcerated prior to the implementation date of this policy:

   a. The facility business office is responsible to enter the amount due, for the CVCF and the Victim/Witness Services Fund, as indicated on the **DC-300B**, into the "VCF" automation system, (see **Attachment B**).

   b. If the amount due for the CVCF and the Victim/Witness Services Fund is not indicated on the **DC-300B**:

      (1) It will be determined in accordance with sections **VI.E.4. and VI.E.7.** of this policy, at the inmate's initial reception, annual classification review or parole review, whichever comes first.

      (2) The facility business office will deduct the amount that has been determined as owing for these fees from the total Act 84 amount and adjust the amount due for Act 84.

      (3) The amount due for the CVCF and Victim/Witness Services Funds must be entered into the "VCF" automated system. This will deduct an additional ten percent from the inmate's account until the fee is paid.

7. Instructions for determining the number of sentencing events:

   a. If an inmate was sentenced on the same date in the same county by the same judge, no matter how many sentences were imposed, only one amount is owed for the CVCF and Victim/Witness Services Fund.

   b. If there were two sentences on the same date in the same county by different judges, two amounts would be owed for those sentencing events. If there are two sentences on different days in the same county by the same judge, two fees are owed.

   c. A sentencing event is determined by reviewing **Section 2, Sentence Summary, DC-16E** as follows:

   Example: 1

   | Sentence Date: | County: | Judge: | Indictment: |
   |---|---|---|---|
   | 01/22/03 | Bucks | Defino | 001/03 |
   | 01/22/03 | Bucks | Defino | 002/03 |

   The above example would be one sentencing event.

   Example: 2

   | Sentence Date: | County: | Judge: | Indictment: |
   |---|---|---|---|
   | 01/22/03 | Bucks | Defino | 001/03 |
   | 01/22/03 | Bucks | Smith | 002/03 |

   The above example would be two sentencing events. Indictment 001/03 would be the first event. Indictment 002/03 would be the second sentencing event.

   Example: 3

   | Sentence Date: | County: | Judge: | Indictment: |
   |---|---|---|---|
   | 01/22/03 | Bucks | Defino | 001/03 |
   | 01/23/03 | Chester | Jones | 002/03 |

   The above example would be two sentencing events. Indictment 001/03 and 002/03 would be the first event. Indictment 002/03 would be the second sentencing event.

Example: 4

| Sentence Date: | County: | Judge: | Indictment: |
|---|---|---|---|
| 01/22/03 | Bucks | Defino | 001/03 |
| 01/22/03 | Bucks | Defino | 002/03 |
| 01/22/03 | Bucks | Smith | 003/03 |
| 02/22/03 | Bucks | Smith | 004/03 |

The above example would be three sentencing events. Indictment 001/03 and 002/03 would be the first event. Indictment 003/03 would be the second sentencing event. Indictment 004/03 would be the third sentencing event.

8. Funds for payment of this fee(s) shall be collected in accordance with **Section VI.I.** of this policy.

9. After the initial determination, the amount due will be reviewed at any subsequent annual or parole staffing in case the sentence structure has changed.

10. Status of the inmate's CVCF and Victim/Witness Services Fund payments must be communicated to the PBPP on the **DC-13A, Reclassification Summary**.

11. If the inmate is being paroled before the fees have been paid in full, he/she is to sign a cash slip for the balance due. If he/she refuses to sign the cash slip, a member of the Unit Management team will indicate the inmate's refusal to sign it on the **DC-14** and on the cash slip before forwarding it to the Business Office. The money will subsequently be deducted from the inmate's account.

12. The Pennsylvania Board of Probation and Parole will not issue Release Orders until such payment is verified. When Records Office staff receives the Release Orders the inmate is to be processed for release.

13. An inmate who is returned as a parole violator may owe additional fees to the CVCF. This is to be determined upon reception at the parent facility and the procedures for collection of the fees apply.

## F. Collection of Child Support Payments

1. Collection of child support payments shall be in accordance with **Section VI.I.** of this policy.

2. The business office shall send the funds collected as child support to the Pennsylvania State Collection & Disbursement Unit (PA SCDU) or to the county specified in the documentation ordering the collection.

### G. Monies Owed to the Department of Corrections

1. Inmate Charges for Damages

   Charges assessed for damages will be determined in accordance with Department policy **DC-ADM 801, "Inmate Discipline."**

2. Fees or Costs Awarded by a Court

   Any fees or costs awarded against an inmate in connection with a court case will be collected in accordance with **Section VI.I.** of this policy.

3. Postage Due

   Monies owed for postage will be collected in accordance with **DC-ADM 803, "Inmate Mail and Incoming Publications."**

### H. Payment of Damage Award or Settlement to an Inmate

1. When an inmate receives monetary damages or a settlement as a result of prison conditions litigation that are payable from funds appropriated by the General Assembly or an insurance policy purchased by the Commonwealth, the proceeds shall first be used to satisfy fines, costs and restitution and any outstanding court ordered debt related to the criminal act. When an award or settlement occurs, the Chief Counsel's office will advise the Bureau of Administration. The Bureau of Administration will arrange to deduct the full amount owed from the proceeds.

2. When the amount of outstanding court ordered debt exceeds the monetary damage award or settlement, the Office of Chief Counsel will develop a plan for distributing the funds and notify the parties owed and the court of the proposed distribution. In accordance with Act 84 of 1998, any of the owed parties may seek a court order compelling a change in the proposed distribution.

3. When the amount of monetary damages exceeds all court ordered obligations, the remainder shall be used to satisfy any amount owed to a government party, including a judgement or any other cost or fee assessed against the inmate. Implementation of this assessment will occur by deducting the funds directly from the awards/settlement payment and forwarding them to the appropriate parties.

4. Any funds remaining after payment of the preceding debt shall be credited to the inmate's account.

### I. Precedence of Collections

1. If an inmate owes any money as described in this policy, a maximum of 50% shall be collected to satisfy the debts, provided the inmate's account balance exceeds $10.00.

2. If an inmate owes any money under **Section VI.D.** of this policy (Act 84), 20% of the inmate's account shall be collected until the debt is satisfied , provided the account balance exceeds $10.00.

3. If an inmate owes any money under **Section VI.E.** of this policy (VCF), 10% of the inmate's account shall be collected until the debt is satisfied, provided the account balance exceeds $10.00.

4. If an inmate owes any money under **Sections VI.D** (20%) **and VI.E.** (10%) of this policy, a total of 30% shall be collected until the debts are satisfied, provided the inmate's account balance exceeds $10.00.

5. If an inmate owes any money under **Sections VI.D** and **VI.E.** of this policy, any additional monies owed for other categories, described in **Sections VI. F. G.** and **H.** of this policy, shall be collected up to 20% of the inmate's account (for a total of 50%), and equally applied to all other debts provided the account balance exceeds $10.00.

6. If an inmate does not owe any money under **Sections VI.D.** and/or **VI.E.** of this policy, but he/she has other outstanding debt, up to 50% of the inmate's account shall be collected and equally applied to each debt, provided the account balance exceeds $10.00.

## J. Financial Information Provided Upon Release

1. Release Prior to Sentence Complete

Prior to the release of an inmate to state parole supervision or to a Community Corrections facility, the Business Office provides a record of payments made, remaining account balances toward the satisfaction of court ordered restitution, and/or other court related financial obligations to the Board of Probation and Parole or the Regional Office of Community Corrections via the facility's records office.

2. Release at Expiration of Sentence Complete

Upon release of an inmate at the expiration of his/her Sentence Complete, the business office shall provide a record of payments made and remaining account balances toward the satisfaction of court ordered restitution or other court related financial obligations to the county probation department or other agent designated by the court order via the facility's records office.

## VII. Suspension During An Emergency

In an emergency or extended disruption of normal facility operation, the Secretary/ designee may suspend any provision or section of this policy for a specific period.

## VIII. Rights Under This Policy

This policy does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual. This policy should be interpreted to have sufficient flexibility to be consistent with law and to permit the accomplishment of the purpose(s) of the policies of the Department of Corrections.

## IX. Release of Information and Dissemination

### A. Release of Information

1. Policy

   This policy document is public information and may be released upon request.

2. Procedures Manual (if applicable)

   The procedures manual for this policy is not public information and shall not be released in its entirety or in part, without the prior approval of the Secretary/ designee. This manual or parts thereof may be released to any Department of Corrections employee on an as needed basis.

### B. Distribution of Policy

1. General Distribution

   The Department of Corrections' policy and procedure manuals (when applicable) shall be distributed to the members of the Central Office Executive Staff, All Facility Managers, and Community Corrections Regional Directors on a routine basis. Distribution to other individuals and/or agencies is subject to the approval of the Secretary of Corrections/designee.

2. Distribution to Staff

   It is the responsibility of those individuals receiving policies and procedures, as indicated in the "General Distribution" section above, to ensure that each employee expected or required to perform the necessary procedures/duties is issued a copy of the policy and procedures.

## X. Superseded Policy and Cross Reference

### A. Superseded Policy

1. Department Policy

   DC-ADM 005 Collection of Inmate Debts policy issued September 8, 2003 by Secretary Jeffrey A. Beard, Ph.D.

DC-ADM 005-1, Collection of Inmate Debts policy issued September 29, 2003 by Secretary Jeffrey A. Beard, Ph.D.

2. Facility Policy and Procedures

   All local policy and procedures on the collection of inmate debt.

## B. Cross References

   1. Administrative Manuals

      a. DC-ADM 801, "Inmate Discipline."
      b. DC-ADM 803, "Inmate Mail and Incoming Publications."

   2. Accreditation Standards

      a. Administration of Correctional Agencies:  None
      b. Adult Correctional Institutions:  None
      c. Adult Community Residential Services:  None
      d. Adult Correctional Boot Camp Programs:  None
      e. Correctional Training Academies:  None

(Date)

The Honorable _____
Judge
Court of Common Pleas of
_____ County
(Address)

    RE:   <u>(Name of Inmate)</u>

Dear Judge _____:

    I am writing to obtain clarification of your sentencing order of (date) relating to the above Department of Corrections' inmate. Your order indicates that you would like collection of fines, costs, penalties, and restitution to commence at the time of parole or upon release. With the passage of Act 84 of 1998, the Department has the ability to collect that money immediately. I have attached a copy of Department's policy **DC-ADM 005, "Collection of Inmate Debts"** which explains how the Department fulfills its obligations under Act 84.

    If you would like the Department to begin collecting immediately, please send a certified order to that effect to the records office at SCI-_____. Thank you.

                        Respectfully,

                        _____
                        Records Supervisor

Enclosure

*DC-ADM 005 Collection of Inmate Debts*                *Attachment A*

**Guidelines for Victims Compensation Fees (VCF)**

For the purpose of this transaction within the inmate banking system, the term "Victims Compensation Fees (VCF)," is a combination of the Crime Victim's Compensation Fund and Victim Witness Services Fund. The VCF transaction that has been added to the inmate banking system is nearly identical to the ACT 84 transaction. The purpose of the transaction is to start collection of the VCF and to create a database to document the inmates' payment. It will eliminate individual checks from each facility, as checks will be issued from Central Office with the monthly ACT 84 payments. A record of these fees will be created for every inmate.

The **DC-300B, Court Commitment** or the Sentencing Order, has been revised to provide a section for the counties to indicate the amount owed for the VCF. This amount is to be entered into the VCF system. If the county does not indicate the amount due, facility staff will determine the VCF in accordance with **Section VI. E.** of this policy. Once staff determines the amount owed, the business office will enter that amount. The fee can be paid in full, if the inmate has sufficient funds, or through monthly deductions by the system. The guidelines below will help you to input the correct information into the Inmate Accounts system:

The transaction appears under Maintenance Menu 2 with a transaction code of 60. This selection will lead you to the initial input screen.



This screen allows you to enter the court order number associated with the fee, county code, amount, and select a specific ACT, if indicated. F6 will activate a dropdown list of the ACTS that determine the amount owed. Selecting F6 again will deactivate the list. This list must be used to provide consistency for reporting purposes. Classification Centers will enter the initial information in accordance with **DC-ADM 005, Section VI. E. 5.**

**DC-ADM 005, Section VI. E. 6** contains procedures for determining the amount owed by inmates incarcerated *prior* to the implementation date of **DC-ADM 005.**

Once the information has been entered, the system will automatically deduct 10% of all monies received. This transaction works in conjunction with the ACT 84 transaction to deduct a total of 30% from the incoming monies. The deduction is calculated on the original amount. Department policy **DC-ADM 005** allows for a maximum deduction of up to 50% of incoming monies. Please review **Section VI, I, Precedence of Collections** of Department policy **DC-ADM 005.**

In cases where the county has not provided the amount owed on the **DC-300B** or the Sentencing Order, and if ACT 84 debt exists, it will be adjusted by the amount of VCF owed. This transaction should occur following the input of the VCF. The following examples will help you to determine how best to set up the VCF debt:

1. Inmate has ACT 84 debt of $150. The VCF is determined to be $60. The VCF should be entered and the ACT 84 debt adjusted to $90.

2. If the ACT 84 balanced owed is less than the VCF, the ACT 84 debt will be paid in full. The VCF will still remain at the original amount. Refunds resulting from overpayments will be the responsibility of the Counties.

3. Inmate has available monies to pay VCF in full. Set up VCF transaction under code 60 and then return to transaction and pay in full.

EXHIBIT   13

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY**

**PENNSYLVANIA, FAMILY DIVISION**

| LISA M. WILLIAMS | : | CIVIL ACTION |
|---|---|---|
| Plaintiff | : | |
| | : | |
| VS. | : | No. 87-00155 |
| | : | |
| CASSIUS M. CLAY SR. | : | |
| Defendant | : | |

**PETITION FOR TERMINATION/MODIFICATION OF ARREARS**

**FROM AN EXISTING SUPPORT ORDER**

1. The Petition of Cassius M. Clay, Pro Se, Respectfully Represents that; On SEPTEMBER 10, 1992; an Order of Court was entered for the Support of One Child, Cassius Clay Jr., DOB 9-2-86. On December 13, 2002; a Modified Order of Court was entered based on the Statutory 3 year review of Petitioners Cases. A copy is attached to this Petition, as EXHIBIT #1.

2. Petitioner avers that, he is entitled to MODIFICATION, and or Termination of this Courts Order, for the following Reasons:

3. Petitioner Contends that his Due Process Rights were Violated, by No Notification of the Proceedings, as provided by 23 Pa. C.S.A. §4348(e)(1),(iii)&(v). see Also Mckinney v. Carolus 634 A2d 1144. When Petitioner recieved the Modified Order on 2-6-03, the Issues to be Contested were already Adjudged. Therefore leaving the Petitioner no Opportunity to Contest the said Order. see EXHIBIT #2 (envelopes where the Orders came from, that were already 30days late for appeal, by the Post-Mark). Also 23 Pa. C.S.A. §4352(b),(1)(2)&(3).

4. Petitioner then Petitioned the Courts on March 5, 2003 in order to contest the Modified Order, which petitioner has not recieved Any Reply, as of this Date. see EXHIBIT #3 (Letters to Court).

5. Petitioner avers that the Order for Support Dated 9-10-92 for 1 Child, Cassius Clay Jr., was Suspended Effective 6-25-98 Per Administrative Review. The Petitioner contends that; at the time he Requested the Suspension in 1998, that he also Requested for the Arrearages to be Remitted, as this Court has the power to do so. see Prescott v. Prescott 426 A2d 123 at 124.

6. Petitioner contends that with the last Modification, the Prision here has Stated, or Misconstrued, that the Court has Ordered Arrearage Payments to be paid Now, at $8.00 per Child, for 4 Children, or as they have Taken this month $24.00 to go to the Collection Agency. Instead of later when I get Released, and obtain a Job, which I have agreeded to do. see EXHIBIT #4 (the prision Reply to my request).

7. Petitioner contends that he was making $30.00 a Month, as a Prision Janitor, when the Courts order was Applied, and around $15.20 was Taken, to Pay the Collection Agency (which by the way is More than the statutorly 55%). Leaving the Petitioner with $14.80 and not Enough to Live on for the months of February and March. see 23 Pa. C.S.A. §4348(g). see EXHIBIT #5

8. Petitioner avers that the Court Committed an Abuse of Discretion, by not taking into Account the Petitioners Ability to pay, nor His Earnings Capacity. see Haley v. Haley 549 A2d 1316.

9. The Petitioner avers that he is now starting a new job, which his prision wages, that are at 25¢ an hour, and the hours worked, will be lower. see EXHIBIT #6.

10. The Recent Modification has placed a really huge burden on the petitioner, as evident by his Inability to afford underwear, food, and Expecially Postage, which is needed to Mail and File Important Petitions into Court. For Example My current P.C.R.A. Petition that was Due the 21st of this month was Refused, Four Times beacuse of Insufficient funds, and if not filed timely Grave consequences will occur.

11. Petitioner avers that he will not be able to obtain his basic living needs with the New Modification, and reduction of Pay, and working hours. In Leasure v. Leasure 549 A2d 225, the Superior Court Quoting Chief Justice Krivoska in Ohler v. Ohler 220 Neb. 272, of his Concern of Indigent Parents Ability to Pay Support, Chief Justice Krivoska Stated that, "Imposing upon the Incarcerated Parent a Continuing Support Obligation, beyond his Ability to Pay, Does not help the Child, Rather it simply adds to an Accumulating burden which falls upon the parent when he is least able to bear it. see Leasure v. Leasure Id. at 227.

WHEREFORE Petitioner Prays that, with his Status an an Indigent Prisioner, and his New Job Change, that this does Constitute a Substaintial Change in Income, inwhich Relief Should be given, in the form of; Suspension of the Support Order, and Remittance of All Arrears, as this Modification has Imposed an Undue Hardship on the Petitioner.

## In the Court of Common Pleas of    ALLEGHENY    County, Pennsylvania
### FAMILY DIVISION

| | |
|---|---|
| LISA M. WILLIAMS | ) Order Number        00153986*0 |
|        Plaintiff | ) |
| vs. | ) PACSES Case Number  717003214 |
| CASSIUS M. CLAY SR | ) Docket Number       87-00155 |
|        Defendant | ) Other State ID Number |

## ORDER OF COURT
◯ Final  ◯ Interim  ⊗ Modified

**AND NOW,**    13TH DAY OF DECEMBER, 2002    ,based upon the Court's

determination that the Payee's monthly net income is $ 0            and the Payor's

monthly net income is $ 0.00        , it is hereby ordered that the Payor pay to the

Pennsylvania State Collection and Disbursement Unit

EIGHT

Dollars ($ 8.00        ) a month payable    MONTHLY    as follows: first payment due

ON THE 13TH OF JANUARY AND THE 13TH OF EACH AND EVERY MONTH THEREAFTER

The effective date of the order is 10/12/98 .

Arrears set at $ 6446.67        as of    DECEMBER 13, 2002   are due in full

IMMEDIATELY. All terms of this Order are subject to collection and/or enforcement by

contempt proceedings, credit bureau reporting, tax refund offset certification, driver's license

revocation, and the freeze and seize of financial assets. These enforcement/collection

mechanisms will not be initiated as long as obligor does not owe overdue support. Failure to

make each payment on time and in full will cause all arrears to become subject to immediate

collection by all the means listed above.

For the Support of:

Name                                                    Birth Date

ARREARS ONLY ORDER

**EXHIBIT #1**

WILLIAMS                    v.  CLAY                    PACSES Case Number: 717003214

Unreimbursed medical expenses that exceed $250.00 annually per child and/or spouse are to be paid as follows:   o    % by defendant and    o    % by plaintiff.  The plaintiff is responsible to pay the first $250.00 annually (per child and/or spouse) in unreimbursed medical expenses.   ◯ Defendant ◯ Plaintiff ⓧ Neither party to provide medical insurance coverage.  Within thirty (30) days after the entry of this order, the   ◯ Plaintiff ◯ Defendant shall submit to the person having custody of the child(ren) written proof that medical insurance coverage has been obtained or that application for coverage has been made. Proof of coverage shall consist, at a minimum, of :  1) the name of the health care coverage provider(s);  2) any applicable identification numbers;  3) any cards evidencing coverage; 4) the address to which claims should be made; 5) a description of any restrictions on usage, such as prior approval for hospital admissions, and the manner of obtaining approval; 6) a copy of the benefit booklet or coverage contract; 7) a description of all deductibles and co-payments; and  8) five copies of any claim forms.

Other Conditions:

THE ORDER FOR SUPPORT DATED 9/10/92 FOR 1 CHILD, CASSIUS, IS HEREBY SUSPENDED
EFFECTIVE 6/25/98 PER ADMINISTRATIVE REVIEW AS THE DEFENDANT IS INCARCERATED.
THE ARREARS OF $6446.67 ARE TO BE PAID AT $8 PER MONTH.  THE DEFENDANT MUST
INFORM THE COURT WITHIN 48 HOURS OF HIS RELEASE.  UPON HIS RELEASE AND AT THE
REQUEST OF THE PLAINTIFF, THE CASE MAY BE LISTED TO DETERMINE IF THE
DEFENDANT HAD A SUPPORT OBLIGATION WHILE INCARCERATED AND TO ADDRESS ARREARS.
THE DEFENDANT MUST APPEAR TO FILE FOR A HEARING IF HE REQUESTS FURTHER
ARREARS ADJUSTMENT DUE TO ADDITIONAL INCARCERATION PERIODS PRIOR TO 6/25/98.
THE PARTIES HAVE 30 DAYS TO CONTEST THIS ORDER BEFORE IF BECOMES FINAL.

Defendant shall pay the following fees:

| Fee Total | Fee Description | Payment Frequency | |
|-----------|-----------------|-------------------|---|
| $ 0.00 | for | Payable at $ 0.00 | per |
| $ 0.00 | for | Payable at $ 0.00 | per |
| $ 0.00 | for | Payable at $ 0.00 | per |
| $ 0.00 | for | Payable at $ 0.00 | per |
| $ 0.00 | for | Payable at $ 0.00 | per |

Service Type M                                        Form OE-518
                                                      Worker ID 02254

EXHIBIT #2

DR-14
COURT OF COMMON PLEAS
FAMILY DIVISION, ADULT SECTION
440 ROSS STREET
PITTSBURGH, PA 15219-2117

RETURN SERVICE REQUESTED

RETURN SERVICE
REQUESTED

PRESORT.
BASIC

PB METER
7122830

U.S. POSTAGE

2-6-03
Received

416

**EXHIBIT #3**

**COURT OF COMMON PLEAS**                    MARCH 5, 2003
**FAMILY DIVISION**
**440 Ross Street**
**Pittsburgh, PA 15219-2117**

DEAR SIRS:

      Today I am writting in hope of, getting some infor-
mation on my appeal? I do not have a Court Order for the Tawnya
Thomas Case, nor the case number. I would like to ask, in the
alternative, that you supply me with these. If you also notice
the Judges Orders, the dates that are given were already months
old for appeal purposes. I would like to note that I recieved the
Orders on 2-6-03, and have the envelopes that have the post marked
dates on them. Therefore I would ask that all these documents
herein be filed, as timely.

**THANK YOU FOR YOUR TIME IN THIS MATTER!**

Very Truly Yours,

Cassius M. Clay

Mr. Cassius M. Clay Sr.
DQ-5954
R.D. #10, Box 10
Greensburg, PA 15601

cc/File:

**EXHIBIT #4**

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |
| | **INSTRUCTIONS** Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer)   Inmate Accountant | 2. Date:   2-24-03 |
|---|---|
| 3. By: (Print Inmate Name and Number)   CASSIUS CLAY    DQ5954   Cassius Clay   Inmate Signature | 4. Counselor's Name    MR. DiRRidige |
| | 5. Unit Manager's Name    MR. HARRISON |
| 6. Work Assignment   P.M. Janitor | 7. Housing Assignment   L-16 |

8. Subject: State your request completely but briefly. Give details.

I Recieved A Letter From your OFFICE Indicating, I owe Past Due Child Support, And you want To Take 50% OF My Money From My Account For Collection. For The Following Reasons, I would Ask you To First Check with THe Courts, Because my Orders Have Been Suspended As OF 6-25-98 (See copy of Current Order) on Page 3 it Tells you THis, Also I Have Already HAd two other PRisions THAT Already CHecked, And Found out THAT All my orders Are Suspended until my Release, Then I Am Suposed To go downtown P. HisBilgH PA with my Lawyer And Set Up A Hearing To detremine my Payments (see page 5) THe ConFusion comes when yAll Recieve A Motion oR Action From THe Courts For REVIEW OF My Case which THey do Every 3 years. (see page 4) IN THis CAse, THe Current orders were Modified Based on my Income, THis Modification is For THe Courts Hearing when I get Released, For me To Adress my ARReARS, And To See; For Any cases I Have A oBligation To Support Kids THAT Are not mine. THis is why IT was And still is Suspended, And my Payments will As THey Have Been Always Paid By me. THank you For Looking into THis And will

*deduch money*

9. Response: (This Section for Staff Response Only)

You are correct that all of your child support orders are suspended until your release. However, this is an order for payment of arrears, not current child support. Your obligation to pay arrears does not stop when you are incarcerated. This information was provided by Allegheny County Domestic Relations. We will continue to collect child support arrears from your account.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name   T Reeves / J Reeves   Date   2-24-03
                     Print          Sign

Revised July 2000

**EXHIBIT #5**

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**SCI-Greensburg**
724-837-4397
April 7, 2003

**SUBJECT:** **Collection of Inmate Debt**
**Child Support 7215000975**

**TO:**     Cassius Clay
           DQ5954

**FROM:**   Joanne Miller
           Accounting Assistant

We have received the above referenced Pacses Member ID Number documenting your obligation for child support. Refer to the attached copy of the order. Collections will be made in accordance with the collection of inmate debt policy number DC-ADM 005. **This is amended order.**

Your account will be charged 50% of your income up to $24.00 provided your account balance exceeds $10.00. Actual payments will be made once a month and payments will be made to PA SCDU.

cc:    file (Collection DQ5954)

**EXHIBIT #6**

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**SCI-Greensburg**
724.837.4397
March 13, 2003

**SUBJECT:**  Inmate Work Hours

**TO:**        All Inmates & Inmate Work Supervisors

**FROM:**     L. R. Beaßing
Superintendent

In a continuing effort to adhere to the DOC directive, the following procedure regarding inmate work hours is effective April 1, 2003.

Inmates will only be compensated for the hours they work. For example, housing unit workers will work and be compensated for a maximum of 4-1/2 hours 5 days a week. Any inmate who works over the recommended hours must have verification from the supervisor.

Work supervisors are responsible for recording inmate work hours. It is the supervisor's responsibility to precisely monitor payroll completed by staff they supervise, and also the department head's responsibility to closely monitor payroll prior to it being sent to Inmate Employment for processing. Random payroll audits will be conducted to ensure compliance.

Inmates having questions about their particular work situation should discuss it with their work supervisor.

Thank you for your cooperation in this matter.

LPB:tmd

cc:    Deputies
       Major of the Guard
       Shift Commanders (Read at Roll Call Five Days)
       Department Heads
       Work Supervisors
       CWP Labor Foremen
       Laundry
       Mr. Vance, OOR
       file

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY**

**PENNSYLVANIA, FAMILY DIVISION**

| LISA M. WILLIAMS | : | CIVIL ACTION |
|---|---|---|
| Plaintiff | : | |
| | : | |
| VS. | : | No. 87-00155 |
| | : | |
| CASSIUS M. CLAY SR. | : | |
| Defendant | : | |

**PETITION TO PROCEED IN FORMA PAUPERIS**

TO THE HONORABLE JUDGE OF THE ABOVE NAMED COURT:

AND NOW COMES, The Petitioner, Cassius M. Clay, Pro Se, who Respectfully Represents the Following:

[1] Petitioner Contends that he is unable to Afford the Cost, and Fees Necessasry to prosecute the above captioned matter.

[2] The Affidavit showing my Inability to Pay the Cost, and Fees of Litigation is Attached hereto.

[3] Petitioner is presently Incarcerated at the State Correctional Institution at Greensburg, Address stated below.

WHEREFORE, Petitioner Request that this Court will allow him to institute this Civil Action, and Proceed to the Termination thereof, In Forma Pauperis, or without the Payment of Filing Fees, Cost, or giving of Security therefore.

RESPECTFULLY SUBMITTED,

*Cassius M. Clay*

Cassius M. Clay, Pro Se

Institution #DQ5954

R.D. # 10, Box 10

GREENSBURG, PA   15601

## IN FORMA PAUPERIS VERIFIED STATEMENT

I, Cassius M. Clay, state that under the penalties provided by 18
Pa. C.S.A. §4904 (Unsworn Falsification to Authorities), that:
[1] I am the Defendant in the Above-Captioned proceedings, and
beacuse of my Financial Condition I am Unable to pay the following
Fees and Costs Associated with this Civil Action.

[2] My response to the questions below relating to my ability to
Pay the Fees and Costs of prosecuting this Action are True and
Correct.

    (a) I am presently employed at this Institution as a Janitor,
    my Prision labor salary is $30.00 per Month.

    (b) I have no cash other than Prision Wages. I do not have
    any Checking or Savings Accounts.

    (c) I do not own any Stocks, Bonds, or a Motor Vehicle.

    (d) I have a total of Seven known Dependants.

DATED: APRIL 30, 2003

Cassuis M. Clay, Pro Se

## ORDER

    AND NOW, this _____ day of _____,2003, upon consideration of
Petitioners Request to proceed In Forma Pauperis, the Court
Herby; [ ] GRANTS PETITIONER'S REQUEST, [ ] DENIES PETITIONER'S
REQUEST, to Proceed IN FORMA PAUPERIS IN THIS ACTION.

BY THE COURT:

_____

J.

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY**

**PENNSYLVANIA, FAMILY DIVISION**

| | | |
|---|---|---|
| LISA M. WILLIAMS | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| VS. | : | No. 87-00155 |
| | : | |
| CASSIUS M. CLAY SR. | : | |
| Defendant | : | |

**ORDER OF COURT**

YOU, LISA M. WILLIAMS, Plaintiff, have been sued in Court to TERMINATE, and MODIFY ARREARS, in an Existing Child Support Order. You are Ordered to appear in Person at _____ on _____, 2003, at ____, O'clock ___.M., for a Conference/hearing and Ordered to Remain Untill Dismissed by the Court. If you Fail to Appear as Provided in this Order, an Order of Termination may be Entered Against you.

You are further ordered to bring to the Conference:

(1) Your Pay Stubs for the preceding six months,

(2) Verification of child care expenses, and

(3) proof of medical coverage which you may have.

**DATE OF ORDER:** _____

**BY THE COURT:**

_____ J.

## PROOF OF SERVICE

I hereby Certify that I am this Day Serving the foregoing
Document upon the persons and in the manner Indicated below which
Service Satifies the Requirements of 42. Pa. C.S.A. R.Civ. Proc.,
RULE 403.

**SERVICE BY FIRST CLASS MAIL ADDRESSED AS FOLLOWS:**

HONORABLE JUDGE MAX BAER

COURT OF COMMON PLEAS

FAMILY DIVISION

601 City-County Bld.

Pittsburgh, PA 15219

Court of Common Pleas

Family Division

Suite 200, Allegheny Bld.

429 Forbes Avenue

Pittsburgh, PA 15219

Lisa M. Williams

8552 Michen Ave.

Phila. Pa 19101

**DATED: APRIL 30, 2003**

Cassius M. Clay

Cassius M. Clay Pro Se

Institution #DQ5954

R.D. #10, Box 10

Greensburg, PA 15601

## STATEMENT OF VERIFICATION

I, CASSIUS M. CLAY Sr., Pro Se, Verify that the statements made in this complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A §4904 relating to Unsworn Falsification to Authorities.

**DATE: APRIL 30, 2003**

Cassius M. Clay

CASSIUS M. CLAY, Pro Se
INSTITUTE #DQ5954
R.D. #10, Box 10
Greensburg, PA 15601

# EXHIBIT  14

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY**

**PENNSYLVANIA, FAMILY DIVISION**

| | | |
|---|---|---|
| LISA M. WILLIAMS | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| VS. | : | No. 87-00155 |
| | : | |
| CASSIUS M. CLAY SR. | : | |
| Defendant | : | |

**PETITION FOR TERMINATION/MODIFICATION OF ARREARS**

**FROM AN EXISTING SUPPORT ORDER**

1. The Petition of Cassius M. Clay, Pro Se, Respectfully Represents that; On SEPTEMBER 10, 1992; an Order of Court was entered for the Support of One Child, Cassius Clay Jr., DOB 9-2-86. On December 13, 2002; a Modified Order of Court was entered based on the Statutory 3 year review of Petitioners Cases. A copy is attached to this Petition, as EXHIBIT #1.

2. Petitioner avers that, he is entitled to MODIFICATION, and or Termination of this Courts Order, for the following Reasons:

3. Petitioner Contends that his Due Process Rights were Violated, by No Notification of the Proceedings, as provided by 23 Pa. C.S.A. §4348(e)(1),(iii)&(v). see Also Mckinney v. Carolus 634 A2d 1144. When Petitioner recieved the Modified Order on 2-6-03, the Issues to be Contested were already Adjudged. Therefore leaving the Petitioner no Opportunity to Contest the said Order. see EXHIBIT #2 (envelopes where the Orders came from, that were already 30days late for appeal, by the Post-Mark). Also 23 Pa. C.S.A. §4352(b),(1)(2)&(3).

4. Petitioner then Petitioned the Courts on March 5, 2003 in order to contest the Modified Order, which petitioner has not recieved Any Reply, as of this Date. see EXHIBIT #3 (Letters to Court).

5. Petitioner avers that the Order for Support Dated 9-10-92 for 1 Child, Cassius Clay Jr., was Suspended Effective 6-25-98 Per Administrative Review. The Petitioner contends that; at the time he Requested the Suspension in 1998, that he also Requested for the Arrearages to be Remitted, as this Court has the power to do so. see Prescott v. Prescott 426 A2d 123 at 124.

6. Petitioner contends that with the last Modification, the Prision here has Stated, or Misconstrued, that the Court has Ordered Arrearage Payments to be paid Now, at $8.00 per Child, for 4 Children, or as they have Taken this month $24.00 to go to the Collection Agency. Instead of later when I get Released, and obtain a Job, which I have agreeded to do. see EXHIBIT #4

7. Petitioner contends that he was making $30.00 a Month, as a Prision Janitor, when the Courts order was Applied, and around $15.20 was Taken, to Pay the Collection Agency (which by the way is More than the statutorly 55%). Leaving the Petitioner with $14.80 and not Enough to Live on for the months of February and March. see 23 Pa. C.S.A. §4348(g). see EXHIBIT #5

8. Petitioner avers that the Court Committed an Abuse of Discretion, by not taking into Account the Petitioners Ability to pay, nor His Earnings Capacity. see Haley v. Haley 549 A2d 1316.

9. The Petitioner avers that he is now starting a new job, which his prision wages, that are at 25¢ an hour, and the hours worked, will be lower.

10. The Recent Modification has placed a really huge burden on the petitioner, as evident by his Inability to afford underwear, food, and Expecially Postage, which is needed to Mail and File Important Petitions into Court. For Example My current P.C.R.A. Petition that was Due the 21st of this month was Refused, Four Times beacuse of Insufficient funds, and if not filed timely Grave consequences will occur.

11. Petitioner avers that he will not be able to obtain his basic living needs with the New Modification, and reduction of Pay, and working hours. In Leasure v. Leasure 549 A2d 225, the Superior Court Quoting Chief Justice Krivoska in Ohler v. Ohler 220 Neb. 272, of his Concern of Indigent Parents Ability to Pay Support, Chief Justice Krivoska Stated that, "Imposing upon the Incarcerated Parent a Continuing Support Obligation, beyond his Ability to Pay, Does not help the Child, Rather it simply adds to an Accumulating burden which falls upon the parent when he is least able to bear it. see Leasure v. Leasure Id. at 227.

WHEREFORE Petitioner Prays that, with his Status an an Indigent Prisioner, and his New Job Change, that this does Constitute a Substaintial Change in Income, inwhich Relief Should be given, in the form of; Suspension of the Support Order, and Remittance of All Arrears, as this Modification has Imposed an Undue Hardship on the Petitioner.

## STATEMENT OF VERIFICATION

I, CASSIUS M. CLAY Sr., Pro-Se, Verify that the Statements
Made in this Petition, are True, and Correct. I Understand that
False Statements Herin are Made Subject to the Penalities of 18
Pa. C.S.A. §4904 Relating to Unsworn Falsification to Authorities.

DATED: AUGUST 29, 2003

CASSIUS M. CLAY, PRO-SE
INSTITUTE #DQ5954
R.D. #10, Box 10
Greensburg, PA 15601

EXHIBIT #1
In the Court of Common Pleas of   ALLEGHENY   County, Pennsylvania
FAMILY DIVISION

| | | |
|---|---|---|
| LISA M. WILLIAMS | ) Order Number | 00153986*0 |
| Plaintiff | ) | |
| vs. | ) PACSES Case Number | 717003214 |
| CASSIUS M. CLAY SR | ) Docket Number | 87-00155 |
| Defendant | ) Other State ID Number | |

## ORDER OF COURT
◯ Final   ◯ Interim   ⓧ Modified

AND NOW,   13TH DAY OF DECEMBER, 2002   ,based upon the Court's

determination that the Payee's monthly net income is $ 0   and the Payor's

monthly net income is $ 0.00   , it is hereby ordered that the Payor pay to the

Pennsylvania State Collection and Disbursement Unit

EIGHT

Dollars ($ 8.00   ) a month payable   MONTHLY   as follows: first payment due

ON THE 13TH OF JANUARY AND THE 13TH OF EACH AND EVERY MONTH THEREAFTER

The effective date of the order is 10/12/98 .

Arrears set at $ 6446.67   as of   DECEMBER 13, 2002   are due in full

IMMEDIATELY. All terms of this Order are subject to collection and/or enforcement by

contempt proceedings, credit bureau reporting, tax refund offset certification, driver's license

revocation, and the freeze and seize of financial assets. These enforcement/collection

mechanisms will not be initiated as long as obligor does not owe overdue support. Failure to

make each payment on time and in full will cause all arrears to become subject to immediate

collection by all the means listed above.

For the Support of:

Name                                                                                    Birth Date

ARREARS ONLY ORDER

Form OE-518
Service Type M                                                                Worker ID 02254

**EXHIBIT #1**

WILLIAMS                    V. CLAY                    PACSES Case Number:  717003214

Unreimbursed medical expenses that exceed $250.00 annually per child and/or spouse are to be paid as follows:   o   % by defendant and   o   % by plaintiff.  The plaintiff is responsible to pay the first $250.00 annually (per child and/or spouse) in unreimbursed medical expenses.   ○ Defendant ○ Plaintiff ⊗ Neither party to provide medical insurance coverage.  Within thirty (30) days after the entry of this order, the   ○ Plaintiff

○  Defendant shall submit to the person having custody of the child(ren) written proof that medical insurance coverage has been obtained or that application for coverage has been made. Proof of coverage shall consist, at a minimum, of :  1) the name of the health care coverage provider(s);  2) any applicable identification numbers;  3) any cards evidencing coverage; 4) the address to which claims should be made; 5) a description of any restrictions on usage, such as prior approval for hospital admissions, and the manner of obtaining approval; 6) a copy of the benefit booklet or coverage contract; 7) a description of all deductibles and co-payments; and  8) five copies of any claim forms.

Other Conditions:

THE ORDER FOR SUPPORT DATED 9/10/92 FOR 1 CHILD, CASSIUS, IS HEREBY SUSPENDED
EFFECTIVE 6/25/98 PER ADMINISTRATIVE REVIEW AS THE DEFENDANT IS INCARCERATED.
THE ARREARS OF $6446.67 ARE TO BE PAID AT $8 PER MONTH.  THE DEFENDANT MUST
INFORM THE COURT WITHIN 48 HOURS OF HIS RELEASE.  UPON HIS RELEASE AND AT THE
REQUEST OF THE PLAINTIFF, THE CASE MAY BE LISTED TO DETERMINE IF THE
DEFENDANT HAD A SUPPORT OBLIGATION WHILE INCARCERATED AND TO ADDRESS ARREARS.
THE DEFENDANT MUST APPEAR TO FILE FOR A HEARING IF HE REQUESTS FURTHER
ARREARS ADJUSTMENT DUE TO ADDITIONAL INCARCERATION PERIODS PRIOR TO 6/25/98.
THE PARTIES HAVE 30 DAYS TO CONTEST THIS ORDER BEFORE IF BECOMES FINAL.

Defendant shall pay the following fees:

| Fee Total | | Fee Description | Payment Frequency | |
|---|---|---|---|---|
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |

Service Type M

Form OE-518
Worker ID  02254

EXHIBIT #2

DR-14
COURT OF COMMON PLEAS
FAMILY DIVISION, ADULT SECTION
440 ROSS STREET
PITTSBURGH, PA 15219-2117

RETURN SERVICE REQUESTED

LIO

2-6-03
Received

PRESORT.
FIRST

PB METER
7122830

U.S. POSTAGE

EXHIBIT #3

**COURT OF COMMON PLEAS**                                  MARCH 5, 2003
**FAMILY DIVISION**
**440 Ross Street**
**Pittsburgh, PA 15219-2117**


DEAR SIRS:

          Today I am writting in hope of, getting some infor-
mation on my appeal? I do not have a Court Order for the Tawnya
Thomas Case, nor the case number. I would like to ask, in the
alternative, that you supply me with these. If you also notice
the Judges Orders, the dates that are given were already months
old for appeal purposes. I would like to note that I recieved the
Orders on 2-6-03, and have the envelopes that have the post marked
dates on them. Therefore I would ask that all these documents
herein be filed, as timely.


                              **THANK YOU FOR YOUR TIME IN THIS MATTER!**


                              Very Truly Yours,

                              Cassius M. Clay

                              Mr. Cassius M. Clay Sr.
                              DQ-5954
                              R.D. #10, Box 10
                              Greensburg, PA 15601


cc/File:

EXHIBIT #3

COURT OF COMMON PLEA                                    APRIL 30, 2003

FAMILY DIVISION

Suite 200, Allegheny Building

429 Forbes Avenue

Pittsburgh, PA 15219

DEAR SIRS:

        Today I am writting in Hope of getting some
Information on the Local Family Division Procedures in Allegheny
County, as the Institutional Law Library does not carry anything
on the Family division. I would like to know if these Petitions
will be Filed this time, and Copies sent to each party involved,
and a Filed and Dated Copy sent to me?
Also I would like to Request, an Address for Patric R. Burney, as
I have none, and a Complete Docketing History of the Following
Cases; TAWNYA L. THOMAS No. 86-04623, LISA M. WILLIAMS No.
87-00155, and PATRICE R. BURNEY No. 93-01087.
Please include a copy of THE FAMILY DIVISION COURT MANUAL, and ALL
the addresses, and names of the Following: The Clerk of Courts,
The Child Support Judges, or the persons to hear the Cases.

**THANK YOU FOR YOUR TIME IN THIS VERY IMPORTANT MATTER.**

                                    Cassius Clay

                            CASSIUS M. CLAY DQ5954
                            R.D. #10, Box 10
                            Greensburg, PA 15601

cc/File:

*EXHIBIT #3*

COURT OF COMMON PLEA                         MAY 15, 2003

FAMILY DIVISION, ADULT SECTION

CLERK OF COURT

440 ROSS STREET

Pittsburgh, PA 15219-2117


DEAR SIRS:

      Today I am writting in Hope of getting some
Information on the Local Family Division Procedures in Allegheny
County, as the Institutional Law Library does not carry anything
on the Family division. I would like to know if these Petitions
will be Filed this time, and Copies sent to each party involved,
and a Filed and Dated Copy sent to me?

Also I would like to Request, an Address for Patrice R. Burney, as
I have none, and a Complete Docketing History of the Following
Cases; TAWNYA L. THOMAS No. 86-04623, LISA M. WILLIAMS No.
87-00155, and PATRICE R. BURNEY No. 93-01087.

Please include a copy of THE FAMILY DIVISION COURT MANUAL, and ALL
the addresses, and names of the Following: The Clerk of Courts,
The Child Support Judges, or the persons to hear the Cases.


**THANK YOU FOR YOUR TIME IN THIS VERY IMPORTANT MATTER.**


CASSIUS M. CLAY DQ5954

R.D. #10, Box 10

Greensburg, PA 15601

cc/File:

EXHIBIT #4

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**SCI-Greensburg**
724-837-4397
April 7, 2003

SUBJECT:    **Collection of Inmate Debt**
            **Child Support 7215000975**

TO:    Cassius Clay
       DQ5954

FROM:    _Joanne Miller_
         Joanne Miller
         Accounting Assistant

We have received the above referenced Pacses Member ID Number documenting your obligation for child support. Refer to the attached copy of the order. Collections will be made in accordance with the collection of inmate debt policy number DC-ADM 005. **This is amended order.**

Your account will be charged 50% of your income up to $24.00 provided your account balance exceeds $10.00. Actual payments will be made once a month and payments will be made to PA SCDU.

cc:    file (Collection DQ5954)

```
PAGE    1                      INMATE ACCOUNTS SYSTEM                    04-28-2003
D-L-1016                      MONTHLY ACCOUNT STATEMENT                    532 GRE


      INMATE    NAME
      NUMBER    LAST              FIRST            MI                  OLD BALANCE
      DQ5954    CLAY              CASSIUS                                16.35


BATCH    DATE
  #     MO DY YEAR     TRANSACTION DESCRIPTION              TRANSACTION BALANCE AFTER
                                                             AMOUNT   TRANSACTION

8092    04-02-2003  32  GRE COMMISSARY
                        FOR  4/02/2003                       -16.21        .14
7299    04-07-2003  10  MAINTENANCE PAYROLL
                        MAR WAGES                             31.50      31.64
8099    04-09-2003  32  GRE COMMISSARY
                        FOR  4/09/2003                       -31.44        .20
7322    04-10-2003  39  LEGAL FEES
                        SCDU 7215000975                      -24.00     -23.80
7341    04-16-2003  13  PERSONAL GIFT FROM
                        THOMAS, M                             25.00       1.20
8107    04-17-2003  32  GRE COMMISSARY
                        FOR  4/17/2003                        -1.17        .03
7374    04-25-2003  13  PERSONAL GIFT FROM
                        CLAY, MARLENE                         10.00      10.03


        NEW BALANCE AS OF THIS STATEMENT  -------------------->     10.03
```

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY**

**PENNSYLVANIA, FAMILY DIVISION**

| | | |
|---|---|---|
| LISA M. WILLIAMS | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| VS. | : | No. 87-00155 |
| | : | |
| CASSIUS M. CLAY SR. | : | |
| Defendant | : | |

**PETITION TO PROCEED IN FORMA PAUPERIS**

TO THE HONORABLE JUDGE OF THE ABOVE NAMED COURT:

AND NOW COMES, The Petitioner, Cassius M. Clay, Pro Se, who Respectfully Represents the Following:

[1] Petitioner Contends that he is unable to Afford the Cost, and Fees Necessasry to prosecute the above captioned matter.

[2] The Affidavit showing my Inability to Pay the Cost, and Fees of Litigation is Attached hereto.

[3] Petitioner is presently Incarcerated at the State Correctional Institution at Greensburg, Address stated below.

WHEREFORE, Petitioner Request that this Court will allow him to institute this Civil Action, and Proceed to the Termination thereof, In Forma Pauperis, or without the Payment of Filing Fees, Cost, or giving of Security therefore.

RESPECTFULLY SUBMITTED,

Cassius M. Clay

Cassius M. Clay, Pro Se
Institution #DQ5954
R.D. # 10, Box 10
GREENSBURG, PA   15601

## IN FORMA PAUPERIS VERIFIED STATEMENT

I, Cassius M. Clay, state that under the penalties provided by 18
Pa. C.S.A. §4904 (Unsworn Falsification to Authorities), that:

[1] I am the Defendant in the Above-Captioned proceedings, and
beacuse of my Financial Condition I am Unable to pay the following
Fees and Costs Associated with this Civil Action.

[2] My response to the questions below relating to my ability to
Pay the Fees and Costs of prosecuting this Action are True and
Correct.

    (a) I am presently employed at this Institution as a Janitor,
my Prision labor salary is $30.00 per Month.

    (b) I have no cash other than Prision Wages. I do not have
any Checking or Savings Accounts.

    (c) I do not own any Stocks, Bonds, or a Motor Vehicle.

    (d) I have a total of Seven known Dependants.


DATED: AUGUST 29,  2003

                                      _Cassius M. Clay_
                                      Cassuis M. Clay, Pro Se


### ORDER

    AND NOW, this ____day of_____,2003, upon consideration of
Petitioners Request to proceed In Forma Pauperis, the Court
Herby; [ ] GRANTS PETITIONER'S REQUEST, [ ] DENIES PETITIONER'S
REQUEST, to Proceed IN FORMA PAUPERIS IN THIS ACTION.


                                  BY THE COURT:


                                  _____

                                             J.

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY**

**PENNSYLVANIA, FAMILY DIVISION**

| | | |
|---|---|---|
| LISA M. WILLIAMS | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| VS. | : | No. 87-00155 |
| | : | |
| CASSIUS M. CLAY SR. | : | |
| Defendant | : | |

**ORDER OF COURT**

YOU, LISA M. WILLIAMS, Plaintiff, have been sued in Court to TERMINATE, and MODIFY ARREARS, in an Existing Child Support Order. You are Ordered to appear in Person at _____ on _____, 2003, at ___, O'clock ___.M., for a Conference/hearing and Ordered to Remain Untill Dismissed by the Court. If you Fail to Appear as Provided in this Order, an Order of Termination may be Entered Against you.

You are further ordered to bring to the Conference:

(1) Your Pay Stubs for the preceding six months,

(2) Verification of child care expenses, and

(3) proof of medical coverage which you may have.

**DATE OF ORDER:** _____

**BY THE COURT:**

_____
J.

## PROOF OF SERVICE

I hereby Certify that I am this Day Serving the foregoing Document upon the persons and in the manner Indicated below which Service Satifies the Requirements of 42. Pa. C.S.A. R.Civ. Proc., RULE 403.

## SERVICE BY FIRST CLASS MAIL ADDRESSED AS FOLLOWS:

HONORABLE JUDGE MAX BAER
COURT OF COMMON PLEAS
FAMILY DIVISION
601 City-County Bld.
Pittsburgh, PA 15219

GEORGE F. MATTA, II
Clerk of Courts
115 Courthouse
436 Grant Street
Pittsburgh, PA 15219-2495

Court of Common Pleas
Family Division
Suite 200, Allegheny Bld.
429 Forbes Avenue
Pittsburgh, PA 15219

Court of Common Pleas
Family Division
440 Ross Street
429 Forbes Avenue
Pittsburgh, PA 15219-2117

Lisa M. Williams
8552 Michen Ave.
Phila. Pa 19101

DATED: AUGUST 29, 2003

Cassius M. Cley

Cassius M. Clay Pro Se
Institution #DQ5954
R.D. #10, Box 10
Greensburg, PA 15601

# EXHIBIT  15

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY

## PENNSYLVANIA, FAMILY DIVISION

TAWNYA L. THOMAS                    :        CIVIL ACTION

         Plaintiff                 :

                              :

      VS.                             :        No. 86-04623

                              :

CASSIUS M. CLAY SR.                  :

         Defendant                 :

## PETITION FOR TERMINATION/MODIFICATION OF ARREARS

## FROM AN EXISTING SUPPORT ORDER

1. The Petition of Cassius M. Clay, Pro Se, Respectfully Represents that; A Order of Court was entered for the Support of Two Children, Shaqua L. Clay, DOB 12-20-85, and Ryeisha K. Clay, DOB 5-28-91. On December 13, 2002; a Modified Order of Court was entered based on the Statutory 3 year review of Petitioners Cases. A copy is not attached to this Petition, as I sent it to Court, as an exhibit inwhich I have not gotten any reply. see EXHIBIT #3

2. Petitioner avers that, he is entitled to MODIFICATION, and or Termination of this Courts Order, for the following Reasons:

3. Petitioner Contends that his Due Process Rights were Violated, by No Notification of the Proceedings, as provided by 23 Pa. C.S.A. §4348(e)(1),(iii)&(v). see Also Mckinney v. Carolus 634 A2d 1144. When Petitioner recieved the Modified Order on 2-6-03, the Issues to be Contested were already Adjudged. Therefore leaving the Petitioner no Opportunity to Contest the said Order. see EXHIBIT #2 (envelopes where the Orders came from, that were already 30 days late for appeal, by the Post-Mark). Also 23 Pa. C.S.A. §4352(b),(1)(2)&(3),

4. Petitioner then Petitioned the Courts on March 5, 2003 in order to contest the Modified Order, which petitioner has not recieved Any Reply, as of this Date. see EXHIBIT #3 (Letters to Court).

5. Petitioner avers that the Court Order for Support, for the two Children, was Suspended Effective 6-25-98 Per Administrative Review. The Petitioner contends that; at the time he Requested the Suspension in 1998, that he also Requested for the Arrearages to be Remitted, as this Court has the power to do so. see Prescott v. Prescott 426 A2d 123 at 124.

6. Petitioner contends that with the last Modification, the Prision here has Stated, or Misconstrued, that the Court has Ordered Arrearage Payments to be paid Now, at $8.00 per Child, for 4 Children, or as they have Taken this month $24.00 to go to the Collection Agency. Instead of later when I get Released, and obtain a Job, which I have agreeded to do. see EXHIBIT #4

7. Petitioner contends that he was making $30.00 a Month, as a Prision Janitor, when the Courts order was Applied, and around $15.20 was Taken, to Pay the Collection Agency (which by the way is More than the statutorly 55%). Leaving the Petitioner with $14.80 and not Enough to Live on for the months of February and March. see 23 Pa. C.S.A. §4348(g), see also EXHIBIT #5

8. Petitioner avers that the Court Committed an Abuse of Discretion, by not taking into Account the Petitioners Ability to Pay, nor His Earnings Capacity. see Haley v. Haley 549 A2d 1316.

9. The Petitioner avers that he is now starting a new job, which his prision wages, that are at 25¢ an hour, and the hours worked, will be lower.

10. The Recent Modification has placed a really huge burden on the petitioner, as evident by his Inability to afford underwear, food, and Expecially Postage, which is needed to Mail and File Important Petitions into Court. For Example My current P.C.R.A. Petition that was Due the 21st of this month was Refused, Four Times beacuse of Insufficient funds, and if not filed timely Grave consequences will occur.

11. Petitioner avers that he will not be able to obtain his basic living needs with the New Modification, and reduction of Pay, and working hours. In Leasure v. Leasure 549 A2d 225, the Superior Court Quoting Chief Justice Krivoska in Ohler v. Ohler 220 Neb. 272, of his Concern of Indigent Parents Ability to Pay Support, Chief Justice Krivoska Stated that, "Imposing upon the Incarcerated Parent a Continuing Support Obligation, beyond his Ability to Pay, Does not help the Child, Rather it simply adds to an Accumulating burden which falls upon the parent when he is least able to bear it. see Leasure v. Leasure Id. at 227.

WHEREFORE Petitioner Prays that, with his Status an an Indigent Prisioner, and his New Job Change, that this does Constitute a Substaintial Change in Income, inwhich Relief Should be given, in the form of; Suspension of the Support Order, and Remittance of All Arrears, as this Modification has Imposed an Undue Hardship on the Petitioner.

## STATEMENT OF VERIFICATION

I, CASSIUS M. CLAY Sr., Pro-Se, Verify that the Statements
Made in this Petition, are True, and Correct. I Understand that
False Statements Herin are Made Subject to the Penalities of 18
Pa. C.S.A. §4904 Relating to Unsworn Falsification to Authorities.

**DATED: AUGUST 29, 2003**

Cassius M. Clay

CASSIUS M. CLAY, PRO-SE
INSTITUTE #DQ5954
R.D. #10, Box 10
Greensburg, PA 15601

Copy/

EXHIBIT #3

COURT OF COMMON PLEA                              MAY 15, 2003

FAMILY DIVISION, ADULT SECTION

CLERK OF COURT

440 ROSS STREET

Pittsburgh, PA 15219-2117


DEAR SIRS:

              Today I am writting in Hope of getting some

Information on the Local Family Division Procedures in Allegheny

County, as the Institutional Law Library does not carry anything

on the Family division. I would like to know if these Petitions

will be Filed this time, and Copies sent to each party involved,

and a Filed and Dated Copy sent to me?

Also I would like to Request, an Address for Patrice R. Burney, as

I have none, and a Complete Docketing History of the Following

Cases; TAWNYA L. THOMAS No. 86-04623, LISA M. WILLIAMS No.

87-00155, and PATRICE R. BURNEY No. 93-01087.

Please include a copy of THE FAMILY DIVISION COURT MANUAL, and ALL

the addresses, and names of the Following: The Clerk of Courts,

The Child Support Judges, or the persons to hear the Cases.


               **THANK YOU FOR YOUR TIME IN THIS VERY IMPORTANT MATTER.**


                                     CASSIUS M. CLAY DQ5954

                                     R.D. #10, Box 10

                                     Greensburg, PA 15601


cc/File:

EXHIBIT # 3

COURT OF COMMON PLEA                          APRIL 30, 2003
FAMILY DIVISION
Suite 200, Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219


DEAR SIRS:

              Today I am writting in Hope of getting some
Information on the Local Family Division Procedures in Allegheny
County, as the Institutional Law Library does not carry anything
on the Family division. I would like to know if these Petitions
will be Filed this time, and Copies sent to each party involved,
and a Filed and Dated Copy sent to me?
Also I would like to Request, an Address for Patric R. Burney, as
I have none, and a Complete Docketing History of the Following
Cases; TAWNYA L. THOMAS No. 86-04623, LISA M. WILLIAMS No.
87-00155, and PATRICE R. BURNEY No. 93-01087.
Please include a copy of THE FAMILY DIVISION COURT MANUAL, and ALL
the addresses, and names of the Following: The Clerk of Courts,
The Child Support Judges, or the persons to hear the Cases.


**THANK YOU FOR YOUR TIME IN THIS VERY IMPORTANT MATTER.**

                              Cassius Clay

                              CASSIUS M. CLAY DQ5954
                              R.D. #10, Box 10
                              Greensburg, PA 15601

cc/File:

*EXHIBIT#3*

**COURT OF COMMON PLEAS**                                    MARCH 5, 2003

**FAMILY DIVISION**

**440 Ross Street**

**Pittsburgh, PA 15219-2117**

DEAR SIRS:

        Today I am writting in hope of, getting some infor-
mation on my appeal? I do not have a Court Order for the Tawnya
Thomas Case, nor the case number. I would like to ask, in the
alternative, that you supply me with these. If you also notice
the Judges Orders, the dates that are given were already months
old for appeal purposes. I would like to note that I recieved the
Orders on 2-6-03, and have the envelopes that have the post marked
dates on them. Therefore I would ask that all these documents
herein be filed, as timely.

                    **THANK YOU FOR YOUR TIME IN THIS MATTER!**

                    Very Truly Yours,

                    *Cassius M. Clay*

                    Mr. Cassius M. Clay Sr.

                    DQ-5954

                    R.D. #10, Box 10

                    Greensburg, PA 15601

cc/File:

EXHIBIT#2



DR-14
COURT OF COMMON PLEAS
FAMILY DIVISION, ADULT SECTION
440 ROSS STREET
PITTSBURGH, PA 15219-2117

RETURN SERVICE REQUESTED

2-6-03
Received

EXHIBIT #4

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**SCI-Greensburg**
724-837-4397
April 7, 2003

**SUBJECT:   Collection of Inmate Debt**
**Child Support 7215000975**

**TO:**        Cassius Clay
            DQ5954

**FROM:**    Joanne Miller
            Accounting Assistant

We have received the above referenced Pacses Member ID Number documenting your obligation for child support. Refer to the attached copy of the order. Collections will be made in accordance with the collection of inmate debt policy number DC-ADM 005. **This is amended order.**

Your account will be charged 50% of your income up to $24.00 provided your account balance exceeds $10.00. Actual payments will be made once a month and payments will be made to PA SCDU.

cc:    file (Collection DQ5954)

EXHIBIT #5

```
PAGE   1                    INMATE ACCOUNTS SYSTEM                    04-28-2003
D-L-1016                   MONTHLY ACCOUNT STATEMENT                   532 GRE


     INMATE    NAME
     NUMBER    LAST              FIRST        MI              OLD BALANCE
     DQ5954    CLAY              CASSIUS                         16.35

BATCH     DATE
  #    MO DY YEAR    TRANSACTION DESCRIPTION        TRANSACTION BALANCE AFTER
                                                      AMOUNT   TRANSACTION

8092    04-02-2003  32  GRE COMMISSARY
                        FOR  4/02/2003                 -16.21          .14
7299    04-07-2003  10  MAINTENANCE PAYROLL
                        MAR WAGES                       31.50        31.64
8099    04-09-2003  32  GRE COMMISSARY
                        FOR  4/09/2003                 -31.44          .20
7322    04-10-2003  39  LEGAL FEES
                        SCDU 7215000975                -24.00       -23.80
7341    04-16-2003  13  PERSONAL GIFT FROM
                        THOMAS, M                       25.00         1.20
8107    04-17-2003  32  GRE COMMISSARY
                        FOR  4/17/2003                  -1.17          .03
7374    04-25-2003  13  PERSONAL GIFT FROM
                        CLAY, MARLENE                   10.00        10.03


          NEW BALANCE AS OF THIS STATEMENT -------------------->     10.03
```

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY**

**PENNSYLVANIA, FAMILY DIVISION**

| | | |
|---|---|---|
| TAWNYA L. THOMAS | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| VS. | : | No. 86-04623 |
| | : | |
| CASSIUS M. CLAY SR. | : | |
| Defendant | : | |

**PETITION TO PROCEED IN FORMA PAUPERIS**

TO THE HONORABLE JUDGE OF THE ABOVE NAMED COURT:

AND NOW COMES, The Petitioner, Cassius M. Clay, Pro Se, who Respectfully Represents the Following:

[1] Petitioner Contends that he is unable to Afford the Cost, and Fees Necessasry to prosecute the above captioned matter.

[2] The Affidavit showing my Inability to Pay the Cost, and Fees of Litigation is Attached hereto.

[3] Petitioner is presently Incarcerated at the State Correctional Institution at Greensburg, Address stated below.

WHEREFORE, Petitioner Request that this Court will allow him to institute this Civil Action, and Proceed to the Termination thereof, In Forma Pauperis, or without the Payment of Filing Fees, Cost, or giving of Security therefore.

RESPECTFULLY SUBMITTED,

Cassius M. Clay

Cassius M. Clay, Pro Se
Institution #DQ5954
R.D. # 10, Box 10
GREENSBURG, PA   15601

## IN FORMA PAUPERIS VERIFIED STATEMENT

I, Cassius M. Clay, state that under the penalties provided by 18
Pa. C.S.A. §4904 (Unsworn Falsification to Authorities), that:

[1] I am the Defendant in the Above-Captioned proceedings, and
beacuse of my Financial Condition I am Unable to pay the following
Fees and Costs Associated with this Civil Action.

[2] My response to the questions below relating to my ability to
Pay the Fees and Costs of prosecuting this Action are True and
Correct.

    (a) I am presently employed at this Institution as a Janitor,
    my Prision labor salary is $30.00 per Month.

    (b) I have no cash other than Prision Wages. I do not have
    any Checking or Savings Accounts.

    (c) I do not own any Stocks, Bonds, or a Motor Vehicle.

    (d) I have a total of Seven known Dependants.

DATED: AUGUST 29, 2003

                                     *Cassius M. Clay*
                                  Cassuis M. Clay, Pro Se

### ORDER

    AND NOW, this ____day of_____,2003, upon consideration of
Petitioners Request to proceed In Forma Pauperis, the Court
Herby; [ ] GRANTS PETITIONER'S REQUEST, [ ] DENIES PETITIONER'S
REQUEST, to Proceed IN FORMA PAUPERIS IN THIS ACTION.

                    BY THE COURT: .

                    _____

                                      J.

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY**

**PENNSYLVANIA, FAMILY DIVISION**

| | | |
|---|---|---|
| TAWNYA L. THOMAS | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| VS. | : | No. 86-04623 |
| | : | |
| CASSIUS M. CLAY SR. | : | |
| Defendant | : | |

### ORDER OF COURT

YOU, TAWNYA L. THOMAS, Plaintiff, have been sued in Court to TERMINATE, and MODIFY ARREARS, in an Existing Child Support Order. You are Ordered to appear in Person at _____ on _____, 2003, at ___, O'clock ___.M., for a Conference/hearing and Ordered to Remain Untill Dismissed by the Court. If you Fail to Appear as Provided in this Order, an Order of Termination may be Entered Against you.

You are further ordered to bring to the Conference:

(1) Your Pay Stubs for the preceding six months,

(2) Verification of child care expenses, and

(3) proof of medical coverage which you may have.

DATE OF ORDER: _____

**BY THE COURT:**

_____
                                    J.

## PROOF OF SERVICE

I hereby Certify that I am this Day Serving the foregoing Document upon the persons and in the manner Indicated below which Service Satifies the Requirements of 42. Pa. C.S.A. R.Civ. Proc., RULE 403.

**SERVICE BY FIRST CLASS MAIL ADDRESSED AS FOLLOWS:**

| | |
|---|---|
| HONORABLE JUDGE MAX BAER | GEORGE F. MATTA, II |
| COURT OF COMMON PLEAS | Clerk of Courts |
| FAMILY DIVISION | 115 Courthouse |
| 601 City-County Bld. | 436 Grant Street |
| Pittsburgh, PA 15219 | Pittsburgh, PA 15219-2495 |
| | |
| Court of Common Pleas | Court of Common Pleas |
| Family Division | Family Division |
| Suite 200, Allegheny Bld. | 440 Ross Street |
| 429 Forbes Avenue | 429 Forbes Avenue |
| Pittsburgh, PA 15219 | Pittsburgh, PA 15219-2117 |

Tawnya L. Thomas
5355 Hillcrest st.
Pittsburgh, Pa 15224

**DATED: AUGUST 29,2003**

*Cassius M. Clay*

Cassius M. Clay Pro Se
Institution #DQ5954
R.D. #10, Box 10
Greensburg, PA 15601

# EXHIBIT  16

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY PENNSYLVANIA, FAMILY DIVISION

TAWNYA L. THOMAS           }
      Plaintiff          }
                           }

vs.                           }     FD No.86-4623
                           }

CASSIUS M. CLAY, SR.        }
      Defendant       }
                           }

### ORDER OF COURT

**AND NOW,** to wit, this *24th* day of *August*, 2004, upon

consideration of Petitioner, Cassius M. Clay, Sr.'s, Petition For Termination/Modification of Arrears From an

Existing Support Order, it is hereby ORDERED, ADJUDGED and DECREED that the issues raised in said

Petition are set down for a direct hearing on the *22nd* day of *October*, 2004 before Hearing

Officer *Bingman* *at 10:30 Am*

Petitioner/Defendant, Cassius M. Clay, Sr. is permitted to appear for said hearing by telephone. He

shall be responsible for making all arrangements for his telephone appearance at said hearing through the

Department of Corrections. He shall notify Donald Jerich, Esquire, the Title IV-D attorney of said

arrengements at least ten (10) days prior to said hearing. Mr. Jerich should be contacted at the Allegheny

County Law Department, 300 Ft. Pitt Commons Building, 445 Fort Pitt Blvd., Pittsburgh PA 15219.

Mr. Jerich shall be responsible for notifying the Plaintiff in this case of this hearing date.

Said Peititon is consolidated for hearing with the Petitions filed by Petitioner in his cross-

referenced/cases (87-155 and 93-1087).

By The Court

_____ J.

EXHIBIT  17

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
FAMILY DIVISION

Date of Conference _____          Case No. _~~_
Date of Hearing _2/25/05_                    File No. _____
Counselor _____                   Court Action Requested:
Hearing Officer _Bingman_                    _____

|                | PLAINTIFF              |                | DEFENDANT              |
|----------------|------------------------|----------------|------------------------|
| _Tanya thomas_ |                        | _Corus Clay Sr_ |                       |
| (Name)         |                        | (Name)         |                        |
| _Esq Jewel ACS_|                        |                |                        |
| (Attorney)     |                        | (Attorney)     |                        |
| (Employer)     |                        | (Employer)     |                        |

**HEARING SUMMARY**

Served: ___✓___                             Served: ___✓___  _teleph_

Appeared for: ( ) Counseling                Appeared for: ( ) Counseling
              ( ) Hearing Officer                          (✓) Hearing Officer

NET INCOME: $_____                NET INCOME: _____

OTHER HOUSEHOLD INCOME $_____     OTHER HOUSEHOLD INCOME $_____

OTHER HOUSEHOLD MEMBERS: _____    OTHER HOUSEHOLD MEMBERS _____

ORDER SOUGHT FOR: Spouse_____ Child(ren) No._____ Age & Sex:_____

GUIDELINE (Based on Grid)$_____   First Payment Due_____/_____/_____

RECOMMENDATIONS:

_Def to pay ~~~~ "2.5% mo. on D/CW_
_arrears set at $11,919.43 as of 2/25/05_
_(D/CW arrears of 12,317.33 ..... ..._
_..g P/I ..... ..... of 397.5% to_
_..... at the 11,919.43 figure)._

| PAYMENT SUMMARY: | EXPLANATION (IF NEEDED): |
|------------------|--------------------------|
| APL/SUPPORT _____ | _____        |
| CHILD CARE _____ | _____         |
| TUITION _____   | _____          |
| ARREARS _____   | _____          |
| TOTAL:_____     | _____          |

( ) Copies hereof delivered to parties      _____
( ) Copies mailed to parties _____   Hearing Officer
                              date
NOTE: Any Exceptions must be filed within ten (10) days.  Pending resolution of
Exceptions, parties must comply with recommendation.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
FAMILY DIVISION

Date of Conference _____     Case No. _87-6155___

Date of Hearing _2/25/05_____     File No. _____

Counselor _____     Court Action Requested:

Hearing Officer _Billinion_____     _____

PLAINTIFF                                DEFENDANT

_Lisa Allen-Williams_____     _Cassius Clay SR_____
(Name)                                   (Name)

_Don Jones_____     _____
(Attorney)                               (Attorney)

_____     _____
(Employer)                               (Employer)

                              HEARING SUMMARY

Served: _____     Served: ____V___telephone___

Appeared for: ( ) Counseling     Appeared for: ( ) Counseling

        ( ) Hearing Officer              (✓) Hearing Officer

NET INCOME: $_____     NET INCOME:_____

OTHER HOUSEHOLD INCOME $_____     OTHER HOUSEHOLD INCOME $_____

OTHER HOUSEHOLD MEMBERS:_____     OTHER HOUSEHOLD MEMBERS_____

_____     _____

ORDER SOUGHT FOR: Spouse_____ Child(ren) No._Unsure_ Age & Sex:_____

GUIDELINE (Based on Grid)$_____ First Payment Due_____/_____/_____

RECOMMENDATIONS:

_____Dad to pay $2.50 per month on arrears at_____

_____Bal of $637.67 (S.DW)._____

_____

_____

| PAYMENT SUMMARY: | EXPLANATION (IF NEEDED): |
|---|---|
| APL/SUPPORT _____ | _____ |
| CHILD CARE _____ | _____ |
| TUITION _____ | _____ |
| ARREARS _2.50_ | _____ |
| TOTAL: _2.50_ | _____ |

( ) Copies hereof delivered to parties     _____

( ) Copies mailed to parties _____     ) Hearing Officer
                             date
NOTE: Any Exceptions must be filed within ten (10) days. Pending resolution of
Exceptions, parties must comply with recommendation.

EXHIBIT  18

**In the Court of Common Pleas of**   ALLEGHENY   **County, Pennsylvania**
**FAMILY DIVISION**

LISA M. ALLEN-WILLIAMS
          Plaintiff

vs.

CASSIUS M. CLAY SR
          Defendant

) Order Number    00153986*0
)
) PACSES Case Number  717003214
) Docket Number   87-00155
) Other State ID Number

*Consent*

## ORDER OF COURT
(x) **Final**   ◯ **Interim**  ◯ **Modified**

    **AND NOW,**    7TH DAY OF MARCH, 2005    ,based upon the Court's determination that the Payee's monthly net income is $ 0.00    and the Payor's monthly net income is $ 0.00    , it is hereby ordered that the Payor pay to the Pennsylvania State Collection and Disbursement Unit

TWO DOLLARS AND 50/100

Dollars ($ 2.50    ) a month payable    MONTHLY    as follows: first payment due ON THE 25TH OF FEBRUARY AND ON THE 25TH OF EACH AND EVERY MONTH THEREAFTER. The effective date of the order is 02/25/05 .

    Arrears set at $ 6307.67    as of    MARCH 7, 2005    are due in full **IMMEDIATELY.** All terms of this Order are subject to collection and/or enforcement by contempt proceedings, credit bureau reporting, tax refund offset certification, driver's license revocation, and the freeze and seize of financial assets. These enforcement/collection mechanisms will not be initiated as long as obligor does not owe overdue support. Failure to make each payment on time and in full will cause all arrears to become subject to immediate collection by all the means listed above.

For the Support of:

    Name                           Birth Date

ARREARS ONLY ORDER

Service Type M

Form OE-519
Worker ID 02219

ALLEN-WILLIAMS        v. CLAY                    PACSES Case Number:  717003214

The defendant owes a total of $ 2.50        per month payable    MONTHLY     ;

$ 0.00        for current support and $ 2.50        for arrears.  The defendant must

also pay fees/costs as indicated below.

    Said money to be turned over by the Pa SCDU to:

      LISA M. ALLEN-WILLIAMS '           . Payments must be made by check or

money order.  All checks and money orders must be made payable to Pa SCDU and mailed to:

                Pa SCDU
                P.O. Box 69110
                Harrisburg, Pa 17106-9110

Payments must include the defendant's PACSES Member Number or Social Security Number
in order to be processed.  Do not send cash by mail.

    Unreimbursed medical expenses that exceed $250.00 annually per child and/or spouse
are to be paid as follows:  NA   % by defendant and  NA   % by plaintiff.  The plaintiff is
responsible to pay the first $250.00 annually (per child and/or spouse) in unreimbursed
medical expenses.  ◯ Defendant◯ Plaintiff ⊗ Neither party to provide medical insurance
coverage.  Within thirty (30) days after the entry of this order, the   ◯Plaintiff
◯ Defendant shall submit to the person having custody of the child(ren) written proof that
medical insurance coverage has been obtained or that application for coverage has been made.
Proof of coverage shall consist, at a minimum, of :  1) the name of the health care coverage
provider(s);  2) any applicable identification numbers;  3) any cards evidencing coverage;
4) the address to which claims should be made; 5) a description of any restrictions on usage,
such as prior approval for hospital admissions, and the manner of obtaining approval;
6) a copy of the benefit booklet or coverage contract; 7) a description of all deductibles and
co-payments; and  8) five copies of any claim forms.

Service Type M                                          Form OE-519
                                                        Worker ID 02219

ALLEN-WILLIAMS        v. CLAY                    PACSES Case Number:  717003214

Other Conditions:

HEARD 2-25-05, PLAINTIFF REPRESENTED BY DONALD JERICH, A.C.S.  DEFENDANT
TESTIFIED BY TELEPHONE.  DEFENDANT TO PAY $2.50 PER MONTH ON ARREARS SET
AT $6,307.67 (DPW).  RECOMMENDATION MAILED 3-7-05.

Defendant shall pay the following fees:

| Fee Total | Fee Description | Payment Frequency | |
|---|---|---|---|
| $ 0.00 | for | Payable at $ 0.00 | per |
| $ 0.00 | for | Payable at $ 0.00 | per |
| $ 0.00 | for | Payable at $ 0.00 | per |
| $ 0.00 | for | Payable at $ 0.00 | per |
| $ 0.00 | for | Payable at $ 0.00 | per |

## IMPORTANT LEGAL NOTICE

PARTIES MUST WITHIN SEVEN DAYS INFORM THE DOMESTIC RELATIONS SECTION AND
THE OTHER PARTIES, IN WRITING, OF ANY MATERIAL CHANGE IN CIRCUMSTANCES RELEVANT
TO THE LEVEL OF SUPPORT OR THE ADMINISTRATION OF THE SUPPORT ORDER, INCLUDING,
BUT NOT LIMITED TO, LOSS OR CHANGE OF INCOME OR EMPLOYMENT AND CHANGE OF
PERSONAL ADDRESS OR CHANGE OF ADDRESS OF ANY CHILD RECEIVING SUPPORT. *A PARTY
WHO WILLFULLY FAILS TO REPORT A MATERIAL CHANGE IN CIRCUMSTANCES MAY BE ADJUDGED IN
CONTEMPT OF COURT, AND MAY BE FINED OR IMPRISONED.*

PENNSYLVANIA LAW PROVIDES THAT ALL SUPPORT ORDERS SHALL BE REVIEWED AT LEAST
ONCE EVERY THREE (3) YEARS IF SUCH REVIEW IS REQUESTED BY ONE OF THE PARTIES. IF
YOU WISH TO REQUEST A REVIEW AND ADJUSTMENT OF YOUR ORDER, YOU MUST DO THE
FOLLOWING: CALL YOUR ATTORNEY. AN UNREPRESENTED PERSON WHO WANTS TO MODIFY
(ADJUST) A SUPPORT ORDER SHOULD CONTACT THE DOMESTIC RELATIONS SECTION.

ALL CHARGING ORDERS FOR SPOUSAL SUPPORT AND ALIMONY PENDENTE LITE, INCLUDING
UNALLOCATED ORDERS FOR CHILD AND SPOUSAL SUPPORT OR CHILD SUPPORT AND ALIMONY
PENDENTE LITE, SHALL TERMINATE UPON DEATH OF THE PAYEE.

Service Type M                                              Form OE-519
                                                           Worker ID 02219

ALLEN-WILLIAMS    v. CLAY                    PACSES Case Number: 717003214

A MANDATORY INCOME ATTACHMENT WILL ISSUE UNLESS THE DEFENDANT IS NOT IN
ARREARS IN PAYMENT IN AN AMOUNT EQUAL TO OR GREATER THAN **ONE MONTH'S SUPPORT
OBLIGATION** AND (1) THE COURT FINDS THAT THERE IS GOOD CAUSE NOT TO REQUIRE
IMMEDIATE INCOME WITHHOLDING; OR (2) A WRITTEN AGREEMENT IS REACHED BETWEEN
THE PARTIES WHICH PROVIDES FOR AN ALTERNATE ARRANGEMENT.

UNPAID ARREARAGE BALANCES MAY BE REPORTED TO CREDIT AGENCIES. ON AND
AFTER THE DATE IT IS DUE, EACH UNPAID SUPPORT PAYMENT SHALL CONSTITUTE, BY
OPERATION OF LAW, A JUDGMENT AGAINST YOU, AS WELL AS A LIEN AGAINST REAL
PROPERTY .

IT IS FURTHER ORDERED that, upon payor's failure to comply with this order, payor may be
arrested and brought before the Court for a Contempt hearing; payor's wages, salary,
commissions, and/or income may be attached in accordance with law; this Order will be
increased without further hearing by 60 % a month until all arrearages are paid in full. Payor
is responsible for court costs and fees.

Copies delivered to parties <u>MAILED  3-7-05</u>      .
                                                     Date

Consented:


_____          _____
Plaintiff                                                    Plaintiff's Attorney


_____          _____
Defendant                                                  Defendant's Attorney



                                                     **BY THE COURT:**


                                                     _____
                                                     PER CURIAM
                                                                              **Judge**

Service Type M                                                Form OE-519
                                                              Worker ID 02210

## In the Court of Common Pleas of    ALLEGHENY    County, Pennsylvania
### FAMILY DIVISION

TAWNYA L. THOMAS
    Plaintiff

vs.

CASSIUS M. CLAY SR
     Defendant

*Consent*

) Order Number   00154003*0
)
) PACSES Case Number 794003187
) Docket Number  86-04623
) Other State ID Number

## ORDER OF COURT
### ⊗ Final   ◯ Interim   ◯ Modified

**AND NOW,** 7TH DAY OF MARCH, 2005 ,based upon the Court's determination that the Payee's monthly net income is $ 0.00 and the Payor's monthly net income is $ 0.00 , it is hereby ordered that the Payor pay to the Pennsylvania State Collection and Disbursement Unit

TWO DOLLARS AND 50/100

Dollars ($ 2.50 ) a month payable MONTHLY as follows: first payment due ON THE 25TH OF FEBRUARY AND ON THE 25TH OF EACH AND EVERY MONTH THEREAFTER. The effective date of the order is 02/25/05 .

  Arrears set at $ 11919.83 as of MARCH 7, 2005 are due in full IMMEDIATELY. All terms of this Order are subject to collection and/or enforcement by contempt proceedings, credit bureau reporting, tax refund offset certification, driver's license revocation, and the freeze and seize of financial assets. These enforcement/collection mechanisms will not be initiated as long as obligor does not owe overdue support. Failure to make each payment on time and in full will cause all arrears to become subject to immediate collection by all the means listed above.

For the Support of:

    **Name**                **Birth Date**

ARREARS ONLY ORDER

Form OE-519
Worker ID 02219

THOMAS                    v.  CLAY                    PACSES Case Number:  794003187

The defendant owes a total of $ 2.50      per month payable      MONTHLY      ;

$ 0.00            for current support and $ 2.50        for arrears.  The defendant must

also pay fees/costs as indicated below.

    Said money to be turned over by the Pa SCDU to:

        TAWNYA L. THOMAS            . Payments must be made by check or

money order.  All checks and money orders must be made payable to Pa SCDU and mailed to:

                    Pa SCDU
                    P.O. Box 69110
                    Harrisburg, Pa 17106-9110

Payments must include the defendant's PACSES Member Number or Social Security Number

in order to be processed.  Do not send cash by mail.

    Unreimbursed medical expenses that exceed $250.00 annually per child and/or spouse

are to be paid as follows:  NA    % by defendant and  NA    % by plaintiff.  The plaintiff is

responsible to pay the first $250.00 annually (per child and/or spouse) in unreimbursed

medical expenses.   ◯ Defendant ◯ Plaintiff ⊗ Neither party to provide medical insurance

coverage.  Within thirty (30) days after the entry of this order, the   ◯ Plaintiff

◯ Defendant shall submit to the person having custody of the child(ren) written proof that

medical insurance coverage has been obtained or that application for coverage has been made.

Proof of coverage shall consist, at a minimum, of :  1) the name of the health care coverage

provider(s);  2)  any applicable identification numbers;  3) any cards evidencing coverage;

4) the address to which claims should be made; 5) a description of any restrictions on usage,

such as prior approval for hospital admissions, and the manner of obtaining approval;

6) a copy of the benefit booklet or coverage contract; 7) a description of all deductibles and

co-payments; and  8) five copies of any claim forms.

Service Type M                          Form OE-519
                                        Worker ID 02219

THOMAS                    v. CLAY                    PACSES Case Number:  794003187

Other Conditions:

DEFENDANT TO PAY $250.00/MONTH ON DPW ARREARS SET AT $11,919.83 AS OF
2-28-05. (DPW ARREARS OF $12,217.33 WERE OFFSET BY PLAINTIFF'S OVERPAYMENT
OF $297.50 TO ARRIVE AT THE $11,919.83 FIGURE).    HEARD 2-25-05.    PLAINTIFF
REPRESENTED BY DONALD JERICH, A.C.S.    DEFENDANT TESTIFIED BY TELEPHONE.
RECOMMENDATION MAILED 3-7-05.

Defendant shall pay the following fees:

| Fee Total | | Fee Description | Payment Frequency | |
|---|---|---|---|---|
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |

## IMPORTANT LEGAL NOTICE

PARTIES MUST WITHIN SEVEN DAYS INFORM THE DOMESTIC RELATIONS SECTION AND
THE OTHER PARTIES, IN WRITING, OF ANY MATERIAL CHANGE IN CIRCUMSTANCES RELEVANT
TO THE LEVEL OF SUPPORT OR THE ADMINISTRATION OF THE SUPPORT ORDER, INCLUDING,
BUT NOT LIMITED TO, LOSS OR CHANGE OF INCOME OR EMPLOYMENT AND CHANGE OF
PERSONAL ADDRESS OR CHANGE OF ADDRESS OF ANY CHILD RECEIVING SUPPORT. *A PARTY
WHO WILLFULLY FAILS TO REPORT A MATERIAL CHANGE IN CIRCUMSTANCES MAY BE ADJUDGED IN
CONTEMPT OF COURT, AND MAY BE FINED OR IMPRISONED.*

PENNSYLVANIA LAW PROVIDES THAT ALL SUPPORT ORDERS SHALL BE REVIEWED AT LEAST
ONCE EVERY THREE (3) YEARS IF SUCH REVIEW IS REQUESTED BY ONE OF THE PARTIES. IF
YOU WISH TO REQUEST A REVIEW AND ADJUSTMENT OF YOUR ORDER, YOU MUST DO THE
FOLLOWING: CALL YOUR ATTORNEY. AN UNREPRESENTED PERSON WHO WANTS TO MODIFY
(ADJUST) A SUPPORT ORDER SHOULD CONTACT THE DOMESTIC RELATIONS SECTION.

ALL CHARGING ORDERS FOR SPOUSAL SUPPORT AND ALIMONY PENDENTE LITE, INCLUDING
UNALLOCATED ORDERS FOR CHILD AND SPOUSAL SUPPORT OR CHILD SUPPORT AND ALIMONY
PENDENTE LITE, SHALL TERMINATE UPON DEATH OF THE PAYEE.

Service Type M

Form OE-519
Worker ID 02219

THOMAS                    V.  CLAY                      PACSES Case Number:  794003187

A MANDATORY INCOME ATTACHMENT WILL ISSUE UNLESS THE DEFENDANT IS NOT IN
ARREARS IN PAYMENT IN AN AMOUNT EQUAL TO OR GREATER THAN **ONE MONTH'S SUPPORT
OBLIGATION** AND (1) THE COURT FINDS THAT THERE IS GOOD CAUSE NOT TO REQUIRE
IMMEDIATE INCOME WITHHOLDING; OR (2) A WRITTEN AGREEMENT IS REACHED BETWEEN
THE PARTIES WHICH PROVIDES FOR AN ALTERNATE ARRANGEMENT.

UNPAID ARREARAGE BALANCES MAY BE REPORTED TO CREDIT AGENCIES. ON AND
AFTER THE DATE IT IS DUE, EACH UNPAID SUPPORT PAYMENT SHALL CONSTITUTE, BY
OPERATION OF LAW, A JUDGMENT AGAINST YOU, AS WELL AS A LIEN AGAINST REAL
PROPERTY .

IT IS FURTHER ORDERED that, upon payor's failure to comply with this order, payor may be
arrested and brought before the Court for a Contempt hearing; payor's wages, salary,
commissions, and/or income may be attached in accordance with law; this Order will be
increased without further hearing by 60 % a month until all arrearages are paid in full. Payor
is responsible for court costs and fees.

Copies delivered to parties MAILED 3-7-05_____.
                           Date

Consented:

_____        _____
Plaintiff                               Plaintiff's Attorney

_____        _____
Defendant                               Defendant's Attorney

                                        **BY THE COURT:**

                                        PER CURIAM_____
                                                              **Judge**

Service Type M                          Form OE-519
                                        Worker ID 02219

# EXHIBIT  19

## ORDER/NOTICE TO WITHHOLD INCOME FOR SUPPORT

State **Commonwealth of Pennsylvania**
Co./City/Dist. of **ALLEGHENY**
Date of Order/Notice **02/28/05**
Case Number *(See Addendum for case summary)*

○ Original Order/Notice
Ⓧ Amended Order/Notice
○ Terminate Order/Notice

Employer/Withholder's Federal EIN Number

RE: CLAY, CASSIUS M. SR

SCI GREENSBURG
RR 10 BOX 10
GREENSBURG PA 15601-8999

Employee/Obligor's Name (Last, First, MI)

**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**
Employee/Obligor's Social Security Number

**7215000975**
Employee/Obligor's Case Identifier
*(See Addendum for plaintiff names*
*associated with cases on attachment)*

Custodial Parent's Name (Last, First, MI)

### See Addendum for dependent names and birth dates associated with cases on attachment.

ORDER INFORMATION: This is an Order/Notice to Withhold Income for Support based upon an order for support from **ALLEGHENY** County, Commonwealth of Pennsylvania. By law, you are required to deduct these amounts from the above-named employee's/obligor's income until further notice even if the Order/Notice is not issued by your State.

$ _____0.00_ per month in current support
$ _____5.00_ per month in past-due support          Arrears 12 weeks or greater?  Ⓧ yes  ○ no
$ _____0.00_ per month in current and past-due medical support
$ _____0.00_ per month for genetic test costs
$ _____ per month in other (specify)
for a total of $ _____5.00_ per month to be forwarded to payee below.

You do not have to vary your pay cycle to be in compliance with the support order. If your pay cycle does not match the ordered support payment cycle, use the following to determine how much to withhold:

$ _____1.15_ per weekly pay period.
$ _____2.31_ per biweekly pay period (every two weeks).
$ _____2.50_ per semimonthly pay period (twice a month).
$ _____5.00_ per monthly pay period.

REMITTANCE INFORMATION:

You must begin withholding no later than the first pay period occurring ten (10) working days after the date of this Order/Notice. Send payment within seven (7) working days of the paydate/date of withholding. You are entitled to deduct a fee to defray the cost of withholding. Refer to the laws governing the work state of your employee for the allowable amount. The total withheld amount, and your fee, cannot exceed 55% of the employee's/ obligor's aggregate disposable weekly earnings. For the purpose of the limitation on withholding, the following information is needed (See #9 on page 2).

If remitting by EFT/EDI, please call Pennsylvania State Collections and Disbursement Unit (SCDU) Employer Customer Service at 1-877-676-9580 for instructions.

### Make Remittance Payable to: PA SCDU

### Send check to: Pennsylvania SCDU, P.O. Box 69112, Harrisburg, Pa 17106-9112

*IN ADDITION, PAYMENTS MUST INCLUDE THE DEFENDANT'S NAME AND THE PACSES MEMBER ID (shown above as the Employee/Obligor's Case Identifier) OR SOCIAL SECURITY NUMBER IN ORDER TO BE PROCESSED. DO NOT SEND CASH BY MAIL.*

IT IS FURTHERED ORDERED THAT NO COMMUTATION OF WORKERS' COMPENSATION BENEFITS OR OTHER SUCH LUMP SUM DISTRIBUTION TO THE DEFENDANT SHALL OCCUR UNTIL THIS ORDER OF COURT IS DISSOLVED BY FURTHER ORDER. THE DEFENDANT MUST PETITION THIS COURT TO HAVE THE ORDER DISSOLVED. IF THE PLAINTIFF, PAYEE, DOES NOT HAVE COUNSEL OF RECORD NOTICE MUST BE GIVEN TO THE TITLE IV-D ATTORNEY, 300 FORT PITT COMMONS BUILDING, 445 FORT PITT BLVD., PITTSBURGH, PA 15219.

BY THE COURT:

_____
PER CURIAM

Form EN-028
Worker ID $0INC

OMB No.: 0970-0154

## ADDITIONAL INFORMATION TO EMPLOYERS AND OTHER WITHHOLDERS

☐ If checked you are required to provide a copy of this form to your employee. If your employee works in a state that is different from the state that issued this order, a copy must be provided to your employee even if the box is not checked.

1. **Priority:** Withholding under this Order/Notice has priority over any other legal process under State law against the same income. Federal tax levies in effect before receipt of this order have priority. If there are Federal tax levies in effect please contact the requesting agency listed below.

2. **Combining Payments:** You can combine withheld amounts from more than one employee/obligor's income in a single payment to each agency requesting withholding. You must, however, separately identify the portion of the single payment that is attributable to each employee/obligor.

3. *Reporting the Paydate/Date of Withholding. You must report the paydate/date of withholding when sending the payment. The paydate/date of withholding is the date on which amount was withheld from the employee's wages. You must comply with the law of the state of the employee's/obligor's principal place of employment with respect to the time periods within which you must implement the withholding order and forward the support payments.

4. * **Employee/Obligor with Multiple Support Holdings:** If there is more than one Order/Notice to Withhold Income for Support against this employee/obligor and you are unable to honor all support Order/Notices due to Federal or State withholding limits, you must follow the law of the state of employee's/obligor's principal place of employment. You must honor all Orders/Notices to the greatest extent possible. (See #9 below)

5. **Termination Notification:** You must promptly notify the Requesting Agency when the employee/obligor is no longer working for you. Please provide the information requested and return a copy of this Order/Notice to the Agency identified below.

THE EMPLOYEE/OBLIGOR NO LONGER WORKS FOR: 6082100177
EMPLOYEE'S/OBLIGOR'S NAME: CLAY, CASSIUS M. SR
EMPLOYEE'S CASE IDENTIFIER: 7215000975 DATE OF SEPARATION:
LAST KNOWN HOME ADDRESS:
NEW EMPLOYER'S NAME/ADDRESS:

6. **Lump Sum Payments:** You may be required to report and withhold from lump sum payments such as bonuses, commissions, or severance pay. If you have any questions about lump sum payments, contact the person or authority below.

7. **Liability:** If you fail to withhold income as the Order/Notice directs, you are liable for both the accumulated amount you should have withheld from the employee/obligor's income and other penalties set by Pennsylvania State law. Pennsylvania State law governs unless the obligor is employed in another State, in which case the law of the State in which he or she is employed governs.

8. **Anti-discrimination:** You are subject to a fine determined under State law for discharging an employee/obligor from employment, refusing to employ, or taking disciplinary action against any employee/obligor because of a support withholding. Pennsylvania State law governs unless the obligor is employed in another State, in which case the law of the State in which he or she is employed governs.

9. * **Withholding Limits:** You may not withhold more than the lesser of: 1) the amounts allowed by the Federal Consumer Credit Protection Act (15 U.S.C. §1673 (b)1; or 2) the amounts allowed by the State of the employee's/obligor's principal place of employment. The Federal limit applies to the aggregate disposable weekly earnings (ADWE). ADWE is the net income left after making mandatory deductions such as: State, Federal, local taxes; Social Security taxes; and Medicare taxes. For tribal orders, you may not withhold more than the amounts allowed under the law of the issuing tribe. For tribal employers who receive a state order, you may not withhold more than the amounts allowed under the law of the state that issued the order.

10. **Additional Info:**

*NOTE: If you or your agent are served with a copy of this order in the state that issued the order, you are to follow the law of the state that issued this order with respect to these items.

11. **Submitted By:**

COURT OF COMMON PLEAS
FAMILY DIVISION
ADULT SECTION
440 ROSS STREET
PITTSBURGH PA 15219

If you or your employee/obligor have any questions, contact _____ SEE ATTACHED
by telephone at _____ or
by FAX at (412) 350-6471  or
by internet www.childsupport.state.pa.us

Page 2 of 2

Form EN-028
Worker ID  $OINC

Service Type  M

OMB No.: 0970-0154

## ADDENDUM
## Summary of Cases on Attachment

**Defendant/Obligor:** CLAY, CASSIUS M. SR

PACSES Case Number 717003214
Plaintiff Name
LISA M. ALLEN-WILLIAMS

| Docket | Attachment Amount |
|--------|-------------------|
| 87-00155 | $ 2.50 |

Child(ren)'s Name(s):        DOB
CASSIUS JR CLAY        09/02/86

☐ If checked, you are required to enroll the child(ren) identified above in any health insurance coverage available through the employee's/obligor's employment.

PACSES Case Number
Plaintiff Name

| Docket | Attachment Amount |
|--------|-------------------|
| | $ 0.00 |

Child(ren)'s Name(s):        DOB

☐ If checked, you are required to enroll the child(ren) identified above in any health insurance coverage available through the employee's/obligor's employment.

PACSES Case Number
Plaintiff Name

| Docket | Attachment Amount |
|--------|-------------------|
| | $ 0.00 |

Child(ren)'s Name(s):        DOB

☐ If checked, you are required to enroll the child(ren) identified above in any health insurance coverage available through the employee's/obligor's employment.

PACSES Case Number 794003187
Plaintiff Name
TAWNYA L. THOMAS

| Docket | Attachment Amount |
|--------|-------------------|
| 86-04623 | $ 2.50 |

Child(ren)'s Name(s):        DOB
SHAQUA L. CLAY        12/20/85
KYRISHA K CLAY        05/28/91

☐ If checked, you are required to enroll the child(ren) identified above in any health insurance coverage available through the employee's/obligor's employment.

PACSES Case Number
Plaintiff Name

| Docket | Attachment Amount |
|--------|-------------------|
| | $ 0.00 |

Child(ren)'s Name(s):        DOB

☐ If checked, you are required to enroll the child(ren) identified above in any health insurance coverage available through the employee's/obligor's employment.

PACSES Case Number
Plaintiff Name

| Docket | Attachment Amount |
|--------|-------------------|
| | $ 0.00 |

·Child(ren)'s Name(s):        DOB

☐ If checked, you are required to enroll the child(ren) identified above in any health insurance coverage available through the employee's/obligor's employment.

Addendum

Service Type M

OMB No.: 0970-0154

Form EN-028
Worker ID $OINC

Other Conditions:

THE ORDER OF SUPPORT DATED 8/1/94 FOR 1 CHILD DEANDRE DOB 1/8/86, IS HEREBY
SUSPENDED EFFECTIVE 9/8/98 PER ADMINISTRATIVE REVIEW AS THE DEFENDANT IS
INCARCERATED.    THE ARREARS OF $2876.67 ARE TO BE PAID AT $8 PER MONTH.    THE
DEFENDANT MUST INFORM THE COURT WITHIN 48 HOURS OF HIS RELEASE.    UPON HIS
RELEASE AND AT THE REQUEST OF THE PLAINTIFF, THE CASE MAY BE LISTED TO
DETERMINE IF THE DEFENDANT HAD A SUPPORT OBLIGATION WHILE INCARCERATED AND TO
ADDRESS ARREARS.    THE DEFENDANT MUST APPEAR TO FILE FOR A HEARING IF HE
REQUESTS FURTHER ARREARS ADJUSTMENT DUE TO ADDITIONAL INCARCERATION PERIODS
PRIOR TO 9/29/98.  THE PARTIES HAVE 30 DAYS TO CONTEST THIS ORDER BEFORE IT
BECOMES FINAL.

Defendant shall pay the following fees:

| Fee Total | Fee Description | Payment Frequency | |
|-----------|-----------------|-------------------|-----|
| $ 0.00 | for | Payable at $ 0.00 | per |
| $ 0.00 | for | Payable at $ 0.00 | per |
| $ 0.00 | for | Payable at $ 0.00 | per |
| $ 0.00 | for | Payable at $ 0.00 | per |
| $ 0.00 | for | Payable at $ 0.00 | per |

## IMPORTANT LEGAL NOTICE

PARTIES MUST WITHIN SEVEN DAYS INFORM THE DOMESTIC RELATIONS SECTION AND
THE OTHER PARTIES, IN WRITING, OF ANY MATERIAL CHANGE IN CIRCUMSTANCES RELEVANT
TO THE LEVEL OF SUPPORT OR THE ADMINISTRATION OF THE SUPPORT ORDER, INCLUDING,
BUT NOT LIMITED TO, LOSS OR CHANGE OF INCOME OR EMPLOYMENT AND CHANGE OF
PERSONAL ADDRESS OR CHANGE OF ADDRESS OF ANY CHILD RECEIVING SUPPORT. *A PARTY
WHO WILLFULLY FAILS TO REPORT A MATERIAL CHANGE IN CIRCUMSTANCES MAY BE ADJUDGED IN
CONTEMPT OF COURT, AND MAY BE FINED OR IMPRISONED.*

PENNSYLVANIA LAW PROVIDES THAT ALL SUPPORT ORDERS SHALL BE REVIEWED AT LEAST
ONCE EVERY THREE (3) YEARS IF SUCH REVIEW IS REQUESTED BY ONE OF THE PARTIES. IF
YOU WISH TO REQUEST A REVIEW AND ADJUSTMENT OF YOUR ORDER, YOU MUST DO THE
FOLLOWING: CALL YOUR ATTORNEY. AN UNREPRESENTED PERSON WHO WANTS TO MODIFY
(ADJUST) A SUPPORT ORDER SHOULD CONTACT THE DOMESTIC RELATIONS SECTION.

ALL CHARGING ORDERS FOR SPOUSAL SUPPORT AND ALIMONY PENDENTE LITE, INCLUDING
UNALLOCATED ORDERS FOR CHILD AND SPOUSAL SUPPORT OR CHILD SUPPORT AND ALIMONY
PENDENTE LITE, SHALL TERMINATE UPON DEATH OF THE PAYEE.

**EXHIBIT #1**

BURNEY                    v. CLAY                    PACSES Case Number: 207003208

Other Conditions:

THE ORDER OF SUPPORT DATED 8/1/94 FOR 1 CHILD DEANDRE DOB 1/8/86, IS HEREBY
SUSPENDED EFFECTIVE 9/8/98 PER ADMINISTRATIVE REVIEW AS THE DEFENDANT IS
INCARCERATED. THE ARREARS OF $2876.67 ARE TO BE PAID AT $8 PER MONTH. THE
DEFENDANT MUST INFORM THE COURT WITHIN 48 HOURS OF HIS RELEASE. UPON HIS
RELEASE AND AT THE REQUEST OF THE PLAINTIFF, THE CASE MAY BE LISTED TO
DETERMINE IF THE DEFENDANT HAD A SUPPORT OBLIGATION WHILE INCARCERATED AND TO
ADDRESS ARREARS. THE DEFENDANT MUST APPEAR TO FILE FOR A HEARING IF HE
REQUESTS FURTHER ARREARS ADJUSTMENT DUE TO ADDITIONAL INCARCERATION PERIODS
PRIOR TO 9/29/98. THE PARTIES HAVE 30 DAYS TO CONTEST THIS ORDER BEFORE IT
BECOMES FINAL.

Defendant shall pay the following fees:

| Fee Total | | Fee Description | Payment Frequency | |
|-----------|------|------------------|-------------------|-----|
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |

## IMPORTANT LEGAL NOTICE

PARTIES MUST WITHIN SEVEN DAYS INFORM THE DOMESTIC RELATIONS SECTION AND
THE OTHER PARTIES, IN WRITING, OF ANY MATERIAL CHANGE IN CIRCUMSTANCES RELEVANT
TO THE LEVEL OF SUPPORT OR THE ADMINISTRATION OF THE SUPPORT ORDER, INCLUDING,
BUT NOT LIMITED TO, LOSS OR CHANGE OF INCOME OR EMPLOYMENT AND CHANGE OF
PERSONAL ADDRESS OR CHANGE OF ADDRESS OF ANY CHILD RECEIVING SUPPORT. *A PARTY
WHO WILLFULLY FAILS TO REPORT A MATERIAL CHANGE IN CIRCUMSTANCES MAY BE ADJUDGED IN
CONTEMPT OF COURT, AND MAY BE FINED OR IMPRISONED.*

PENNSYLVANIA LAW PROVIDES THAT ALL SUPPORT ORDERS SHALL BE REVIEWED AT LEAST
ONCE EVERY THREE (3) YEARS IF SUCH REVIEW IS REQUESTED BY ONE OF THE PARTIES. IF
YOU WISH TO REQUEST A REVIEW AND ADJUSTMENT OF YOUR ORDER, YOU MUST DO THE
FOLLOWING: CALL YOUR ATTORNEY. AN UNREPRESENTED PERSON WHO WANTS TO MODIFY
(ADJUST) A SUPPORT ORDER SHOULD CONTACT THE DOMESTIC RELATIONS SECTION.

ALL CHARGING ORDERS FOR SPOUSAL SUPPORT AND ALIMONY PENDENTE LITE, INCLUDING
UNALLOCATED ORDERS FOR CHILD AND SPOUSAL SUPPORT OR CHILD SUPPORT AND ALIMONY
PENDENTE LITE, SHALL TERMINATE UPON DEATH OF THE PAYEE.

Service Type M

Form OE-519
Worker ID 02254

WILLIAMS                          V. CLAY                    PACSES Case Number: 717003214

Unreimbursed medical expenses that exceed $250.00 annually per child and/or spouse are to be paid as follows: o % by defendant and o % by plaintiff. The plaintiff is responsible to pay the first $250.00 annually (per child and/or spouse) in unreimbursed medical expenses.  ◯ Defendant◯ Plaintiff ⊗ Neither party to provide medical insurance coverage.  Within thirty (30) days after the entry of this order, the  ◯ Plaintiff

◯ Defendant shall submit to the person having custody of the child(ren) written proof that medical insurance coverage has been obtained or that application for coverage has been made. Proof of coverage shall consist, at a minimum, of : 1) the name of the health care coverage provider(s); 2) any applicable identification numbers; 3) any cards evidencing coverage; 4) the address to which claims should be made; 5) a description of any restrictions on usage, such as prior approval for hospital admissions, and the manner of obtaining approval; 6) a copy of the benefit booklet or coverage contract; 7) a description of all deductibles and co-payments; and 8) five copies of any claim forms.

Other Conditions:

THE ORDER FOR SUPPORT DATED 9/10/92 FOR 1 CHILD, CASSIUS, IS HEREBY SUSPENDED EFFECTIVE 6/25/98 PER ADMINISTRATIVE REVIEW AS THE DEFENDANT IS INCARCERATED. THE ARREARS OF $6446.67 ARE TO BE PAID AT $8 PER MONTH.  THE DEFENDANT MUST INFORM THE COURT WITHIN 48 HOURS OF HIS RELEASE.  UPON HIS RELEASE AND AT THE REQUEST OF THE PLAINTIFF, THE CASE MAY BE LISTED TO DETERMINE IF THE DEFENDANT HAD A SUPPORT OBLIGATION WHILE INCARCERATED AND TO ADDRESS ARREARS. THE DEFENDANT MUST APPEAR TO FILE FOR A HEARING IF HE REQUESTS FURTHER ARREARS ADJUSTMENT DUE TO ADDITIONAL INCARCERATION PERIODS PRIOR TO 6/25/98. THE PARTIES HAVE 30 DAYS TO CONTEST THIS ORDER BEFORE IF BECOMES FINAL.

Defendant shall pay the following fees:

| Fee Total | | Fee Description | Payment Frequency | |
|-----------|-----|-----------------|-------------------|-----|
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |
| $ 0.00 | for | | Payable at $ 0.00 | per |

Service Type M                          Page 3 of 4                    Form OE-518
                                                                      Worker ID 02254

EXHIBIT 20

## Miscellaneous Docket Sheet

## Commonwealth Court of Pennsylvania

**Docket Number:**     **916 MD 2002**

**Page 1 of 12**

**December 29, 2006**

Peter Vega,
Petitioner
v.
Jeffrey A. Beard, Secretary
Pennsylvania Department of
Corrections, Ben Varner,
Superintendent SCI Smithfield,
et al,
Respondents

| | | | |
|---|---|---|---|
| Initiating Document: | Petition for Review | | |
| Case Status: | Active | | |
| Case Processing Status: | | February 24, 2003 | Awaiting Consideration |
| Journal Number: | SP-1219-2003 | | |
| Case Category: | Miscellaneous | CaseType: | Inmate Petition for Review |

**Consolidated Docket Nos.:**

**Related Docket Nos.:**

### COUNSEL INFORMATION

| | |
|---|---|
| **Petitioner** | Vega, Peter |
| Pro Se:  ProSe | Appoint Counsel Status: |
| IFP Status: | |
| Attorney: | Vega, Peter |
| Law Firm: | |
| Address: | SCI-Mahanoy, AY-8402 |
| | 301 Morea Road |
| | Frackville, PA 17932 |
| | Phone No.: |
| **Respondent** | Beard, Jeffrey A. |
| Pro Se: | Appoint Counsel Status: |
| IFP Status: | |
| Attorney: | Robinson, Alan Matthew |
| Law Firm: | |
| Address: | PA Dept of Corrections |
| | 55 Utley Drive |

PACMS Web Docket Sheet

Recent entries made in the appellate court filing offices may not be immediately reflected on web generated docket sheets.

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these web docket sheets.

5172

3:39 P.M.

## Miscellaneous Docket Sheet

## Commonwealth Court of Pennsylvania

**Docket Number:**      **916 MD 2002**

**Page 2 of 12**

**December 29, 2006**

|  |  |  |
|---|---|---|
|  | Camp Hill, PA 17011 |  |
|  | Phone No.: (717)731-0444 |  |

| **Respondent** | Beard, Jeffrey A. |  |
|---|---|---|
| Pro Se: |  | Appoint Counsel Status: |
| IFP Status: |  |  |
| Attorney: | Mark, Timothy I. |  |
| Law Firm: | PA Department of Corrections |  |
| Address: | Dept of Corrections Office |  |
|  | 55 Utley Drive |  |
|  | Camp Hill, PA 17011-8028 |  |
|  | Phone No.: (717)731-0444 |  |

| **Respondent** | Varner, Ben |  |
|---|---|---|
| Pro Se: |  | Appoint Counsel Status: |
| IFP Status: |  |  |
| Attorney: | Varner, Ben |  |
| Law Firm: |  |  |
| Address: | Superintendent, SCI- Smithfield |  |
|  | P O Box 999   1120 Pike Street |  |
|  | Huntingdon, PA 16652 |  |
|  | Phone No.: |  |

### TRIAL COURT/AGENCY INFORMATION

| Court Below: | Department of Corrections |  |  |
|---|---|---|---|
| County: |  | Division: |  |
| Date of Order Appealed From: |  | Judicial District: |  |
| Date Documents Received: | November 27, 2002 | Date Notice of Appeal Filed: |  |
| Order Type: |  |  |  |

### ORIGINAL RECORD CONTENTS

PACMS Web Docket Sheet

Recent entries made in the appellate court filing offices may not be immediately reflected on web generated docket sheets

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data  errors

or omissions on these web docket sheets

3:39 P.M.

**Miscellaneous Docket Sheet**                    **Commonwealth Court of Pennsylvania**

**Docket Number:**        **916 MD 2002**                    
**Page 3 of 12**
**December 29, 2006**

**BRIEFING SCHEDULE**

PACMS Web Docket Sheet

Recent entries made in the appellate court filing offices may not be immediately reflected on web generated docket sheets.

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data errors

or omissions on these web docket sheets

12/29/2006                                                            **5172**

3:39 P.M.

## Miscellaneous Docket Sheet

## Commonwealth Court of Pennsylvania

**Docket Number:** **916 MD 2002**

**Page 4 of 12**

**December 29, 2006**



| DOCKET ENTRIES | | | |
|---|---|---|---|
| **Filed Date** | **Docket Entry/Document Name** | **Party Type** | **Filed By** |
| November 27, 2002 | Petition for Review Filed | Petitioner | Vega, Peter |
| December 3, 2002 | Send Back for Correction<br>Need PLRA forms completed | | Commonwealth Court Filing Office |
| December 10, 2002 | Praecipe for Appearance<br>Praecipe for Appearance Robinson, Alan Matthew | Respondent | Beard, Jeffrey A. |
| December 12, 2002 | Complied with Sendback<br>check provided | Petitioner | Vega, Peter |
| December 13. 2002 | Order Filed<br>This matter shall be treated as a PFR addressed to this Court's original jurisdiction. | | Per Curiam |
| January 8, 2003 | Preliminary Objections | Respondent<br>Respondent | Beard, Jeffrey A.<br>Varner, Ben |
| January 9, 2003 | Order Filed<br>Petitioner shall serve his PFR on resp. & A.G. & file proof of same by 1/24/03 or this matter wil be<br>dismissed as of course.  Resp. may file additional P.O.'s within 44 days of this order if petitioner complies. | | Per Curiam |
| January 9, 2003 | Letter<br>Documents returned for improper service. | | Hostutler, Charles R. |

PACMS Web Docket Sheet

Recent entries made in the appellate court filing offices may not be immediately reflected on web generated docket sheets.

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data  errors or omissions on these web docket sheets

5172

## Miscellaneous Docket Sheet

## Commonwealth Court of Pennsylvania

**Docket Number:      916 MD 2002**
**Page 5 of 12**
**December 29, 2006**

| January 23, 2003 | Exhibit | | |
| | To Petition for Review in partial compliance with 1/9/03 order. | | |
| | | Petitioner | Vega, Peter |

| January 28, 2003 | Dismissed | | |
| | | | Per Curiam |
| | this matter is dismissed due to petitioner's failure to comply woth this court's 1/9/03 order. | | |

| February 20, 2003 | Application for Reconsideration | | |
| | Of order dismissing case. | | |
| | | Petitioner | Vega, Peter |

| February 24, 2003 | Order Granting Application for Reconsideration | | |
| | This Court's order of 1/28/03 is VACATED & the PFR is reinstated.  Resp.'s shall file any additional | | |
| | | | Per Curiam |
| P.O.'s or answer to the PFR by 3/27/03. | | | |

| March 25, 2003 | Preliminary Objections | | |
| | | Respondent | Beard, Jeffrey A. |
| | | Respondent | Varner, Ben |

| March 27, 2003 | Order Filed | | |
| | Resp.'s are directed to promptly serve a copy of their P.O.s on petitioner at his current address | | |
| | | | Per Curiam |
| at SCI-Mahanoy & file prrof of same by 4/7/03. | | | |

| April 2, 2003 | Praecipe | | |
| | To Substitute new address for petitioner. | | |
| | | Respondent | Beard, Jeffrey A. |
| | | Respondent | Varner, Ben |

| April 24, 2003 | Application for Extension of Time to File | | |
| | A response to P.O.'s. | | |

PACMS Web Docket Sheet

Recent entries made in the appellate court filing offices may not be immediately reflected on web generated docket sheets.
Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data  errors or omissions on these web docket sheets

12/29/2006                                                                5172

3:39 P.M.

## Miscellaneous Docket Sheet

### Commonwealth Court of Pennsylvania

**Docket Number:**     **916 MD 2002**

**Page 6 of 12**

**December 29, 2006**



|  |  | Petitioner | Vega, Peter |
|---|---|---|---|
| April 25, 2003 | Order Granting Application for Extension of Time to File Response to Resp.'s P.O.'s | | |
| | | | Per Curiam |
| May 29, 2003 | Answer to Preliminary Objections | Petitioner | Vega, Peter |
| June 2, 2003 | Order Sustaining Preliminary Objections Petitioner shall file an amended PFR by 7/3/03. | | |
| | | | Per Curiam |
| June 4, 2003 | Amended Answer to P.O.'s. | Petitioner | Vega, Peter |
| July 22, 2003 | Amended Amended PFR in compliance with this Court's 6/02/03 order. | Petitioner | Vega, Peter |
| July 24, 2003 | Order Filed Resp. is directed to respond to the amended PFR by 8/25/03. | | |
| | | | Per Curiam |
| August 25, 2003 | Preliminary Objections To Amended Petition for Review. | Respondent Respondent | Beard, Jeffrey A. Varner, Ben |
| August 29, 2003 | Submitted on Brief | | |

PACMS Web Docket Sheet

Recent entries made in the appellate court filing offices may not be immediately reflected on web generated docket sheets.

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these web docket sheets.

3:39 P.M.

## Miscellaneous Docket Sheet

## Commonwealth Court of Pennsylvania

**Docket Number:** **916 MD 2002**
**Page 7 of 12**
**December 29, 2006**

---

|  |  |  |  |
|---|---|---|---|
|  | Resp.'s P.O.'s shall be submitted on briefs.  Resp.'s supporting brief (15) is due 9/29/03 & | | |
|  |  |  | Per Curiam |
| petitioner's opposing brief (15) is due 10/29/03. | | | |

---

| September 29, 2003 | Application for Extension of Time to File Brief - First Request | | |
|---|---|---|---|
|  | To file brief in support of P.O.'s. | | |
|  |  | Respondent | Beard, Jeffrey A. |
|  |  | Respondent | Varner, Ben |

---

| October 1, 2003 | Order Granting Application for Extension of Time to File Brief | | |
|---|---|---|---|
|  | Resp.'s brief (15) supporting P.O.'s due 10/20/03; petitioner's opposing brief (15) is due 11/19/03. | | |
|  |  |  | Per Curiam |

---

| October 20, 2003 | Respondent's Brief Filed | | |
|---|---|---|---|
|  | Supporting Preliminary Objections | | |
|  |  | Respondent | Beard, Jeffrey A. |
|  |  | Respondent | Varner, Ben |

---

| November 13, 2003 | Petitioner's Brief Filed | | |
|---|---|---|---|
|  | In opposition to PO's | | |
|  |  | Petitioner | Vega, Peter |

---

| March 24, 2004 | Opinion | | |
|---|---|---|---|
|  | The preliminary objection in the nature of a demurrer is overruled and Respondents are directed to | | |
|  |  |  | Cohn, Renee L. |
|  | file an answer within 30 days of entry of this order.  Petitioner's motion for leave to amend is dismissed as moot.  Friedman, J files a Concurring and Dissenting Opinion.  Opinion (17 pgs) | | |

---

| April 23, 2004 | Application for Extension of Time to File | | |
|---|---|---|---|
|  | Answer to Petition for Review. | | |
|  |  | Respondent | Beard, Jeffrey A. |
|  |  | Respondent | Varner, Ben |

---

| April 28, 2004 | Order Granting Application for Extension of Time to File | | |
|---|---|---|---|

PACMS Web Docket Sheet

Recent entries made in the appellate court filing offices may not be immediately reflected on web generated docket sheets.

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these web docket sheets

5172

3:39 P.M.

**Miscellaneous Docket Sheet**

**Commonwealth Court of Pennsylvania**

**Docket Number:**     **916 MD 2002**
**Page 8 of 12**
**December 29, 2006**



| | | | |
|---|---|---|---|
| | Respondent, DOC shall answer the pet. for review by 5/12/04. | | |
| | | | Per Curiam |
| May 12, 2004 | Answer Filed | | |
| | To Amended PFR with New Matter. | | |
| | | Respondent | Beard, Jeffrey A. |
| | | Respondent | Varner, Ben |
| June 17, 2004 | Application for Extension of Time to File | | |
| | To respond to resp.'s answer to amended pet. for review with new matter. | | |
| | | Petitioner | Vega, Peter |
| June 22, 2004 | Order Granting Application for Extension of Time to File | | |
| | Reply to new matter to 7/12/04. | | |
| | | | Per Curiam |
| March 29, 2005 | Application for Relief | | |
| | Second request for production of documents. | | |
| | | Petitioner | Vega, Peter |
| July 14, 2005 | Report Filed | | |
| | First set of interrogatories to respondents | | |
| | | Petitioner | Vega, Peter |
| August 3, 2005 | Report Filed | | |
| | 2nd set of interrogatories to respondents. | | |
| | | Petitioner | Vega, Peter |
| August 8, 2005 | Praecipe for Appearance | | |
| | Praecipe for Appearance of Timothy I. Mark, Esq. | | |
| | | Respondent | Beard, Jeffrey A. |

PACMS Web Docket Sheet

Recent entries made in the appellate court filing offices may not be immediately reflected on web generated docket sheets
Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data errors
or omissions on these web docket sheets

3:39 P.M.

## Miscellaneous Docket Sheet

## Commonwealth Court of Pennsylvania

**Docket Number:** **916 MD 2002**

**Page 9 of 12**

**December 29, 2006**



| August 8, 2005 | Application for Protective Order |
|---|---|

& Stay of Discovery.

|  | Respondent | Beard, Jeffrey A. |
|---|---|---|
|  | Respondent | Varner, Ben |

| August 10, 2005 | Order Denying Application for Protective Order |
|---|---|

& Stay of Discovery.   Resp. may object to the form of petitioner's interrogatories.

Per Curiam

| September 16, 2005 | Application for Relief |
|---|---|

Motion for order to compel resopndents to answer interrogatories.

|  | Petitioner | Vega, Peter |
|---|---|---|

| September 19, 2005 | Order Granting Application for Relief |
|---|---|

Petitioner's motion for order to compel resps. to answer interrogatories is granted & resps. are

Per Curiam

directed to answer interrogatories by 10/4/05.

| September 21, 2005 | Application for Stay |
|---|---|

Of Discovery.

|  | Respondent | Beard, Jeffrey A. |
|---|---|---|
|  | Respondent | Varner, Ben |

| September 21, 2005 | Application for Clarification |
|---|---|

Of 8/10/05 order.

|  | Respondent | Beard, Jeffrey A. |
|---|---|---|
|  | Respondent | Varner, Ben |

| September 26, 2005 | Order Filed |
|---|---|

Thic court's 9/19/05 order is vacated.  Resp.'s objections to petitioner's 1st & 2nd sets of

Per Curiam

interrogatories are sustained & resps. need not respond to said interrogatories.  This order is issed without prejudice to
petitioner to file additional complying interrogatories.

PACMS Web Docket Sheet

Recent entries made in the appellate court filing offices may not be immediately reflected on web generated docket sheets

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors

or omissions on these web docket sheets

## Miscellaneous Docket Sheet

## Commonwealth Court of Pennsylvania

**Docket Number:** **916 MD 2002**

**Page 10 of 12**

**December 29, 2006**



| | | | |
|---|---|---|---|
| June 30, 2006 | Report Filed | | |
| | 3rd set of interrogatories to respondents. | | |
| | | Petitioner | Vega, Peter |
| June 30, 2006 | Application for Relief | | |
| | Third request for production of documents. | | |
| | | Petitioner | Vega, Peter |
| October 3, 2006 | Motion for Summary Judgment | | |
| | | Petitioner | Vega, Peter |
| October 3, 2006 | Petitioner's Brief Filed | | |
| | Supporting Motion for Summary Judgment | | |
| | | Petitioner | Vega, Peter |
| October 4, 2006 | Submitted on Brief | | |
| | Petitioner's mot. for summary judg. is submitted on briefs: resp.brief is due by 11/3/06. | | |
| | | | Per Curiam |
| October 30, 2006 | Application for Extension of Time to File Brief - First Request | | |
| | | Respondent | Beard, Jeffrey A. |
| | | Respondent | Varner, Ben |
| November 1, 2006 | Order Granting Application for Extension of Time to File | | |
| | Petitioner's motion for summary judgment is due by 12/4/06. | | |
| | | | Per Curiam |
| November 6, 2006 | Answer to Application for Extension | | |
| | To file brief. | | |
| | | Petitioner | Vega, Peter |

PACMS Web Docket Sheet

Recent entries made in the appellate court filing offices may not be immediately reflected on web generated docket sheets.

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data errors

or omissions on these web docket sheets

## Miscellaneous Docket Sheet

## Commonwealth Court of Pennsylvania

| **Docket Number:** | **916 MD 2002** |
|---|---|

**Page 11 of 12**

**December 29, 2006**

| November 22, 2006 | Motion for Judgment on the Pleadings |
|---|---|
| | & Suggestion of Mootness. |

| | | Respondent | Beard, Jeffrey A. |
|---|---|---|---|
| | | Respondent | Varner, Ben |

| November 27, 2006 | Order Filed |
|---|---|
| | Petitioner is directed to file an answer to resps.' suggestion of mootness by 12/12/06.  The |

Per Curiam

briefing schedule is stayed pending disposition of same.

| December 5, 2006 | Answer Filed |
|---|---|
| | to Resp.'s Suggestion of Mootness in compliance with this Court's 11/27/06 order.. |

| | | Petitioner | Vega, Peter |
|---|---|---|---|

| December 5, 2006 | Order Directing Submission on Brief |
|---|---|
| | Resp.'s suggestion of mootness & mot. for judgment on the pleadings shall be submitted on briefs |

Per Curiam

with petitioner's motion for summary judgment.  Resp.'s brief is due 1/4/07;  petitioner may file a supplemental brief addressing resp.'s motion by 1/18/07.

| December 21, 2006 | Respondent's Brief Filed |
|---|---|
| | In opposition to motion for summary judgment and in support of suggestion of mootnes |

| | | Respondent | Varner, Ben |
|---|---|---|---|
| | | Respondent | Beard, Jeffrey A. |

**SESSION INFORMATION**

| Journal Number: | SP-1219-2003 |
|---|---|
| Consideration Type: | Submitted on Briefs |
| Date Listed/Submitted: 12/5/03 | |

PACMS Web Docket Sheet

Recent entries made in the appellate court filing offices may not be immediately reflected on web generated docket sheets.

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors

or omissions on these web docket sheets

12/29/2006

5172

3:39 P.M.

## Miscellaneous Docket Sheet

## Commonwealth Court of Pennsylvania

**Docket Number:** 916 MD 2002

**Page 12 of 12**

**December 29, 2006**

### DISPOSITION INFORMATION

| | | | |
|---|---|---|---|
| Related Journal Number: | | Judgment Date: | 1/28/2003 |
| Disposition Category: | Disposed Before Decision | Disposition Author: | Per Curiam |
| Disposition: | Dismissal | Disposition Date: | 1/28/2003 |

Dispositional Comments:    this matter is dismissed due to petitioner's failure to comply woth this court's 1/9/03 order.

Dispositional Filing:                                                Author:

Filed Date:

### REARGUMENT/RECONSIDERATION/REMITTAL

Reargument/Reconsideration Filed Date: February 20, 2003

Reargument Disposition:    Reconsideration/Reargument Granted                    Date:    February 24, 2003

Record Remitted:

PACMS Web Docket Sheet

Recent entries made in the appellate court filing offices may not be immediately reflected on web generated docket sheets.

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors

or omissions on these web docket sheets

12/29/2006                                                                                    5172