IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS CLAY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 05-125E |
| v. | ) Judge Sean J. McLaughlin |
| | ) Mag. Judge Susan Paradise Baxter |
| TRACY REEVES, et al., | ) |
| | ) |
| Defendants. | ) |

**CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendants, Tracy Reeves, Angie Marhefka, Jack Loughry, Sharon Burks, David Wakefield, Candis Brimmer and Jeffrey Beard, by their attorneys, Thomas W. Corbett Jr., Attorney General, Mary Friedline, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief, Litigation Section, pursuant to L.R. 56.1, respectfully submit the following Concise Statement of Material Facts which they contend are not in dispute and are material to their Motion for Summary Judgment:

1. Plaintiff Cassius Clay, Sr., an inmate acting pro se, initiated this civil rights action pursuant to 42 U.S.C. §1983 on April 28, 2005.  (Docket #1)

2. Plaintiff claims that the defendants conspired to deprive him of property by illegally deducting money from his prison account to pay a suspended child support order, that they denied him access to the courts by refusing to advance him funds after the money deducted left him without sufficient funds to prosecute an appeal of his criminal case, and that DC-ADM 005 is unconstitutional.  (*Id*.)

3. On February 16, 2006, defendants moved to dismiss the Complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).  (Docket #26)

1

    4.       The Motion was denied without prejudice on June 27, 2006. (Docket #38)

    5.       Plaintiff filed a Motion for Preliminary Injunction on July 24, 2006 claiming that his due process rights were being violated by the unlawful deduction of money from his account, that defendants were retaliating against him by confiscating legal documents and that he feared that he would be transferred to another facility as further retaliation and to impede his ability to have access to the courts. (Docket #41)

    6.       Two telephonic hearings were held before Magistrate Judge Baxter. The second hearing on September 21, 2006 was recorded and has been transcribed. A copy of the transcript is attached to defendants Brief in Support of Motion for Summary Judgment as Exhibit 1. (Docket #57; Ex. 1)

    7.       The Magistrate Judge issued a Report and Recommendation dated September 28, 2006 recommending that the Motion for Preliminary Injunction be denied based on lack of federal court jurisdiction over plaintiff's claims. (Docket #49)

    8.       Plaintiff is the named defendant in three child support actions pending in the Court of Common Pleas of Allegheny County. (Exh. 2, 5, 7.)

    9.       In two of the actions, wage attachment orders were issued and served upon S.C.I Greensburg where plaintiff was currently incarcerated. (Exh. Exh. 4, 6, 9.)

    10.      The first support action was filed on June 4, 1986 by Tawnya L. Thomas for one child, Shaqua L. Clay, born December 20, 1985. The case is docketed in the Court of Common Pleas at FD86-04623. (Exh. 2.)

    11.      Plaintiff signed an Acknowledgement of Paternity for Shaqua on January 17, 1991. (Exh. 3.)

12. Following a hearing to establish the amount of child support, plaintiff was ordered to pay $50.00 per month. (Ex. 4)

13. Ms. Thomas filed a second Complaint against plaintiff for the support of, Ryeisha Kamey Clay, born May 28, 1991, which was consolidated with the prior complaint. (Ex. 5)

14. Following a hearing to establish support on July 9, 1992, plaintiff was found to be the biological father of Ryeisha Kamey Clay and ordered to pay child support to Tawnya Thomas for both children in the amount of $220.00 per month, plus $50 per month on arrears of $3235. (Ex. 6)

15. Ms. Thomas was receiving public assistance at the time, and the support arrears are owed to the Pennsylvania Department of Public Welfare.

16. Lisa Allen-Williams filed a support action against plaintiff for the support of one child, Cassius Clay, Jr., born September 2, 1986. That case is docketed at FD 87-00155. (Ex. 7)

17. Plaintiff filed an Acknowledgement of Paternity for Cassius Clay, Jr. on January 17, 1991. (Ex. 8)

18. By order dated January 2, 1992, plaintiff was ordered to pay $50.00 per month in child support for Cassius Clay, Jr. and pay arrears of $290.00 in full.

19. A third child support complaint was filed against plaintiff by Patrice Burney for Deandre, born January 8, 1986. That action is pending at FD93-01087. (Docket #45)

20.     Plaintiff was arrested on October 17, 1996 and held in the Allegheny County Jail until he was tried, convicted and sentenced to twelve to fifty years by the Court of Common Pleas of Allegheny County.  (Exh. 11; see also Cplt., generally.)

21.     Plaintiff is currently confined at S.C.I. Forest.

22.      On plaintiff's motion, all three child support orders were suspended pending his release from prison.  (See Cplt., generally.)

23.      At the time the orders were suspended, plaintiff was behind on all child support payments and substantial arrears had accrued.  (Exh. 10, 13-15.)

24.      By Order dated December 13, 2002, the Allegheny County Court of Common Pleas issued an Order requiring plaintiff to pay $8.00 per month towards arrears on the support orders for Shaqua, Ryeisha and Cassius.  The order also stated as follows:

> A mandatory income attachment will issue unless the defendant is not in arrears in payment in an amount equal to or greater than one month's support obligation and (1) the court finds that there is good cause not to require immediate income withholding; or (2) a written agreement is reached between the parties which provides for an alternate arrangement.  (Ex. 10)

25.     The Court of Common Pleas of Allegheny County then issued an amended order dated March 21, 2003, which ordered S.C.I Greensburg to deduct $24.00 per month, from plaintiff's account and send it to Pennsylvania State Collections and Disbursement Unit ("SCDU") in Harrisburg, Pennsylvania.  (Docket #45 – Plaintiff's Exhibits in Support of Motion for Preliminary Injunction; see also Exh. 14 – 4/7/05 Miller memo.)

26. By letter dated March 18, 2003, plaintiff asked the Family Division to suspend his payment on arrearages in all his outstanding support cases, as well as his current monthly support obligation, based on a lack of income. (Ex. 11).

29. On April 30, 2003, plaintiff filed a Petition for Termination/Modification of Arrears from an Existing Support Order in FD 87-00155. (Ex. 13).

30. On August 29, 2003, plaintiff filed Petitions for termination/Modification of Arrears from an Existing Support Order in FD 87-00155 and FD 86-04623, asking the court to suspend his obligation to pay any amount on arrears. (Exs. 14 & 15)

31. A hearing on plaintiff's Petitions was scheduled before and Hearing Officer Jeannie Bingman. (Ex. 16) At the hearing on February 25, 2005, Wife was represented by counsel and defendant participated by telephone *pro se*.

32. At the conclusion of the hearing, a recommendation was issued requiring that plaintiff pay $2.50 per month on arrears set at $11,919.83 in FD 86-04623, and $2.50 per month on arrears set at $6,307.67 in FD 87-00155. All arrears are owed to Department of Public Welfare. (Ex. 17)

33. Plaintiff did not file exceptions to the recommendation of the hearing officer. A final **consent** order was entered March 7, 2005 which provided for mandatory income attachment. (Ex. 18)

34. S.C.I Greensburg was served with an Amended Order dated February 28, 2005, directing it to deduct $2.50 from plaintiff's account monthly towards support arrears of $6307.67 in 87-00155 and $2.50 per month to pay towards support arrears of $11,919.83 in FD 86-04623. (Ex. 19)

35. S.C.I Greensburg complied with all wage attachment orders and deducted the ordered amount each month from plaintiff's account in accordance with DOC policy and sent it to SCDU.

          Respectfully submitted,

          **THOMAS W. CORBETT JR.,**
          **Attorney General**

By:    <u>/s/ Mary Lynch Friedline</u>
        MARY LYNCH FRIEDLINE
        Senior Deputy Attorney General
        PA I.D. #47046

        Susan J. Forney
        Chief Deputy Attorney General
        Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date: January 3, 2007

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 3, 2007, I electronically filed the foregoing Concise Statement of Material Facts with the Clerk of Court using the CM/ECF system. And I hereby certify that I have mailed the foregoing document by United States Postal Service to the following non CM/ECF participants:

Cassis M. Clay, Sr., DQ-5954
SCI-Forest
P.O. Box 945
Marienville, PA 16239-0945

            By: /s/ Mary Friedline
               MARY FRIEDLINE
               Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15129