IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS CLAY, SR., | ) |
|         Plaintiff, | ) |
| | ) Civil Action No. 05-125E |
| v. | ) Judge Sean J. McLaughlin |
| | ) Mag. Judge Susan Paradise Baxter |
| TRACY REEVES, et al., | ) |
|         Defendants. | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Defendants, Tracy Reeves, Angie Marhefka, Jack Loughry, Sharon Burk and David Wakefield, by their attorneys, Thomas W. Corbett Jr., Attorney General, Mary Friedline, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief, Litigation Section, submit the following Response to Plaintiff's Motion to Compel (Doc. # 63-1).

*Introductory Statement*

Plaintiff is the named defendant in three child support actions pending in the Court of Common Pleas of Allegheny County. In two of the support actions, wage attachment orders were issued and served upon S.C.I. Greensburg where plaintiff was incarcerated. In accordance with the wage attachment orders, S.C.I. Greensburg deducted $5.00 per month from plaintiff's prison account towards support **arrears** of $18,227.50 and sent it to SCDU in Harrisburg. In this civil rights action, plaintiff claims that the defendants conspired to deprive him of property by illegally deducting money from his prison account to pay a suspended child "support" order, that they denied him access to the courts by refusing to advance him funds after the money deducted left him without sufficient funds to prosecute an appeal of his criminal case, and that DC-ADM 005 is unconstitutional.

Defendants have moved for summary judgment on abstention grounds. Plaintiff's challenge to the state court arrearage order, which required him to continue paying arrears while incarcerated, is an issue for the family court to decide. Further, it appears from the record that he did file a petition in the family division challenging the arrears order, and its requirement that he continue paying arrears while in prison. The Court of Common Pleas rejected his arguments

Defendants produced a substantial amount of information and documents in response to plaintiff's discovery requests. However, they raised various relevancy objections as well as objections that much of the information sought was confidential, proprietary and voluminous. Defendants' response was timely, the objections were proper and plaintiff's Motion to Compel should be denied.

## I.    Defendants Response was Timely

Plaintiff first argues that defendant's objections should be deemed waived because their response was 5 days late. Defendants' counsel received plaintiff's Request for Production of Documents in the regular mail on October 27, 2006. Defendants' Response was served on Monday, November 27, 2006. Fed.R.Civ.P 34 provides that "the party upon whom the request is served shall serve a written response within 30 days after the service of the requests. Fed.R.Civ.P. 6 provides that, when the service is made by regular mail, "3 days shall be added to the prescribed time." As the 30th day fell on November 26th – a Sunday - Defendants' Response which was served on Monday, November 27, 2006, was timely served in accordance with Rules 6 and 34 of the Federal Rules of Civil Procedure.

## II.    Defendants' Relevancy Objections Are Proper

A party is entitled to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense. While discovery is to be liberally allowed, it is not without limitations. The facts and circumstances of each case determine and limit the relevancy of information sought in discovery. <u>Continental Access Control Systems, Inc. v. Racal-Vikonics, Inc.</u>, 101 F.R.D. 418 (E.D. Pa. 1983). To be relevant, the information requested must be reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26. The party moving to require production and inspection of documents is required to demonstrate that the request is made for "good cause" and that the information requested is material to the litigation. <u>U.S. v. Ling-Temco-Vought, Inc.</u>, 49 F.R.D. 150 (W.D.Pa 1970). In his Motion to Compel, plaintiff asserts that defendants' relevancy objections to requests 4-8, 11-14, 16-17 and 25 are "frivolous" and that "each item sought by plaintiff is relevant to the claims and defenses in this action." (Brief in Support of Motion to Compel, p. 4). Plaintiff does not elaborate further on how any of the items requested are material to the claim or are reasonably calculated to the lead to the discovery of admissible evidence.

Plaintiff claims that illegal deductions were made from his prison account at SCI-Greensburg leaving him without adequate funds to access the courts. (Plaintiff's Brief in Support of Motion to Compel, p. 1) This claim involves the propriety of the state court arrears order. Nothing in his claim involves, implicates or relates to outside financial institutions, the U.S. Postal service, prison mail delivery, SCI-Forest, medical records, controlled substances or any prison policy procedures. Accordingly, defendants objected to the following requests based on relevancy:

    4.    The names, addresses and telephone numbers of the financial institutions with which the DOC does banking and/or financial business.

5. Any documentation or communication reflecting and/or relating to bank and/or financial institution accounts in which the plaintiff's money is deposited into or kept.

6. A copy of any and all degrees, legal degrees, diplomas, bar examination results, documentation reflecting the admittance to practice law in Pennsylvania and certifications of all individuals working within the SCI-Forest and SCI-Greensburg business, accounting and record offices from November 2002, to the date of your response.

7. The Plaintiff's complete medical records from the date of his commitment to the DOC to the date of your response.

8. Any and all policies, directives, memorandums or other documentation setting forth the official duties and responsibilities of the following DOC departments and positions:

   a. Business Office;
   b. Accounting Department;
   c. Mail Department;
   d. DOC Secretary of Corrections;
   e. Secretary's Office of Inmate Grievances and Appeals;
   f. Chief Grievance Officer;
   g. SCI-Greensburg Superintendent;
   h. SCI-Forest Superintendent;
   i. Facility Unit Managers; and
   j. Facility Unit Corrections Counselors.

11. Any and all contracts, agreements, or commitments between SCI-Greensburg and the Greensburg or other Post Office with which SCI-Greensburg regularly does business.

12. Any and all contracts, agreements, or commitments between SCI-Forest and the Marienville or other Post Office with which SCI-Forest regularly does business.

13. Any renewals of any of the contracts, agreements, or commitments between SCI-Greensburg and the Greensburg or other Post Office with which SCI-Greensburg regularly does business.

14. Any renewals of any of the contracts, agreements, or commitments between SCI-Forest and the Marienville or other Post Office with which SCI-Forest regularly does business.

16. Any and all grievances, complaints, documents, or communication received by any DOC employees, agents, staff, successors or any other individual, concerning

        Defendant Candis Brimmer/Gettings, concerning delayed, lost, stolen, and damaged mail.

17.    Any logs, lists, documentation, or communication reflecting the results of controlled substance testing submitted to by Defendant Candis Brimmer/Gettings.

25.    ACA Standards.

The party seeking discovery bears the burden of showing clearly that the information sought is relevant to the subject matter of the action and would lead to admissible evidence. If plaintiff fails to meet his threshold burden, the motion should be denied. <u>McCain v. Mack Trucks, Inc</u>., 85 F.R.D. 53, 57 (E.D. Pa. 1979). Other than to deem that, in his opinion, the requests are relevant, plaintiff offered no explanation as to why such information has any relevance. Defendants' relevancy objections to the foregoing requests were proper, and the Motion to Compel should be denied.

### III.    Defendants raised a specific privilege

Plaintiff seeks to compel answers to requests 2, 10, 16, and 22-24 alleging that defendants raised only a general privilege objection. To the contrary, in addition to a relevancy objection to #16, defendants raised the privilege of confidentiality and the "prison records privilege" to the following requests:

2.    Any and all policies, directives, memorandums, instructions or communication to DOC employees, agents, staff, successors or any other individuals, governing collection of inmate debts and financial information.

10.    Any and all policies, directives, memorandums, instructions, or communication to DOC employees, agents, staff, successors or any other individuals, governing collection, distribution, receipt and disbursement of inmate mail.

16.    Any and all grievances, complaints, documents, or communication received by any DOC employees, agents, staff, successors or any other individual, concerning

>    Defendant Candis Brimmer/Gettings, concerning delayed, lost, stolen, and damaged mail.

> 22. DOC Administrative Manual 6.3.1 (Facility Security Policy), sections 1 (responsibilities) 14 (contraband) 20 (inmate property) and 23 (protection of inmate confidential sources of information).

> 23. DOC Administrative Manual 1.1.1 (Policy Management System).

> 24. DOC Administrative Manual 4.1.1 (Human Resources and Labor Relations).

Defendants provided plaintiff with the policies requested, even though the relevance was highly questionable. However, Defendants objected to providing procedures manuals because the information contained therein is privileged and confidential. This information is not intended for dissemination to the general public and, more importantly, not to inmates. Providing procedures relating to a State Correctional Institute to an inmate incarcerated in the system could pose a serious security issue. Information can be manipulated and/or distributed to other inmates. The Supreme Court has recognized a qualified "prison records privilege" which protects such documents. Kerr v. United States District Court, 426 U.S. 394 (1976).[1]

### IV.   Requests 7, 8, 16 and 25 are both irrelevant and unduly burdensome

Finally, plaintiff argues that the objections to requests 7, 8, 16 and 25 are "baseless" and that defendants have not articulated why it would be burdensome to produce the documents requested. Defendants have raised a relevancy objection to all the foregoing requests and

---

[1] The DOC is currently reviewing confidentiality issues involving certain procedures and is in the process of making classification adjustments for certain procedures formally designated confidential. Ultimately, even if certain requested internal procedures were to be made public (such as those relating to mail, human resources, or policy management), defendants would still assert legitimate relevancy objections given the nature of plaintiff's claims here and his specific challenge to a state court arrears order.

asserted specific privileges to others. With the possible exception of plaintiff's complete medical records, the following requests also are objectionable as they seek voluminous documents which would be time consuming and expensive to reproduce:

7. The Plaintiff's complete medical records from the date of his commitment to the DOC to the date of your response.

8. Any and all policies, directives, memorandums or other documentation setting forth the official duties and responsibilities of the following DOC departments and positions:
   a. Business Office;
   b. Accounting Department;
   c. Mail Department;
   d. DOC Secretary of Corrections;
   e. Secretary's Office of Inmate Grievances and Appeals;
   f. Chief Grievance Officer;
   g. SCI-Greensburg Superintendent;
   h. SCI-Forest Superintendent;
   i. Facility Unit Managers; and
   j. Facility Unit Corrections Counselors.

16. Any and all grievances, complaints, documents, or communication received by any DOC employees, agents, staff, successors or any other individual, concerning Defendant Candis Brimmer/Gettings, concerning delayed, lost, stolen, and damaged mail.

25. ACA Standards.

In addition to the other objections raised, it would require an inordinate amount of time and expense to reproduce the information sought.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that plaintiff's Motion to Compel should be denied.

        Respectfully submitted,

        **THOMAS W. CORBETT JR.,**
        **Attorney General**

By:    <u>/s/ Mary Lynch Friedline</u>
        MARY LYNCH FRIEDLINE
        Senior Deputy Attorney General
        PA I.D. #47046

        Susan J. Forney
        Chief Deputy Attorney General
        Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date:  February 13, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2007, I electronically filed the foregoing Response to Motion to Compel with the Clerk of Court using the CM/ECF system. And I hereby certify that I have mailed the foregoing document by United States Postal Service to the following non CM/ECF participants:

Cassis M. Clay, Sr., DQ-5954
SCI-Forest
P.O. Box 945
Marienville, PA 16239-0945

                                                By:    /s/ Mary Friedline
                                                           MARY FRIEDLINE
                                                            Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15129

Date: February 13, 2007