FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

07 FEB 20 AH 14

| | |
|---|---|
| CASSIUS M. CLAY<br>Plaintiff | Civil Action No.: 05-125 Erie |
| | U.S. DISTRICT COURT |
| | District Judge McLaughlin |
| VS. | |
| | Magistrate Judge Baxter |
| TRACY REEVES, ET AL.<br>Defendant | |

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

AND NOW, comes Cassius M. Clay, Sr., Pro se Plaintiff in the above captioned civil action, and respectfully submits the following Brief in Opposition to Defendants' Motion for Summary Judgment:

Statement of the Case

This is a civil rights action initiated by Complaint dated April 28, 2005, by Plaintiff, Cassius M. Clay, Sr., under 42 U.S.C. §1983. Plaintiff seeks monetary relief, as well as declaratory and injunctive relief based on the respective defendants acting as Plaintiff's "employer", deducting funds from his institutional account, and paying said funds to the

Pennsylvania Support Collection and Disbursement Unit (hereinafter referred to as "PASCDU"), where they were not authorized to do so; **(Plaintiff's Complaint at ¶ 12-25; Plaintiff's Counter Statement of Disputed Material Facts at ¶ 37-39; and Exhibit-"A" attached thereto at ¶ 3-5);** the respective defendants' refusal to advance funds for Certified Mail, Return Receipt Requested postage, to effectuate service of a petition for review filed by Plaintiff in the Commonwealth Court of Pennsylvania; resulting in said petition being dismissed for failure to effectuate proper service; **(Plaintiff's Complaint at ¶ 26-30; Plaintiff's Counter Statement of Disputed Facts at ¶ 40-43; Exhibit-"A" attached thereto at ¶ 8-12; Exhibit-"B" attached thereto at page 11, sub-part (b)(1); and Exhibit-"C" attached thereto at page 4 entry #1);** the respective defendants tampering with Plaintiff's incoming and outgoing mail; **(Plaintiff's Complaint at ¶ 31-35; Plaintiff's Counter Statement of Disputed Material Facts at ¶ 44; and Exhibit-"A" attached thereto at ¶ 13-14);** and constitutional challenges to DC-ADM 005; **(Plaintiff's Complaint at ¶ 66-70; and Plaintiff's Counter Statement of Disputed Material Facts at ¶ 45).** Defendants have filed a motion for summary judgment, arguing there are no material issues of fact in dispute and that they are entitled to summary judgment in their favor as a matter of law pursuant to **Fed.R.Civ.P.56.**

## Statement of the Facts

The Plaintiff's Affidavit submitted in opposition to Defendants' Motion for Summary Judgment **(Exhibit-"A", attached to Plaintiff's Counter Statement of Disputed Material Facts, ¶ 2-7)** states that in March of 2003, the Accounting Department at the State Correctional Institution at Greensburg started deducting funds from his institutional account and sending the same to PASCDU without Plaintiff's authorization. Plaintiff further affirms that the Pennsylvania Department of Corrections is not his employer and that the funds deducted from his institutional account were sent to him as a gift from friends and family. Plaintiff's affidavit further states that when he attempted to utilize the Department of Corrections Administrative Grievance Procedure to address the fact that the Department is not his employer and the funds deposited into his account are not income, the respective defendants failed to properly address those issues, only adressing the issues partially. Plaintiff's affidavit further sets forth the fact that the defendants have and continue to base their authority to make deductions from his institutional account on Department of Corrections Policy DC-ADM 005, which Plaintiff challenges as being unconstitutional as applied to him.

Plaintiff's Affidavit goes on to declare that on September 28, 2003, he filed a Petition for Review in the Commonwealth Court of Pennsylvania, naming the Pennsylvania Department of Corrections; defendant Laughry; defendant Gaydos; and defendant Benning; which was docketed as 640 MD 2003. After the aforesaid deductions from Plaintiff's institutional account left him with insufficient funds to effectuate service via Certified Mail, Return Receipt Requested postage, Plaintiff requested the respective defendants to advance him funds to effectuate service, or to accept personal service. Plaintiff's affidavit affirms that the respective defendants refused to advance Plaintiff the funds to effectuate service by mail, or to accept personal service. Consequently, on December 23, 2003, the Commonwealth Court of Pennsylvania dismissed the aforesaid Petition for Review, for failure to effectuate proper service. **(Exhibit-"A", attached to Plaintiff's Counter Statement of Disputed Material Facts, ¶ 8-12)**

Plaintiff further states in his Affidavit that beginning on December 22, 2002, the respective defendants began tampering with his incoming and outgoing mail. Plaintiff affirms this consisted of, inter alia, defendant Brimmer not informing Plaintiff that a $150.00 money order which was sent

to him had been returned to sender; various incoming and outgoing legal documents being delayed and/or intercepted, and his incoming and outgoing mail being intercepted, copied and circulated throughout the prison. **(Exhibit-"A", attached to Plaintiff's Counter Statement of Disputed Material Facts, ¶ 13-15).**

Finally, Plaintiff incorporated all statements and exhibits within his Complaint into his Affidavit, as if completely set forth therein at length. Plaintiff stated under penalty of perjury that all statements made in the Complaint and Affidavit are true and correct to the best of his knowledge, information and belief, having been duly sworn before and by a duly authorized notary public. **(Exhibit-"A", attached to Plaintiff's Counter Statement of Disputed Material Facts, ¶ 15-16)**

Defendants' Motion for Summary Judgment; Concise Statement of Undisputed Material Facts; Brief in Support of Motion for Summary Judgment; and all exhibits appended thereto, only address the issue presented by Plaintiff regarding the monetary deductions from his institutional account. The Defendants' failed to append any affidavits of the respective defendants and defendants' motion is based solely on the argument of counsel.

**Standard of Review**

A district court may grant summary judgment when there is no genuine issue of material fact to be resolved at trial and the moving party is entitled to judgment as a matter of law. **DeHart V. Horn**, 390 F.3d 262 (C.A.3 (Pa.) 2004) citing **Quinn V. Omnicare**, 382 F.3d 432, 436 (3d. Cir. 2004). Summary Judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Fed.R.Civ.P. 56(c)** An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. **Anderson V. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The substantive law governing the dispute will determine which facts are material, and only disputes over those facts "that might affect the outcome of suit under the governing law will properly preclude the entry of summary judgment." **Id.**

The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against the moving party." **Ely V. Hall's Motor Transit Co.**, 590 F.2d 62, 66 (3d Cir.1978), quoting **Smith V.**

<u>Pittsburgh Gage & Supply Co.</u>, 464 F.2d 870, 874 (3d Cir.1972).
Final credibility determinations on material issues cannot be
made in the context of a motion for summary judgment, nor can
the district court weigh the evidence. <u>Josey V. Hollingsworth
Corp.</u>, 996 F.2d 632 (3d Cir.1993); <u>Petruzzi's IGA
Supermarkets, Inc. V. Darling-Delaware Co.</u>, 998 F.2d 1224 (3d
Cir.1993).

**Argument**

<u>THERE ARE GENUINE ISSUES OF MATERIAL FACT THAT PRECLUDE
SUMMARY JUDGMENT FOR THE DEFENDANTS ON THE PLAINTIFF'S
CLAIM OF UNAUTHORIZED DEDUCTIONS FROM HIS PRISON ACCOUNT</u>

The pleadings and affidavit of Plaintiff and those of the
defendants are squarely contradictory as to whether the
defendants are Plaintiff's "employer" as defined by 23 **Pa.
C.S.A.** §4302, whether the funds deposited into Plaintiff's
account are considered "income" as defined by 23 **Pa.C.S.A.**
§4302, whether the defendants are authorized to comply with
wage attachment orders entered pursuant to 23 **Pa.C.S.A.** §4348,
and whether the Plantiff consented to said monetary deductions
from his institutional account. The allegations in Plaintiff's
Affidavit portray a complete denial of due process prior to
the deprivation of property (i.e. funds held in his

institutional account). Hence, there are clearly genuine issues of fact in dispute.

The factual dispute is also material. Under the governing law, whether a governental deprivation of property violates guaranteed Fourteenth Amendment procedural due process rights depends on 1) whether the plaintiff was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life liberty or property," and 2) whether the procedures available to the plaintiff provided adequate procedural protections. **Hill V. Borough of Kutztown**, **455 F.3d 225, (C.A.3 2006)** citing **Alvin V. Suzuki**, **227 F.3d 107, 116 (3d Cir.2000)**. It is well settled that prisoners have a property interest in funds held in prison accounts. See **Higgins V. Beyer**, **293 F.3d 683, 693 (3d Cir.2002)**; **Tillman V. Lebanon County Corr. Facility**, **221 F.3d 410, 421 (3d Cir.2000)**. In **Higgins**, **supra.**, where funds were being deducted from the plaintiff's account pursuant to a state statute, the Third Circuit concluded that "[plaintiff]" was entitled to notice and hearing before the [defendants] deducted money from his account."

The Fourteenth Amendment protects against deprivation "without due process of law." **Baker V. McOllan**, **99 S.Ct. 2689, 2695 (1979)**. The facts alleged by Plaintiff are evidence that

the defendants denied him due process, and would support a verdict in his favor. See **Vega V. Beard**, 847 A.2d 153 **(Pa.Cmwlth. 2004)** (holding that under Corrections Code provision "DC-ADM 005" that allowed deductions from inmates account for fines and court costs for which the inmate was liable pursuant to a previous court order, such deductions could not be made pursuant to a court order that was not part of a criminal proceeding, and thus, inmate's petition alleging that Department of Corrections improperly deducted child support obligations from his account was sufficient to establish a right to relief).

### THERE ARE GENUINE ISSUES OF MATERIAL FACT THAT PRECLUDE SUMMARY JUDGMENT FOR THE DEFENDANTS ON THE PLAINTIFF'S CLAIM OF REFUSAL TO ADVANCE FUNDS FOR LEGAL MAIL

While the Defendants' Motion for Summary Judgment and Brief in Support thereof briefly recites the fact Plaintiff has raised an access to the courts claims regarding the respective defendants' refusal to advance him funds to effectuate service of his Commonwealth Court Petition for Review via Certified Mail, Return Receipt Requested, they do not claim that there are any undisputed issues of material fact relative to this issue. To the contrary, in their Answer to Plaintiff's Complaint, the defendants' generally denied

Plaintiff's allegation in this respect. **(Defendants' Answer to Plaintiff's Complaint "First Defense").**

In his verified Complaint, Counter Statement of Disputed Material Facts and Affidavit attached thereto as Exhibit-"A", Plaintiff affirms that on December 25, 2003, he filed a Petition for Review in the Commonwealth Court of Pennsylvania, which was docketed as 640 MD 2003. Plaintiff further affirms that said petition was dismissed after the respective defendants refused to advance him funds to effectuate service via Certified Mail, Return Receipt Requested. **(Plaintiff's Complaint at ¶ 26-30; Plaintiff's Counter Statement of Disputed Material Facts at ¶ 40-43; Exhibit-"A" attached thereto at ¶ 8-12).** Plaintiff has also attached to his Counter Statement of Disputed Material Facts, the state court docket which reflects dismissal of his petition for lack of proper service. **(Plaintiff's Counter Statement of Disputed Material Facts, Exhibit-"C" attached thereto at page 4 entry #1).** Hence, there are clearly genuine issues of fact in dispute.

The factual dispute is also material. Under the governing law, to establish a violation of the right to access to the courts, an inmate must establish that prison officials failed to provide the assistance required by **Bounds V. Smith**, 430 **U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977),** and show some

quantum of detriment caused by the challenged conduct of state officials. The Supreme Court approved this approach in **Lewis v. Casey**, **518 U.S.** 343, 351, **116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996)** (holding that Bounds v. Smith did not eliminate the actual-injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts).

Establishing actual injury and, hence a violation of access to the court under **Casey** requires proof that (a) the existence of a "non-frivolous legal claim" challenging a criminal conviction and sentence or conditions of confinement, **518 U.S. at** 353-355; and (b) that such nonfrivolous claim of this nature "has been lost or rejected" or "is currently being prevented" from presentation to the appropriate court because of "alleged shortcomings in the library or legal assistance program". **518 U.S. at 356.** According to **Casey**, the degree of proof required to sustain a finding of actual injury varies with the progress of the litigation. When a **Bounds** lawsuit is first filed, general factual allegations of actual injury to a meritorious legal claim will suffice. See **Casey**, **518 U.S. at 358.** At the summary judgment stage, the prisoner can no longer rest on mere allegations of actual injury in his pleading, but must come forward with affidavits and other documentary evidence showing that there is a genuine issue of actual injury for trial. **518 U.S. at 358.**

It is Plaintiff's position that for summary judgment purposes, he satisfies both the "existence of non-frivolous legal claim" and the "lost or rejected" standard as set forth in **Casey**. Plaintiff's Petition for Review, filed in the Commonwealth Court of Pennsylvania, addressed the issue of the Department of Corrections making monetary deductions from his prison account for child support obligations pursuant to DC-ADM 005, which was enacted by the Department pursuant to **42 Pa. C.S.A. §9728**, commonly referred to as Act 84. Plaintiff argued that **42 Pa. C.S.A. §9728** which authorizes the Department to make monetary deductions for "the purpose of collecting restitution or any other court ordered obligation" is a criminal statute, contained within the Pennsylvania Sentencing Code, and therefore, does not authorize deductions pursuant to a court order that was not part of a criminal proceeding. This same issue was presented to the Commonwealth Court in **Vega V. Beard, 847 A.2d 153 (Pa.Cmwlth. 2004)**, where the Commonwealth Court held that deductions from an inmate's account could not be made pursuant to a court order that was not part of a criminal proceeding, and thus, Vega's petition was sufficient to establish a right to relief. It is clear in light of **Vega**, that within Plaintiff's Petition for Review, existed a "non-frivolous legal claim".

As to "lost or rejected" portion of the **Casey** actual injury standard, Plaintiff's Verfied Complaint, Counter Statement of Disputed Material Facts, Affidavit attached thereto as Exhibit-"A", and the Commonwealth Court Docket, attached thereto and marked as Exhibit-"C"; establish that Plaintiff's Petition for Review was dismissed for failure to effectuate proper service, after the respective defendants refused to advance Plaintiff funds for Certified Mail, Return Receipt Requested postage. **(Plaintiff's Complaint at ¶ 26-30; Plaintiff's Counter Statement of Disputed Material Facts at ¶ 40-43; Exhibit-"A" attached thereto at ¶ 8-12; and Exhibit-"C" attached thereto at page 4 entry #1).** As such, there is clear evidence that Plaintiff's non-frivolous legal claim" was "lost or rejected"; and the facts alleged by Plaintiff are evidence that his "non-frivolous legal claim" was "lost or rejected" as a result of the respective defendants' challenged conduct.

The allegations as the record now stands are issues of fact material to the success of Plaintiff's suit. As previously stated, Defendants have submitted nothing to indicate there is no material issue of fact and that they are entitled to judgment as a matter of law as to this particular issue. Consequently, the Defendants have not satisfied the requirements of **Fed.R.Civ.P.** 56. Accordingly, their motion must fail. See **Boyd V. Werner**, 416 F.Supp 1222, 1224 (**W.D.Pa.** 1976)

(13)

(holding defendants motion for summary judgment will be denied where plaintiff is proceeding pro se to redress alleged violations of his civil rights and defendants have submitted nothing specifically denying plaintiff's factual allegations concerning those alleged violations of his constitutional rights). See also **Washington v. James**, 782 F.2d 1134 (C.A.2 (N.Y.) 1986) (holding prisoner's affidavits raised genuine issue of material fact as to whether there had been interference with prisoner's outgoing legal mail, precluding summary judgment on his claim of civil rights violation); **Pacheco v. Comisse**, 897 F.Supp. 671 (N.D.N.Y 1995) (holding summary judgment was inappropriate for prison officials on inmate's claim of interference with legal mail, where inmate submitted evidence that he was prejudiced in his attempt to find a lawyer as a result of not receiving postage for his letter to legal support service organization); **Jones-Bey v. Cohn**, 115 F. Supp.2d 936, (N.D. Ind. 2000) (fact issues precluded summary judgment for prison official who allegedly refused to mail inmates' legal materials).

Accordingly, the evidence presented by Plaintiff at this juncture, would support a verdict in his favor, precluding summary judgment for the defendants.

(14)

## THERE ARE GENUINE ISSUES OF MATERIAL FACT THAT PRECLUDE SUMMARY JUDGMENT FOR THE DEFENDANTS ON THE PLAINTIFF'S CLAIM OF TAMPERING WITH INCOMING AND OUTGOING MAIL

Defendants Motion for Summary Judgment and Brief in Support thereof states nothing in referance to the Plaintiff's claim that the respective defendants tampered with his incoming and outgoing mail, which consisted of, inter alia, Defendant Brimmer not informing Plaintiff that a $150.00 money order which was sent to Plaintiff was returned to sender; various incoming and outgoing legal documents being delayed and/or intercepted; and Plaintiff's incoming and outgoing mail being copied and circulated throughout the prison. Defendants do not claim that there are any undisputed issues of material fact relative to this issue, and to the contrary, in their Answer to Plaintiff's Complaint, the defendants generally denied Plaintiff's allegations in this respect. **(Defendants' Answer to Plaintiff's Complaint "First Defense")**

In his verified Complaint, Counter Statement of Disputed Material Facts and Affidavit attached thereto as Exhibit-"A", Plaintiff affirms that beginning on December 22, 2002, the respective defendants began tampering with his incoming and outgoing mail. Plaintiff states the tampering consisted of, inter alia, Defendant Brimmer not informing Plaintiff that a

$150.00 money order which was sent to Plaintiff was returned to sender; various incoming and outgoing legal documents being delayed and/or intercepted; and Plaintiff's incoming and outgoing mail being copied and circulated throughout the prison. **(Plaintiff's Complaint at ¶ 31-35; Plaintiff's Counter Statement of Disputed Material Facts at ¶ 44; and Exhibit-"A" attached thereto at ¶ 13-24)** Hence, there are clearly genuine issues of fact in dispute.

The factual dispute is also material. Under the governing law, a prisoner alleging that officials have opened, read and/or photocopied his incoming or outgoing mail outside his presence, and thereby violated his First Amendment rights, need not allege any consequential injury stemming from that violation, aside from the violation itself. **Jones V. Brown**, **461 F.3d 353 (3d Cir. 2006)** The allegations as the record now stands are issues of fact material to the success of Plaintiff's suit. As previously stated, Defendants have submitted nothing to indicate there is no material issue of fact, and that they are entitled to judgment as a matter of law as to this particular issue. Consequently, the defendants have not satisfied the requirements of **Fed.R.Civ.P.** 56, and their motion must fail. See **Boyd V. Werner**, 416 F.Supp 1222, 1224 **(W.D.Pa.** 1976) (holding defendants motion for summary

judgment will be denied where plaintiff is proceeding pro se to redress alleged violations of his civil rights and defendants have submitted nothing specifically denying plaintiff's factual allegations concerning those alleged violations of his constitutional rights).

See also **Riley V. Kurtz**, 893 F.Supp 709 (E.D.Mich. 1995) (holding prisoner stated case of interference with First Amendment rights in connection with reading of confidential mail from court, precluding summary judgment); **Cody V. Weber**, 256 F.3d 764 (C.A.8 (S.D.) 2001) (holding factual issues precluded summary judgment for officials on claim of First Amendment violation based on officials' alleged searching and reading of his legal papers); **Washington V. James**, 782 F.2d 1134 (C.A.2 (N.Y.) 1986) (holding claim of interception and opening of inmates' outgoing mail stated a claim for violation of First Amendment rights); **Jones V. Brown**, 461 F.3d 353 (3d Cir. 2006) (holding evidence sufficient to support judgment for prisoner alleging First Amendment violations, where prison officials opened and inspected prisoner's legal mail outside his presence).

Accordingly, the evidence presented by Plaintiff at this juncture, would support a verdict in his favor, precluding summary judgment for the defendants.

## Conclusion

For the foregoing reasons, it is respectfully reqested that Defendant's Motion for Summary Judgment be denied.

Respectfully submitted,

Date: 2-14-07                    By: *Cassius M. Clay Sr*

Cassius M. Clay, Sr.
Pro se Plaintiff
ID No.: DQ-5954
SCI-Forest
P.O. Box 945
Marienville, PA 16239
(814)621-2110

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY
   Plaintiff

   VS.

TRACY REEVES, ET AL.
   Defendant

Civil Action No.: 05-125 Erie

District Judge McLaughlin

Magistrate Judge Baxter

STATEMENT OF VERIFICATION

  I verify that the foregoing is true and correct. I understand that false statements made herein are subject to the penalties of 28 U.S.C. §1746, relating to perjury.

Date: __2-14-07__   By: _Cassius McClay Sr_

      Cassius M. Clay, Sr.
      Pro se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY          Civil Action No.: 05-125 Erie
          Plaintiff

                         District Judge McLaughlin

     VS.

                         Magistrate Judge Baxter

TRACY REEVES, ET AL.
          Defendant

---

### CERTIFICATE OF SERVICE

---

I certify that on this __14th__ day of **FEBRUARY**_____,
2007, I submitted the original of this document to prison
officials at the State Correctional Institution at Forest,
by placing the same in the prison mailbox addressed to **Office
of the Clerk, U.S. District Court, Western District of PA,
P.O. Box 1820, Erie, PA 16507**; and that I also submitted a
separate true and correct copy of this document to the same
prison officials at the State Correctional Institution at
Forest by again, placing the same in the prison mailbox
addressed to **Mary Friedline, Esq., Deputy Attorney General,
Office of the Attorney General, 6th Flr., Manor Complex. 564
Forbes Ave., Pittsburgh, PA 15129.** (All sent First Class Mail)


Date: __2/14/07__          By: _Cassius M. Clay Sr._____

                         Cassius M. Clay, Sr.
                         Pro se Plaintiff