IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS M. CLAY<br>        Plaintiff | Civil Action No.: 05-125 Erie |
| VS. | District Judge McLaughlin |
| TRACY REEVES, ET AL.<br>        Defendant | Magistrate Judge Baxter |

**PLAINTIFF'S RESPONSIVE CONCISE STATEMENT
FILED PURSUANT TO LR 56.1(C)(1)**

Plaintiff, Cassius M. Clay, Pro se, respectfully submits the following Responsive Concise Statement, pursuant to LR 56.1(C)(1), as follows:

1. **ADMITTED.**

2. **DENIED AS STATED.** Plaintiff's Complaint raises (4) separate and distinct claims:

   a. the respective defendants acting as **Plaintiff's "employer"**, deducting funds from his institutional account, and paying said funds to the Pennsylvania Support Collection and

(1)

Disbursement Unit (hereinafter referred to as "PASCDU"), where they were not authorized to do so; **(Plaintiff's Complaint at ¶ 12-25; Plaintiff's Counter Statement of Disputed Material Facts at ¶ 37-39; and Exhibit-"A" attached thereto at ¶ 3-5)**;

b. the respective defendants' refusal to advance funds for Certified Mail, Return Receipt Requested postage, to effectuate service of a petition for review filed by Plaintiff in the Commonwealth Court of Pennsylvania; resulting in said petition being dismissed for failure to effectuate proper service; **(Plaintiff's Complaint at ¶ 26-30; Plaintiff's Counter Statement of Disputed Facts at ¶ 40-43; Exhibit-"A" attached thereto at ¶ 8-12; Exhibit-"B" attached thereto at page 11, sub-part (b)(1); and Exhibit-"C" attached thereto at page 4 entry #1)**;

c. the respective defendants tampering with Plaintiff's incoming and outgoing mail; **(Plaintiff's Complaint at ¶ 31-35; Plaintiff's Counter Statement of Disputed Material Facts at ¶ 44; and Exhibit-"A" attached thereto at ¶ 13-14)**; and

    d. Constitutional challenges to DC-ADM 005; (Plaintiff's Complaint at ¶ 66-70; and Plaintiff's Counter Statement of Disputed Material Facts at ¶ 45).

3. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

4. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

5. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further

answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

6. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

7. It is **ADMITTED** that Magistrate Judge Baxter entered a recommendation that Plaintiff's Motion for Preliminary Injunction be denied. It is **DENIED** that Judge Baxter based her reasoning for the recommendation on lack of federal court jurisdiction over **all** of the claims raised by Plaintiff in this case.

8. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

9.  **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

10. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

11. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

12. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

13. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

14. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

15. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

16. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

17. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

18. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

19. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

20. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

21. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

22. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

23. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

24. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

25. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

26. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

27. PARAGRAPH 27 WAS OMITTED FROM DEFENDANTS' CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS.

28. PARAGRAPH 28 WAS OMITTED FROM DEFENDANTS' CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS.

29. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

30. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

31. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the

issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

32. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

33. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

34. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this

action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

35. **ADMITTED IN PART DENIED IN PART.** While the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. By way of further answer, these facts will not affect the outcome of this action under governing law. Consequently the materiality of the facts asserted within this paragraph are denied.

## PLAINTIFF'S COUNTER STATEMENT OF DISPUTED MATERIAL FACTS

36. Pursuant to LR 56.1(C)(1)(c), Plaintiff sets forth the following facts which he contends are **disputed and material** precluding the grant of Defendants' Motion for Summary Judgment:

37. Whether the defendants' are Plaintiff's "employer" as defined by 23 Pa. C.S.A. §4302. **(Exhibit-"A" at ¶ 4; and Plaintiff's Complaint at ¶ 12-35)**

38. Whether the funds deposited in to Plaintiff's account are "income" as defined by 23 Pa. C.S.A. §4302. **(Exhibit-"A" at ¶ 5; and Plaintiff's Complaint at ¶ 12-25)**

39. Whether the defendants are authorized to comply with wage attachment orders entered pursuant to 23 Pa. C.S.A. §4348 by the Allegheny County Court of Common Pleas, Family Division. **(Exhibit-"A" at ¶ 3; and Plaintiff's Complaint at ¶ 12-25)**

40. Whether the defendants refused to advance Plaintiff funds to effectuate service of a Petition for Review filed in the Commonwealth Court of Pennsylvania via Certified Mail, Return Receipt Requested. **(Exhibit-"A" at ¶ 11; and Plaintiff's Complaint at ¶ 26-30)**

41. Whether the defendants were required to advance Plaintiff funds to make service of said petition for review filed in the Commonwealth Court of Pennsylvania via Certified Mail, Return Receipt Requested. **(Exhibit-"B" at page 11, sub-part (b)(1))**

42. Whether the Plaintiff's petition for review was dismissed as a result of the defendants' refusal to advance Plaintiff funds to effectuate service of said petition via Certified Mail, Return Receipt Requested. **(Exhibit-"C" at page 4, entry #1)**

43. Whether the defendants denied Plaintiff access to the courts by refusing to advance Plaintiff funds to effectuate service of said petition via Certified Mail, Return Receipt Requested. **(Plaintiff's Complaint at ¶ 26-30; Exhibit-"A" at ¶ 8-12; Exhibit-"B" at page 11, sub-part (b)(1); and Exhibit-"C" at page 4, entry #1)**

44. Whether the defendants tampered with Plaintiff's incoming and outgoing mail. **(Plaintiff's Complaint at ¶ 31-35; and Exhibit-"A" at ¶ 13-14)**

45. Whether Department of Corrections Policy, DC-ADM 005 is unconstitutional as applied to Plaintiff. **(Plaintiff's Complaint at ¶ 66-70; and Exhibit-"D" at page 2, sub-part (C), page 7, sub-part (F), and 8-9, sub-part (I))**

Respectfully submitted,

Date: FEBRUARY 14 2007     By: *Cassius M. Clay, Sr.*
Cassius M. Clay, Sr.
Pro se Plaintiff
ID No.: DQ-5954
SCI-Forest
P.O. Box 945
Marienville, PA 16239
(814)621-2110