**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CASSIUS CLAY,<br>　　Plaintiff<br><br>vs.<br><br>TRACEY REEVES, et al.<br>　　Defendants. | C.A.No. 05-125 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I   RECOMMENDATION**

It is respectfully recommended that Defendants' **partial** motion for summary judgment [Document # 72] be granted in part and denied in part. More specifically, summary judgment should be granted in favor of Defendants on Plaintiff's claim regarding the erroneous payments from his institutional account; summary judgment should be denied as to Plaintiff's access to courts claim. Further, as to Plaintiff's challenge to the constitutionality of DC-ADM 005, this Court should abstain from a decision and dismiss the claim without prejudice.

**II   REPORT**

　　**A.   Procedural History**

Plaintiff, an inmate incarcerated within the state correctional system of Pennsylvania, initiated this civil rights action pursuant to 42 U.S.C. § 1983. In his filings, Plaintiff claims that Defendants erroneously and illegally deducted funds from his prison account in order to make payments pursuant to a state court's child support order; that Defendants denied him access to courts by failing to advance him monies after the erroneous payout left him without funds to prosecute an appeal of his criminal case; that DC-ADM 005 is unconstitutional; and that

Defendants tampered with Plaintiff's mail.[1]

On February 16, 2006, Defendants moved to dismiss the complaint for failure to state a claim. The undersigned dismissed that motion without prejudice because it did not adequately address all of Plaintiff's claims. Thereafter, Defendants filed an answer.

Later, following a period of discovery, Defendants filed the instant motion for summary judgment. Plaintiff has filed an opposition brief. Defendants did not file a brief in reply to the opposition brief, but have filed a supplemental brief in support of the motion for summary judgment.

### B.    Standards of Review
#### 1.    *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir.

---

[1] Unfortunately, Defendants have again not moved for summary judgment as to each of these claims. Defendants have not addressed Plaintiff's mail tampering claim.

1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891(3d Cir. 1977).  However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891.  See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3rd Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

### 3. Motion for summary judgment

Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c)  provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(e) further provides that when

3

a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon

bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

      C.      **The claim relating to the child support order**

Plaintiff argues that Defendants should not have deducted money from his institutional account for the payment of child support[2] without his prior authorization.  Defendants move for summary judgment regarding this claim requesting that this Court abstain under the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine limits this Court's jurisdiction over Plaintiff's claims. The United States Supreme Court has summarized the doctrine:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. et al. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).  See also Lance v. Dennis, 546 U.S. 459 (2006); Rooker v. Fidelity Trust, 263 U.S. 413, 416 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

This holding is consistent with decisions of the Third Circuit Court of Appeals as set forth in Parkview Associates Partnership v. City of Lebanon, 225 F.3d 321 (3d Cir. 2000), cert. denied, 535 U.S. 1055 (2002):

> This court has described the *Rooker-Feldman* doctrine as precluding

---

[2] Plaintiff is the defendant in **three** separate child support actions (involving **five** children) in the Court of Common Pleas of Allegheny County.  On Plaintiff's motion, all child support orders were suspended during his incarceration.  However, by the time of Plaintiff's incarceration, substantial arrearages of over $18,000.00 had accrued on his child support obligations.  Thereafter, in spite of his incarceration, "consent orders" were filed and Plaintiff was ordered to make monthly payments of $5.00 towards the arrearages.

5

> lower federal court jurisdiction over claims that were actually litigated or "inextricably intertwined" with adjudication by a state's courts . . .. Further, we have explained that a federal action is inextricably intertwined with a state adjudication, and thus barred in federal court under *Feldman*, "[w]here federal relief can only be predicated upon a conviction that the state court was wrong."

225 F.3d at 325 (citations omitted); see also ITT Corp. et al v. Intelnet Int'l Corp. et al, 366 F.3d 205 (3d Cir.2004).

In this case, the state court ordered Plaintiff to make monthly child support payments of five dollars towards his substantial arrearages. Thus, application of *Rooker-Feldman* in this instance is straightforward, as that doctrine does not "permit a disappointed state court plaintiff to seek review of a state court decision in the federal court by masquerading his complaint in the form of a federal civil rights action." Logan v. Lillie, 965 F.Supp. 695, 698 (E.D.Pa.1997). "If it were otherwise, any person dissatisfied with a state ... award could seek review in the district court under the guise of a federal civil rights violation." Id. Here, if Plaintiff were to prevail on this claim, this Court would necessarily be finding that the state court was wrong in its imposition of the child support payments thereby "render[ing] [the state court] judgment ineffectual." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834 (3d Cir.1996).

In McKnight v. Baker, 343 F.Supp. 2d 422 (E.D.Pa. 2004), the federal district court was faced with a civil rights claim concerning a state court custody case and determined that such claims were barred to the extent that they would represent "an indirect attack on the custody determination" made in the state court. Id. at 426. The court found that the plaintiff was "essentially seeking federal court review of the decision of the Family Court denying him visitation rights" and determined that this was barred by *Rooker-Feldman*. "McKnight's proper avenue of appeal lies in the Pennsylvania state courts. . . 'And ultimately to the Supreme Court under [28 U.S.C.] §1257.'" Id. at 426, quoting Parkview Associates, 225 F.3d at 324. A similar result applies here. Plaintiff's claims implicate the validity of, and are inextricably intertwined with, the state court rulings made in the course of the child support determinations.

Thus, this Court lacks jurisdiction to adjudicate Plaintiff's claim regarding the payment of child support and therefore, Defendants' motion for summary judgment should be granted as

to this claim.[3]

### D. Access to Courts Claim

Defendants argue that summary judgment should be granted as to Plaintiff's access to courts claim because the *Rooker-Feldman* doctrine applies. Specifically, Defendants maintain that Plaintiff's allegation "that he was denied access to the courts because he did not have sufficient funds to pay filing fees in other actions requires this Court to void or reverse a final ruling of the Family division of the Court of Common Pleas of Allegheny County in a domestic relations matter." Document # 73, page 8.

Defendants have mischaracterized this claim. Plaintiff claims that Defendants should have advanced him monies for the costs of litigation (mailing, copying, etc.), when his institutional account was depleted. Plaintiff complains that Defendants' failure in this regard deprived him of his constitutional right to access the courts. This claim revolves around Defendants' conduct following the depletion of the account, and has nothing to do with how or why the account became depleted. Therefore, the *Rooker-Feldman* doctrine does not apply to this claim. Accordingly, Defendants' motion for summary judgment should be denied as to Plaintiff's denial of access to courts claim.

### E. Unconstitutionality of DC-ADM 005

Next, Plaintiff claims that DC-ADM 005 is unconstitutional because it deprives him of his personal monies without a hearing thereby violating his right to due process. Plaintiff argues

---

[3] A decision on the merits of Plaintiff's claims here would also run afoul of the "domestic relations exception" to federal jurisdiction since it could be seen as a ruling by this court on a matter exclusively within the state court's jurisdiction. See Ankenbrandt v. Richards, 504 U.S. 689 (1992)(federal courts divested of power "to issue divorce, alimony, and child custody decrees").

7

that monetary gifts from family and friends should not be used to pay his long-standing child support obligations because such gifts are not "income" to him. Defendants request that this Court abstain from a decision on this claim pursuant to Railroad Commission of Texas v. Pullman, 312 U.S. 496 (1941).

"The *Pullman* doctrine authorized federal court abstention when a constitutional challenge is intertwined with an ambiguous issue of state law and a likelihood exists, there, that clarification of the state law issue will substantially affect the constitutional inquiry." Afran v.McGreevey, 115 Federal. Appx. 539, at *2 (3d Cir. 2004). This abstention doctrine attempts to avoid constitutional questions and promote principles of federalism. See Artway v. Attorney General of New Jersey, 81 F.3d 1235, 1270 (3d Cir. 1996). However, the exercise of the *Pullman* abstention "is an extraordinary and narrow exception [...] [which] can be justified [...] only in exceptional circumstances." Id. quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976). See also Planned Parenthood of Cent. N.J. v. Farmer, 220 F.3d 127, 149 (3d Cir. 2000) ("*Pullman* abstention should be rarely invoked.").

A district court must make three findings in order to justify a *Pullman* abstention. The court must find: (1) that uncertain issues of state law underlie the federal constitutional claims brought in the district court; (2) that the state law issues are amenable to a state court interpretation that would obviate the need for, or substantially narrow, adjudication of the federal claim; and (3) that important state policies would be disrupted through a federal court's erroneous construction of state law. Chez Sez III Corp. v. Township of Union, 945 F.2d 628, 631 (3d Cir.1991). If all three factors are present, the federal district court must then consider whether abstention is appropriate by weighing such factors as the availability of an adequate state remedy, the length of time the litigation has been pending, and the impact of delay on the litigants. Id. at 633.

Defendants have pointed this Court to at least two cases[4] pending in the state courts that

---

[4] In Vega v. Beard, 847 A.2d 153 (Pa. Cmwlth., 2004), presently pending before the Commonwealth Court after having survived the filing of preliminary objections, the issue turns

justify a *Pullman* abstention as to this claim. Particularly relevant here is the case of <u>Fisher v. Department of Corrections</u>, 514 M.D. 2005. The issues presently pending before the Pennsylvania Supreme Court, by way of an appeal from the Commonwealth Court, are:

> a)   for purposes of collection of court-ordered child support arrearages from a Pennsylvania inmate, does the inmate's 'income' include monetary gifts sent to the inmate and available to the inmate for discretionary purchases?
>
> b)   is [the Commonwealth's] Administrative Directive 005, pertaining to the collection of inmate debt, reasonably related to legitimate penological interests and necessary to ensure the repayment of inmate debt occurs systematically?

Document # 86-2, page 29 (appeal filed June 27, 2007).

As to the three factors, the first is satisfied as there are uncertain issues of state law (the interpretation of Act 84 and ADM 005) that underlie the federal constitutional challenge; the second factor is satisfied as the Commonwealth Court's holding indicates this issue may be fully resolved without reaching a challenge to its constitutionality; and the third factor is satisfied as there are important state policies at issue as the Department of Corrections' has a duty to manage inmate institutional account as well as the duty to assure compliance with court ordered payments.

Given that this appeal is only recently filed and given the meager monthly payment currently being deducted from his institutional account, this Court finds that Plaintiff will not be significantly impacted by any delay in awaiting the state court's decision regarding this issue. Plaintiff's federal challenge to the constitutionality of ADM 005 will be indirectly impacted by

---

on whether the phrase "court ordered" can be construed to include support and arrearage orders by family courts as reflected in DC-ADM 005. A dissenting opinion in <u>Vega</u> indicates that the statute is susceptible to a construction which would obviate the need for an adjudication by this federal Court on the constitutional issue (i.e., that the statute may only apply to payments ordered by the sentencing court). The docket (as of July 19, 2007) reflects that this case has been submitted on the briefs on a motion for judgment on the pleadings filed on January 26, 2007.

the ultimate resolution of the Fisher case by the Pennsylvania Supreme Court, perhaps making a determination as to the constitutionality of the current ADM 005 moot. If the Supreme Court upholds the Commonwealth Court's holding, Department of Corrections practice will necessarily change on a state-wide basis, thereby changing the way inmate income is determined for purposes of child support payments.[5] Accordingly, this Court should abstain from a decision on this matter pursuant to *Pullman* and this claim should be dismissed without prejudice.

### F. Tampering with Mail

Defendants have not moved for summary judgment as to Plaintiff's claim regarding the tampering with mail. So, this claim remains pending.

## III  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' **partial** motion for summary judgment [Document # 72] be granted in part and denied in part. More specifically, summary judgment should be granted in favor of Defendants on Plaintiff's claim regarding the erroneous payments from his institutional account; summary judgment should be denied as to Plaintiff's access to courts claim. Further, as to Plaintiff's challenge to the constitutionality of DC-ADM 005, this Court should abstain from a decision and dismiss the claim without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written

---

[5] In the event the Pennsylvania Supreme Court reverses the Commonwealth Court's holding, Plaintiff may be able to challenge the constitutionality of the policy at that time.

objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).

                          S/ Susan Paradise Baxter
                          SUSAN PARADISE BAXTER
                          Chief United States Magistrate Judge

Dated: July 26, 2007