IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS CLAY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | )   Civil Action No. 05-125E |
| v. | ) Judge Sean J. McLaughlin |
| | ) Mag. Judge Susan Paradise Baxter |
| TRACY REEVES, et al., | ) |
| | ) |
| Defendants. | ) |

### MOTION FOR LEAVE TO FILE
### A SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

AND NOW come the defendants, by their attorney, Mary Lynch Friedline, Senior Deputy Attorney General, and request leave to file a Supplemental Motion for Summary Judgment based on the following:

1. Defendants filed a Motion for Summary Judgment on January 3, 2007. (Doc. 73, 74.)

2. In its Report and Recommendation dated July 26, 2007, this Court, noting that defendants' motion was only a **partial** one, recommended that it be granted in part and denied in part.

3. In particular, the Court denied defendants' request for summary judgment on plaintiff's access to courts claim, finding that defendants had mischaracterized the claim, which actually related to "defendants' conduct following the depletion of [plaintiff's] account and had nothing to do with how or why the account was depleted", as defendants had argued. (R&R at 7.) The Court also noted that defendants had failed to address plaintiff's mail tampering claim. (R&R at 10.)

4. The Court was correct on both points. Undersigned counsel took this case over from an attorney who left this office in December 2006, and she can only plead inadvertence in her desire to file the motion on a timely basis without seeking additional extensions. She did not properly grasp the scope of plaintiff's access claim, and inexplicably overlooked the mail tampering claim.

5. Counsel went back and reviewed plaintiff's pro se complaint and subsequent pleadings[1], as well as documents produced in discovery relating to plaintiff's inmate account. She also obtained plaintiff's numerous criminal dockets and a docket from the Commonwealth Court Petition for Review which plaintiff identifies in his complaint. Although we have had to request the Commonwealth Court file from storage, upon initial review of plaintiff's various criminal dockets, it appears that he may have no actual injury. Further, upon review of his account, it appears that plaintiff never qualified as "indigent" which is necessary under DC-ADM 803 to trigger the obligation to advance or anticipate money for postage. This issue was raised in another case before Your Honor (<u>Robus v. Commonwealth</u>, No. 06-260 Erie) and counsel seeks leave to present that issue and appropriate backup documentation here.

6. In sum, counsel believes that valid summary judgment arguments exist with respect to the access to courts claim. Further, it appears that the mail tampering claim described by plaintiff may be time barred, or flawed due to his adequate post-deprivation remedies.

7. Unquestionably, these matters should have been raised and briefed in connection with defendants' original motion. Inadvertence or failure to comprehend the issues are not proper excuses. Nonetheless, counsel submits that these arguments are valid, and since they

---

[1] Initially, plaintiff alleged that a Petition for Review in the Commonwealth Court was denied as untimely and defendants' failure to advance postage regarding a PCRA petition "almost" denied him access to the court – Complaint ¶29-30, 32-34). In subsequent pleadings, he claims defendants' actions actually prevented him from prosecuting his PCRA in a timely fashion. (Motion for PI, ¶2 – Doc. 41.)

would be raised in any event in the context of a Rule 50 motion, plaintiff will not be prejudiced by permitting them to be raised at this time, by way of a supplemental summary judgment motion.

8. Should the Court permit defendants to file this supplemental motion for summary judgment, counsel respectfully requests that the deadline be set for August 27, 2007. Counsel has vacation scheduled starting August 10, 2007 and is unlikely we will receive the archived files pertaining to plaintiff's 2004 Commonwealth Court Petition for Review before then. Counsel will make every effort to submit the motion well in advance of that date if possible.

WHEREFORE, defendants respectfully request that the Court grant this Motion and permit them to file a Supplemental Motion for Summary Judgment on or before August 27, 2007.

Respectfully submitted,

**THOMAS W. CORBETT JR.,**
**Attorney General**

By: /s/ Mary Lynch Friedline
MARY LYNCH FRIEDLINE
Senior Deputy Attorney General
PA I.D. # 47046

OFFICE OF ATTORNEY GENERAL
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date: August 6, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2007, I electronically filed the foregoing *Motion for Leave to File Supplemental Motion for Summary Judgment* with the Clerk of Court using the CM/ECF system. And I hereby certify that I have mailed the foregoing document by United States Postal Service to the following non CM/ECF participants:

Cassis M. Clay, Sr., DQ-5954
SCI-Forest
P.O. Box 945
Marienville, PA 16239-0945

                                                        By:   /s/ Mary Friedline
                                                                MARY FRIEDLINE
                                                                Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15129