# EXHIBIT CC

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

DAUPHIN COUNTY

CASSIUS M. CLAY Sr.                                        :

                Plaintiff                      :

       VS.                                               :   Civil Action

DEPARTMENT OF CORRECTIONS (D.O.C.) & EMPLOYEES      :   No. _____

JACK A. LOUGHRY (D.O.C. BUSINESS MANAGER)           :

                S.C.I. Greensburg             :

                R.D. #10, Box 10              :

                Greensburg, PA 15601          :

RICHARD GAYDOS (D.O.C. INMATE ACCOUNTING)           :

                S.C.I. Greensburg             :

                R.D. #10, Box 10              :

                Greensburg, PA 15601          :

LAWERENCE P. BENNING (D.O.C. FACILITY MANAGER)      :

                S.C.I. Greensburg             :

                R.D. #10, Box 10              :

                Greensburg, PA 15601          :

                Defendants                    :

## MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER BASED ON ALLEGATIONS OF COMPLAINT

Plaintiff, Cassius M. Clay Pro-Se, Petitions this Court Pursuant to PA R.C.P. 1531, to enter a Preliminary Injunction and Temporary Restraining Order Against; the PA Department of Corrections, and their Employees, Jack A. Loughry, Richard Gaydos, and Lawerence P. Benning, the said Defendants at S.C.I. Greensburg, in the form, in the attached proposed Order and for the Reasons set forth in the Accompanying Verefied Complaint and Memorandum of Law filed with this Petition.

**ARGUMENT**

POINT 1

THE PLAINTIFF IS ENTITLED TO A PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING ORDER

In determining whether a party is entitled to a Preliminary
Injunction and Temporary restraining order, the Courts generally
consider several factors: Whether the party will suffer
irreparable injury, the "balance of hardships" between the
parties, the likelihood of success on the merits, and the public
interest. Each of these factors favors the grant of this motion.

**A. THE PLAINTIFF IS THREATENED WITH IRREPARABLE HARM.**

The plaintiff alleges that he has been indirectly denied
Access to the Courts by the defendants actions, in not allowing
the plaintiff to recieve all his monies from outside sources.
Such conduct by prision officals are clear Constitutional
Violations. see CHRICEOL V. PHILLIPS, 169 F3d 313(5th Cir.
1999)(noting that "Prisoners clearly have a Constitutionally
protected right of access to the Courts, and Interference with a
prisoner's right to access to the Courts, such delay, may result
in a Constitutional deprivation): and TOOLASPRASHAD V. BUREAU OF
PRISONS, 286 F3d 576(D.C. Cir. 2002); and also see MURRY V.
DOSAL 150 F3d 814(8th Cir. 1998)(citing that Inmates have a
Constitutionally Protectable Property Intrest in Money recieved
from outside sources).

As a matter of law, the continuing deprivation of
Constitutional rights constitutes Irreparable harm. see ELROD V.
BURNS, 96 S.Ct. 2673(1976). This principle has been applied in
prision litigation generally, see NEWSOM V. NORRIS, 888 F2d 371,
at 378(6th Cir. 1989);and MITCHELL V. CUOMO, 748 F2d 804, at
806(2nd Cir. 1984).

### B. THE BALANCE OF HARDSHIPS FAVORS THE PLAINTIFF.

In deciding whether to grant Preliminary Injunctions and Temporary Restraining Orders, the Courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. see again MITCHELL V. CUOMO, 748 F2d 804, at 808(2nd Cir. 1984).

In this case, the present suffering of the plaintiff, and his potential suffering would be catastrophic in that; The plaintiff is in the middle of TWO Important Appeals.( The one as stated here for Child Support & Paternity, but most Important The Appeal of my Post Conviction Decision).

If, as here, I have the Origional Documents, but can not send them, nor copy them, beacuse I do not have the Funds to buy a copy card,(and the Institution will not let you go in the red for copies) Then My P.C.R.A Appeal will be time barred, beacuse my Deadline is APRIL 21st. If I do not get the NEEDED Copies my Appeal will not only be time barred, but also My issues may be waived, for Federal Habeas Corpus purposes, for failure to bring them up in State Court. see Com. V. MURRAY 753 A2d 201(2000).

This would constitute a very extreme hardship in that; Plaintiff would due Additional Years, which you can not put a price on. The suffering the Defendants would experience if the Court grants the order, would consist of them not getting the 2% surcharge from thier business transaction. Where the defendant's hardship amounts to no more than business as usual.

C. **THE PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS.**

In the pending Appeal to the Family Division for the Support Orders in question, the main Issues were; That the plaintiffs Due Process was Easily Violated in that, not only was there no Notification for this Support Modification in accordance with 23 Pa. C.S.A.§4352 (b)(e)(f)&(g), but the order entered in this proceeding , which was supposed to come within 14 days, came after the Modification $2\frac{1}{2}$ Months later. (again I have the origional papers, but cannot send them, beacuse I have no funds to get copies).

Also the plaintiffs Ability to pay was not taken into consideration. see HALEY V. HALEY 549 A2d 1316. Therefore as this Modification Order is on Appeal, the plaintiff is likely to succeed on these and other merits, that would return the Order as it was before, SUSPENDED. The word SUSPENDED as defined in Pa. R.C.P. Rule 1910.1(c) is, Eliminate the EFFECT of a Support Order for a period of time. That time is, When the Plaintiff is released, and schedules a Hearing to address these Cases. see LEASURE V. LEASURE 549 A2d 225, Where this case is identical to mine.

**D. THE RELIEF SOUGHT WILL SERVE THE PUBLIC INTEREST.**

In this case, the grant of relief will serve the public interest beacuse it is always in the public interest for prision Officals to Obey the law. see DURAN V. ANAYA, 642 F.Supp. 150, at 527(D.N.M. 1986)("Respect for the law, particularly by Officals responsible for the Adminstration of the States Correctional Systems, is in itself a matter of the highest public interest").

POINT II

**THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY.**

Usually a litigant who obtains interm Injunctive relief is asked to post security. However, the plaintiff is an indigent prisoner and is unable to post security. The Court has discretion to excuse an impoverished litigant from posting security. see ORANTES-HERNANDEZ V. SMITH, 541 F.Supp. 351, at 385 n. 30 (C.D.Cal. 1982).

### CONCLUSION

Here just as in F.E.R.C V. KECK 818 F.Supp.792, the demonstration that the Violation of a Statute and likelyhood of Future Violations in Absent of an Injunction may be inferred by reference to past Violations, meets the requirements for Preliminary Injunctive Relief.

For the foregoing reasons, the Plaintiff Prays; that this Honorable Court grant The Motion in its entirety, in Assisting plaintiff this 1st. step of obtaining Relief, and in returning to Society as a Productive Member.

DATED: SEPTEMBER 10, 2003

RESPECTFULLY SUBMITTED,

Cassius M. Clay DQ5954

Pro Se Plaintiff

R.D. # 10, Box 10

Greensburg, PA 15601

## STATEMENT OF VERIFICATION

I, CASSIUS M. CLAY, Defendant Pro-Se, Verify that the Statements made in this Matter, are True and Correct. I Understand that False Statements Herin are Made Subject to the Penalties of 18 Pa. C.S.A. §4904 Relating to Unsworn Falisfication to Authorities.

DATED: SEPTEMBER 10, 2003

Cassius M Clay

CASSIUS M. CLAY #DQ5954
Defendant Pro-Se
R.D. #10, Box 10
Greensburg, PA 15601

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

DAUPHIN COUNTY

CASSIUS M. CLAY Sr.                                    :

                     Plaintiff                   :

          VS.                                          :    Civil Action

DEPARTMENT OF CORRECTIONS (D.O.C.) & EMPLOYEES    :    No. _____

JACK A. LOUGHRY (D.O.C. BUSINESS MANAGER)        :

              S.C.I. Greensburg             :

              R.D. #10, Box 10             :

              Greensburg, PA 15601          :

RICHARD GAYDOS (D.O.C. INMATE ACCOUNTING)        :

              S.C.I. Greensburg             :

              R.D. #10, Box 10             :

              Greensburg, PA 15601          :

LAWERENCE P. BENNING (D.O.C. FACILITY MANAGER)    :

              S.C.I. Greensburg             :

              R.D. #10, Box 10             :

              Greensburg, PA 15601          :

              Defendants                    :

## ORDER GRANTING PRELIMINARY

## INJUNCTION AND TEMPORARY RESTRAINING ORDER

### ORDER

AND NOW, this _____ Day of _____, 2003, Upon Consideration of Plaintiff's Petition for a Preliminary Injunction and Temporary Restraining Order Relief, and the Court having determined after a hearing (1) that the Plaintiff will Suffer Irreparable Harm if the Requested Relief is not Granted Immediately, (2) that the Plaintiff does not have an Adequate Remedy at Law, (3) that Greater Injury will be Inflicted Upon Plaintiff by a Denial of Relief, than would be Inflicted upon Defendants by the Granting of such Relief, and (4) that the Plaintiff is Likely to Prevail on the Merits;

It is hereby ORDERED and DECREED that; the D.O.C. and it's Employees, Jack A. Loughry, Richard Gaydos, and Lawerence P. Benning is Forthwith:

(1) Enjoined from Removing Any Funds from Cassius M. Clay's Account for Any Purposes, Untill a Hearing is held to Determine his Ability to Pay.

(2) Enjoined from Detracting 60% or More of Said funds for Support Purposes.

(3) Enjoined from causing or Authorizing the issuance of any Monetary funds from Plaintiff's Account without Express Approval of Plaintiff.

This Order Shall Remain in Full Force and Effect Untill such time as Modified or Vacated by this Court.

_____

J.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

CASSIUS M. CLAY Sr.                    :

          Petitioner,           :

        VS.                          :      No. 640 MD 2003

COMMONWEALTH OF PENNSYLVANIA           :

DEPARTMENT OF CORRECTIONS, ET AL.,     :

        Respondents,           :

## CERTIFICATE OF SERVICE

I hereby Certify, that I am this day depositing, in the U.S. Mail, (at the State Correctional Institute at Greensburg) A True and Correct copy of My Petition for; Preliminary Injunction, and Temporary Restraining Order, that has been Treated as a Petition for Review, to the Commonwealth Court's Original Jurisdiction. see 42 Pa. C.S.A. §761, Pa. R.A.P. 1502. Which Service should Satisify, the Requirements of the Pa. R.A.P. RULE 1514(c).

"If you intend to Participate in this proceeding in the Commonwealth Court, you Must Serve and File a Notice of or Application for Intervention Under Rule 1531 of the Pa. R.A.P. Within 30 Days."

SERVICE BY FIRST CLASS MAIL ADDRESSED AS FOLLOWS:

    ALAN M. ROBINSON, Assistant Counsel

    Pennsylvania Department of Corrections

    55 Utley Drive

    Harrisburg, PA 17011

                      by, _Cassius M Clay_

                        CASSIUS M. CLAY Sr.

                        INSTITUTE #DQ5954

                        R.D. #10, Box 10

                        Greensburg, PA 15601

DATED: NOVEMBER 17, 2003.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

DAUPHIN COUNTY

CASSIUS M. CLAY Sr.                                    :

      Plaintiff                          :

    VS.                                      :  Civil Action

DEPARTMENT OF CORRECTIONS (D.O.C.) & EMPLOYEES     :  No. _____

JACK A. LOUGHRY (D.O.C. BUSINESS MANAGER)          :

      S.C.I. Greensburg              :

      R.D. #10, Box 10               :

      Greensburg, PA 15601           :

RICHARD GAYDOS (D.O.C. INMATE ACCOUNTING)          :

      S.C.I. Greensburg              :

      R.D. #10, Box 10               :

      Greensburg, PA 15601           :

LAWERENCE P. BENNING (D.O.C. FACILITY MANAGER)     :

      S.C.I. Greensburg              :

      R.D. #10, Box 10               :

      Greensburg, PA 15601           :

      Defendants                     :

## RULE TO SHOW CAUSE WHY PRELIMINARY
## INJUNCTION AND TEMPORARY RESTRAINING ORDER SHOULD NOT ISSUE

UPON THE SUPPORTING AFFIDAVIT OF THE PLAINTIFF AND THE
ACCOMPANYING MEMORANDUM OF LAW, IT IS HEREBY;

ORDERED that the Defendants Show cause in room _____ of the
_____ Courthouse, _____ [address], on the _____
Day of ____, 2003, at ____ O'clock, why a Preliminary Injunction
and Temporary Restraining Order Should Not Issue Pursuant to Rules
of Civil Procedure Rule 1531, Enjoining the said Defendants, their
Successors in Office, their Agents and their Employees and other
Persons Acting in concern and Participation with them, to Deprive
Plaintiff of his Funds, to provide an Appropiate course of Action
in Accordance with this Rule.

It is further ordered that Effective Immediately, and Pending the
Hearing and Determination of this Rule to Show Cause, that
Defendants, Cease and Desist of their Detraction of the said
Plaintiff's Funds.

It is Futher Ordered that this Rule to Show Cause, and all other
Papers Attached to this Petition, shall be Served on the
Defendants; JACK A. LOUGHRY, RICHARD GAYDOS, AND LAWERENCE P.
BENNING, by _____, 2003, and the United States Marshals Service
is Hereby Directed to Effectuate Such Service.

_____

J.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

DAUPHIN COUNTY

CASSIUS M. CLAY Sr.                                    :

                        Plaintiff                      :

              VS.                                      :  Civil Action

DEPARTMENT OF CORRECTIONS (D.O.C.) & EMPLOYEES         :  No. _____

JACK A. LOUGHRY (D.O.C. BUSINESS MANAGER)              :

                  S.C.I. Greensburg                    :

                  R.D. #10, Box 10                     :

                  Greensburg, PA 15601                 :

RICHARD GAYDOS (D.O.C. INMATE ACCOUNTING)              :

                  S.C.I. Greensburg                    :

                  R.D. #10, Box 10                     :

                  Greensburg, PA 15601                 :

LAWERENCE P. BENNING (D.O.C. FACILITY MANAGER)         :

                  S.C.I. Greensburg                    :

                  R.D. #10, Box 10                     :

                  Greensburg, PA 15601                 :

                  Defendants                           :

## DECLARATION IN SUPPORT OF PLAINTIFFS MOTION

### FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

I, CASSIUS M. CLAY, DECLARE UNDER PENALTY OF PERJURY THAT:

(1) I am the Plaintiff in this Case. I make this declaration in Support of my Motion for a Preliminary Injunction and Temporary Restraining Order to Ensure; that I recieve ALL Funds/Gifts due to me from family and friends, that comes into my Account, that I have a Constitutional Protected Liberty Intrest in.

(2) As set forth in the Complaint, and Memorandum of law in this Case, I petitioned the Family Division Court in 1998 to Inform them that I could not Continue to make Child Support Payments, because I was currently Incarcerated, and only making $20.00 a Month, and I Do Not have the Ability to Pay the Required Amounts.

(3) The Courts then, Suspended the Support Orders, and Remitted the Arrearages, untill my Release, where I am to Report to the Family Division to Schedule a Hearing to Address these Issues.

(4) The Family Division by Statute 23 Pa. C.S.A. §4352(a) Reviews Support Orders Automatically every three years, and makes Adjustments to the Orders in case of any Changes in Circumstances.

(5) I have had two Previous Reviews and Orders that have had the Arrearages Reduced, beacuse of Children found not to be mine.

(6) Even though this is possible, the Courts decisions can be flawed, or based on wrong information, and can be Appealed.

(7) The recent ruling can attest of this in that; during the recent Review of all of my cases one of the Children, again is not mine, and is being Appealed.

(8) The case in Particular, Patrice Burney's, not only has Paternity been an Issue since the onset in 1986, as the Mother of the child Refuses to take a Blood test, but the Court in 1999 had Terminated my Parental Rights, where the Grandmother now has Custody of the said Child.

(9) As This and the other Cases are now being Appealed, and with these issues, and others I will no doubt prevail.

(10) Also my Due Process Rights were Violated with this Recent Ruling, by not Assesing my Ability to Pay. see Bedford v. Bedford 536 A2d 102.

(11) There are also Violations of Statutory Proportions, in that the Support Statute of 23 Pa. C.S.A. §4302, Defines Income basically as; Money that Derives from the Job you Work, and the Department of Corrections A.D.M. Policy 005, Defines Income as Any Money that Comes into your Account Regardless of the Source. Also see, the Definitions in Title 15 U.S.C.S. §1602.

(12) It has been held that; Inmates have a Constitutionally Protectable Property Intrest in Money Recieved from Outside Sources. U.S.C.A.Const. Amend. 14. see Murry v. Dosal 150 F.3d 814 (8th Cir. 1998).

(13) Therefor Money that comes from family and friends as Gifts, Should not be Taken and Applied to any Support, or for any other Purposes, Except when there has been a hearing on the Ability to Pay and the Payor signs or Agrees to this as Due Process Requires.

(14) This coupled with the fact that we only recieve One Pay a Month, $30.00 and the fact that; our Hours are Presently being Reduced, while the Cost of everything ealse here is going up, such as Commissary Prices, and Postage, is Placing a burden on Me, by not being able to Survive with the Basic Necessities needed from Month to Month.

(15) This has also Placed Additional Hardships on me (not having enough Money) to Purchase Toiletries, needed Vitamins, Copy Cards for Court Exhibits, and has also effected my Health, and Psyche, by Constant Worry and Stress.

(16) Also Visits to see the Doctor here Consist of a $2.00 Copay, for each Visit, which has not been Computed, or taken into Consideration in my Ability to Pay.

(17) I am also in the middle of Post Conviction Litigation, and other Court Proceedings where I have to purchase Copy Cards here for either $5.00 or $10.00 that I Need for Exhibits, but Cannot Afford them on the $30.00 a Month income, let alone when they take out the $24.00 Support Payment (which is too much)but it leaves me to rely on the Gifts from my family and friends, if they have it.

(18) There is a High risk Associated with the Erroneous Deprivation of my Funds as noted here, that will Continue to happen, and Couppled with the fact that I may Never Recieve Any of this Money Back, Creates a just situation for the Granting of this Preliminary Injunction, and Temporary Restraining Order.

(19) For the Reasons set forth in the Complaint, and Memorandum of law filed with this Motion, the Plaintif is entitled to a Preliminary Injunction and a Temporary Restraining Order, Requiring the Defendants to Cease and Desist of the Detraction of funds from this Petitioners Account.

(20) For the foregoing Reasons, the Court Should Grant the Plaintiff's Motion in All Respects.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A PRELIMINARY**

**INJUNCTION AND TEMPORARY RESTRAINING ORDER**

STATEMENT OF THE CASE

This is a Civil Action brought by a State Inmate contending; that the Inmate Business Office, and Accounting Office at S.C.I. Greensburg is Violating said Inmates Right, to his liberty intrest in Monies that come in as Gifts, from family and friends, by taking out of Inmates Prision Account, Money to Give to a Credit Agency, based on Family Division Child Support Orders, where the Inmates Support Orders have been SUSPENDED, and the Arrearages that are in question have been forgiven Untill Inmates Release.

STATEMENT OF FACTS

As stated in the Declaration submitted with this motion, the Plaintiff is Experiencing Extreme Hardships, from the Outrageous Deductions of 70%, 85%, and Sometimes 95%, from his Prision Account, that Derives from a 3 year Review of a Suspended Child Support Order, inwhich one of the Children whose support is being deducted, has been already deemed not mine. Even if some Arrears are to be Paid, they are to be Applied According to the Support Law Statute of 23 Pa. C.S.A. Chapters §4300 - 4500, and U.S.C.S. TITLE 15 §1673 Restriction on Garnishment.

The Institution here, is not only taking Monies out which are to be Addressed Upon Release, beacuse of my Inability to Pay, (which has not been Addressed Either) but they are also Taking Out too Much Money, as both the Support Statute, and the Limit as Prescribed by U.S.C.S. TITLE 15 §1673 States, the Amount that comes from your INCOME is not to be more than 55% of your Wages.

The D.O.C. ADM 005 Collection of Inmate Debt Policy, is also
in Direct Conflict with these Legislative Enactments, and Cannot
Supersede them.

The Confusion in 23 Pa. C.S.A. §4348(c)&(g), and ADM 005 is
that; they here take out More than 55% of ANY Money that Comes
into my Account, and the Statute Mandates that Only 10% of the
Judges Order is to be taken from the Wage Attachment. Also the
D.O.C.'S Definition of INCOME is any Money that Comes into your
Account, (even from Gifts) as Apposed to the Money you Earn for
Work, as Defined by 23 Pa.C.S.A. §4302 & TITLE 15 U.S.C.S. §1673.

The Defendants against whom the Relief is Sought are,
Respectively; the D.O.C., and their Employees, Jack A. Loughery
D.O.C. Business Manager, Richard Gaydos D.O.C. Inmate Accounting,
and Lawrence P. Benning D.O.C. Facility Manager, at S.C.I.
Greensburg, whom are All apart of the Administration here,
Enforcing the Extortion, in the form of the 60%, and up theft of
Inmates funds that comes into my Account from Family and Friends,
and Not from my Monthly Work Income as it Should.

**DATED: SEPTEMBER 10, 2003**

RESPECTFULLY SUBMITTED,

*Cassius M. Clay*

CASSIUS M. CLAY, DQ5954
Pro-Se, Plaintiff
R.D. #10, Box 10
Greensburg, PA 15601

# EXHIBIT DD

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

CASSIUS M. CLAY, SR.,                     :
                          Petitioner      :
                                          :
            v.                            :
                                          :
PENNSYLVANIA DEPARTMENT OF                :
CORRECTIONS et al.                        :
                          Respondents  :      No. 640 M.D. 2003


PER CURIAM                    O R D E R

            NOW, November 7, 2003, upon consideration of respondent's preliminary objection alleging defective service, and it appearing that  service of the petition  for review has  not been made on respondent as required by Pa. R.A.P. 1514(c), petitioner shall serve his petition  for review on respondent and the Attorney General in person or by certified mail as required by Pa. R.A.P. 1514(c) and file with this court a certificate of service of same within 14  days of the entry of this Order or respondent's preliminary objection pertaining  to service  will be  sustained and  the  petition for review will be dismissed as of course. See Awkakewakeyes v. Department of Corrections, 597 A.2d 210 (Pa. Cmwlth. 1991) (overruling  Bronson v. Filipi, 528 A.2d 1060 (Pa. Cmwlth. 1987)).


            Respondent may file additional preliminary objections within 44 days of entry of this order if petitioner complies with paragraph one above.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

CASSIUS M. CLAY, SR.,                 :
                        Petitioner    :
                                      :
            v.                        :
                                      :
PENNSYLVANIA DEPARTMENT OF            :
CORRECTIONS et al.                    :
                    Respondents   :        No. 640 M.D. 2003

PER CURIAM              O R D E R

            Now, December 22, 2003, upon consideration of respondent's
second preliminary objection alleging defective service, and it appearing that
petitioner failed to comply with this court's order of November 7, 2003, the
preliminary objection is sustained, and the petition for review is dismissed.

                            **Certified from the Record**

                              DEC 2 3 2003

                            **and Order Exit**

10:10 A.M.

## Miscellaneous Docket Sheet

## Commonwealth Court of Pennsylvania

**Docket Number:**    640 MD 2003
**Page 1 of 5**
**August 2, 2007**

---

Cassius M. Clay, Sr.,
Petitioner
v.
Department of Corrections (D.O.C.)
& Employees Jack A. Laughry (D.O.C.
Business Manager), Richard Gaydos
(D.O.C. Inmate Accounting) and Lawrence P.
Benning (D.O.C. Facility Manager),
Respondents

---

| | | | |
|---|---|---|---|
| Initiating Document: | Petition for Review | | |
| Case Status: | Decided/Active | | |
| Case Processing Status: | January 7, 2004 | Reargument/Reconsideration Filed | |
| Journal Number: | | | |
| Case Category: | Miscellaneous | CaseType: | Inmate Petition for Review |

---

**Consolidated Docket Nos.:**                    **Related Docket Nos.:**

---

### COUNSEL INFORMATION

| **Petitioner** | Clay Sr., Cassius M. | |
|---|---|---|
| Pro Se:  ProSe | | Appoint Counsel Status: |
| IFP Status: | Yes | |
| Attorney: | Clay, Cassius M. | |
| Law Firm: | | |
| Address: | DQ 5954- RD 10 Box 10 | |
| | Greensburg, PA 15601 | |
| | Phone No.: | |

| **Respondent** | Department of Corrections | |
|---|---|---|
| Pro Se: | | Appoint Counsel Status: |
| IFP Status: | | |
| Attorney: | Robinson, Alan Matthew | |
| Law Firm: | | |
| Address: | PA Dept of Corrections | |
| | 55 Utley Drive | |
| | Camp Hill, PA 17011 | |

10:10 A.M.

## Miscellaneous Docket Sheet

**Commonwealth Court of Pennsylvania**

**Docket Number:**    **640 MD 2003**

**Page 2 of 5**

**August 2, 2007**

Phone No.: (717)731-0444

### TRIAL COURT/AGENCY INFORMATION

Court Below:    Department of Corrections

County:                                              Division:

Date of Order Appealed From:                        Judicial District:

Date Documents Received:    September 25, 2003      Date Notice of Appeal Filed:

Order Type:

### ORIGINAL RECORD CONTENTS

### BRIEFING SCHEDULE

Pennsylvania Web Docket Sheet

Please be advised that the appellate court filing offices may not be immediately reflected on web-generated docket sheets. Because the web docket sheets are not the Administrative Office of Pennsylvania Courts as its on use any liability for a complete, immediate data or on accuracy of use on these web docket sheets.

8/2/2007

5172

10:10 A.M.

**Miscellaneous Docket Sheet**                    **Commonwealth Court of Pennsylvania**

**Docket Number:**        **640 MD 2003**
**Page 3 of 5**
**August 2, 2007**

| DOCKET ENTRIES | | | |
|---|---|---|---|
| **Filed Date** | **Docket Entry/Document Name** | **Party Type** | **Filed By** |
| September 25, 2003 | Petition for Review Filed | Petitioner | Clay Sr., Cassius M. |
| September 25, 2003 | Application to Proceed In Forma Pauperis | Petitioner | Clay Sr., Cassius M. |
| October 1, 2003 | Order Granting Application to Proceed In Forma Pauperis | | Per Curiam |
| October 10, 2003 | Praecipe for Appearance | | |
| | Praecipe for Appearance Robinson, Alan Matthew | Respondent | Department of Corrections |
| November 5, 2003 | Preliminary Objections | Respondent | Department of Corrections |
| | | Respondent | Gaydos, Richard |
| | | Respondent | Loughry, Jack A. |
| | | Respondent | Benning, Lawerence P. |
| November 7, 2003 | Order Filed | | |
| | Petitioner shall serve AG and Resp. with a copy of the Pet. for Review by 11/24/03. | | Per Curiam |

Petitioner shall file a cert. of service by 11/24/03 or PO pertaining to service will be sustained and the pet. for review will be dismissed as of course.  Respondent may file additional PO's within 44 days of the entry of this order if petitioer complies with service.

| | | | |
|---|---|---|---|
| November 24, 2003 | Certificate of Service Filed | | |
| | (Non compliance with order) | Petitioner | Clay Sr., Cassius M. |
| December 18, 2003 | Preliminary Objections | | |
| | Second. | | |

Miscellaneous Docket Sheet

10:10 A.M.

**Miscellaneous Docket Sheet**                    **Commonwealth Court of Pennsylvania**

**Docket Number:**        **640 MD 2003**
**Page 4 of 5**
**August 2, 2007**

|  |  | Respondent | Department of Corrections |
|--|--|------------|---------------------------|
|  |  | Respondent | Gaydos, Richard |
|  |  | Respondent | Loughry, Jack A. |
|  |  | Respondent | Benning, Lawerence P. |

| December 22, 2003 | Dismissed |  |  |
|-------------------|-----------|--|--|
|  | Petitioner failed to comply with the 11/7/03 order, the 2nd PO, re: defective service is sustained. |  |  |
|  |  |  | Per Curiam |

| January 7, 2004 | Application for Reconsideration |  |  |
|-----------------|-------------------------------|------------|--|
|  |  | Petitioner | Clay Sr., Cassius M. |

| January 8, 2004 | Order Denying Application for Reconsideration |  |  |
|-----------------|---------------------------------------------|--|--|
|  |  |  | Per Curiam |

| January 26, 2004 | Notice of Appeal to PA Supreme Court Filed |  |  |
|------------------|-------------------------------------------|------------|--|
|  |  | Petitioner | Clay Sr., Cassius M. |

10:10 A.M.

## Miscellaneous Docket Sheet

**Commonwealth Court of Pennsylvania**

**Docket Number:        640 MD 2003**
**Page 5 of 5**
**August 2, 2007**

---

### DISPOSITION INFORMATION

| | | | |
|---|---|---|---|
| Related Journal Number: | | Judgment Date: | 12/22/2003 |
| Disposition Category: | Disposed Before Decision | Disposition Author: | Per Curiam |
| Disposition: | Dismissal | Disposition Date: | 12/22/2003 |

Dispositional Comments:

---

Dispositional Filing:                                            Author:
Filed Date:

---

### REARGUMENT/RECONSIDERATION/REMITTAL

Reargument/Reconsideration Filed Date: January 7, 2004
Reargument Disposition:   Reconsideration/Reargument Denied                Date:    January 8, 2004
Record Remitted: