IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS CLAY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 05-125E |
| v. | ) Judge Sean J. McLaughlin |
| | ) Mag. Judge Susan Paradise Baxter |
| TRACY REEVES, et al., | ) |
| | ) |
| Defendants. | ) |

## CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS

AND NOW come the defendants, by their attorneys, Thomas W. Corbett Jr., Attorney General, Mary Friedline, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief, Litigation Section, and pursuant to this Court's August 7, 2007 Order, submit the following Concise Statement of Material Facts which they contend are not in dispute and are material to their Supplemental Motion for Summary Judgment:

1. Plaintiff admits in the complaint that he was not denied access to the courts regarding his PCRA petition, only that he was "almost" denied access. (Cplt. ¶34.)

2. Plaintiff was able to file a timely PCRA petition on April 22, 2003 that was summarily dismissed by the criminal court on the basis of Pa. R. Crim. P. 907 on July 21, 2004. (Exh. AA.)

3. Plaintiff failed to exhaust his access to courts claim with respect to the PCRA petition. He filed Grievance # 49518 on April 16, 2003, it was denied, and he

failed to appeal it to the next level of review. (Exh. BB – Grievance #49518 and Response, with Declaration of Tracey Pollock.)

4. On September 10, 2003, plaintiff submitted a Petition for Review to the Commonwealth Court which was docketed at No. 640 M.D. 2003 on September 25, 2003 (this was captioned as a Motion for Preliminary Injunction and TRO). (Exh. CC.)

5. In his Petition, Plaintiff contended that DOC respondents violated his constitutionally protected liberty interest and due process rights in funds and gifts in his inmate account by, *inter alia*, deducting child support obligations from those funds pursuant to DC-ADM 005. (Exh. CC.)

6. The named respondents, in addition to the DOC, were Jack Loughry, Gaydos from SCI-Greensburg accounting, and Benning, the Facility Manager (all defendants here). (Exh. CC.)

7. Plaintiff did not serve the respondents when he filed his petition; nor did he do so over the next 3 months even though given an opportunity to do so by the Commonwealth Court. (Exh. DD.)

8. Plaintiff's petition was dismissed due to his failure to effect proper service under Pa. RAP 1514. (See Exh. DD – 11/7/03 and 12/22/03 Commonwealth Court Orders and Docket.)

9. The dismissal in Commonwealth Court did not preclude plaintiff from raising the very same issues in this case. (see Complaint, generally.)

10. The DOC policy which governs inmate mail and advancement of monies for postage and copying, DC-ADM 803, allows an inmate who is "indigent" to anticipate

up to $10.00 on his account monthly for postage and copying for legal mail. (Exh. EE - DC-ADM 803, at Section VI, ¶ C (effective 9/30/02 through 7/15/04).

11.     Under DC-ADM 803, an inmate will be deemed indigent if "the combined balances of his/her facility account and any other accounts are $10.00 or less at all times during the 30 days preceding the date on which the inmate submits a request to a person designated by the Facility Manager."  (Exh. EE.)

12.     Under DC-ADM 803, "any inmate who has not made a good faith effort to manage his/her money so as to be able to pay the necessary costs of litigation himself/herself is not indigent."  (Exh. EE at Section IV, ¶ H.)

13.     Cassius Clay did not qualify as "indigent" under DC-ADM 803, particularly during the period when he needed to serve his Petition for Review (September through November 2003), nor did he ever apply for such status.  (Exh. FF, Loughry Declaration.)

14.     Clay's inmate account for that period reveals that there was never a 30-day period where his account remained under $10.00.  (Exh. FF and GG - Clay's Inmate Account.)

15.     His grievance was denied as he was not indigent under DOC policy and thus, was not entitled to anticipate postage.  (Exh. FF.)

16.     Neither the defendants nor any DOC policy impeded Clay's access to the Courts in 2003 when he was attempting to serve his petition for review.  (Exh. DD.)

17.     Clay dated and submitted his petition on 9/10/03 but did not serve it. (Exh. DD.)

18.     During this time – between September and November 2003 - Clay earned wages of $43.56 in September, $44.58 in October and $45.10 in November.   Although

$24.00 was deducted each month for child support, this still left him with a balance each month that was close to $20.00, without factoring in gifts totaling $155.  (Exh. GG.)

19.    Clay spent $43.70 at the commissary and paid $16.68 for cable service in September, for a total of $60.38.  (Exh. GG.)  He spent a total of $67.47 for commissary and cable in October, as well as sending a $50.00 gift to Cassius Clay Jr., and he spent $24.19 at the commissary in November.  Id.

20.    When Clay submitted his Petition on September 10, 2003, he had $19.75 in his account, but went to the commissary and spent $43.70.  (Exh. GG.)

21.    Clay received a gift of $150.00 on 9/23/03, which increased his balance at the end of the month at $92.47.  (Exh. GG.)

22.    Plaintiff's own irresponsible spending put him in the position where he had no money left for postage.  (Exh. FF and GG.)

23.    In response to a request slip plaintiff submitted on or about October 21, 2004 concerning a video conference for a family court matter on October 22, 2004 his counselor's responded that Mrs. Marhefka "has no notification of any videoconference scheduled for you."  (Cplt. Exh. 6.)

24.    In response to various petitions to modify child support and arrears, the Allegheny County Family Court issued an Order dated August 24, 2004 in the matter at FD 86-4623 setting a hearing on plaintiff's Petition for Termination/Modification of Arrears for October 22, 2004.  (Doc. 73 - Deft. Exh. 16.)

25.    The Order stated that Clay was permitted to appear by **telephone** but "he shall be responsible for making all arrangements for his telephone appearance at said hearing through the DOC" and shall notify the Title IV-D attorney of those arrangements

4

at least 10 days prior to the hearing.  (Id. - Exh. 16.)  There was no order for video conferencing.

26.     The hearing was apparently rescheduled to 2/25/05, at which point plaintiff is shown as participating by telephone. (Defendants' Exh. 17.)  The Hearing Officer noted "consent" on both summaries and recommended that plaintiff pay arrears of $2.50 monthly on two of his child support obligations.  (Id. - Exh. 17.)

27.     Plaintiff failed to grieve this claim.   There is no grievance in his file pertaining to attendance at child support hearings or video conferencing.   (Exh. HH – Colland Declaration.)

28.     Plaintiff filed Grievance # 41097, in which he claimed his niece sent him a $150 money order on 12/22/02 and accidently included a powerball ticket.   (Exh. II.)  The letter was returned at the direction of the security captain.  Id.

29.      Plaintiff claimed his family never received the return mail.

Respectfully submitted,

**THOMAS W. CORBETT JR.,
Attorney General**

By:     /s/ Mary Lynch Friedline
MARY LYNCH FRIEDLINE
Senior Deputy Attorney General
PA I.D. # 47046

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date:  August 31, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2007, I electronically filed the foregoing ***Concise Statement of Undisputed Material Fact re: Supplemental Motion for Summary Judgment*** with the Clerk of Court using the CM/ECF system. And I hereby certify that I have mailed the foregoing document by United States Postal Service to the following non CM/ECF participants:

Cassis M. Clay, Sr., DQ-5954
SCI-Pittsburgh
P.O. Box 99991
Pittsburgh, PA 15233

By:   /s/  Mary Friedline
MARY FRIEDLINE
Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15129