IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIUS M. CLAY SR., | : | Civil Action No. 05-125E |
| Plaintiff, | : | Judge Sean J. McLaughlin |
| v. | : | |
| | : | FILED |
| | : | SEP 1 2 2007 |
| TRACY REEVES, et al., | : | CLERK U.S. DISTRICT COURT |
| Defendants, | : | WEST. DIST. OF PENNSYLVANIA |

MOTION FOR RECONSIDERATION
___

AND NOW COMES INTO COURT, the Plaintiff, CASSIUS M. CLAY SR., Pro-se in the above captioned matter, and Respectfully Requests this Honorable Court to Reconsider its decision to Grant the Defendants' Partal motion for Summary Judgment as to the Claims regarding the erroneous payments from his institutional account, and to the access to court claim, to allow the defendant's to have a second Summary Judgment, when the time is up, and also to Abstain from the decision to adjudicate the claim to the constitutionality of the DC-ADM 005, and in support of states the following:

1. On August 30, 2007, the Plaintiff received an Order from the District Court Judge Honorable Sean McLaughlin, which on August 29, 2007, adopted the Magistrate Judge Susan P. Baxter's Report and Recommendation, to Grant Summary Judgement for the Defendants' regarding the Claim of the erroneous payment from his institutional account, and to Abstain from the claim of the Constitutionality of the DC-ADM 005.

2. The Plaintiff states that the Memorandum Order states as a reason for the decision was that the Plaintiff did not file any Objections to the Report and Recommendation, as he requested on August 14, 2007, for a 20 day extension until September 4, 2007, and was not allowed to have his legal Material's by the staff here, and the lack of a Law-Library, coupled with this court's Order, he is prejudiced by not being able to respond, and requests that Excusable Neglect be a reason to hear this instant Motion.

3. The Plaintiff states that it would be a Miscarriage of Justice if the Decisions to Deny his claim regarding the erroneous payment from his institutional account, and to abstain from an adjudication on the issue of the Constitutionality of the DC-ADM 005, as the Magistrate Judge Relied on Erroneous information, and Documents submitted in a Preliminary Injunction Proceeding on 9/21/06, by an Ex-Attorney for the Defendants' which the Honorable District Court Judge McLaughlin, Erroneously adopted as being Material to this Case.

Specificially; on page 3 of the R.&R., Section 3. Motion for summary judgment, where the Magistrate Judge Contends that the Conversion of a Rule 12(b)(1) dismissal, into a Rule(56) Summary Judgement motion, is predicated upon "when matters outside the Pleadings are presented... the district court must convert a motion to dismiss into a summary judgment motion." (and states the cases) the Planitif is unsure of what matters, but aludes to the Matters in which the Magistrate Judge on page 5, section C. & FN 2., of the R. & R., and on page 6., "In this case, the state court ordered plaintiff to monthly child support payments of five dollars towards his substantial arrearages." the "Consent Orders" of March 6, 2005, is not the correct claim concerning the instant Proceeding.

(2)

4. The Plaintiff states that the "Consent Order" of March 2005, is not at issue here, where the original complaint specifically states that the **2002** Three Year Review of the 1998 SUSPENDED Child Support Order's are the Issues immediately related to the Constitutional Violations committed by the Defendants at S.C.I. GREENSBURG between 2003 & 2004 (and in the amounts of $24.00-$50.00 or more), are the claims currently being challenged.

The Violations by the other Non-party Entities at S.C.I. Forest, where the Preliminary Injunction Proceeding were held, with the Ex-Attorney for the defendants', is a Separate Order concerning different Women altogeather, and has been Grieved at S.C.I. Forest, which will in the future be the subject of a State Court Tort Action, that has yet to be initated.

With this showing, a Grave Error has been committed by the District Courts reliance of the Magistrate's Acceptance of Irrelevant "other paper's/matters" which were included as being outside the record, and used in her decision(s) in the R. & R., based on fradulent Misrepresented facts, and documents by Non-party and Ex-Attorney for the defendants, which has no bearing on the Claims at hand.

"A non-party, by definition, is not a participant in the Litigation, and when a non-party refuses to provide discovery, no claim has been asserted by or against it." **GENERAL INS. CO. OF AMERICA v. EASTERN CONSOL UTILITIES, INC. 126 F.3d 215,221(C.A.3 (Pa.) 1997).**

Accordingly, I believe that the FRCP and the Federal Court System on a whole, does not Authorize other non-relevant Orders to be **Wrongly** construed to be the subject of the instant claims, and then used to foreclose a very material fact of the Plaintiff's for Trial.

Summary Judgement Should be Precluded concerning this Claim!

(3)

5. Also it should be noted that the Third Party Entities in the other Child Support Case, and at S.C.I. Forest have not been Formally made part of the Proceedings Pursuant to FRCP RULES 14, 19, or 21, and should be another reason to Preclude Summary Judgment.

6. The Plaintiff contends that "a Motion for reconsideration is Granted only when court finds that it overlooked matters or controlling decisions which, it it had considered such issues, would have mandated a different result." **EISERT v. TOWN OF HEMPSTEAD 918 F.Supp. 601(E.D.N.Y. 1996).** In the instant case, the Plaintiff's Whole Claim has been overlooked.

A Genuine issue of material fact exists as to whether the defendants misrepresented the fact that, a New 2005 "concent order" is the correct order in which the Plaintiff is contesting. "[A] Misrepresentation may be the product of the intentional suppression of the truth,... and may be effected by words, conduct or exhibition of documents." Id. at 615.(emphasis added)

A "Major ground justifying reconsideration of decisions are intervening change of controlling law... or need to correct clear error or to prevent manifest injustice." **KREGO v. LATEST LINE INC. 951 F.Supp. 24(D.Conn. 1996)**(quoting **VIRGIN ATLANTIC AIRWAYS LTD. v. NAT"L MEDIATION BD. 956 F.2d 1245,1255(2nd Cir. 1992);** Also see **SELARAS v. M/V CARTAGENTA DELNDIAS 959 F.Supp. 270 (E.D.Pa. 1997)** ("Purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.")(Quoting **HARSCO CORP. v. ZLOTNICKI 779 F.2d 906,909(3d Cir. 1985).**

WHEREFORE, Plaintiff Respectfully Requests that this court reconsider its prior decision based on the showing of Material Facts which would Preclude Summary Judgment, and Grant this Motion, and proceed to Trial on the Claims of Constitutional Violations.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIUS M. CLAY, SR., | : | Civil Action No. 05-125-E |
| Plaintiff, | : | Judge Sean J. McLaughlin |
| V. | : | Mag. Judge Susan P. Baxter |
| | : | |
| TRACY REEVES, et al., | : | |
| Defendants, | : | |

## STATEMENT OF VERIFICATION

I, CASSIUS M. CLAY SR., Verify that the foregoing is True and Correct, to the best of my Knowledge, Information, and Ability. I Understand that False Statements made herein are subject to the Penalties of 28 U.S.C. Section 1746, Relating to Unsworn Falsification to Authorities.

Dated; September 7, 2007.

*Cassius M. Clay Sr.*

CASSIUS M. CLAY SR. DQ5954

P.O. BOX 99991

Pittsburgh, PA 15233

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY SR.,                  :
            Plaintiff,                :   Civil Action No. 05-125E
      v.                              :   Judge Sean J. McLaughlin
                                      :   Mag. Judge Susan P. Baxter
TRACY REEVES, et al.,                 :
            Defendants,               :

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a True and Correct Copy of this Foregoing instrument, has been Mailed, Postage Prepaid, on this 7th day of SEPTEMBER, 2007, to The Office of the Clerk; UNITED STATES DISTRICT COURT, Western District of Pennsylvania; P.O. Box 1820; Erie, PA 16507, by Depositing the same in the Mail Box at S.C.I. Pittsburgh.

The aforesaid was done Under the Penalty of Perjury (28 U.S.C.A. Section 1746).

Dated: September 7, 2007.

                                        _Cassius M. Clay Sr._
                                        CASSIUS M. CLAY SR. DQ5954
                                        P.O. BOX 99991
                                        Pittsburgh, PA 15233

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIUS M. CLAY, SR., | : | Civil Action No. 05-125E |
| Plaintiff, | : | Judge Sean J. McLaughlin |
| | : | Mag. Judge Susan P. Baxter |
| V. | : | |
| | : | |
| TRACY REEVES, et al., | : | |
| Defendants, | : | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a True and Correct Copy of this Foregoing instrument, has been Mailed, Postage Prepaid, on this 7th day of SEPTEMBER, 2007, to MARY LYNCH FRIEDLINE, Senior Deputy Attorney General, Office of the Attorney General, 5th Floor, Manor Complex, 564 Forbes Avenue, Pittsburgh, PA 15219, by Depositing the same in the Mail Box at S.C.I. Pittsburgh.

The aforesaid was done Under the Penalty of Perjury (28 U.S.C.A. Section 1746).

Dated: September 7, 2007.

_Cassius M. Clay Sr._
CASSIUS M. CLAY SR. DQ5954
P.O. BOX 99991
Pittsburgh, PA 15233