IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIUS M. CLAY SR., | : | Civil Action No. 05-125E |
| Plaintiff, | : | Judge Sean J. McLaughlin |
| V. | : | Mag. Judge Susan P. Baxter |
| | : | |
| TRACY REEVES, et al., | : | FILED |
| Defendants, | : | SEP 26 2007 |

PLAINTIFF'S RESPONSIVE CONCISE STATEMENT
FILED PURSUANT TO LR 56.1(C)(1)

Plaintiff, CASSIUS M. CLAY SR., Pro-se, Respectfully submits the following Response to the Defendant's Concise Statements of Material Facts, which they contend are not in dispute, but the following response(s) will show that there is a dispute which would Preclude Summary Judgment.

1. ADMITTED IN PART DENIED IN PART AS: The Plaintiff was delayed in his opportunity to file his P.C.R.A. Petition for a Period of about 16 days by the defendant's conduct at S.C.I. Greensburg.

2. DENIED IN PART AS: The Plaintiff was not able to file a Timely P.C.R.A. Petition, as it was deemed **UNTIMELY** filed, where the Delay also rendered the Plaintiff's claims in the Federal Habeas Corpus Proceeding, **UNTIMELY FILED** and **TIME-BARRED**, AS Per Title 28 U.S.C.A. §2254(d)(1)&(2). (have Exhibits, but cannot get copies untill I am Called by the staff here.)

3. ADMITTED IN PART DENIED IN PART AS: the facts underlying the statement made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand

(1)

in this case. Consequently, the materiality of the statements made within this paragraph are denied.

4. ADMITTED.

5. ADMITTED.

6. ADMITTED.

7. ADMITTED IN PART DENIED IN PART AS: The Plaintiff did serve the respondents with a "Proof of Service" when he filed his petition, and he also did send Five(5) Certificates of Service on or around the 12th of November, where they got sent back from the Mail Room, with a Insufficient funds note on them, so I asked the respondents at Greensburg could I Personally serve them Pursuant to Pa.RAP 1514, and they collectively said no, I also on the same day 11-15-03, placed the Two(2) Attorney's Certificate's of Service in the Mail, and one went out, and one came back. (have Copy, but Can't get any extra's made until I get called by the staff here). see [93] Pg. 14,FN 5.

8. ADMITTED IN PART DENIED IN PART AS: the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. Consequently, the materiality of the statements made within this paragraph are denied.

9. ADMITTED IN PART DENIED IN PART AS: the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues and matters at hand in this case. Consequently, the materiality of the statements made within this paragraph are denied. (see Defendants Brief [93] pg.7)

10. ADMITTED IN PART DENIED IN PART AS: the policy effectively denies an inmate the Constitutionally Protected right to access the Courts, when the D.O.C. respondent's Take Money From the inmate's

account and does not leave him with any other alternative, such as advancing him the funds, before they make their monthly deductions, (which are automatic, and the inmate does not know until he receives a monthly statement, around the middle of the month, when it is too late, as he does not have control of his account) and is therefore in dispute, as to a material fact to preclude summary judgment.

11. ADMITTED IN PART DENIED IN PART AS: the Plaintiff was deemed as an "indigent" by the State Court, and allowed to proceed I.F.P., which is in direct contradiction with the D.O.C. DC-ADM 803 Policy, and this policy does not preceed the law, nor does it pose any additional safeguard to protect the constitutional right.

12. ADMITTED IN PART DENIED IN PART AS: this inmate has made a good faith attempt to manage his money every month, but for the illegal automatic deductions, and the once a month notification of your account balance, you cannot know precisely your balance. see [93] pg. 14 FN 5.

13. ADMITTED IN PART DENIED IN PART AS: the Plaintiff did apply for indigency but got turned down. (could not get deposition as motion for compliance was denied, and discovery post-poned, also I had the form for indigency, but the D.O.C. distroyed it in the illegal confiscation of my legal material, and never gave it back).

14. ADMITTED IN PART DENIED IN PART AS: the Plaintiff was an indigent, as by the state law, and at the time in question, the defendant's refused to advance this inmate funds to Mail his petition, despite it's policy stating that a petition for review will be the only petition to be permitted by an inmate to advance funds for. see [93] pg.9 b.(1).

15. ADMITTED.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIUS M. CLAY, SR., | : | Civil Action No. 05-125-E |
| Plaintiff, | : | Judge Sean J. McLaughlin |
| V. | : | Mag. Judge Susan P. Baxter |
| | : | |
| TRACY REEVES, et al., | : | |
| Defendants, | : | |

## STATEMENT OF VERIFICATION

I, CASSIUS M. CLAY SR., Verify that the foregoing is True and Correct, to the best of my Knowledge, Information, and Ability. I Understand that False Statements made herein are subject to the Penalties of 28 U.S.C. Section 1746, Relating to Unsworn Falsification to Authorities.

Dated; September 22, 2007.       *[signature]*

CASSIUS M. CLAY SR. DQ5954

P.O. BOX 99991

Pittsburgh, PA 15233

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIUS M. CLAY, SR., | : | Civil Action No. 05-125E |
| Plaintiff, | : | Judge Sean J. McLaughlin |
| v. | : | Mag. Judge Susan P. Baxter |
| | : | |
| TRACY REEVES, et al., | : | |
| Defendants,: | | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a True and Correct Copy of this Foregoing instrument, has been Mailed, Postage Prepaid, on this __22nd__ day of __SEPTEMBER__, 2007, to MARY LYNCH FRIEDLINE, Senior Deputy Attorney General, Office of the Attorney General, 5th Floor, Manor Complex, 564 Forbes Avenue, Pittsburgh, PA 15219, by Depositing the same in the Mail Box at S.C.I. Pittsburgh.

The aforesaid was done Under the Penalty of Perjury (28 U.S.C.A. Section 1746).

Dated: __September 22__, 2007.

CASSIUS M. CLAY SR. DQ5954
P.O. BOX 99991
Pittsburgh, PA 15233

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIUS M. CLAY SR., | : | Civil Action No. 05-125E |
| Plaintiff, | : | Judge Sean J. McLaughlin |
| V. | : | Mag. Judge Susan P. Baxter |
| | : | |
| TRACY REEVES, et al., | : | |
| Defendants, | : | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a True and Correct Copy of this Foregoing instrument, has been Mailed, Postage Prepaid, on this 22nd day of SEPTEMBER, 2007, to The Office of the Clerk; UNITED STATES DISTRICT COURT, Western District of Pennsylvania; P.O. Box 1820; Erie, PA 16507, by Depositing the same in the Mail Box at S.C.I. Pittsburgh.

The aforesaid was done Under the Penalty of Perjury (28 U.S.C.A. Section 1746).

Dated: September 22, 2007.

*Cassius M. Clay Sr.*

CASSIUS M. CLAY SR. DQ5954

P.O. BOX 99991

Pittsburgh, PA 15233