IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIUS M. CLAY SR., | : | Civil Action No. 05-125E |
| Plaintiff, | : | Judge Sean J. McLaughlin |
| V. | : | Mag. Judge Susan P. Baxter |
| | : | |
| TRACEY REEVES, et al., | : | |
| Defendants, | : | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUPPLEMENTAL SUMMARY JUDGMENT**

FILED
SEP 28 2007
CLERK U.S. DISTRICT C[OURT]
WEST. DIST. OF PEN[NSYLVANIA]

AND NOW, comes CASSIUS M. CLAY SR., Pro-se Plaintiff, in the above captioned Civil Action, and Respectfully Submits the Following Brief in Opposition to Defendant's Motion for Supplemental Summary Judgment:

Statement of the Case

This is a Civil Rights Action initiated by a Complaint dated April 28, 2005, by Plaintiff, under 42 U.S.C.A. §1983. Plaintiff seeks monetary relief, as well as declaratory and injunctive relief based on the respective defendants acting as **Plaintiff's "employer"**, and misconstruing a suspended child support review, to illegally deduct funds and renumeration credits from his institutional account, and misappropriating this account to then deny the Plaintiff his Constitutional Right to Access the Court in two other cases. Also the defendant's have on numerous occasions Tampered with his Mail.

In its Report and Recommendation dated July 26, 2007, this Court Recommended that defendants' partial motion for summary judgment be granted in part and denied in part. Specifically the Court Denied

the defendants' request for summary judgment on plaintiff's **Access to the Courts Claim.** [87]

On August 29, 2007, the District Court Judge Sean J. McLaughlin Adopting the Report and Recommendation Affirmed the Denial as to the Plaintiff's Access to Court Claim. [91]

The Plaintiff on August 2, 2007, was Transferred to S.C.I. Pittsburgh, from S.C.I. Forest in the middle of litigation as feared. On August5, 2007, the Plaintiff proceeded to write the court to inform them of the move, and to the fact that there is no Law-Library no Copier, and No federal Forms Books.

On or around August 15, 2007, the Plaintiff was supprised to receive an order from the Magistrate Judge Susan P. Baxter, which granted the defendants' another Leave to File another Supplemantal Motion for Summary Judgment, to include the claims that were already dismissed, and not Objected to by the defendants' in the Report and Recommendation. (by way of a late forwarding of the mail I could not respond, as it was already late.)

The Statement of the Facts have not changed since the filing of the Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment [84] on pg.3-5, and for time and efficiency, the Plaintiff would like to have these pages incorporated herein.

The Standard of review is also requested to be incorporated herein [84] pg. 6-7, herein, and the Plaintiff would state the following:

Argument

> THE DEFENDANT'S SHOULD BE PREVENTED FROM BRINGING UP A CLAIM IN WHICH THEY FAILED TO OBJECT TO IN THE REPORT AND RECOMMEN-DATION AND A CLAIM ALREADY ADJUDICATED/DISMISSED BY THE COURT

The defendants state that the Plaintiff's Access to Court claim was denied by the District Court, and this statement is correct, where the Magistrate Judge committed an error of law in granting the defendants' a second chance to bring this claim up in there supplemental summary judgment motion, after it was already adjudicated by the District Court's adoption of the Report and Recommendation, and cannot be brought up again.

In **THOMAS v. ARN 474 U.S. 140, 106 S.Ct. 466(1985)**(A parties failure to file written Objections to Report and Recommendation, waives right to review in district court, and those claims are not preserved by such objection are precluded on Appeal); see also **DAVET v. MACCARONE 973 F.2d 22(C.A.11 1992); WESOLEK v. CANADIA AIR LTD 838 F.2d 55,58(C.A.2 1988); HENDERSON v. CARLSON 812 F.2d 874 (C.A.3 1987)**.

"Absent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the Magistrate's Recommendation" **TEMPLEMAN v. CHRIST CRAFT CORP. 770 F.2d 245,247(1st Cir.1985)**.

Here the Defendant's attempt to prevert justice cannot stand with this second improper attempt to bring up the access to court claim, when it is prejudicing the Plaintiff to have his day in court, but for the purposeful delay of the defendant's, when they were told to address this in the Motion to dismiss [38] and have failed again to address the claim, cannot now do so.

In **McCARTHY v. MANSON 544 F.Supp. 1275(D.CONN. 1982)** wrote in a similar matter, "The respondent having failed to file and serve a timely objection to the recommended decision, cannot obtain an Opportunity to relitigate the recommended decision by filing a rule

(3)

59(e) motion after the entry of final judgment." also they went further to state, "The District Judge is free to follow [The Magistrate's recommendation] or wholly ignore it,... the Authority --and the responsibility--to make an informed, final determination ...remains with the Judge." Id. at 1286 (quoting **MATHEWS v. WEBER 423 U.S. 261,271, 96 S.Ct. 549,554(1976)**.

The Plaintiff is running out of ribbon and would like to also incorporate the Genuine issues of material fact which would preclude Summary Judgment on this issue again, from [84] pg. 7-9.

Lastly the Plaintiff would also like to incorporate the prior argument(s) for the refusal to advance funds for legal mail, and the Mail Tampering Claim(s) (as there are several) [84] pg. 9-18. Also see the Complaint [6] paragraph(s) 31,32-35,41, and also see the legal mail log, where the plaintiff did not recieve his Federal Habeas Corpus Denial, but they said I did. (could not get discovery concerning this claim yet?)

The Mail Tampering Claim is still in dispute, which would preclude Summary Judgment concerning this Ongoing Claim.

CONCLUSION

The aformentioned claims are not controverted, and accordingly, the evidence presended by thePlaintiff at this juncture, would support a verdict in his favor at Trial, precluding Summary Judgment for the defendants', and therefore it is Respectfully Requested that the Second Supplemental Motion for Summary Judgment be Denied.

Respectfully Submitted;

By; *Cassius M. Clay Sr.*
CASSIUS M. CLAY SR. DQ5954
Pro-se Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIUS M. CLAY, SR., | : | Civil Action No. 05-125-E |
| Plaintiff, | : | Judge Sean J. McLaughlin |
| V. | : | Mag. Judge Susan P. Baxter |
| | : | |
| TRACY REEVES, et al., | : | |
| Defendants, | : | |

## STATEMENT OF VERIFICATION

I, CASSIUS M. CLAY SR., Verify that the foregoing is True and Correct, to the best of my Knowledge, Information, and Ability. I Understand that False Statements made herein are subject to the Penalties of 28 U.S.C. Section 1746, Relating to Unsworn Falsification to Authorities.

Dated; September 22, 2007.                 *[signature]*

CASSIUS M. CLAY SR. DQ5954

P.O. BOX 99991

Pittsburgh, PA 15233