16. DENIED.

17. DENIED.

18. DENIED AS: the D.O.C. and any inmate does not share an "Employee""Employer" relationship, and therefore, the Plaintiff did not receive any "earned wages" where the state being the Keeper of the inmate, gives him a Monthly Renumeration, by the Government, as a part of their $32,000 per year to house an inmate. Also after they illegally took this $24.00, it left this Plaintiff, without enough to properly effectuate "Certified" Mail Service in November.

19. ADMITTED IN PART DENIED IN PART AS: the Plaintiff has a right to eat and to obtain tolietries, to comply with other D.O.C. directives, and to obtain copy cards to access the courts, even though the defendants want to impede, and deny him of these Constitutional Rights. Also Cable is Automatically Deducted by the D.O.C. and again you won't know when, until you receive your monthly statement.

20. ADMITTED.

21. ADMITTED IN PART DENIED IN PART: its not essential to the claims.

22. DENIED. It is the defendant's fault for illegally taking money off of his account, pursuant to a Suspended Child Support Order in which they fraudulently obtained, and misconstrued.

23. ADMITTED IN PART DENIED IN PART AS: this is one of many requests and Conversations with various Counselor's, and staff members where they knew before hand, but either refused to answer, or did not acknowledge my requests. (have some unanswered requests to staff, but can only get copies when they call me, and could not depose, or question staff members on this issue, and the motion to compel discovery was denied, and the discovery period will resume after this process).

24. ADMITTED IN PART DENIED IN PART AS: the facts underlying the statements made within this paragraph are admitted, these facts are neither significant nor essential to the issues claim or matters at hand in this case. Consequently, the materiality of the statements made within this paragraph are denied as to relevancy.

25. ADMITTED IN PART DENIED IN PART AS: the counselor stated that I would have to contact Mrs. Marfka to set up a Videoconference, as he would not have it by phone, as this is the procedure here. Further, they had the order, and was shown my copy of it.

26 NO RESPONSE IS NEEDED AS IT IS NOT RELEVANT TO THE CLAIMS.

27. DENIED AS: Plaintiff did Grieve this, and in fact may have to amend his complaint, to include the Retaliation for filing these Grievances, and his untimely Transfer to S.C.I. Forest, where he did file the grievance, also this transfer within 12 days of my prodding into why I didn't have a hearing pursuant to the procedures at S.C.I. Greensburg, may have infact rendered the Greivance process unavailable and ineffective to protect this inmate's rights.

28. ADMITTED IN PART DENIED IN PART AS: according to the D.O.C. policy you have to be informed (by a Pink slip) that you have contraband mail, and given the choice to destroy it or send it out. see Greensburg local Policy, and D.O.C. DC-ADM 803 VI(A)(6)&(E)(7), [92-4] Exhibit EE. Which is in dispute, and would preclude summary judgment.

29. ADMITTED.

Respectfully Submitted;

By: *Cassius M. Clay Sr.*

CASSIUS M. CLAY SR. DQ5954

Pro-se Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIUS M. CLAY SR., | : | Civil Action No. 05-125E |
| Plaintiff, | : | Judge Sean J. McLaughlin |
| v. | : | Mag. Judge Susan P. Baxter |
| | : | |
| TRACY REEVES, et al., | : | |
| Defendants, | : | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a True and Correct Copy of this Foregoing instrument, has been Mailed, Postage Prepaid, on this __22nd__ day of __September__, 2007, to The Office of the Clerk; UNITED STATES DISTRICT COURT, Western District of Pennsylvania; P.O. Box 1820; Erie, PA 16507, by Depositing the same in the Mail Box at S.C.I. Pittsburgh.

The aforesaid was done Under the Penalty of Perjury (28 U.S.C.A. Section 1746).

Dated: __September 22__, 2007.

*Cassius M. Clay Sr.*
CASSIUS M. CLAY SR. DQ5954

P.O. BOX 99991

Pittsburgh, PA 15233

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIUS M. CLAY, SR., | : | Civil Action No. 05-125E |
| Plaintiff, | : | Judge Sean J. McLaughlin |
| V. | : | Mag. Judge Susan P. Baxter |
| | : | |
| TRACY REEVES, et al., | : | |
| Defendants, | : | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a True and Correct Copy of this Foregoing instrument, has been Mailed, Postage Prepaid, on this 22nd day of September, 2007, to MARY LYNCH FRIEDLINE, Senior Deputy Attorney General, Office of the Attorney General, 5th Floor, Manor Complex, 564 Forbes Avenue, Pittsburgh, PA 15219, by Depositing the same in the Mail Box at S.C.I. Pittsburgh.

The aforesaid was done Under the Penalty of Perjury (28 U.S.C.A. Section 1746).

Dated: September 22, 2007.

*Cassius M. Clay Sr.*
CASSIUS M. CLAY SR. DQ5954
P.O. BOX 99991
Pittsburgh, PA 15233