**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CASSIUS CLAY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | )   Civil Action No. 05-125E |
| v. | ) Judge Sean J. McLaughlin |
| | ) Mag. Judge Susan Paradise Baxter |
| TRACY REEVES, et al., | ) |
| | ) |
| Defendants. | ) |

## REPLY TO PLAINTIFF'S RESPONSE TO SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

AND NOW come the defendants, by their undersigned counsel, and submit the following Reply to Plaintiff's Response to the Supplemental Motion for Summary Judgment:

In his Responsive Concise Statement (Doc. 100), plaintiff alleges, for the first time, that his claims in a federal habeas petition were deemed "untimely filed and time-barred."  (Doc. 100, ¶2.)   To the extent that he is attempting to link the denial of his habeas petition to the lack of funds in his inmate account or to the denial of his PCRA petition, plaintiff's latest claim fails as a matter of law.

Attached hereto as defendants' Exhibit JJ is the Report and Recommendation filed February 16, 2007 in plaintiff's latest habeas proceeding (Clay v. Sobina et al, 06-681 – Doc. 24).[1]   In that Report and Recommendation, Magistrate Judge Amy Reynolds Hay explained why Clay's habeas petition was time-barred.  His conviction

---

[1] The Report and Recommendation was adopted by Chief Judge Ambrose on March 22, 2007. (Doc. 28 at 06-681.)  Plaintiff attempted to appeal, but the Third Circuit denied his request for a certificate of appealability on August 6, 2007.  (Doc. 35 at 06-681.)

became final on November 25, 1993.  Since that predated the effective date of the AEDPA, he had one year from April 27, 1996, the effective date of the AEDPA, to file his habeas petition.  (Exh. JJ, p. 4.)  Although a properly filed PCRA petition could have tolled the start of the limitations period, he did not file his "nunc pro tunc appeal," which was treated as a post-conviction petition, until December 2002, over six years later.  Id.

Based on the succinct analysis in this Report and Recommendation, any issue of timeliness raised by plaintiff, whether relating to his PCRA petition or to habeas relief, has nothing to do with what he was able to file in 2003 while at SCI-Greensburg. Indeed, his post-conviction petition and related habeas claims were barred long before he arrived at SCI-Greensburg.  This R&R establishes, along with the arguments advanced by defendants in their Supplemental Motion and Brief, that plaintiff has no viable access to courts claim.

Respectfully submitted,

**THOMAS W. CORBETT JR.,**
**Attorney General**

By:    /s/ Mary Lynch Friedline
       MARY LYNCH FRIEDLINE
       Senior Deputy Attorney General
       PA I.D. # 47046

       Susan J. Forney
       Chief Deputy Attorney General
       Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date:  October 10, 2007

2

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2007, I electronically filed the foregoing **Reply to Plaintiff's Response to Supplemental Motion for Summary Judgment** with the Clerk of Court using the CM/ECF system.  And I hereby certify that I have mailed the foregoing document by United States Postal Service to the following non CM/ECF participants:

Cassis M. Clay, Sr., DQ-5954
SCI-Pittsburgh
P.O. Box 99991
Pittsburgh, PA 15233

By:    /s/  Mary L Friedline
        MARY L. FRIEDLINE
        Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15129