IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS CLAY,<br>　　　　Plaintiff | )<br>)<br>) |
| vs. | )    C.A.No. 05-125 Erie |
| | )    District Judge McLaughlin |
| TRACY REEVES, et al. | )    Magistrate Judge Baxter |
| 　　　　Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I    RECOMMENDATION**

It is respectfully recommended that Defendants' motion for summary judgment [Document# 92] be granted. A retaliation claim remains pending.

**II    REPORT**

    **A.    Procedural History**

On April 28, 2005, Plaintiff, an inmate acting *pro se*, filed the instant action. Named as Defendants are: Tracey Reeves, Joanne Miller and Richard Gaydos of the Accounting Department of SCI-Greensburg; Candis Brimmer, Mail Room Supervisor; Jack Loughry, Business Manager; Angie Marheafka, Grievance Coordinator and Warden's Secretary; L.P. Bennings, Warden; D.J. Wakefield, Warden; Sharon Burks, Chief Grievance Officer of the Department of Corrections; and Jeffrey Beard, Secretary of Corrections. As relief, Plaintiff seeks monetary damages, as well as declaratory and injunctive relief.

In his complaint[1], Plaintiff claims that Defendants denied him his constitutional right to access the courts by failing to advance him litigation funds after an erroneous payout pursuant to

---

[1] Some of the original claims made in the complaint have previously been dismissed. See Documents # 87 and 91.

a child support order left him without funds to prosecute an appeal of his criminal case; that Defendant Marhefka denied him access to courts on October 22, 2004 by not granting his request to participate in a hearing by video conference in a family court matter; and that Defendant Brimmer "tampered" with his legal mail.[2]

Presently pending before this Court is a motion for summary judgment filed by Defendants. Plaintiff has filed a brief in opposition to the pending motion. The issues are ripe for disposition by this Court.

### B.    Standards of Review

#### 1.    *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.

---

[2]  Defendants contend that Plaintiff, in his Opposition Brief, attempts to link the denial of his federal habeas corpus petition (filed as Civil Action Number 06-681Pittsburgh) to his access to courts claim. Even liberally construing Plaintiff's filings, this Court does not read Plaintiff's Opposition Brief as attempting to raise such a claim. Instead, Plaintiff claims that he did not receive the court's opinion denying his federal habeas corpus petition, even though a mail log indicates otherwise. Document # 101, page 4. Such a statement does not implicate Plaintiff's right of access to the courts.

1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court has considered facts and made inferences where it is appropriate.

### 2.    Motion for summary judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574

3

(1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C. The Prison Litigation Reform Act
#### 1) The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144

(1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).³ The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

A plaintiff need not affirmatively plead exhaustion. Jones v. Bock, ___ U.S. ___, ___, 127 S.Ct. 910, 921 (Jan. 22, 2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). Instead, it is the burden of a defendant asserting the defense to plead and prove it. Id. Here, Defendants contend that Plaintiff has failed to exhaust his administrative remedies as to: 1) his access to courts claim based on the filing of Plaintiff's PCRA petition [Document # 93, page 7]; and 2) his access to courts claim based on the denial of a video conference in October of 2004 on a family court matter [Document # 93, page 16].

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, ___ U.S. ___, ___ 126 S.Ct. 2378, 2384-88 (June 22, 2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical

---

   3 Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

5

procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 2382. See also Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

      **2)**        **The Administrative Process Available to State Inmates**

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, ___ U.S. at ___, 127 S.Ct. at 922-23.

The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who responds in writing within ten business days. Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days. See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001).

      **3)**        **Exhaustion applied**
           **a)**        **access to courts claim involving the filing of Plaintiff's PCRA**

6

**petition**

On April 16, 2003, Plaintiff filed Grievance #49518 complaining about his access to courts as to monies to mail his PCRA petition. Document # 92-2, page 21. On April 21, 2003, Plaintiff's grievance was denied. Id. at page 23. Plaintiff did not appeal this denial. Id. at page 24, Declaration of Tracy Pollack, Department of Corrections Grievance Review Officer, ¶¶ 5-6.

Plaintiff has failed to exhaustion his administrative remedies as to this claim in accordance with the requirements of the PLRA, and therefore, summary judgment should be granted in favor of Defendants in this regard.

### b) access to courts claim involving the denial of participation in video conference

Plaintiff has never filed a grievance pertaining to this issue. Document # 92-5, Declaration of Toni Colland, Superintendent's Assistant at SCI-Greenesberg.

Accordingly, summary judgment should be granted in favor of Defendants on this claim as Plaintiff has failed to exhaust his administrative remedies.

### D. Mail Tampering

In his complaint, Plaintiff alleges:

> the Plaintiff also states that the Mail Supervisor, Candis Brimmer on 12-22-02 did not tell me that I had contraband mail, and sent back my $150.00 money order (so she said) which was never found, or received by the original sender, *so I filed Grievance 41097, which was the beginning of my mail being tampered with. Either me not receiving court papers, my privileged correspondence from the courts not getting to me on time or not at all, or my personal mail not getting to the place I mailed it to, and, my mail being copied and circulated throughout the prison.*

Document # 6, Original Complaint, ¶ 31 (emphasis added).

Defendants explain the incident to which Plaintiff refers: apparently, a family member sent Plaintiff an envelope which contained a money order, as well as a lottery ticket which is

considered contraband. The entire envelope was returned to the sender and Plaintiff was advised of its return. However, the returned envelope was never received by the sender. Document # 93, page 18.

Defendants move to dismiss this claim as it is beyond the applicable statute of limitations. The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations. Wilson v. Garcia, 471 U.S. 74, 78 (1985). In Pennsylvania, the statute of limitations is two years from the date of the alleged violation. See Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir.(Pa.) 1996). The events complained of in the complaint occurred on December 22, 2002. Therefore, to be within the statute of limitations, the complaint should have been filed before December 23, 2004. Here, the original complaint was filed on April 6, 2005, several months after the statute of limitations had run. Therefore, the motion to dismiss should be granted as to this claim.

However, to the extent, that Plaintiff alleges that this December 2002 incident and the subsequent grievance began a pattern of mail tampering, Plaintiff has sufficiently alleged a claim of retaliation[4] which Defendants have not moved to dismiss at this juncture.[5]

### III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion for summary judgment [Document# 92] be granted. A retaliation claim remains pending.

---

[4] "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990). "Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003), quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).

[5] Plaintiff's claim is limited to the time period which falls within the two-year statute of limitations period as explained above.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief United States Magistrate Judge

Dated:  January 9, 2008