IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS CLAY, SR., | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 05-125E |
| v. | ) Judge Sean J. McLaughlin |
| | ) Mag. Judge Susan Paradise Baxter |
| TRACY REEVES, et al., | ) |
| Defendants. | ) |

## OBJECTIONS TO REPORT AND RECOMMENDATION

AND NOW come the defendants, by their attorney, Mary Lynch Friedline, Senior Deputy Attorney General, and submit the following Objections to the January 9, 2008 Report and Recommendation (Doc. 104).

## PERTINENT PROCEDURAL HISTORY

In an earlier Report and Recommendation dated July 26, 2007, the Magistrate Judge recommended that defendants' initial motion for summary judgment be granted in part and denied in part. (Doc. 87.) In particular, the Court dismissed plaintiff's claims regarding erroneous payments from his institutional account in accordance with the *Rooker-Feldman* doctrine (as his claims were inextricably intertwined with prior state court rulings on his child support obligations). The Court also abstained from deciding plaintiff's constitutional challenge to DC ADM-005 under the *Pullman* abstention doctrine. The Court then denied defendants' request for summary judgment on plaintiff's access to the courts claim, and noted that defendants' Motion was only a partial one, and had failed to address the mail tampering claim.

Defendants sought leave to file a supplemental motion for summary judgment to address both the mail tampering claim and the access to courts claim as characterized by the Court (i.e., did defendants deny plaintiff access to the courts by refusing to advance him monies for the costs of litigation when his institutional account was depleted). (Doc. 88.) By Order dated August 7, 2007, this Court granted defendants leave to file a supplemental motion on these issues.

In their supplemental Motion for Summary Judgment, defendants argued that plaintiff's access to the courts claim failed due to lack of actual injury and alternatively, due to his failure to exhaust under the PLRA. They also demonstrated that plaintiff was not indigent and thus, did not qualify under DOC Policy for advancement of monies to serve his legal proceedings (including his PCRA petition and Petition for Review in a separate civil proceeding in the Commonwealth Court).[1] As to the mail tampering claim (which related to the December 22, 2002 incident where an envelope containing a lottery ticket was considered contraband, returned to sender and apparently never received by the sender), defendants argued that the claim was barred by the statute of limitations and/or because plaintiff had an adequate post-deprivation remedy for the lost property. (Doc. 93, at 18-19.)

In her January 9, 2008 Report and Recommendation, the Magistrate Judge recommended that plaintiff's access to the courts and mail tampering claims be dismissed. However, the Court further found that the following language from the Complaint sufficiently alleged a retaliation claim for subsequent mail tampering:

---

[1] See Doc. 93, Defendants' Supplemental Brief at pp. 4-14.

2

> . . . the Plaintiff also states that the Mail Supervisor, Candis Brimmer on 12-22-02 did not tell me that I had contraband mail, and sent back my $150.00 money order (so she said) which was never found, or received by the original sender, *so I filed Grievance 41097, which was the beginning of my mail being tampered with. Either me not receiving court papers, my privileged correspondence from the courts not getting to me on time or not at all, or my personal mail not getting to the place I mailed it to, and, my mail being copied and circulated throughout the prison.*

(Doc. 104, R&R at p. 7, citing Doc. 6, Original Complaint ¶31.)   The Court noted that defendants had not moved to dismiss this claim in their Motion for Summary Judgment.

**ARGUMENT**

**I.     Respectfully, No Retaliation Claim Remains**

Counsel for defendants acknowledges that *pro se* complaints must be liberally construed. Nonetheless, it is respectfully submitted that the vague allegation highlighted by the Court from paragraph 31 of plaintiff's Complaint, which gives no indication of when, where, or who was involved, is insufficient even in the *pro se* context to give rise to a retaliation claim or to put defendants on notice of such a claim. While undersigned counsel made a good faith effort to give plaintiff the benefit of the doubt and address all conceivable claims based on his multiple pleadings, she simply did not recognize or appreciate the existence of a retaliation claim under these circumstances.

If the Court accepts the Magistrate's Recommendation on this issue, however, counsel for defendants asks the Court to consider the following arguments in support of dismissal. Counsel's failure to address this issue in previous summary judgment motions was inadvertent. Precious judicial resources and time would be spared by addressing Defendants' summary judgment motion on plaintiff's retaliation claim at this time, rather than allowing this claim to proceed to trial.

**II.    Defendants' Motion for Summary Judgment as to Retaliation**

    **A.    Assuming that plaintiff has sufficiently "alleged" a claim of retaliation in paragraph 31 of the complaint, he cannot prove the essential elements of that claim.**

There is no doubt that retaliation is a violation of a prisoner's constitutionally protected rights.  See Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001); White v. Napoleon, 897 F.2d 103, 112 (3d Cir. 1990).  Yet mere allegations of retaliation are insufficient to show a constitutional violation.  A proper retaliation claim must contain a showing of three factors by the plaintiff:  (1) that he was engaged in a constitutionally protected activity; (2) that he was subjected to adverse actions; and (3) that the protected activity was a substantial motivating factor in the state actor's decision to take the adverse actions.  See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).  See also Rauser, 241 F.3d at 334; *adopting* Mt. Healthy City Board of Educ. v. Doyle, 429 U.S. 274, 287 (1977).

In the instant case, Plaintiff filed a grievance, so arguably he meets prong 1 of the test.  But his claim fails in that he has not sufficiently identified either the adverse action(s) or any facts which even suggest causation.

Though "at the summary judgment stage, the prisoner need only produce 'evidence from which a reasonably jury could conclude' that the exercise of his right was a substantial or motivating factor in the prison officials' actions," it has been firmly established that the prisoner "must provide more than a 'scintilla of evidence' to survive summary judgment." Jones v. Vaughn, 2005 U.S.Dist.LEXIS 17016, *31 (E.D.Pa. August 16, 2005), *citing* Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).  "[A] civil rights complaint is adequate where it states the conduct,

4

time, place, and persons responsible." Evancho v. Fisher, 2005 U.S.App.LEXIS 19585, *15 (3d Cir. Sept. 12, 2005), citing, Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980).

Here, the complaint only vaguely identifies the conduct in paragraph 31 of the complaint: plaintiff was "not receiving court papers", privileged correspondence from the courts [was] not getting to me on time or not at all", "personal mail [was] not getting to the place I mailed it to" and "my mail [was] being copied and circulated throughout the prison." According to the Report and Recommendation, this suggests a pattern of mail tampering. Respectfully, while such allegations may be sufficient for pleading purposes and overcoming a 12(b)(6) motion to dismiss, they are not sufficient to withstand a motion for summary judgment.

The complaint offers no details as to the alleged tampering or pattern. Indeed, the complaint is essentially silent as to the "time, place and persons responsible." Clay only says that the conduct happened after the incident in December 2002 and his subsequent grievance. Further, there is no evidence in the record to support causation, other than plaintiff's conclusory suggestion of temporal proximity, *i.e.,* that the grievance "was the beginning of my mail being tampered with." (Cplt. ¶31.) While temporal proximity can be so suggestive that it supports an inference of causation, without evidence of the actual conduct at issue, the timing of it, and the persons involved, there is nothing in this **record** to support that inference.

The burden is on plaintiff to come forth with affirmative evidence in this regard. He cannot simply stand on conclusory allegations in his complaint, but is required to give specifics as to what happened, when, and state who took such actions. Without

5

such information, defendants cannot begin to defend themselves (defendants may be able to argue that the claim is time barred, not exhausted, or that the individuals accused lacked personal involvement.)

Accordingly, unless plaintiff can come forward with specific facts and affirmative evidence to support a retaliation claim, he will have failed to meet his burden of proving the elements essential to his claim, as the Magistrate Judge properly noted in her statement of the Standard of Review at p. 4, citing Williams v. Borough of West Chester, PA, 891 F.2d 458, 460-461 (3d Cir. 1989).

### B.    Plaintiff Never Exhausted his Alleged Retaliation Claim

Even if a retaliation claim exists in this case, it fails on grounds of exhaustion. Defendants previously submitted plaintiff's grievance history from the date of grievance 41097 (1/11/03) until his transfer from SCI-Greensburg in November 2004. (Doc. 92, Exh. HH.) Grievance 41097 (which specifically mentions defendant Brimmer) is the event which triggered subsequent mail tampering, according to paragraph 31 of the complaint. However, no subsequent grievance raises the issue of retaliation. (Doc. 92, Exh. HH and BB.) The only grievance that even mentions Brimmer is #49518, dated 4/18/03, in which Clay claimed he was being denied access to the court because he had insufficient funds to mail a petition, and he was entitled to an advance under DOC policy even if he did not qualify as indigent. (Doc. 92-2, Exh. BB.) This grievance did not mention anything about retaliation. And even if it had, plaintiff failed to appeal the grievance denial to final review. (Doc. 92-5, Exh. HH at p.10.)

Further, there is no record of a grievance on "retaliation" by Clay after his transfer to SCI-Forest in November 2004. (Exh. JJ, attached.) While he did file a grievance

6


related to mail tampering, that occurred in August 2006 (well over 3 years after the incident at SCI-Greensburg and Grievance 41097).  Further, it alleged mail tampering at SCI-Forest in July and August of 2006.   (Exh. JJ.)

> II. **With the Exception of Brimmer, None of the Defendants Has Personal Involvement for Purposes of §1983 Liability**

The only individual linked to any allegation of mail tampering in the complaint (which is the alleged adverse action taken in retaliation for plaintiff's filing of grievance 41097) is defendant Canidice Brimmer, the mail room supervisor.

Other than the passing reference to defendant Gaydos in paragraph 29, the allegations as to the accounting department defendants at SCI-Greensburg (Reeves, Miller and Gaydos) are that they started making erroneous payments from his inmate account pursuant to the arrearage orders issued by the Court of Common Pleas around March 11, 2003.  (Cplt. ¶ 3, 5, 12-18.)  This Court has already dismissed this claim.  The focus of plaintiff's access to the courts claim was Loughry, and possibly Reeves and Brimmer.  That claim has also been dismissed.

The remaining allegations against Marhefka, Benning, Wakefield and Burks simply focus on their role in the grievance process, which is insufficient to establish personal involvement.   In a recent decision adjudicating allegations of similar "supervisory liability," the Eastern District held that liability is "unjustified" "[w]here the only role of supervisory prison officials in the alleged misconduct of their subordinates is the denial of plaintiff's administrative grievances and a concomitant failure to act to remedy the alleged misconduct." Abuhouran v. Acker, 2005 U.S.Dist.LEXIS 12864, *19 (E.D.Pa. June 29, 2005), citing, Shehee v. Luttrell, 199 F.3d 295 (6th Cir. 1999).

Indeed, "prisoners are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create any federal constitutional rights." Wilson v. Horn, 971 F.Supp. 943, 947 (E.D.Pa. 1997), *aff'd* 142 F.3d 430 (3d Cir. 1998) (Table), *citing* McGuire v. Foor, Civil Action No. 94-6884, 1996 WL 131130 at *1 (E.D.Pa. 1996), *aff'd*, 101 F.3d 691 (3d Cir. 1996). A prisoner does not have a right to file a grievance. See Wilson, 971 F.Supp. at 947, *citing* Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Hence, as it has been found by the Third Circuit, the filing of a grievance is not sufficient to show the actual knowledge necessary for personal involvement (see Rode, 845 F.2d 1195, 1208 (3d Cir. 1988); nor is concurrence in an administrative appeal process (see Watkins v. Horn, 1997 WL 566080, *4 (E.D.Pa. 1997)), nor even affirmation of a prison review committee decision (see Garfield v. Davis, 566 F.Supp. 1069, 1074 (E.D.Pa. 1983)).

Accordingly, if the retaliation claim is permitted to proceed notwithstanding the arguments in Section I, *infra*, it should proceed against defendant Brimmer only (and solely for nominal damages as plaintiff has no physical injury), and all other defendants should be dismissed for lack of personal involvement.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court reconsider the Report and Recommendation insofar as it finds a retaliation claim remaining. Should the Court find that such a claim was raised by plaintiff, then defendants request that the Court consider their arguments in support of summary judgment as set forth above, and dismiss the retaliation claim.

        Respectfully submitted,

        **THOMAS W. CORBETT JR.,
Attorney General**

By:   /s/ Mary Lynch Friedline
       MARY LYNCH FRIEDLINE
       Senior Deputy Attorney General
       PA I.D. # 47046

OFFICE OF ATTORNEY GENERAL
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date:  January 14, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2008, I electronically filed the foregoing *Objections to Report and Recommendation* with the Clerk of Court using the CM/ECF system.  And I hereby certify that I have mailed the foregoing document by United States Postal Service to the following non CM/ECF participants:

Cassis M. Clay, Sr., DQ-5954
SCI-Pittsburgh
PO Box 99991
Pittsburgh, PA 15233


By:   /s/  Mary Friedline
MARY FRIEDLINE
Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15129