IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY SR.,              )   Civil Action No. 05-125E

                     Plaintiff,   )   District Judge McLaughlin

        V.                        )   Magistrate Judge Baxter

                                  )

TRACY REEVES, ET AL.,             )

                     Defendants,  )

---

ANSWER TO DEFENDANTS OBJECTIONS
TO REPORT AND RECOMMENDATION

---

**FILED**

**JAN 3 1 2008**

CLERK U.S. DISTRICT COURT
W. DIST. OF PENNSYLVA'

AND NOW come the Plaintiff, CASSIUS M. CLAY SR., Pro-Se, and submits the following response to the Defendants Objections to the Magistrate Judge's Report and Recommendation (Doc. 105).

**ARGUMENT**

I.  **Respectfully, The Retaliation Claim Remains**

The Plaintiff states that the Magistrate correctly construed the Pro se complaint liberally, in line with **HAINES v. KERNER**, **404 U.S. 519,520-521(1972)**, and also stated the standards of lit-igation; "Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all alle-gations in a complaint in favor of the complainant. **GIBBS v. ROMAN**,116 F.3d 83,86(3d Cir.1997)(quoting **NAMI v. FAUVER**, 82 F.3d 63,65(3d Cir.1996)).  (Doc. 105, pg.3)

The Plaintiff states that the Court should accept the Magis-trate's Recommendation on this issue, and the claims should pro-ceed to Trial, as Counsel had two other chances to address this claim in the other two Summary Judgment Motions.

Also on page 3, the Defendants state that; "Nonetheless, it is respectfully submitted that the vague allegations highlighted by the Court ... gives no indication of when, where, or who was involved, is insufficient even in the pro se contex to give rise to a retaliation claim..."

## II. Material Facts exist as to the Retaliation issue

### B. Plaintif states in the alternative these Facts
#### Prove the Essential Elements of the Claim(s).

There is no doubt that retaliation is a violation of a pri-soner's constitutionally protected rights. see **RAUSER v. HORN 241 F.3d 330(3d Cir. 2001)**. As a threshold matter, a prisoner-plaint-iff in a retaliationcase must prove that the conduct which led to the alleged retaliation was constitutionally protected. s THADDEUS-X 175 F.3d at 389; DREXEL v. VAUGHN 1998 WL 151798 at *7 (E.D. Pa.)(determing that prisoner had engaged in constitutionally pro-tected conduct before proceeding with retaliation inquiry). RAUSER Id. at 333

In the instant case, the Plaintiff wrote grievances for his money order being sent back without his knowledge, a violation of the DC-ADM 803 Mail Policy, and the Greensburg Local Policy. see **HANCOCK v. THALACKER 933 F.Supp. 1449(N.D.Iowa 1996)**(The right of meaningful access to the courts extends to established prison grievance procedures. BRADLEY v. HALL 64 F.3d 1276,1279(9th Cir. 1995); VALANDINGHAM v. BORJORQUEZ 866 F.2d 1135,1138(9th Cir.1989). Thus, "[a] prisoner's right to menaingful access to the courts, along with the broader right to petition the government for red-ress of grievances under the First Amendment, precludes prison authorities from penalizing a prisoner for exercising those rights BRADLEY 64 F.3d at 1279.) HANCOCK Id. at 1482

Also in **BABCOCK v. WHITE 102 F.3d 267,275-76(7th Cir.1996)** (prisoner could survive summary judgment on his claim that prison officials retaliated against him for "use of the 'inmate grievance system' and previous lawsuits").

The Plaintiff also states that the defendants at GREENSBURG continually tampered with his incomming and outgoing Mail, to the courts, and other places. see Affidavit generally.

The Continuing tampering with the plaintiff's mail had occured while this plaintiff was in litigation concerning his Family Division Actions (from 2/16/03 to 11/17/04); his Criminal Cases (from 10/10/02 to 11/17/04, in the Lower Court, Superior Court, and Supreme Court, in various cases 9613852,9613853,961854 9708098, on Second PCRA) and most importantly, his Federal Habeas Corpus Action at 04-282 Western District Court of Pennsylvania, which the Appeal was Denied as Time-barred in the U.S. Third Circuit Court of Appeals at 05-3013, (the 04-282 was commenced on 2/17/04, and proceeded through 11/17/04, at SCI GREENSBURG). All are protected Rights conferred by the First & Fourteenth Amendments to the Constitution. see **BIEREGU v. RENO 59 F.3d 1445,1450 C.A.3 1995)**(Accordingly, the Supreme Court has recognized that persons convicted of serious crimes and confined to penal institutions retain the right to petition the government for the redress of grievances...); **A:STPM v. DEBRUYN 13 F.3d 1036(C.A.7 1994)**(It is well-established that inmates have a fundamental Constitutional right of access to the courts. BOUNDS v. SMITH 430 U.S. 817,821 97 S.Ct. 1491,1484(1977)... to prove a Violation of the right of access to the courts, an inmate must show...(2) "some quantum of detriment caused by the challenged conduct of

(3)

state officials **resulting in the interruption and/or delay of
the plaintiff's pending or** contemplated litigation.) Id. 1040-41

The defendants state that "In the instant case, Plaintiff
filed a grievance, so arguably he meets prong 1 of the test, but
his claim fails in that he has not sufficiently identified either
the adverse action(s) or any facts which even suggest causation.
SEE **Affidavit**

The defendants also correctly state, "at the summary judgment
stage, the prisoner need only produce 'evidence from which a rea-
sonably jury could conclude' that the exercise of his right was
a substantial or motivating factor in the prison official' actions"
(Doc. 105, pg.4). For time purposes, as I got this order late in
the short week, I would like the Affidavit, and Exhibits and this
short Argument to be taken into consideration, and the defendants
motion for summary judgment on the Retaliation claim  and (object-
ions denied).

CONCLUSION

The defendants tampered with the Plaintiff's Mail continually
which led to the PCRA being filed late, the Family Division cases
to be Illegally Extended with the Retaliatory Transferr, (see
**CASTLE v. CLYMER 15 F.Supp.2d 640,660(E.D.Pa. 1998)**(A transfer in
retaliation for an inmate's exercise of his First Amendment right
to free speech states a cause of action under 42 U.S.C. §1983...)
and with the transferr a Violation of the FRAP Rule 23, and also
made me miss my Appeal Period because they did not foward the
dismissal states a Claim of Denial of access to the courts, and
an actual injury. see **SIMKINS v. BRUCE 406 F.3d 1239(10th Cir.2005)**
(corrections officials failed to foward his mail to him caused him
to lose a lawsuit), should proceed to Trial.

(4)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY
                  Plaintiff

            VS.

TRACY REEVES, ET AL.
                  Defendant

Civil Action No.: 05-125 Erie

District Judge McLaughlin

Magistrate Judge Baxter

## STATEMENT OF VERIFICATION

I verify that the foregoing is true and correct. I understand that false statements made herein are subject to the penalties of 28 U.S.C. §1746, relating to perjury.


Date: 1/24/08                    By: _Cassius M. Clay Sr._

                                      Cassius M. Clay, Sr.
                                      Pro se Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY SR.,            )   Civil Action No. 05-125E

                   Plaintiff,)   District Judge McLaughlin

        V.                      )   Magistrate Judge Baxter

                                )

TRACEY REEVES, ET AL.,          )

                   Defendants)

---

### AFFIDAVIT

---

I, CASSIUS M. CLAY SR., states under the penalty of perjury 28 U.S.C. §1746, that the following is True and Correct to the best of my Knowledge and Belief:

1. I am the Plaintiff in the above captioned Civil Action.

2. That on or around 12/20/02, the first of four Child support Administrative Review Letters came to my cell, where the DC-ADM 803 Policy states that Privilege Legal Mail is supposed to be opened in the presence of the inmate. This was not done.

3. I Spoke with L.P. Benning about this, around 12/21/02, as I have been called down to Strip search for legal mail, and he told me to write him a request and he will look into it, so I did. In his response he told me that I was right, and he will let every one know, that Family Division is the Courts, and Privilege Mail.

4. On or around 2/6/03, the Family Division Mail was again sent to my cell, but the Postmark was for January 24, 2004, days late. (see Doc. 1 Petition, Exhibit #2)

5. On or around 2/1/03, I got the first of Two Letters/Memos from the Accounting Assistant Joanne Miller, stating that they

(1)

would be taking money from my account up to 50%, for a child

support Order, (which I have not gotten yet, and wondered how

they knew **before** I got the Administrative Review Letter on 2/6/03)

6. I showed this paper to the counselor MR. DIBRIDGE & the

Block Officer STARKS,(both within the week) and they both stated

the procedures where the same as act 84 for court deductions, as

the order comes to the mail room, and they give it to the business

office (inmate accounts) where they copy it, and deduct the money.

7. I asked Mrs. Brimmer on or around 2/3-2/4 2003, if I had

any mail, as I was waiting for my mom to send me some more money,

(as they stole my money order for Christmas), and she said no, but

something came in from family division?

8. This delay in this instance led to the filing of a modi-

fication for child support, where the defendants started taking

illegal deductions on or around March 8, 2003, where I did not get

a response from the Family Division Courts for months, and did not

know if my petition got filed, or not? (see Doc. 73, EX. 11, Pg.

50, with the Prothonotary's Office having received this letter on

April 23, 2003, **more than a month and 5 days later,** by their own

evidence, which I never knew of this delay until this week, a fur-

ther showing of interference with my mail).

9. This Plaintiff also filed a petition with the Supreme Cou-

rt of PA at, 18 WM 2004, which an order for a hearing was to be

held in 90 days, or the cases were to be dismissed!

10. The Grievance officer Angie Marhafka knew of my Child

Support Grievances, as while doing the "Block Rounds" around July

2004, I stopped the Warden and asked about the Phones, and while

she was walking down the corridor she was over heard saying "that

is Mr. Clay the law-librian who has everyone filing for Child Sup-

port Modifications, he is a pest".

11. Lastly on the child support family division issue, an order came down from the family division on 8-24-04, stating that I was supposed to have a hearing on )ctober 22, 2004, and that I was to make arrangements here to participate. The Local Procedure here I learned from the counselor(s) Mr. Dibridige & Mrs. Tucci, was to get in touch with Mrs. Marheafka, to have Video Conferencing, as they (the counselors) don't do Phone Conferencing here at GREENSBURG. So I wrote a request on 9-3-04, to do this but it was not answered, (see Exhibit A, 1-2) and she should have known of this by the legal mail procedures, I also showed Mrs. Tucci the Order. This delay caused me to default my 90day order at 18 WM 04

12. In between this issue, but also a prima facia showing of my legal mail being held or delayed, on January 11, 2003, I wrote Greivance #41097, about my money order being stolen, and received further delay with the mail, as when I wrote the final grievance to camp hill on Febuary 11, 2003, and did not get an answer, I wrote to Elizabethtown, and the head office at camp hill, which I did not get back until May 3, 2003, (the Grievance decision), which should be the starting date for this claim, as to this claim for the statute of limitations. (see also Exhibit B, 1-3)

13. Also my P.C.R.A. was sent back on 4-14-03, which delayed my time-limitations for the filing of the federal Habeas Corpus Action, 28 U.S.C.A. §2244(d)(1)(A) where Mrs. Brimmer told me that she knew she was not going to mail it out, although I had a money order that just came in. (see Doc. 1, ¶ 32 & 33)

14. Lastly, on or around February 17, 2004, I commenced a Application for Federal Habeas Corpus Relief, at 04-282, in the western District Court of PA, the Defendants knew of it, but on or around October 7, 2004, the District Court Denied this action, and I filed a Motion for Reconsideration.

(3)

15. On or around November 17, 2004, after I got back from my work assignment in the law-library, I was told by C.O. GUNN to pack up, as I was getting Transferred, I stated that I had asked him and C.O. Starks if my name was on the list yesterday, and they both responded no, and when I asked C.O. Gunn this day, he said, "They want to get you out of here for filing those Grievances, and helping other's out with their court cases, they added your name to the list today."

16. When I went to R&D, the Sgt., there said that "You are the last one, hurry up" and I asked well why am I getting Trans-ferred, as I have a Federal Habeas Corpus Action pending, and I can't be transferred, he said "this is the D.O.C., and they can do whatever they want, and they want you out of here, so you can refuse, and go to the Hole, but you will still be on the bus tom-rrow"!

17. The Federal Habeas Corpus Reconsideration was denied on or around October 18, 2003 or November 17, 2003? I did not Receive any Order while at GREENSBURG, although the Court stated they sent an Order, and the Defendants sent a blank log sheet, (Doc.92-4, pg. 24) but with no signature as mandated by D.O.C. Policy?

18. The Plaintiff was transferred for exercising his right to petition the courts for redress of his grievances, and for his right to petition the courts for federal review of his criminal case.

19. With this transferr in violation of FRAP 23(a), 28 USCA in retaliation, and to SCI Forest, (which had **NO LAW-LIBRARY**) I could not Appeal timely, (see Exhibit C, 1-2), and my case Dismis-sed. I did Grieve this at FOREST (see Grievances 102890 & 102887).

This statement and verification is made subject to 28 USC §1746.

Date: <u>January 24, 2008</u>.

*Cassius M. Clay Jr.*

CASSIUS M. CLAY SR.

EXHIBIT A #1

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

Commonwealth of Pennsylvania
Department of Corrections

INSTRUCTIONS
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)
   Angie Marhafka

2. Date:
   9-03-04

3. By: (Print Inmate Name and Number)
   CASSIUS M. CLAY   DQ5954

   *Cassius M. Clay*
   Inmate Signature

4. Counselor's Name
   Mrs. Tucci

5. Unit Manager's Name
   Mr. Wingoro

6. Work Assignment
   Law-Lib.

7. Housing Assignment
   L-16

8. Subject: State your request completely but briefly. Give details.

   I have been told to get intouch with you concerning a hearing by Video Conferencing, as I have a Court Order for the 22nd of Oct. I would like to make Arrangements ahead of time, so that everyone would be prepared, and Notified, as this is for the FAMILY DIVISION and I have to represent My-Self.

                                          Thank You

   cc/file

9. Response: (This Section for Staff Response Only)

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____   Date _____
                        Print                        Sign

Revised July 2000

EXHIBIT A #2

| Form DC-135A | Commonwealth of Pennsylvania |
| --- | --- |
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)
   Ms. Tucci (Counselor)

2. Date: 10-21-04

3. By: (Print Inmate Name and Number)
   CASSIUS M. CLAY   DQ5954
   Cassius Clay
   _Inmate Signature_

4. Counselor's Name
   Ms. TUCCI

5. Unit Manager's Name
   MR. WINGARO

6. Work Assignment
   LAW-LIB

7. Housing Assignment
   L-1b

8. Subject: State your request completely but briefly. Give details.

I AM WRITING TODAY TO INFORM YOU THAT I HAVE A Court Proceeding in The FAMILY Court Tommolow, And As Pel OUR CONVERSATION, I wrote Mes. MARHAFKA, And SHE HAS NOT ANSWERED BACK yet.
I WOULD LIKE TO KNOW IF My Hearing By Video Conferencing will Be Tommorow or not, As I AM not on The call out??
Can you Get in contact with Mes. MARHEFKA And ASK Her if SHE Made ARRANGEMENTS?
THANK you FOR youR TiME inThis Very Important Matter

THANKS

Cassius Clay

9. Response: (This Section for Staff Response Only)

Mr. Clay,   I contacted Mrs. Marhefka and she has no notification of any video conference scheduled for you.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
| --- | --- |

Staff Member Name   R. Tucci _Print_ , _____ ces _Sign_   Date 10/21/04

Revised July 2000

**EXHIBIT B #1**                    APRIL 17, 2003

**Chief Hearing Examiner**

**1451 N. Market St.**

**Elizabethtown, PA 17022**


**IN RE: GRIEVANCE #41097**


Dear Sirs;

    Today I am writting in hope of getting some information and insight, concerning my Grievance. On January 11, 2003; I had Grieved the Mail Procedure here at S.C.I. Greensburg: in that the Staff Violated the Incomming, and Outgoing Procedures, by not Notifing Me, Nor the Sender of the Mail that; the Mail was returned. (inwhich untill this day No-one has sen this Letter, nor the Contents).

    It has been over 2 Months since I have sent the Grievance to Camp Hill, (see copy of inclosed letter, that was mailed the same day, which was Notorized). I hope and Pray that someone really looks into the Mail System here, beacuse it is really in Shambles, and needs to be totally Revamped.

    I Appreaciate Your Time In this Very Important Matter.


Cassius M. Clay DQ5954

R.D. #10, Box 10

Greensburg, PA 15601


Enclosure 1

cc:/File

(COPY

**EXHIBIT B #2**                    APRIL 17, 2003


Chief SECRETARYS OFFICE

INMATE GRIEVANCES and APPEALS

DEPARTMENT OF CORRECTIONS

2520 LISBURN ROAD, P.O. BOX 598

CAMP HILL, PA 17001-0598


IN RE: GRIEVANCE #41097


Dear Sirs;

Today I am writting in hope of getting some information and insight, concerning my Grievance. On January 11, 2003; I had Grieved the Mail Procedure here at S.C.I. Greensburg: in that the Staff Violated the Incomming, and Outgoing Procedures, by not Notifying Me, Nor the Sender of the Mail that; the Mail was returned. (inwhich untill this day No-one has sen this Letter, nor the Contents).

It has been over 2 Months since I have sent the Grievance to Camp Hill, (see copy of inclosed letter, that was mailed the same day, which was Notorized). I hope and Pray that someone really looks into the Mail System here, beacuse it is really in Shambles, and needs to be totally Revamped.

I Appreaciate Your Time In this Very Important Matter.

Cassius M. Clay

Cassius M. Clay DQ5954

R.D. #10, Box 10

Greensburg, PA 15601


Enclosure 1

**EXHIBIT B #3**

February 11, 2003

Chief, Secretary's Office of
Inmate Grievances and Appeals
DEPARTMENT of CORRECTIONS
2520 Lisburn Road, P.O. Box 598
Camp Hill, PA 17001-0598

Dear Sirs;

      I am writting today in response to **GRIEVANCE #41097**, In
which the manner of Mail is being handled here at S.C.I. GREENSBURG.
As I believe this is a very important matter, I would ask , that
someone would really look into this continuing problem with the
Mail being misplaced, lost, and returned without the Inmates knowledge
and being sent to addresses other than where it was adressed to.

      I will also be sending a copy of this to  Jeffery A. Beard,
and also to my lawyer.

Sincerely Yours

*Cassius Clay*

Cassius Clay
DQ-5954
S.C.I. Greensburg
R.D.#10, Box 10
Greensburg, PA 15601

SWORN AND SUBSCRIBED BEFORE ME THIS
____ DAY OF _____ 20__

Notarial Seal
Marie E. Corso, Notary Public
Hempfield Twp., Westmoreland County
My Commission Expires May 17, 2004

cc/ File

EXHIBIT C #1                          MARCH 29, 2005

U.S. DISTRICT COURT, W.D.

DONETTA W. AMBROSE, CHIEF JUDGE

U.S. Post Office & Courthouse

700 Grant Street

Pittsburgh, PA 15219-1906


IN RE: CIVIL ACTION No. 04-282
        Reconsideration motion


Justice Ambrose;

            Greetings, today I am writing with grave concern,
in regard of the correspondence I had Recieved on March 23, 2005,
from the Clerk of Court Robert V. Barth Jr., which stated that
you Denied My Motion for Reconsideration, on the 25th of October,
2004. I would like to State for the Record now that, I NEVER
recieved any Denial.

            I Petitioned the Court on Two Different Occasions
because I addressed the Motion Straight to your Chambers, and the
Clerk sent it back, and I did not place the Petition back in the
mail until the 27th of October, 2004. Where again the Correspondence
stated that you Denied the Motion on the 25? I Don't know how this
could have happened, and as such, I would like to apply for a C.O.A.
and a Notice of Appeal, which the Correspondence stated that you
Granted on November 12, 2004, which I Did Not Recieve Either.
I would like to know if I can apply now, or in the Next 30 days?
THANK YOU FOR YOUR TIME IN THIS VERY IMPORTANT MATTER.

                              *Cassius M. Clay*

                              CASSIUS M. CLAY DQ5954

                              P.O. Box 945

                              Marienville, Pa 16239

EXHIBIT C #2

HPS-153    (September 2005)                    September 23, 2005

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
### C.A. No. 05-3013

### CASSIUS M. CLAY, SR.

vs.

### LAWRENCE P. BENNING, ET. AL
### (W.D. PA. CIV. No. 04-CV-00282)

Present:SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

Submitted are:

(1)       By the Clerk for possible dismissal due to a jurisdictional defect;

(2)       Appellant's response thereto;

(3)       Appellant's request for a certificate of appealability under 28 U.S.C. § 2253(c)(1) and memorandum of law in support;

(4)       Appellant's supplement to request for a certificate of appealability; and

(5)       Appellant's Motion for Appointment of Counsel

in the above-captioned case.

Respectfully,

Clerk

_____ORDER_____

The foregoing appeal is dismissed as untimely.  The time periods prescribed for filing a notice of appeal arc "mandatory and jurisdictional," Browder v. Director of Dep't of Corrections, 434 U.S. 257, 264 (1978), and thus not subject to equitable tolling, see Shendock v. Director, Office of Worker's Compensation Programs, 893 F.2d 1458,

1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS M. CLAY<br>      Plaintiff | Civil Action No.: 05-125 Erie |
| VS. | District Judge McLaughlin |
| TRACY REEVES, ET AL.<br>      Defendant | Magistrate Judge Baxter |

## STATEMENT OF VERIFICATION

I verify that the foregoing is true and correct. I understand that false statements made herein are subject to the penalties of 28 U.S.C. §1746, relating to perjury.


Date: **1/24/08**

By: _Cassius M. Clay Sr._

Cassius M. Clay, Sr.
Pro se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY
          Plaintiff

                                    Civil Action No.: 05-125 Erie

          VS.
                                    District Judge McLaughlin

TRACY REEVES, ET AL.                Magistrate Judge Baxter
          Defendant

### CERTIFICATE OF SERVICE

I certify that on this __24th__ day of __JANUARY__ , 2008, I submitted the original of this document to prison officials at the State Correctional Institution at ~~Forest,~~ **Pittsburgh** by placing the same in the prison mailbox addressed to Office of the Clerk, U.S. District Court, Western District of PA, P.O. Box 1820, Erie, PA 16507: and that I also submitted a separate true and correct copy of this document to the same prison officials at the State Correctional Institution at Forest by again, placing the same in the prison mailbox addressed to **Mary Friedline, Esq., Deputy Attorney General,** Office of the Attorney General, 6th Flr., Manor Complex. 564 Forbes Ave., Pittsburgh, PA 15129. (All sent First Class Mail)

Date: 1/24/08 _____

By: _Cassius M. Clay Sr._ _____

          Cassius M. Clay, Sr.
          Pro se Plaintiff