IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY SR.,            )   Civil Action No. 05-125E

               Plaintiff,  )   District Judge McLaughlin

      V.                     )   Magistrate Judge Baxter

                              )

TRACY REEVES, ET AL.,           )

           Defendants, )

## PLAINTIFFS' OBJECTIONS TO THE
## MAGISTRATES REPORT AND RECOMMENDATION

On January 9, 2008, the Honorable SUSAN PARADISE BAXTER, entered her proposed findings of facts in her Report and Recommendations.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Plaintiff, CASSIUS M. CLAY SR., Pro-se, Objects to the Magistrate Judge's findings in the Report and Recommendation in this matter, and states the Following:

1. The Plaintiff first and foremost Objects to the Recommendation on pg.1, "It is respectfully recommended that Defendants' motion for summary judgment [Document# 92] be granted." Where the Motion for summary Judgment should not be grant for a number of reasons, and specifically;

    **A. The D.O.C., and the Defendants at S.C.I. Greensburg, are not the Plaintiffs' EMPLOYER, to make any Support deductions from the 12/20/02 Review, from his gifts.**

Plaintiff respectfully request the Court to review his argument in his Brief in Opposition to Defendants Motion for

Summary Judgment, (Doc. 84, pg.1, 7-8) and the following case law, which support his claim that S.C.I. GREENSBURG, the D.O.C. Defendants are not his Employer, and therefore cannot make deductions from Gifts, to apply to a sister agency (PACSES), as 23 Pa.C.S.A. §4302, Defines "Employer" and "Income" for the purpose of **Who** the Income Witholding Order is to go to. In <u>**MAYS v. FULCOMER 552 A.2d 750(Pa.Cmwlth. 1989)**</u>(We hold that the remuneration which Mays receives for prison labor does not constitute **wages** for purposes of Section 8127 of the Code and such provision does not apply...There, the Court held that the inmate had no legal right to these funds as the remuneration did not constitute wages **"in a realistic economic employer-employee relationship."**) Id. at 753; See also, <u>**HEFFRAN v. DEPARTMENT OF LABOR AND INDUSTRY 863 A.2d 1260,1263(Pa.Cmwlth. 2004)**</u>(It has long been settled that an inmate at a correctional facility is not an **employee**of the correctional facility because **there is no employer/employee relationship** as an inmate's labor belongs to the prison, and the remuneration pay to the inmate is a gratuitous payment authorized by the state as a rehabilitative tool rather than wages. quoting cases); The Federal Courts have held the same, see <u>**WILLIAM v. MEESE 926 F.2d 994(10th Cir.1991)**</u>(Whether a plaintiff is an "employee"for purposes of Title VII is a question of federal law... We conclude that plaintiff is **not an "employee"** under either Title VII or the ADEA because his relationship with the Bureau of Prisons, and therefore, with the defendants, arise out of his status as an inmate not an employee.);see Also <u>**ALEXANDER v. SARA, INC., 721 F.2d 149(5th Cir.1983)**</u>(holding that inmates of state penitentiary performing work for a private profit making entity on prison grounds...in part because there was no **employer/employee relationship** as inmate labor belongs to the prison).

(2)

Also see (Exhibit 1). This issue has not been addressed as of yet by the defendants, and is a very integral aspect in the determination of the defendants improper deductions from the plaintiffs' account, as they misconstrued the Family Division's Administrative Review, (as the review is supposed to go to the EMPLOYEER to do a wage attachment with the appropriate agency, and not the D.O.C., so that the EMPLOYEE'S work pay can go straight to his Support.)

This claim presents a genuine issue as to material facts which would preclude summary judgment.

B. **The court is also going by the wrong Order, and therefore the claims agains the defendants at GREENSBURG have not been addressed, so summary judgment should be precluded.**

(1) I would like to point to two incorrect case numbers that have been interjected into this case by the defendants, which are **wrong**, first at Page 2, n2 in the Magistrate's R&R, she incorrectly states that, "Defendants contend that Plaintiff, in his Opposition Brief, attempts to link the denial of his federal Habes Corpus petition **(filed as Civil Action Number 06-681Pittsburgh)** to his access to court claim...)" where the Correct numbers are, No. 05-3013 in the U.S. Court of Appeals for the Third Circuit, which I was not able to Prepare an Appeal, as the Defendants Did not give me my mail from the District court's denial of my reconsideration motion at No. 04-282. (2) the Child Support Administrative Order of 12/13/02 with the Plaintiff and Patty Burney is at No. 00153986*0, and is not the Order the Defendants have addressed, as they have interjected No. 00154003*0 at the preliminary hearing of 9/21/06 (entry 48), as the Defendants at F.C.I. FOREST, WILL Be in a State Tort Action concerning the action while at Forest, soon.

These claim(s) present genuine issues as to material facts which would preclude summary judgment.

(3)

EXHIBIT #1



CRIMINAL INVESTIGATION

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

Pennsylvania Department of Corrections
Security Division
SCI Security Captains

Attn:  Pennsylvania Inmates

IRS Criminal Investigation has discovered that incarcerated individuals have been committing refund fraud by filing federal income tax returns that are supported by false information/statements (specifically, false wages/income and withholding).

This letter is being sent to stress to inmates that money given to them (as gifts from family members, compensation given for participating in work assignments or education programming at the institution, etc.) does not constitute income or wages.  Further, the Department of Corrections does not "withhold" a portion of this money from the inmates or pay any money to the Internal Revenue Service as a form of withholding (i.e. the total amount of the gift or compensation goes into the inmate's account for the inmate's use, not to the IRS).

Incarcerated individuals that file federal income tax returns that claim these amounts as wages/income and withholding are committing refund fraud, which is a felony punishable by up to five years in jail per false return (18 U.S.C. § 287) (or up to ten years in jail for conspiracy - 18 U.S.C. § 286).  Any individuals both inside or outside of prison that willfully assist in this crime by obtaining or aiding to obtain the payment of any false, fictitious or fraudulent claim can also be prosecuted under 18 U.S.C. § 286.

Any questions should be directed to the IRS by calling the "Tax Help Line for Individuals" at 800-829-1040.

Sincerely,

Charles A. Jenkins
Special Agent in Charge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY
        Plaintiff

VS.

———

TRACY REEVES, ET AL.
        Defendant

Civil Action No.: 05-125 Erie

District Judge McLaughlin

Magistrate Judge Baxter

## STATEMENT OF VERIFICATION

I verify that the foregoing is true and correct. I understand that false statements made herein are subject to the penalties of 28 U.S.C. §1746, relating to perjury.

Date: 1/25/08          By: _Cassius M. Clay Sr._
                                Cassius M. Clay, Sr.
                                Pro se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY
          Plaintiff

VS.

TRACY REEVES, ET AL.
          Defendant

Civil Action No.: 05-125 Erie

District Judge McLaughlin

Magistrate Judge Baxter

CERTIFICATE OF SERVICE

I certify that on this **25th** day of **JANUARY**, 200X, I submitted the original of this document to prison officials at the State Correctional Institution at ~~Forest~~, by placing the same in the prison mailbox addressed to Office of the Clerk, U.S. District Court, Western District of PA, P.O. Box 1820, Erie, PA 16507; and that I also submitted a separate true and correct copy of this document to the same prison officials at the State Correctional Institution at ~~Forest~~ by again, placing the same in the prison mailbox addressed to **Mary Friedline, Esq.,** Deputy Attorney General, Office of the Attorney General, 6th Flr., Manor Complex. 564 Forbes Ave., Pittsburgh, PA 15129. (All sent First Class Mail)

Date:  **1/25/08**

By: _Cassius M. Clay Jr._

Cassius M. Clay, Sr.
Pro se Plaintiff