**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CASSIUS CLAY, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 05-125E** |
| **v.** | ) | **Judge Sean J. McLaughlin** |
| | ) | **Mag. Judge Susan Paradise Baxter** |
| **TRACY REEVES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON REMAINING RETALIATION CLAIM

AND NOW come the defendants, Tracy Reeves, Angie Marhefka, Jack Loughry, Sharon Burks, David Wakefield, Candis Brimmer and Jeffrey Beard, by their attorney, Mary Lynch Friedline, Senior Deputy Attorney General, and submit the following Brief in Support of their Motion for Summary Judgment on plaintiff's remaining retaliation claim, in accordance with this Court's Order of February 5, 2008.

## PERTINENT PROCEDURAL HISTORY

In an earlier Report and Recommendation dated July 26, 2007, the Court recommended that defendants' initial motion for summary judgment be granted in part and denied in part. (Doc. 87.) In particular, the Court dismissed plaintiff's claims regarding erroneous payments from his institutional account in accordance with the Rooker-Feldman doctrine (as his claims were inextricably intertwined with prior state court rulings on his child support obligations). The Court also abstained from deciding plaintiff's constitutional challenge to DC ADM-005 under the Pullman abstention doctrine. The Court then denied defendants' request for summary judgment on

plaintiff's access to the courts claim, and noted that defendants' Motion was only a partial one, and had failed to address the mail tampering claim.

Defendants sought and were granted leave to file a supplemental motion for summary judgment to address both the mail tampering claim and the access to courts claim. (See Doc. 93.)   In the January 9, 2008 Report and Recommendation, the Magistrate Judge recommended that plaintiff's access to the courts and mail tampering claims be dismissed.  However, the Court further found that the following language from the Complaint sufficiently alleged a retaliation claim for subsequent mail tampering:

> . . . the Plaintiff also states that the Mail Supervisor, Candis Brimmer on 12-22-02 did not tell me that I had contraband mail, and sent back my $150.00 money order (so she said) which was never found, or received by the original sender, *so I filed Grievance 41097, which was the beginning of my mail being tampered with.  Either me not receiving court papers, my privileged correspondence from the courts not getting to me on time or not at all, or my personal mail not getting to the place I mailed it to, and, my mail being copied and circulated throughout the prison.*

(Doc. 104, R&R at p. 7, citing Doc. 6, Original Complaint ¶31.)   The Court noted that defendants had not moved to dismiss this claim in their Motion for Summary Judgment.

Defendants then filed objections to the Report and Recommendation and alternatively, asked the Court to consider defendants' argument supporting dismissal of the retaliation claim, inasmuch as counsel's failure to address this issue in previous summary judgment motions was inadvertent.  The District Court adopted the 1/9/08 Report and Recommendation, but refused to rule on defendants' belated motion as the issues had not been raised before the Magistrate Judge.  (Doc. 108.)  The Magistrate Judge then entered an Order on February 5, 2008 permitting defendants an opportunity to brief the remaining retaliation claim.

**ARGUMENT**

**I.    Plaintiff Cannot Establish the Essential Elements of a Retaliation Claim**

There is no doubt that retaliation is a violation of a prisoner's constitutionally protected rights.  Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001); White v. Napoleon, 897 F.2d 103, 112 (3d Cir. 1990).  Yet mere allegations of retaliation are insufficient to show a constitutional violation.  A proper retaliation claim must contain a showing of three factors by the plaintiff:  (1) that he was engaged in a constitutionally protected activity; (2) that he was subjected to adverse actions; and (3) that the protected activity was a substantial motivating factor in the state actor's decision to take the adverse actions. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).  See also Rauser, 241 F.3d at 334; adopting Mt. Healthy City Board of Educ. v. Doyle, 429 U.S. 274, 287 (1977).

In the instant case, Plaintiff filed a grievance, so arguably he meets prong 1 of the test.  But his claim fails in that he has not sufficiently identified either the adverse action(s) or any facts which even suggest causation.  Nor is there evidence of such in the record.

Though "at the summary judgment stage, the prisoner need only produce 'evidence from which a reasonably jury could conclude' that the exercise of his right was a substantial or motivating factor in the prison officials' actions," it has been firmly established that the prisoner "must provide more than a 'scintilla of evidence' to survive summary judgment."  Jones v. Vaughn, 2005 U.S.Dist.LEXIS 17016, *31 (E.D.Pa. August 16, 2005), citing Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).  "[A] civil rights complaint is adequate where it states the conduct,

time, place, and persons responsible." <u>Evancho v. Fisher</u>, 2005 U.S.App.LEXIS 19585, *15 (3d Cir. Sept. 12, 2005), *citing*, <u>Boykins v. Ambridge Area Sch. Dist.</u>, 621 F.2d 75, 80 (3d Cir. 1980).

Here, the complaint generally identifies the conduct in paragraph 31:  plaintiff was "not receiving court papers", privileged correspondence from the courts [was] not getting to me on time or not at all", "personal mail [was] not getting to the place I mailed it to" and "my mail [was] being copied and circulated throughout the prison."  While such general allegations may suggest a pattern of mail tampering sufficient to overcome a 12(b)(6) motion to dismiss, they are not sufficient to withstand a motion for summary judgment.

The complaint offers no details as to the alleged tampering or pattern.  Indeed, the complaint is essentially silent as to the "time, place and persons responsible."  Clay only says that the conduct happened after the incident in December 2002 and his subsequent grievance in January 2003.  Further, evidence of these alleged incidents is nowhere to be found in the record.  Nor is there evidence in the record to support causation, other than plaintiff's conclusory suggestion of temporal proximity, *i.e.,* that the grievance "was the beginning of my mail being tampered with."  (Cplt. ¶31.)  While temporal proximity can be so suggestive that it supports an inference of causation, without evidence of the actual conduct at issue, the timing of it, and the persons involved, there is nothing in this **record** to support that inference.

The burden is on plaintiff to come forth with affirmative evidence in this regard. He cannot simply stand on conclusory allegations in his complaint, but is required to give specifics as to what happened, when, and state who took such actions.  Without

4

such information, defendants cannot begin to defend themselves (if and when the conduct is identified, defendants may be able to argue that the claim is time barred, not exhausted, or that the individuals accused lacked personal involvement.)

Accordingly, since plaintiff has not come forward with specific facts and affirmative evidence to support a retaliation claim, he has failed to meet his burden of proving the elements essential to his claim.  See Williams v. Borough of West Chester, PA, 891 F.2d 458, 460-461 (3d Cir. 1989).


II.    **Plaintiff Failed to Exhaust his Retaliation Claim**

Even if the record could be deemed to support a retaliation claim arising from the December 2002 grievance, plaintiff never exhausted such a claim as required under the PLRA.  Defendants previously submitted plaintiff's grievance history from the date of grievance 41097 (1/11/03) until his transfer from SCI-Greensburg in November 2004. (Doc. 92, Exh. HH.)[1]    According to paragraph 31 of the complaint, Grievance 41097 (which specifically mentions defendant Brimmer) is the event which triggered subsequent mail tampering.   However, there is no subsequent grievance by plaintiff that raises the issue of retaliation.  (Doc. 92, Exh. HH and JJ.)   The only grievance that even mentions Brimmer is #49518, dated 4/18/03, in which Clay claimed he was being denied access to the court because he had insufficient funds to mail a petition, and he was entitled to an advance under DOC policy even if he did not qualify as indigent. (Doc. 92-2, Exh. BB.)  This grievance did not mention anything about retaliation.  And even if it had, plaintiff failed to appeal the grievance denial to final review.  (Exh. HH.)

---

[1] For the Court's convenience, defendants will resubmit their prior exhibits with the instant motion.

Further, there is no record of a grievance on "retaliation" by Clay after his transfer to SCI-Forest in November 2004. (Exh. JJ, attached.) While he did file a grievance related to mail tampering, that occurred in August 2006 (well over 3 years after the incident at SCI-Greensburg and Grievance 41097). Further, it alleged mail tampering at SCI-Forest in July and August of 2006. (Exh. JJ.)

**III.    With the Exception of Brimmer, None of the Defendants Has Personal Involvement for Purposes of §1983 Liability**

The only individual linked to any allegation of mail tampering in the complaint (which is the alleged adverse action taken in retaliation for plaintiff's filing of grievance 41097) is defendant Canidice Brimmer, the mail room supervisor.

Other than the passing reference to defendant Gaydos in paragraph 29, the allegations as to the accounting department defendants at SCI-Greensburg (Reeves, Miller and Gaydos) are that they started making erroneous payments from his inmate account pursuant to the arrearage orders issued by the Court of Common Pleas around March 11, 2003. (Cplt. ¶ 3, 5, 12-18.) This Court has already dismissed this claim. The focus of plaintiff's access to the courts claim was Loughry, and possibly Reeves and Brimmer. That claim has also been dismissed.

The remaining allegations against Marhefka, Benning, Wakefield and Burks simply focus on their role in the grievance process, which is insufficient to establish personal involvement. In a recent decision adjudicating allegations of similar "supervisory liability," the Eastern District held that liability is "unjustified" "[w]here the only role of supervisory prison officials in the alleged misconduct of their subordinates is

the denial of plaintiff's administrative grievances and a concomitant failure to act to remedy the alleged misconduct." Abuhouran v. Acker, 2005 U.S.Dist.LEXIS 12864, *19 (E.D.Pa. June 29, 2005), citing, Shehee v. Luttrell, 199 F.3d 295 (6th Cir. 1999).

Indeed, "prisoners are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create any federal constitutional rights." Wilson v. Horn, 971 F.Supp. 943, 947 (E.D.Pa. 1997), aff'd 142 F.3d 430 (3d Cir. 1998) (Table), citing McGuire v. Foor, Civil Action No. 94-6884, 1996 WL 131130 at *1 (E.D.Pa. 1996), aff'd, 101 F.3d 691 (3d Cir. 1996).  A prisoner does not have a right to file a grievance.  See Wilson, 971 F.Supp. at 947, citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).  Hence, as it has been found by the Third Circuit, the filing of a grievance is not sufficient to show the actual knowledge necessary for personal involvement (see Rode, 845 F.2d 1195, 1208 (3d Cir. 1988); nor is concurrence in an administrative appeal process (see Watkins v. Horn, 1997 WL 566080, *4 (E.D.Pa. 1997)), nor even affirmation of a prison review committee decision (see Garfield v. Davis, 566 F.Supp. 1069, 1074 (E.D.Pa. 1983)).

Accordingly, if the retaliation claim is permitted to proceed notwithstanding the arguments in Section I and II, infra, it should proceed against defendant Brimmer only (and solely for nominal damages as plaintiff has no physical injury), and all other defendants should be dismissed for lack of personal involvement.

WHEREFORE, defendants respectfully submit that summary judgment is appropriate as to plaintiff's remaining claim of retaliation, and the complaint should be dismissed.

Respectfully submitted,

**THOMAS W. CORBETT JR.,
Attorney General**


By:    <u>/s/ Mary Lynch Friedline</u>
         MARY LYNCH FRIEDLINE
         Senior Deputy Attorney General
         PA I.D. # 47046


OFFICE OF ATTORNEY GENERAL
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date:  February 15, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2008, I electronically filed the foregoing **Brief in Support of Motion for Summary Judgment on Remaining Retaliation Claim** with the Clerk of Court using the CM/ECF system.  And I hereby certify that I have mailed the foregoing document by United States Postal Service to the following non CM/ECF participants:


Cassis M. Clay, Sr., DQ-5954
SCI-Pittsburgh
PO Box 99991
Pittsburgh, PA 15233




By:    /s/  Mary Friedline
       MARY FRIEDLINE
       Senior Deputy Attorney General




OFFICE OF ATTORNEY GENERAL
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15129