IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIUS M. CLAY SR., | ) | Civil Action No. 05-125E |
| Plaintiff, | ) | District Judge McLaughlin |
| v. | ) | Magistrate Judge Baxter |
| | ) | |
| TRACY REEVES, ET AL., | ) | |
| Defendants, | ) | |

FILED

MAR 26 2008

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVA

PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANTS MOTION FOR SUMMARY JUDGMENT

AND NOW, comes CASSIUS M. CLAY SR., Pro-se Plaintiff, in the above captioned Civil Action, and submits the following Brief in support of his Motion in Opposition to Defendant's Motion for Summary Judgment on Remaining Retaliation Claim, in accordance with this Court's Order of February 5, 2008.

ARGUMENT

I. RESPECTFULLY, THE RETALIATION CLAIM REMAINS

The Plaintiff states that the Magistrate correctly construed the Pro se complaint liberally, in line with HAINES v. KERNER, 404 U.S. 519,520-21(1972)., and also stated the standards of litigation; "under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. GIBBS v. ROMAN 116 F.3d 83,86(3d Cir.1997)(quoting NAMI v. FAUVER 82 F.3d 63,65)

The Plaintiff states that the Court should accept the Magistrate's Recommendation on this issue, and the claim should proceed to Trail, as Material issues exists on the Retaliation Claim which would Preclude Summary Judgment.

(1)

Also on page 3, the Defendants state that; "Nonetheless, it is respectfully submitted that the vague allegations highlighted by the Court ... gives no indication of when, where, or who was involved, is insufficient even in the pro se contex to give rise to a retaliation claim..."

## II. Material Facts exist as to the Retaliation issue

### B. Plaintif states in the alternative these Facts Prove the Essential Elements of the Claim(s).

There is no doubt that retaliation is a violation of a prisoner's constitutionally protected rights. see **RAUSER v. HORN 241 F.3d 330(3d Cir. 2001)**. As a threshold matter, a prisoner-plaintiff in a retalationcase must prove that the conduct which led to the alleged retaliation was constitutionally protected. s THADDEUS-X 175 F.3d at 389; DREXEL v. VAUGHN 1998 WL 151798 at *7 (E.D. Pa.)(determing that prisoner had engaged in constitutionally protected conduct before proceeding with retaliation inquiry). RAUSER Id. at 333

In the instant case, the Plaintiff wrote grievances for his money order being sent back without his knowledge, a violation of the DC-ADM 803 Mail Policy, and the Greensburg Local Policy. see **HANCOCK v. THALACKER 933 F.Supp. 1449(N.D.Iowa 1996)**(The right of meaningful access to the courts extends to established prison grievance procedures. BRADLEY v. HALL 64 F.3d 1276,1279(9th Cir. 1995); VALANDINGHAM v. BORJORQUEZ 866 F.2d 1135,1138(9th Cir.1989). Thus, "[a] prisoner's right to menaingful access to the courts, along with the broader right to petition the government for redress of grievances under the First Amendment, precludes prison authorities from penalizing a prisoner for exercising those rights BRADLEY 64 F.3d at 1279.) HANCOCK Id. at 1482

Also in <u>BABOCOCK v. WHITE 102 F.3d 267,275-76(7th Cir.1996)</u> (prisoner could survive summary judgment on his claim that prison officials retaliated against him for "use of the 'inmate grievance system' and previous lawsuits").

The Plaintiff also states that the defendants at GREENSBURG continually tampered with his incomming and out goining Mail, to the courts, and other places. see Affidavit generally.

The Continuing tampering with the plaintiff's mail had occurred while this plaintiff was in litigation concerning his Family Division Actions (from 2/16/03 to 11/17/04); his Criminal Cases (from 10/10/02 to 11/17/04, in the Lower Court, Superior Court, and Supreme Court, in various cases 9613852,9613853,961854 9708098, on Second PCRA) and most importantly, his Federal Habeas Corpus Action at 04-282 Western District Court of Pennsylvania, which the Appeal was Denied as Time-barred in the U.S. Third Circuit Court of Appeals at 05-3013, (the 04-282 was commenced on 2/17/04, and proceeded through 11/17/04, at SCI GREENSBURG). All are protected Rights conferred by the First & Fourteenth Amendments to the Constitution. see <u>BIEREGU v. RENO 59 F.3d 1445,1450 (C.A.3 1995)</u>(Accordingly, the Supreme Court has recognized that persons convicted of serious crimes and confined to penal institutions retain the right to petition the government for the redress of grievances...); <u>ALSTON v. DEBRUYN 13 F.3d 1036(C.A.7 1994)</u>(It is well-established that inmates have a fundamental Constitutional right to access to the courts. BOUNDS v. SMITH 430 U.S. 817,821 97 S.Ct. 1491,1494(1977)...to prove a Violation of the right of access to the courts, an inmate must show...(2) "some quantum of detriment caused by the challenged conduct of

(3)

state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation.) Id. 1040-41

The defendants state that "In the instant case, Plaintiff filed a grievance, so arguably he meets prong 1 of the test, but his claim fails in that he has not sufficiently identified either the adverse action(s) or any facts which even suggest causation. SEE Affidavit

The defendants also correctly state, "at the summary judgment stage, the prisoner need only produce 'evidence from which a reasonably jury could conclude' that the exercise of his right was a substantial or motivating factor in the prison official' actions" (Doc. 105, pg.4). For time purposes, as I got this order late in the short week, I would like the Affidavit, and Exhibits and this short Argument to be taken into consideration, and the defendants motion for summary judgment on the Retaliation claim and (objections denied).

## CONCLUSION

The defendants tampered with the Plaintiff's Mail continually which led to the PCRA being filed late, the Family Division cases to be Illegally Extended with the Retaliatory Transferr, (see CASTLE v. CLYMER 15 F.Supp.2d 640,660(E.D.Pa. 1998)(A transfer in retaliation for an inmate's exercise of his First Amendment right to free speech states a cause of action under 42 U.S.C. §1983...) and with the transferr a Violation of the FRAP Rule 23, and also made me miss my Appeal Period because they did not foward the dismissal states a Claim of Denial of access to the courts, and an actual injury. see SIMKINS v. BRUCE 406 F.3d 1239(10th Cir.2005) (corrections officials failed to foward his mail to him caused him to lose a lawsuit), should proceed to Trial.

(4)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS M. CLAY<br>       Plaintiff | Civil Action No.: 05-125 Erie |
| VS. | District Judge McLaughlin |
| TRACY REEVES, ET AL.<br>       Defendant | Magistrate Judge Baxter |

### STATEMENT OF VERIFICATION

I verify that the foregoing is true and correct. I understand that false statements made herein are subject to the penalties of 28 U.S.C. §1746, relating to perjury.

Date: MARCH 22, 2008      By: _Cassius M. Clay Sr._
                             Cassius M. Clay, Sr.
                             Pro se Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIUS M. CLAY SR., | ) | Civil Action No. 05-125E |
| Plaintiff, | ) | District Judge McLaughlin |
| V. | ) | Magistrate Judge Baxter |
| | ) | |
| TRACEY REEVES, ET AL., | ) | |
| Defendants | ) | |

**AFFIDAVIT**

I, CASSIUS M. CLAY SR., states under the penalty of perjury 28 U.S.C. §1746, that the following is True and Correct to the best of my Knowledge and Belief:

1. I am the Plaintiff in the above captioned Civil Action.

2. That on or around 12/20/02, the first of four Child support Administrative Review Letters came to my cell, where the DC-ADM 803 Policy states that Privilege Legal Mail is supposed to be opened in the presence of the inmate. This was not done.

3. I Spoke with L.P. Benning about this, around 12/21/02, as I have been called down to Strip search for legal mail, and he told me to write him a request and he will look into it, so I did. In his response he told me that I was right, and he will let every one know, that Family Division is the Courts, and Privilege Mail.

4. On or around 2/6/03, the Family Division Mail was again sent to my cell, but the Postmark was for January 24, 2004, days late. (see Doc. 1 Petition, Exhibit #2)

5. On or around 2/1/03, I got the first of Two Letters/Memos from the Accounting Assistant Joanne Miller, stating that they

(1)

would be taking money from my account up to 50%, for a child support Order, (which I have not gotten yet, and wondered how they knew **before** I got the Administrative Review Letter on 2/6/03)

6. I showed this paper to the counselor MR. DIBRIDGE & the Block Officer STARKS,(both within the week) and they both stated the procedures where the same as act 84 for court deductions, as the order comes to the mail room, and they give it to the business office (inmate accounts) where they copy it, and deduct the money.

7. I asked Mrs. Brimmer on or around 2/3-2/4 2003, if I had any mail, as I was waiting for my mom to send me some more money, (as they stole my money order for Christmas), and she said no, but something came in from family division?

8. This delay in this instance led to the filing of a modification for child support, where the defendants started taking illegal deductions on or around March 8, 2003, where I did not get a response from the Family Division Courts for months, and did not know if my petition got filed, or not? (see Doc. 73, EX. 11, Pg. 50, with the Prothonotary's Office having received this letter on April 23, 2003, **more than a month and 5 days later,** by their own evidence, which I never knew of this delay until this week, a further showing of interference with my mail).

9. This Plaintiff also filed a petition with the Supreme Court of PA at, 18 WM 2004, which an order for a hearing was to be held in 90 days, or the cases were to be dismissed!

10. The Grievance officer Angie Marhafka knew of my Child Support Grievances, as while doing the "Block Rounds" around July 2004, I stopped the Warden and asked about the Phones, and while she was walking down the corridor she was over heard saying "that is Mr. Clay the law-librian who has everyone filing for Child Support Modifications, he is a pest".

(2)

11. Lastly on the child support family division issue, an order came down from the family division on 8-24-04, stating that I was supposed to have a hearing on )ctober 22, 2004, and that I was to make arrangements here to participate. The Local Procedure here I learned from the counselor(s) Mr. Dibridige & Mrs. Tucci, was to get in touch with Mrs. Marheafka, to have Video Conferencing, as they (the counselors) don't do Phone Conferencing here at GREENSBURG. So I wrote a request on 9-3-04, to do this but it was not answered, (see Exhibit A, 1-2) and she should have known of this by the legal mail procedures, I also showed Mrs. Tucci the Order. This delay caused me to default my 90day order at 18 WM 04.

12. In between this issue, but also a prima facia showing of my legal mail being held or delayed, on January 11, 2003, I wrote Greivance #41097, about my money order being stolen, and received further delay with the mail, as when I wrote the final grievance to camp hill on Febuary 11, 2003, and did not get an answer, I wrote to Elizabethtown, and the head office at camp hill, which I did not get back until May 3, 2003, (the Grievance decision), which should be the starting date for this claim, as to this claim for the statute of limitations. (see also Exhibit B, 1-3)

13. Also my P.C.R.A. was sent back on 4-14-03, which delayed my time-limitations for the filing of the federal Habeas Corpus Action, 28 U.S.C.A. §2244(d)(1)(A) where Mrs. Brimmer told me that she knew she was not going to mail it out, although I had a money order that just came in. (see Doc. 1, ¶ 32 & 33)

14. Lastly, on or around February 17, 2004, I commenced a Application for Federal Habeas Corpus Relief, at 04-282, in the western District Court of PA, the Defendants knew of it, but on or around October 7, 2004, the District Court Denied this action, and I filed a Motion for Reconsideration.

(3)

15. On or around November 17, 2004, after I got back from my work assignment in the law-library, I was told by C.O. GUNN to pack up, as I was getting Transferred, I stated that I had asked him and C.O. Starks if my name was on the list yesterday, and they both responded no, and when I asked C.O. Gunn this day, he said, "They want to get you out of here for filing those Grievances, and helping other's out with their court cases, they added your name to the list today."

16. When I went to R&D, the Sgt., there said that "You are the last one, hurry up" and I asked well why am I getting Transferred, as I have a Federal Habeas Corpus Action pending, and I can't be transferred, he said "this is the D.O.C., and they can do whatever they want, and they want you out of here, so you can refuse, and go to the Hole, but you will still be on the bus tomrrow"!

17. The Federal Habeas Corpus Reconsideration was denied on or around October 18, 2003 or November 17, 2003? I did not Receive any Order while at GREENSBURG, although the Court stated they sent an Order, and the Defendants sent a blank log sheet, (Doc.92-4, pg. 24) but with no signature as mandated by D.O.C. Policy?

18. The Plaintiff was transferred for exercising his right to petition the courts for redress of his grievances, and for his right to petition the courts for federal review of his criminal case.

19. With this transferr in violation of FRAP 23(a), 28 USCA in retaliation, and to SCI Forest, (which had **NO LAW-LIBRARY**) I could not Appeal timely, (see Exhibit C, 1-2), and my case Dismissed. I did Grieve this at FOREST (see Grievances 102890 & 102887). This statement and verification is made subject to 28 USC §1746.

Date: 3/22/08.

*Cassius M. Clay Sr.*
CASSIUS M. CLAY SR.