IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIUS M. CLAY SR., | : | Civil Action No. 05-125E |
| Plaintiff, | : | |
| Vs. | : | District Judge McLaughlin |
| TRACEY REEVES, Et al., | : | Magistrate Judge Baxter |
| Defendant, | : | |

## PLAINTIFFS' OBJECTIONS TO THE MAGISTRATES REPORT AND RECOMMENDATION

On June 16, 2008, the Honorable SUSAN PARADISE BAXTER, Chief Magistrate Judge, entered here proposed findings of facts in her Report and Recommendation, for [109] Defendants Motion for Summary Judgment, on the Retaliation Claim.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Plaintiff, CASSIUS M. CLAY SR., Pro-se, Objects to the Magistrate Judge's findings in the Report and Recommendation on a whole in this matter, and states the Following:

1. The Plaintiff first and foremost Objects to the Recommendation, I on page 1, "It is respectfully recommended that Defendants' motion for summary judgment [Document #109] be granted. The Clerk of Courts should be directed to close this case." Where the Motion for summary judgment should not be granted for a number of reasons, and specifically;

   A. <u>PLAINTIFF'S CLAIMS HAVE NOT BEEN ADDRESSED</u>

   The Plaintiff Objects to the Mischaracterization of the Retalia-

tion issues/claims, as the retaliation claims are numerious and of an ongoing nature, since the Filing of the Grievance #41097, in January of 2003.

This encompasses several different events, where some have been misunderstood, and wrongly decided, such as the illegal deductions from his account, which was not a ROOKER-FELDMAN doctrine claim, where plaintiff was not trying to get the Federal Court to overturn a state court decision, as he was only requesting relief from an illegal D.O.C. Action, (taking money from my account to apply to a Suspended Arreage back payment sum) where the Defendants and the Court Magistrate Judge Baxter, interjected the wrong Child Support case number and Order, (a 2/25/05 Consent Order for $5.00) Where the plaintiff was challenging the $24.00 Suspended 3yr. Review of 12/20/02, where the 005 D.O.C. ADM Policy was held to inapplicable to Civil Actions in VEGA v. BEARD 847 A.2d 153(Pa.Cmwlth.2004), and where since June of 2006, Pa.R.C.P. 1910.19 states that the D.O.C. cannot deduct money from an indigent inmate, and as a State-wide had commenced last year, the D.O.C. does not make Deductions from inmates which are indigent anymore.

Also; with the mail tampering claim, where the Defendants on 10/10/07, in there reply to Plaintiff's Response to Supplemental Motion for Summary Judgement [Doc.103], first page, "In his Responsive Concise Statement (Doc. 100), plaintiff alleges, for the first time, that his claims in a federal habeas petition were deemed "untimely filed and time-barred." (Doc. 100,¶2.) To the extent that he is attempting to link the denial of his habeas petition to the lack of funds in his inmate account or to the denial of his PCRA petition, plaintiff's latest claim fails as a matter of law.

(2)

Attached hereto as defendants' Exhibit JJ is the Report and Recommendation filed February 16, 2007 in Plaintiff's latest habeas corpus proceeding (clay v. sobina et al, 06-681-Doc.24), this is the wrong case. Also, The Magistrate Judge in her R.&R. of 1/8/08, [Doc.104], she correctly stated, "However, to the extent, that Plaintiff alleges that this December 2002 incident and the subsequent grievance began a pattern of **mail tampering,** Plaintiff has sufficiently alleged a claim of retaliation..." Page 8.

Although on page 2 of the same R. & R. [104] she also identifies the wrong Federal Habeas corpus petition, and incorrectly construes the claim. (see footnote 2, page 2)

The correct Federal Habeas Corpus Civil Action case is: **CLAY v. BENNING, ET.AL No. 04-282, W.D. PA, filed on 2/17/04,** at SCI-Greensburg and was denied as untimely, (because of the defendant's tampering with my mail, at Greensburg, by either destroying the Order, or not delivering it to me? Where I never got it, although the court says they had sent it, and the D.A. referred to it, but the defendants gave me a blank log sheet? Therefore denying me access to the court!) by the Third Circuit Court of Appeals at **05-3013, on 9/23/05.** (see EXHIBIT C, #2, of the Plaintiff's Affidavit dated 3-22-08).

  B. <u>ACCESS TO COURT AND RETALIATION CLAIMS</u>

Plaintiff states that, because of the defendant's withholding or destruction of the court order, denying my Motion for Reconsideration dated October 25, 2004, they had effectively prevented me from timely filing an Appeal within the 30day timeline as provided by law. see FRAP Rule 4(a)(1)&(4)(A)(ii)(iv). "The time periods prescribed for filing a notice of appeal are "mandatory and jurisdictional," **BROWDER v. DIRECTOR OF DEP'T OF CORRECTIONS 434 U.S. 257,264(1978)**

Further, because I wrote a request to the mail room, to see why my privileged Court correspondence from the Federal Court and Judge's, were being sent again directly to my cell, OPENED, and in violation of the DC-ADM 803, and Greensburg local rules for Legal mail, which state you will be called down to the Strip and Search room, with your I.D. to get your Legal Mail, and it will be opened in your presence, and checked for contraband, I found out I was to be Transferred, for "complaining too much" and filing Grievances, as I was told by C.O. GUNN.(see Affidavit dated 3-22-08, page 1, ¶'s 2-3, Generally as this was ongoining)( also ¶ 15, for C.O. GUNN'S statement). " A state pattern and practice, or explicit policy, of opening legal mail outside the presence of the addressee inmate interferes with protected communications, strips those protected communications of their confidentiality, and accordingly impinges upon the inmate's right to freedom of speech under the First Amendment. U.S.C.A. Const.Amend 1." **JONES v. BROWN 461 F.3d 353(3rd Cir.2006); THORNLEY v. EDWARDS 671 F.Supp. 339(M.D. Pa.1987).**

In **BOUNDS v. SMITH 430 U.S. 817, 97 S.Ct. 1491(1977)** (The Supreme Court held that the right of access to the Court is Fundamental as guaranteed by the Fourteenth Amendment and that the denial of such a right is actionable under 42 U.S.C. §1983. Id. at 828 U.S.

"The Third Circuit has held that the filing of a lawsuit is protected activity under the First Amendment right of prisoners to petition the court. **ANDERSON v. DAVILA 125 F.3d 148,161(3d Cir.1997); MILHOUSE v. CARLSON 652 F.2d 371,373-74(3d Cir.1981.** Courts have also held that filing of grievances is protected under the First Amendment right to petition the government for a redress of grievances. see **ALLAH v. AL-HAFEEZ 208 F.Supp.2d 520(E.D.Pa.1995)**(and collection of cases)." **BOOTH v. KING 346 F.Supp.2d 751,762(E.D.Pa.2004).**

(4)

There is no doubt that the plaintiff was from 2/17/04 till 9/23/05, in litigation with his Federal Habeas Corpus Criminal case. While in process with this Federal Habeas corpus action of 04-282, the defendants Illegally Transferred him, in Retaliation for the "trouble he was causing, and filing the grievances", also in violation withFRAP Rule 23(a) Transfer of Custody Pending Review, as the defendants are supposed to request a hearing before a federal Judge before transferring an inmate who is under federal review.

"When, upon **application**, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under reviewmay authorize the transfer and substitute the successor custodian as a party. FRAP 23(a).

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section §1983." **WHITE v. NAPOLEON 897 F.2d 103, 111-12(3d Cir.1990)**; Also, "A Transfer in Retaliation for an inmate's exercises of his first amendment right to free speech states a cause of action under 42 U.S.C. 1983. **CASTLE v. CLYMER 15 F.Supp.2d 640 (E.D.Pa.1998); OSTERBACK v. KEMP 300 F.Supp.2d 1238,1251(N.D.Fla. 2003)**(collection of cases).

Additionally, the Plaintiff states that he was the para-legal clerk while at S.C.I. Greensburg, and received top pay of .42¢ per. hour, and was a level 2, custody clearence. The Plaintiff also just got to Greensburg by Promotional Transferr from S.C.I. Houtzdale, to get closer to his family, where Houtzdale was about 8 hours away, Greensburg, is 35 minutes away, just as in CASTLE, see Id. at 668, ¶22.

"A prisoner claiming retaliation must show three things:

(5)

(1) that the conduct leading to the retaliation was constitutionally protected; (2) that prison officials have taken some adverse action against the prisoner; and (3) the existence of a causal link between the protected activity and the adverse action." **RAUSER v. HORN 241 F.3d 330,333(3d Cir.2001).** In order to establish a causal link between the protected activity and the adverse action, a plaintiff must first show that the exercise of the protected activity was a substantial or motivating factor in the adverse action." **PEPPER v. CARROLL 423 F.Supp.2d 442,446(D.Del.2006).**

The Plaintiff has made a showing of all, as he was preceeding with his habeas corpus action at 04-282, and got transferred for the grievances, but most of all, because of the defendant's actions in withholding, or destroying my Reconsideration Motion, and tampering with the court order, I could not Appeal in a timely fashion.(see Affidavit of 3/22/08, ¶'s 14-19)(Chronology of events)

In **AMBROSE v. TOWNSHIP OF ROBINSON 303 F.3d 488,494(C.A.3 2002)** (We recognized in FARRELL v. PLANTERS LIFESAVERS CO., 206 F.3d 271, 279(3d Cir.2000), that suggestive timing is relevant to Causation in Title VII Retaliation cases in support of the proposition that "suggestive temporal proximity" is relevant to establishing a causal link between protected conduct and retaliatory action. RAUSER v. HORN 241 F.3d 330,334(3d. Cir.2001)."

In **SEGRETI v. GILLEN 259 F.Supp.2d 733,736(N.D.Ill.2003)**("Plaintiffs are under no obligation to prove motivation at this pleading stage, because of the difficulty of proving intent at the time of a complaint, it is sufficient for plaintiff to allege a sequence of events that supports an inference of retaliation.")

(6)

2. The Plaintiff Objects to the R. & R. on page 4, Section C. Retaliation, where the the judge is stating the dispute about a material fact, where she states, "Defendants argue that the retaliation claim should be dismissed because plaintiff has failed to state a claim upon which relief may be granted and because Plaintiff has failed to exhaust his administrative remedies in accordance with the PLRA on the retaliation claim.

The Plaintiff also Objects to the R. & R., on page 7, ¶2, of section D. 3., "Defendants argue that Plaintiff **has never filed any administrative remedy regarding retaliation** which occurred during his incarceration at S.C.I.-Greensburg." and that "Plaintiff has not provided evidence to the contrary."

A. SUMMARY JUDGMENT AND EXHAUSTION

Plaintiff agrees with the Magistrate Judge that; "[R]ule 56 enables a party contending that there is no genuine dispute as to a speciifc essential fact 'to demand at least one **sworn averment of that fact** before the lengthy process of litigation continues." (page 3, R&R), but contends that the **sworn** averment must be true. see **DAVIS v. ZAHRADNIC 600 F.2d 458(1979)**(Although summary judgment under Rule 56 is useful device for adjudicating prisoner §1983 claims, it may not be invoked where, as here, the affidavits present conflicting versions of the facts which require credibility determinations.) Id. 460.

The Plaintiff objects to the false evidence **again** interjected in these proceedings by Mrs. CRISTINA KENNEDY and the Defendants.

In there objections to the R. & R. Filed 1/14/08, [Doc.105] Exhibit JJ, page 4 of 11, shows the last three Grievance entries in the first window as; #104106 Property, **#102890 Transfer**, #102887 property, all of which were fully Exhausted. These Exhibits JJ, were

(7)

given to the defendant's by Mrs. Kennedy by fax on Jan., 11, 2008, as recognized by the top of the page.

On page 2 of 11, [Doc.105-2] Exhibit JJ, the Declaration of CHRISTINA KENNEDY states; "2. Inmate clay was housed at S.C.I.-Forest from approximately November 2004 through August 2007. **I have reviewed his grievance history.** Although he filed numerous grievances while at S.C.I.-Forest, **there is no record of any grievance claiming retaliation, and certainly none related to a claim of retailiation for an incident or grievance filed at S.C.I.-Greensburg.**" (also see the same again in [Doc.109-5] of 2/15/08, page 2 of 11.)

This is very untrue, as Grievance #102890 confirms. (see my EXHIBIT A), also Mrs. Kennedy knows me prior to being at S.C.I.-Forest, as we were both at S.C.I.-Houtzdale. In Forest she came on the Block to discuss this very grievance Extensively with me, a few days after I got there, and told me that I could not bring up all of my issues from S.C.I.-Greensburg.

The DC-ADM 804 grievance procedure applies to all Pa. state Correctional institutions and requires three levels of review (1) initial review by the facility grievance coordinator; (2) appeal from the initial review to the Superintendent or Regional Director; and (3) final appeal to the Chief Hearing Examiner. see **AHMED v. DRAGOVICH 297 F.3d 201,204-05(3d Cir.2002); SPRUILL v. GILLIS 372 F.3d 218,232(3d Cir.2004).**

"Compliance with prison grievance proceedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison requirements, and not the PLRA, that define the boun-

daries of proper exhaustion." **JONES v. BOCK** ___ U.S. ___, 127 S.Ct. 910,922-23(2007)

("The United States Supreme Court has explained that Rule 56(c) authorizes summary judgment 'only where the moving party is entitled to judgment as a matter of law, **where it is quite clear what the truth is**...(for) the purpose of the rule is not to cut litigants off from their tight of trial by jury if they really have issues to try.'" **POLLER v. COLUMBIA BROAD SYS. INC.**, 368 U.S. 464,467, 82 S.Ct. 486 (1962)). **PRICE v. CARUSO** 451 F.Supp.2d 889,895(E.D.Mich.2006)

Also, (A factual dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. Thus, if there is a genuine dispute as to a material fact, then summary judgment should not be granted.) Id. at 895

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Defendant's motion for Summary Judgment be denied, and this Honorable Court overturn the Magistrate Judge's Recommendations, as it has been proven that these issues are exhausted, and brought up before in the Affidavit of 3/22/08, and Counsel be appointed to assist this plaintiff in amending the Complaint, and obtaining discovery for Trial.

Dated; <u>JUNE 27, 2008.</u>

By; *Cassius M Clay Sr*
Cassius M. Clay Sr.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIUS M. CLAY SR., | : | Civil Action No. 05-125E |
| Plaintiff, | : | |
| Vs. | : | District Judge McLaughlin |
| TRACEY REEVES, Et al., | : | Magistrate Judge Baxter |
| Defendants, | : | |

### STATEMENT OF VERIFICATION

I verify that the foregoing is true and correct. I understand that false statements made herein are subject to the Penalties of 28 U.S.C. §1746, relating to perjury.

Dated: __JUNE 27th__, 2008.

*Cassius M Clay Sr*
CASSIUS M. CLAY SR.
Institution #DQ5954
P.O. BOX 99991
Pittsburgh, PA 15233

DC-804
Part 1

OFFICIAL INMATE GRIEVANCE

TO: FACILITY GRIEVANCE COORDINATOR: Mr. Kennedy
FROM: (INMATE NAME & NUMBER): Assis M. City Sr. DQ5854
FACILITY: SCI Forest
DATE: 11-29-04
SIGNATURE of INMATE: Cassius M. City Sr.
WORK ASSIGNMENT:
HOUSING ASSIGNMENT:

A.
ON 11-18-04 I was told that as I would be transferred to another institution. I responded by questioning a few staff and guard's telling them that I had come here on a promotional transfer to get closer to my children and home. I also stated that I have grievances both criminal and civil which there are briefs and hearings coming up soon and they all casually replied with; we can do what we want and transfer whoever we want as this is the D.O.C., and the court's do not tell us what to do. I knew that this is a retaliatory transfer, instituted to penalize me and my children, as I have engaged in a lot of constitutionally protected activities such as, my right to fully contest my illegal conviction, helping other inmates with their cases, and my right to redress my grievances and the continual violations and obstacles committed by the DOC Officials at SCI Greensburg.

B. List actions taken and staff you have contacted, before submitting this grievance.
1. Talked to Black Official Gunn; and other staff about transfer.
2. Asked to review my property upon reception, sgt. said Monday went back Monday sgt. said the committee would see me, nothing yet.
3. Talked, wrote this to unit mgr. and unit attorney Mr. Ennis, told me I have grievances and I.D.O. Ennis told me to write the deputy.
4. Wrote Deputy Alice Lackee, no answer about property, or unit once ??? 

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator

_____
Date

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIUS M. CLAY SR., | : | Civil Action No. 05-125E |
| Plaintiff, | : | Judge Sean J. McLaughlin |
| v. | : | Mag. Judge Susan P. Baxter |
| | : | |
| TRACY REEVES, et al., | : | |
| Defendants, | : | |

## SWORN AFFIDAVIT

I CASSIUS M. CLAY SR., D.O.B. 11/30/66, declare under penalty of perjury that:

The following Exhibits were known to me, but I did not have them in my possession, and have subsequently gotten them, which will prove that there are issues of material facts, which would preclude summary judgment, and a Trial should be scheduled, as Document #109-3, page 10, Declaration of Toni Colland; and Document #109-5, page2, Declaration of Christina Kennedy, are fradulent misstatements of the truth, which have been portrayed against this Plaintiff in this case since it's inception.

I Pray that this Honorable Court take these papers into consideration, and overturn it's decision.

By: _Cassius M. Clay Sr_
Print Name: CASSIUS M. CLAY SR.
Address: P.O. BOX 99991
Pittsburgh, PA 15233

SWORN TO AND SUBSCRIBED BEFORE ME THIS 24th DAY
OF June 2008

_[signature]_
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Rachel I Austin, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires Dec. 13, 2011
Member, Pennsylvania Association of Notaries

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSIUS M. CLAY SR., | : | Civil Action No. 05-125E |
| Plaintiff, | : | |
| Vs. | : | District Judge McLaughlin |
| TRACEY REEVES, Et al., | : | Magistrate Judge Baxter |
| Defendants, | : | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, Under the Penalty of Perjury (28 U.S.C.A. §1746), that a True and Correct copy of the Foregoing Instrument has been Mailed Postage Prepaid, on this __27th__ day of __JUNE__, 2008, to; The U.S. DISTRICT COURT, for the Western District of PA; P.O. BOX 1820; Erie, PA 16107, by Depositing the same in the Prison Mail Box at S.C.I. Pittsburgh.

Dated: __JUNE 27th__, 2008.

*Cassius M. Clay Sr.*

CASSIUS M. CLAY SR.

Institution #DQ5954

P.O. BOX 99991

Pittsburgh, PA 15233

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY SR.,        :   Civil Action No. 05-125E

        Plaintiff,      :

Vs.                         :   District Judge McLaughlin

                        :   Magistrate Judge Baxter

TRACEY REEVES, Et al.,      :

        Defendants,     :

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, Under the Penalty of Perjury (28 U.S.C.A. §1746), that a True and Correct copy of the Foregoing Instrument has been Mailed Postage Prepaid, on this __27th__ day of __JUNE__, 2008, to; MARY FREDLINE, Senior Deputy Attorney General; Office of the Attorney General; 5th Floor, Manor Complex; 564 Forbes Avenue; Pittsburgh, PA 15219, by Depositing the same in the Prison Mail Box at S.C.I. Pittsburgh.

Dated: __JUNE 27th__, 2008.

*Cassius M. Clay Sr.*

CASSIUS M. CLAY SR.

Institution #DQ5954

P.O. BOX 99991

Pittsburgh, PA 15233