IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS CLAY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-125E |
| v. ) | Judge Sean J. McLaughlin |
| ) | Mag. Judge Susan Paradise Baxter |
| TRACY REEVES, et al., ) | |
| ) | |
| Defendants. ) | |

### RESPONSE TO PLAINTIFF'S OBJECTIONS
### to June 16, 2008 REPORT AND RECOMMENDATION

AND NOW come the defendants, Tracy Reeves, Angie Marhefka, Jack Loughry, Sharon Burks, David Wakefield, Candis Brimmer and Jeffrey Beard, by their attorney, Mary Lynch Friedline, Senior Deputy Attorney General, and pursuant to this Court's Order of July 9, 2008, submit the following Response to Plaintiff's Objections to the 6/16/08 Report and Recommendation which recommended that summary judgment be entered in favor of defendants on plaintiff's remaining retaliation claim.

### PERTINENT PROCEDURAL HISTORY

In the initial Report and Recommendation in this case dated July 26, 2007, the Court recommended that defendants' initial motion for summary judgment be granted in part and denied in part, which recommendation was adopted by the Court in its Memorandum Order of August 29, 2007. (Doc. 87 and 91.) In particular, the Court dismissed plaintiff's claims regarding erroneous payments from his institutional account in accordance with the Rooker-Feldman doctrine (as his claims were inextricably intertwined with prior state court rulings on his child support obligations). The Court also abstained from deciding plaintiff's constitutional challenge to DC ADM-005 under

the Pullman abstention doctrine.  The Court then denied defendants' request for summary judgment on plaintiff's access to the courts claim, and noted that defendants' Motion was only a partial one, and had failed to address the mail tampering claim.

Defendants then sought and were granted leave to file a supplemental motion for summary judgment to address both the mail tampering claim and the access to courts claim.  (See Doc. 93.)   In the January 9, 2008 Report and Recommendation (the 2nd R&R), the Magistrate Judge recommended that defendants supplemental motion be granted and that plaintiff's access to the courts and mail tampering claims be dismissed.  However, the Magistrate Judge further found that the following language from the Complaint sufficiently alleged **a retaliation claim related to mail tampering**:

> . . . the Plaintiff also states that the Mail Supervisor, Candis Brimmer on 12-22-02 did not tell me that I had contraband mail, and sent back my $150.00 money order (so she said) which was never found, or received by the original sender, ***so I filed Grievance 41097, which was the beginning of my mail being tampered with.***  *Either me not receiving court papers, my privileged correspondence from the courts not getting to me on time or not at all, or my personal mail not getting to the place I mailed it to, and, my mail being copied and circulated throughout the prison.*

(Doc. 104, R&R at p. 7, citing Doc. 6, Original Complaint ¶31.)   The Court noted that defendants had not included this claim in their Motion for Summary Judgment.

Defendants then filed objections to the 2nd Report and Recommendation and alternatively, asked the Court to consider defendants' argument supporting dismissal of the retaliation claim, inasmuch as counsel's failure to address this issue in previous summary judgment motions was inadvertent.  On February 5, 2008, the District Court adopted the 1/9/08 Report and Recommendation, but refused to rule on defendants' belated motion as the issues had not been raised before the Magistrate Judge.  (Doc. 108.)  The Magistrate Judge then entered an Order on February 5, 2008 permitting

defendants an opportunity to brief the remaining retaliation claim that was identified in the 2nd R&R.

On February 15, 2008, defendants filed their Motion for Summary Judgment on Remaining Retaliation Claim (Doc. 109-111.) In that Motion, they argued that there was no evidence in the record of mail tampering in retaliation for plaintiff's grievance 41097 (filed 1/11/03). In the alternative, defendants argued that plaintiff had never filed a grievance asserting retaliation in the form of mail tampering, as required under the PLRA. The Magistrate Judge issued a Report and Recommendation on June 16, 2008, recommending that plaintiff's retaliation claim be dismissed for failure to exhaust. (Doc. 116.)

### A. Plaintiff's Objections

Plaintiff's Objections to the latest R&R are difficult to follow. It seems that he is trying to re-argue issues disposed of by this Court in its prior rulings granting summary judgment on plaintiff's other claims – for example, rulings dismissing his claims over child support, mail tampering and access to courts. (See Doc. 87 and 91.) However, those issues were fully argued and addressed in connection with the first two R&R's and the Court's adoption of the Magistrate's recommendations. They are no longer in issue.

The only claim that remained after the Court's Memorandum Order of 2/5/08 was plaintiff's allegation (at ¶31 of his complaint) that a January 11, 2003 grievance arising out of an incident with the mail room supervisor (defendant Brimmer) in December 2002 had triggered **subsequent incidents of retaliatory mail tampering** at SCI-Greensburg. (See Doc. 104 – 2nd R&R at p. 7.) This issue was identified plainly and

simply by the Magistrate Judge and by this Court (Doc. 104 and 108), and was the only subject of defendants' supplemental Motion.  Defendants argued, and the Magistrate Judge agreed, that plaintiff had not exhausted this particular claim.

In his objections, as in his opposition to defendants' supplemental motion, Clay does not identify any grievance concerning retaliatory mail tampering following the grievance against Mail Room Supervisor Brimmer in January 2003.  He belatedly identified what he believes was mail tampering in connection with a habeas petition that he filed in 2004 (see attached docket for 04-282– Exh. 1).  But he never points to a grievance where he contended that Brimmer or anyone else tampered with his habeas or other mail in retaliation for his prior grievance.[1]

What Clay now seems to be arguing is that his **transfer** in November 2004 (nearly two years after the Brimmer grievance) was retaliatory – a claim that is nowhere to be found in his complaint (indeed, the complaint does not even mention a transfer). Moreover, plaintiff is now arguing (for the first time in 3 years of litigation) that the November 2004 transfer was in retaliation for the habeas petition he filed in 2004 – not in retaliation for filing his January 2003 grievance.  Respectfully, there is no such claim in this case and there never has been.

---

[1] Indeed the habeas docket contradicts Clay's suggestions that he somehow was not receiving court mail at SCI-Greensburg, or missed deadlines due to his transfer to SCI-Forest in November 2004. After filing his petition in February 2004, he filed at least 8 motions through June.  He filed a motion to extend time to reply on 6/10/04 after receiving respondents' answer dated 5/26/04.  The R&R was issued on 9/1/04 and **recommended that the petition be denied "as untimely".** (See CA 04-282, Doc. 21.)  Clay moved for reconsideration on 10/21/04, which was denied by Judge Ambrose.  He then filed a motion to extend time for filing a notice of appeal on 11/10/04 followed by a notice of change of address on 12/2/04, weeks after his move to SCI-Forest.  Months later, on 4/27/05, Clay filed a motion to reopen the time to appeal, which the Court granted, giving him until 5/16/05.  He filed an appeal on 6/6/05, and the Court of appeals denied it as untimely.   While the petition and R&R at CA 04-282 are not available on ECF, Magistrate Hay's 2/16/2007 R&R in a subsequent habeas petition filed by Clay explains why his petitions were untimely – his conviction was final on 11/25/93 and he failed to file a PCRA petition until December 2002.  This R&R was discussed in (and attached to) defendants Reply to Plaintiff's Response to their second Motion for Summary Judgment.  (Doc. 103, 10/10/07.)

**B.    Plaintiff did not file a grievance concerning retaliatory mail tampering at SCI-Greensburg (the issue raised in his complaint); nor did he properly exhaust a retaliation claim in connection with his transfer**

At pages 7-8 of his objections, when he focuses upon the issue at hand – exhaustion, Clay argues that the Kennedy Declaration which defendants submitted in support of their Supplemental Motion (see Doc. 109, Exh. JJ) is false, and that he did exhaust the retaliation which occurred at SCI-Greensburg. Plaintiff then cites to grievances 102890 and 102887 which were filed at SCI-Forest.

Defendant has obtained copies of those grievances and they are attached hereto as part of Exhibit 2 -the Declaration of Cindy Watson.  Both grievances were filed on 11/29/04.  Grievance 102890 alleged that Clay's transfer was retaliatory.  It was denied because it involved matters at another facility and he was advised to direct his claims to SCI-Greensburg.[2]  Clay did not appeal this denial to the superintendent but attempted to appeal directly to the central office.  The chief grievance officer explained to Clay in her letter of 1/27/05 that final review could not be granted because he had to first appeal to the superintendent, a step required under DC-ADM 804.  She issued the same response to plaintiff in connection with grievance 102887 (which dealt with property and law library claims).  (See Exh. 2, attachments.)  Notwithstanding Burks' instructions, Clay elected not to pursue any appeal with the superintendent.  (Exh. 2, ¶7.)

Therefore, while neither of the grievances plaintiff identifies in his objections dealt with retaliatory mail tampering at SCI-Greensburg, even if they had, it is clear that he failed to exhaust those grievances due to his procedural default.

---

[2] He never did, as reflected in the Exh. HH (Declaration of Toni Colland concerning all grievances filed at SCI-Greensburg), attached to defendants Motion on the retaliation claim – Doc. 109.

WHEREFORE, defendants respectfully submit that summary judgment is appropriate as to plaintiff's remaining claim of retaliation, and the complaint should be dismissed.

          Respectfully submitted,

          **THOMAS W. CORBETT JR.,**
          **Attorney General**

By:    /s/ Mary Lynch Friedline
        MARY LYNCH FRIEDLINE
        Senior Deputy Attorney General
        PA I.D. # 47046

OFFICE OF ATTORNEY GENERAL
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date: July 10, 2008

## CERTIFICATE OF SERVICE

I hereby certify that July 10, 2008, I electronically filed the foregoing ***Response to Plaintiff's Objections to R&R*** with the Clerk of Court using the CM/ECF system.  And I hereby certify that I have mailed the foregoing document by United States Postal Service to the following non CM/ECF participants:

Cassis M. Clay, Sr., DQ-5954
SCI-Pittsburgh
PO Box 99991
Pittsburgh, PA 15233

                          By:    /s/  Mary Friedline
                                  MARY FRIEDLINE
                                  Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
5th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15129