# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS CLAY, SR., | ) |
|               Plaintiff, | ) ) ) Civil Action No. 05-125E |
| v. | ) Judge Sean J. McLaughlin ) Mag. Judge Susan Paradise Baxter |
| TRACY REEVES, et al., | ) ) |
|               Defendants. | ) |

### DECLARATION OF CINDY G. WATSON

I, Cindy G. Watson, verify that the foregoing information is true and correct to the best of my personal knowledge or information and belief.

1. I am presently employed by the Commonwealth of Pennsylvania, Department of Corrections, as Chief Grievance Coordinator. As part of my duties, I am in charge of grievance records of appeals. The Secretary's Office of Inmate Grievances and Appeals conducts the final review of inmate grievances, in accord with Administrative Directive 804. This directive is part of the Inmate Handbook, which is provided to each inmate and serves as the rules and regulations of the institution.

2. A grievance must be appealed through all administrative levels of appeal at an inmate's institution and the Department of Corrections. Administrative directive DC-ADM 804 outlines the necessary steps.

3. When a grievance is submitted by the inmate, it is immediately assigned a grievance number. Once numbered, the grievance then proceeds to Initial Review.

4. Once an inmate has complied with all of the procedural requirements and a grievance has proceeded through Initial Review, an inmate must file an Appeal from Initial Review to the Superintendent.

5. Once an inmate has received a disposition of an appeal from Initial Review, the inmate must appeal to the Secretary's Office of Inmate Grievances and Appeals and seek a Final Review.

6. The Department of Corrections maintains a hard copy file and a computer database of all appeals that are made to the Secretary's Office of Inmate Grievances and Appeals. I am the custodian of these records, which are kept in the ordinary course of business. The computer system is a modified foxpro application data retrieval tracking system which contains grievance records dating back to the year 1995.

7. I have reviewed these records and found that inmate Cassius Clay, inmate number DQ-5954, did not seek Final Review of grievance #102890 or 102887 (copies are attached). As reflected in the Chief Grievance Officer's letters to him dated 1/27/05, he failed to appeal either grievance to the superintendent, as required under DC-ADM 804. He was advised that until he did so, final review cannot be granted. Further, he was instructed that he may once again submit a written appeal for final review after appealing to the superintendent, assuming the appeal was otherwise timely. There is no indication that he appealed to the superintendent. In any event, he never sought final review with this office.

This statement and verification is made subject to the penalties of 28 U.S.C. § 1746 relating to sworn falsification to authorities, which provides that if I make knowingly false statements, I may be subjected to criminal penalties.

*Cindy H. Watson*
Cindy G. Watson

Date: July 10, 2008

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
2520 LISBURN ROAD, P.O. BOX 598
CAMP HILL, PA 17001-0598

THE SECRETARY'S OFFICE OF
INMATE GRIEVANCES AND APPEALS

January 27, 2005

Cassius Clay, DQ-5954
SCI Forest

Re: DC-ADM 804 - Final Review
Grievance No. 102887

Dear Mr. Clay:

Your appeal of the above-referenced grievance has been received by this office for review. However, our inquiry into this matter reveals that you have not yet appealed to the Superintendent of your institution as required by DC-ADM 804, VI C, 1. a. Until this appeal is completed, final review cannot be granted. Upon receiving the response from your appeal to the Superintendent, you may once again submit a timely written appeal for final review.

This response does not grant you a right to an appeal if it would otherwise be untimely to pursue that appeal. However, in evaluating the timeliness of any appeal you submit, the time consumed by erroneously directing your appeal to this office may be disregarded at the discretion of the recipient of your next appeal.

Sincerely,

Sharon M. Burks
Chief Grievance Officer

SMB/ms

cc: Superintendent Sobina          Grievance Office
    DC-15                          Central File

*"Our mission is to protect the public by confining persons committed to our custody in safe secure facilities, and to provide opportunities to inmates to acquire the skills and values necessary to become productive law-abiding citizens; while respecting the rights of crime victims."*

**DC-ADM 804. Inmate Grievance System**
DC-804
Part 3

**Attachment C**
**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**SCI-Forest**

**DATE:** December 1, 2004
**SUBJECT:** Grievance Rejection Form
**TO:** Cassius Clay DQ5954, AB2042

**FROM:** *C. Kennedy*
Christina L. Kennedy
Facility Grievance Coordinator

| FOR OFFICIAL USE ONLY |
| --- |
| 102887 |
| GRIEVANCE NUMBER |

The attached grievance is being returned to you because you have failed to comply with the provision(s) of DC-ADM 804, Inmate Grievance System:

1. ____ Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator:

   a. DC-ADM 801-Inmate Disciplinary and Restricted Housing Unit Procedures
   b. DC-ADM 802-Administrative Custody Procedures
   c. other policies not applicable to DC-ADM 804.

2. __X__ Block B must be completed, as per Instruction #3 of the Official Inmate Grievance Form.

3. ____ The grievance does not indicate that you were personally affected by a Department or facility action or policy.

4. ____ Group grievances are prohibited.

5. ____ The grievance was not signed and/or dated.

6. ____ Grievances must be legible and presented in a courteous manner.

7. ____ The grievance exceeded the two (2) page limit. Description needs to be brief.

8. __X__ Grievances based upon different events shall be presented separately.

9. ____ The grievance was not submitted within fifteen (15) working days after the events upon which claims are based.

10. ____ You are currently under grievance restriction. You are limited to one grievance each 10 working days. You filed grievance # _____ on _____.
                                                                                    Date

11. ____ Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility.

12. ____ The issue(s) presented on the attached grievance has been reviewed and addressed previously.

**Mr. Clay, please give staff a chance to respond before resorting to the grievance process. Also, you are grieving separate issues...property and the law library. These must be submitted separately per DC-ADM 804. If you still get no response in the next few days, resubmit your grievances and separate the issues.**

C:   DC-15
     File

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P. O. BOX 598
CAMP HILL, PA 17001-0598**

FOR OFFICIAL USE ONLY

GRIEVANCE NUMBER: 102881

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Mrs. D. Kennedy | S.C.I. Forest | 11-29-04 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE of INMATE: |
|---|---|
| Cassius M. Clay Sr. DQ5954 | Cassius M. Clay Sr. |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
|  | AB-2042 |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. State all relief that you are seeking. Additional paper may be used, maximum two pages. (One DC-804 Part 1 form and one, one-sided 8½" x 11" page).

Upon my reception here I was told that I had too much property, despite me telling R+D Sgt. Cato that I have 4 open cases, he held my property, and told me that I would recieve it on Monday if I had proof. Monday came I had proof, and I was told that the Captain, and the Deputy knows about me and another inmate's property and there was nothing he could do until they discussed it. I asked alot of times also when the law-library would be open, and complete, everyone did not know some said next month some said next year. I also wrote Deputy Nice Warner, But I have recieved no answer as of yet. I have open cases, and due dates by court-order, which if not met, may deprive me of my requested relief. I need access to some type of law-library, and the rest of my property to prepare for the upcoming cases, and the copying, and rasheaech that is needed to get Actions into court. I feel By State Because of me not recieving all of my property, and no law-library accessor up and running here, coupled with the demotional transfer, that the D.O.C., and S.C.I. Forest is collectively denying me my due process rights to access the courts, pursuant to the Supreme Court mandate's found in, Bounds v. Smith 430 U.S. 817, 821 (1977) and Peterkin v. Jeffes 855 F.2d 1021 (3rd Cir. 1988). Therefore I request that my property be given to me in order to respond and comply with the court orders I have, and just recieved, and expecially access to a law-library, or where I can order cases from a state library (and Books), or to transfer me to another institution that has a law library up and running.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator                                    Date

WHITE - Facility Grievance Coordinator Copy   CANARY - File Copy   PINK - Action Return Copy   GOLDENROD - Inmate Copy
Revised
August 2004

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
2520 LISBURN ROAD, P.O. BOX 598
CAMP HILL, PA 17001-0598

THE SECRETARY'S OFFICE OF
INMATE GRIEVANCES AND APPEALS

January 27, 2005

*Chrissy
DC-15*

Cassius Clay, DQ-5954
SCI Forest

Re: DC-ADM 804 - Final Review
Grievance No. 102890

Dear Mr. Clay:

Your appeal of the above-referenced grievance has been received by this office for review. However, our inquiry into this matter reveals that you have not yet appealed to the Superintendent of your institution as required by DC-ADM 804, VI C, 1. a. Until this appeal is completed, final review cannot be granted. Upon receiving the response from your appeal to the Superintendent, you may once again submit a timely written appeal for final review.

This response does not grant you a right to an appeal if it would otherwise be untimely to pursue that appeal. However, in evaluating the timeliness of any appeal you submit, the time consumed by erroneously directing your appeal to this office may be disregarded at the discretion of the recipient of your next appeal.

Sincerely,

Sharon M. Burks
Chief Grievance Officer

SMB/ms

cc: Superintendent Sobina    Grievance Office
    DC-15                     Central File

---

"Our mission is to protect the public by confining persons committed to our custody in safe secure facilities, and to provide opportunities to inmates to acquire the skills and values necessary to become productive law-abiding citizens; while respecting the rights of crime victims."

*DC-ADM 804. Inmate Grievance System*

DC-804
Part 3

**DATE:** December 1, 2004
**SUBJECT:** Grievance Rejection Form
**TO:** Cassius Clay DQ5954, AB2042
**FROM:** Christina L. Kennedy
Facility Grievance Coordinator

**Attachment C**
**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**SCI- Forest**

FOR OFFICIAL USE ONLY
102890

GRIEVANCE NUMBER

The attached grievance is being returned to you because you have failed to comply with the provision(s) of DC-ADM 804, Inmate Grievance System:

1. \_\_\_\_ Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator:

   a. DC-ADM 801-Inmate Disciplinary and Restricted Housing Unit Procedures
   b. DC-ADM 802-Administrative Custody Procedures
   c. other policies not applicable to DC-ADM 804.

2. \_\_\_\_ Block B must be completed, as per Instruction #3 of the Official Inmate Grievance Form.

3. \_\_\_\_ The grievance does not indicate that you were personally affected by a Department or facility action or policy.

4. \_\_\_\_ Group grievances are prohibited.

5. \_\_\_\_ The grievance was not signed and/or dated.

6. \_\_\_\_ Grievances must be legible and presented in a courteous manner.

7. \_\_\_\_ The grievance exceeded the two (2) page limit. Description needs to be brief.

8. \_\_\_\_ Grievances based upon different events shall be presented separately.

9. \_\_\_\_ The grievance was not submitted within fifteen (15) working days after the events upon which claims are based.

10. \_\_\_\_ You are currently under grievance restriction. You are limited to one grievance each 10 working days. You filed grievance # _____ on _____.
    Date

11. _X_ Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility.

12. \_\_\_\_ The issue(s) presented on the attached grievance has been reviewed and addressed previously.

**SCI Forest was not responsible for your transfer. Please direct your concerns to SCI Greensburg.**

C:    DC-15
      File

#2

| DC-804 Part 1 | COMMONWEALTH OF PENNSYLVANIA<br>DEPARTMENT OF CORRECTIONS<br>P.O. BOX 598<br>CAMP HILL, PA 17001-0598 | FOR OFFICIAL USE ONLY<br>102890<br>GRIEVANCE NUMBER |

**OFFICIAL INMATE GRIEVANCE**

TO: FACILITY GRIEVANCE COORDINATOR: Mrs. Kennedy
FACILITY: S.C.I. Forest
DATE: 1-29-04
FROM: (INMATE NAME & NUMBER): Cassius M. Clay Sr. DQ5854
SIGNATURE of INMATE: Cassius M. Clay Sr.
WORK ASSIGNMENT:
HOUSING ASSIGNMENT:

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. State all relief that you are seeking. Additional paper may be used, maximum two pages. (One DC-804 Part 1 form and one, one-sided 8½" x 11" page).

On 11-18-04 I was told to pack up as I would be transferred to another institution. I responded by questioning a few staff, and guard's telling them that, I had came here on a promotional transfer to get closer to my children and home. I also stated that I have open cases both criminal, and civil, which there are briefs, and hearings coming up soon, and they all basically replied with; we can do what we want, and transfer whoever we want, as this is the D.O.C., and the court's do not tell us what to do. I know that this is a retaliatory transfer, instituted to penalize me and my children, as I have engaged in a lot of constitutionally protected activities such as; my right to fully contest my illegal confinement, helping other inmates with there cases, and my right to redress my grievances and the continual violations and obtrocities committed by the D.O.C. and staff at S.C.I. Greensburg.

B. List actions taken and staff you have contacted, before submitting this grievance.

1. Talked to Block officer Gunn, and other staff about transfer.
2. Asked to recieve my property upon reception, Sgt. Cato said monday went back monday no property. Sgt. said the committee would see me. nothing yet.
3. Talked to Counselor Mrs. Wallace, and Unit Manager Mr. Ennis, told me to prove I have open cases + I did. Ennis told me to write the Deputy.
4. Wrote Deputy Nice Warner no answer about property, or Law Library Access

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator                   Date

WHITE - Facility Grievance Coordinator Copy   CANARY - File Copy   PINK - Action Return Copy   GOLDENROD - Inmate Copy
Revised
August 2004